IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA

v.     Criminal No. 2:19-cr-47

AGHEE WILLIAM SMITH, II.

    Defendant.

## DEFENDANT SMITH'S MOTION FOR JOINDER WITH MEMORANDUM IN SUPPORT

Comes now defendant Aghee William Smith, II, by and through counsel, and pursuant to Rule 13 of the Federal Rules of Criminal Procedure, moves to join this case for purposes of trial with the case of *United States v. Daryl G. Bank, Raeann Gibson and Billy J. Seabolt,* 2:17-cr-126. Defendants Tony Scott Sellers and Thomas L. Barnett join in this motion. In support of this motion, defendant states as follows:

1. Mr. Smith is one of six defendants named in a 19-count indictment filed March 21, 2019. His co-defendants are Kent Maerki, David Alcorn, Tony Scott Sellers, Thomas L. Barnett and Norma Jean Coffin. The defendants are charged with Conspiracy to Commit Mail and Wire Fraud (Counts 1 and 2), Wire Fraud (Counts 3-17), Conspiracy to Launder Monetary Instruments (Count 18), Unlawful Monetary Transactions (Count 19) and Criminal Forfeiture. Mr. Smith and his co-defendants entered not guilty pleas on May 1, 2019 and trial is scheduled, with a jury, on January 21, 2020.

2. In *United States v. Daryl G. Bank, Raeann Gibson and Billy J. Seabolt*, 2:17-cr-126 ("the Bank case"), the defendants are charged in a second superseding indictment with Conspiracy to Commit Mail and Wire Fraud (Count 1), Mail Fraud (Counts 2-6), Wire Fraud (Counts 7-12), Conspiracy to Sell Unregistered Securities and to Commit Securities Fraud (Count 13), Sale of Unregistered Securities (Counts 14-18), Securities

Fraud (Counts 19-22), Conspiracy to Launder Monetary Instruments (Count 23), Unlawful Monetary Transactions (Counts 24-28), and Criminal Forfeiture. Trial is currently scheduled for June 25, 2019 before Chief Judge Davis, with a jury.[1]

3. The defendants in the Bank case have also filed a joint motion for joinder and a memorandum in support of joint motion for joinder. *See United States v. Bank, et al*, 2:17-cr-126, ECF Nos. 182, 183.

### Judicial economy is served by joinder.

The two cases are related. Mr. Smith and his co-defendants are charged in Count 1 with conspiracy to commit mail and wire fraud pertaining to the alleged misleading of investors about an investment in Dental Support Plus Franchise. Count 1 in the Bank indictment alleges the same. But this is not the only similarity between the indictments.

In fact, much of the same language from the Bank indictment is found in Mr. Smith's (or "the Maerki") indictment. For example, compare paragraph 17 of the "general allegations" in the Maerki indictment to paragraph 9 of the "general allegations" in the Bank indictment. Both allege that the defendants "pitched" an investment in Dental Support Plus Franchise and advertised the same incentives. The similarity continues with paragraph 19 in the Maerki indictment and paragraph 9 of the Bank indictment. For more similarities in the indictments relating to the Dental Support Plus Franchise, see also:

- paragraph 20 of the Maerki indictment and 10 of the Bank indictment;
- paragraph 21 of Maerki and 11 of Bank;
- paragraph 22 of Maerki and 14 of Bank;
- paragraphs 23-27 of Maerki which deal with clients of Bank;
- paragraph 32 of Maerki and 16 of Bank;

---

[1] To be clear, Mr. Smith is not seeking a joinder of the cases for a trial on the presently scheduled trial date in the Bank case on June 25, 2019. At this time, the defense is not adequately prepared for such an early trial date.

- paragraph 33 of Maerki and 18 of Bank;
- paragraph 34 of Maerki and 19 and 20 of Bank;
- paragraph 35 of Maerki and 22 of Bank; and
- paragraph 46 of Maerki and 29 of Bank.

The next investment offerings mentioned in both indictments are the Spectrum Investments. Again there is duplication of allegations in both indictments. For example, see:

- paragraph 54 in Maerki and paragraph 31 in Bank;
- paragraph 55 in Maerki and 32 in Bank;
- paragraph 56 in Maerki and 35 in Bank;
- paragraph 57 in Maerki and 35 in Bank;
- paragraph 61 in Maerki and 38 in Bank;
- paragraph 64 of Maerki and 38 of Bank;
- paragraph 65 in Maerki and 39 in Bank; and
- paragraph 67 of Maerki and 47 of Bank.

This list is not exhaustive but cites prominent examples. Just a cursory reading of both indictments clearly indicates the interrelationships of the defendants in both trials, the similarity in the allegations, and the obvious fact that the same witnesses will be called in both trials.

Rule 13 provides that the court may order that separate cases be tried together as if brought in a single indictment. Fed. R. Crim. P. 13 (stating "[t]he court may order that separate cases can be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment or information.")

Though it addresses charging documents, Rule 8 allows for joinder of offenses or defendants if they are alleged to have participated in the same acts or transactions, or in the same series of acts or transactions, constituting an offense or offenses. Fed. R. Crim. P. 8. All

defendants need not be charged in each count. The Fourth Circuit has interpreted this to require only that the joined offenses have some logical relationship to one another. *United States v Caldwell*, 435 F.3d 378, 385 (4th Cir. 2005). The same underlying principle would apply here: the same or similar crimes – those that have a logical relationship to one another – should be prosecuted together. The Maerki and Bank indictments charge separate sets of people with essentially the same crimes. Without question, aside from the nearly identical language contained in both indictments, the factual allegations are the same. There is more than just a logical connection between the crimes alleged in the indictments.

There is a strong judicial stake in efficiently promoting justice and avoiding needless multiplicity of trials. In this case, joining the trial of these cases would result in one trial with a duration of four weeks, rather than two trials, each lasting four weeks. The joinder would result in witnesses being called to testify one time instead of multiple times. This is important because the government has alleged many of the witnesses are elderly and infirm and to testify in one trial would be arduous, let alone two trials. In fact, the court in the Bank case recently entered an order for the video deposition of a witness in Idaho to prevent just the sort of hardship that a joinder would avoid. Expediency, convenience to witnesses, sound administration of justice, and judicial economy, all can be served without hardship to the Court, the government, or any of the defendants.

Counsel can only find one reported case which cites joinder on the motion of the defendant, *Davis v United States*, 148 F.2d 203 (5th Cir. 1945). In that case, the order of consolidation was entered upon motion of the defendant, ratified and approved by attorneys for the other defendants.

That same order should be entered upon this motion. It is the same case, the same facts, the same allegations, the same players, the same witnesses and the same legal theories. If the government would have moved for joinder of the indictments or superseded to add Maerki, et al,

4

to the Bank indictment, there would have been no question as to the grounds for or legality of doing so. *See United States v Lawson*, 677 F.3d 629, 638 (4th Cir. 2012) cert denied, 568 U.S. 889 (2012). The court can and should order under Rule 13 that these separate cases be tried together as though brought in a single indictment.

### **Joinder is necessary to allow the defendants to call witnesses in their favor.**

The defendants in the Bank case are scheduled for trial on June 25, 2019. Whether they are acquitted or found guilty, it is very unlikely that any of the defendants in the Bank case will agree to testify in Mr. Smith's trial/the Maerki trial even if subpoenaed.

However, if joinder would occur, then all defendants would be present at the same trial. While counsel cannot predict the future or any strategic decisions on the part of the Bank defendants, it is much more likely that they will testify on their own behalf at a joint trial than if subpoenaed separately at the Maerki trial. Joining the cases for trial allows the defendants in both cases to testify in their own defenses, allowing all of the defendants to avail themselves of the opportunity to examine and bring forth evidence in their favor.

In ruling on a motion to sever based upon the need for a co-defendant's testimony, the court looks at four factors: (1) a bona fide need for the testimony of a codefendant; (2) the likelihood that the codefendant would testify; (3) the substance of the codefendant's testimony; and (4) the exculpatory nature and effect of such testimony. *United States v. Reavis*, 48 F.3d 763 (4th Cir. 1995), citing *United States v. Parodi*, 703 F.2d 709 (4th Cir. 1983). These same factors should be considered in determining whether separate cases should be tried together, and here, they weigh in favor of a joint trial.

To address the first and third factors, Mr. Smith asserts that there is bona fide need for the testimony in Bank, *et al*. Bank and Gibson owned and controlled various companies involved in both Dental Support Plus and Spectrum investments, and determined where investor money was allocated among the companies. Additionally, Bank hired attorneys, including Mr. Seabolt, to

offer legal opinions on the issues, and provided advice, direction and substance to the Bank defendants. They conducted their due diligence investigation and the Smith defendants relied upon it.

As to the second factor, whether the codefendants would testify, it is beyond doubt that they would <u>not</u> if tried separately from Mr. Smith. That much we know for sure. Whether they would at their own trial is speculative but at least the possibility exists.

Factor three has already been discussed, but it is also interwoven with factor four. The substance of their testimony and the exculpatory narrative of it compel joinder.

Without question, if the Maerki defendants were superseded into the Bank indictment, there would be no grounds for severance. The cases are so intertwined that judicial economy demands one trial. In addition, the evidentiary demands of the defendants require one trial. Accordingly, Mr. Smith respectfully moves for the entry of an order that these separate cases be tried together under Rule 13 of the Federal Rules of Criminal Procedure.

Respectfully submitted,

AGHEE WILLIAM SMITH, II

_____/s/_____
Keith Loren Kimball
VSB No. 31046
Supervisory Ass't Federal Public Defender
Attorney for Aghee William Smith, II
Office of the Federal Public Defender
150 Boush Street, Suite 403
Norfolk, Virginia 23510
Telephone: 757-457-0800
Telefax: 757-457-0880
Email: keith_kimball@fd.org

Lindsay Jo McCaslin
VSB No. 78800
Assistant Federal Public Defender
Attorney for Aghee William Smith, II

Office of the Federal Public Defender
150 Boush Street, Suite 403
Norfolk, Virginia 23510
Telephone: 757-457-0800
Telefax: 757-457-0880
Email: lindsay_mccaslin@fd.org

## **CERTIFICATE OF SERVICE**

I certify that on this 28th day of May, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification (NEF) to:

Melissa E. O'Boyle, Esquire
Elizabeth M. Yusi, Esquire
Andrew C. Bosse, Esquire
Assistant United States Attorneys
Office of the United States Attorney
101 W. Main Street, Suite 8000
Norfolk, Virginia 23510
Telephone: 757-441-6331
Email: melissa.oboyle@usdoj.gov
   elizabeth.yusi@usdoj.gov
   andrew.bosse@usdoj.gov

/s/
Keith Loren Kimball
VSB No. 31046
Supervisory Ass't Federal Public Defender
Attorney for Aghee William Smith, II
Office of the Federal Public Defender
150 Boush Street, Suite 403
Norfolk, Virginia 23510
Telephone: 757-457-0800
Telefax: 757-457-0880
Email: keith_kimball@fd.org