IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

NORFOLK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 2:19cr47 |
| | ) | |
| AGHEE WILLIAM SMITH II, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE TO**
**DEFENDANT'S MOTION FOR JOINDER**

The United States of America, through its undersigned counsel, respectfully files this response to defendant Aghee William Smith II's motion for joinder. As discussed below, the government does not object to defendant's motion to join the instant case with *United States v. Daryl G. Bank and Billy J. Seabolt*, 2:17cr126 for trial in January 2020. The government filed a similar memorandum in that case, which is before Chief Judge Mark Davis, on June 7, 2019. In support of its position, the government states as follows:

**PROCEDURAL BACKGROUND**

**A.    Proceedings in *United States v. Daryl G. Bank et al.* (the "Bank case")**

On August 23, 2017, a grand jury returned an indictment against Daryl G. Bank ("Bank") and Raeann Gibson ("Gibson") arising from their scheme to defraud hundreds of investors across the country. On May 25, 2018, a grand jury returned a second superseding indictment against Bank, Gibson, and their attorney, Billy J. Seabolt. *United States v. Daryl Bank, et al.,* 2:17cr126, ECF No. 105.

As alleged in the Second Superseding Indictment, at trial, the government intends to present evidence that Bank, Gibson, and Seabolt conspired to defraud hundreds of victims in the

Commonwealth of Virginia and elsewhere of investment funds.  Bank is at the center of this conspiratorial activity as the managing member of dozens of limited liability companies under his control.  Bank, and others, lied to investors about the nature of the investments, who controlled the investment funds, and how the funds would be used.  The indictment describes many of the fraudulent investment vehicles Bank used in his scheme to defraud, including: DSPF Group, Janus Spectrum Group, Spectrum 100, Prime Spectrum, Venture Capital, Xcel Bandwidth, PLI Group, weMonitor Group, Warped Cigar, and DV8 Group.  Kent Maerki is Conspirator #1 in the Bank indictment and was directly involved in forming the Arizona-based companies behind the Dental Support Plus investment scheme and the spectrum investment schemes.

After several continuances, the Court most recently set the Bank case for trial on June 25, 2019; the trial is currently stayed pending Bank's interlocutory appeal, as described further below.

      **B.**      **Proceedings in *United States v. Kent Maerki et al.* ("the Maerki case")**

While the Bank case was pending, federal investigators continued to unravel the complicated financial trail of additional individuals involved, in particular, with the Dental Support Plus investment and the spectrum investments.  The government's financial analyst spent countless hours tracing fraud proceeds through approximately 100 additional bank accounts tied to this second set of conspirators.  The government sent target letters to certain individuals connected with the Maerki investigation but was unable to resolve the matter prior to indictment.

Upon completion of the financial investigation, the government—to ensure compliance with the statute of limitations on certain charges—presented an indictment to the grand jury.  On

March 21, 2019, the grand jury returned a 19-count indictment against six defendants: Kent Maerki, David Alcorn, Aghee William Smith II, Tony Scott Sellers, Thomas L. Barnett, and Norma Jean Coffin. 2:19cr47, ECF No. 1. These defendants were arrested in their respective districts and made their first appearance in this Court on May 1, 2019.

The Maerki case involves several investment schemes that overlap with those in the Bank case, including Dental Support Plus and the numerous spectrum investment schemes. As alleged in the indictment, Kent Maerki was the founder of Dental Support Plus, LLC, and Norma Jean Coffin was listed as its Chief Financial Officer. Defendants Aghee William Smith II, Tony Scott Sellers, and Thomas L. Barnett were insurance salesmen who sold Maerki's Dental Support Plus Franchises and who also were part of the sales force Bank used to sell fraudulent investments in DSPF Group, LLC; Janus Spectrum Group, LLC; Spectrum 100, LLC; Prime Spectrum, LLC; and other spectrum investments. David Alcorn, along with Kent Maerki, owned and controlled Janus Spectrum, LLC. Through this entity, Alcorn and Maerki defrauded numerous investors in the Eastern District of Virginia, and elsewhere, through the fraudulent sale of spectrum licenses. Daryl Bank is identified as Conspirator #1 in the Maerki indictment.

The Maerki case is set for trial on January 21, 2020, and is also scheduled to last approximately 4 weeks. The government recently began providing discovery in the Maerki case, and the deadline for defense motions is August 16, 2019.

### C. The Joinder Motions

Approximately six weeks prior to trial in the Bank case, on May 10, 2019, Bank, Gibson, and Seabolt filed a joint motion for joinder requesting that the Bank case be joined for trial with

the Maerki case.[1] *United States v. Daryl Bank et al.*, 2:17cr126, ECF No. 183. On May 21, 2019, while the joinder motion was pending, Bank filed a Notice of Appeal seeking an interlocutory appeal of the Court's denial of his motion to dismiss certain securities fraud allegations on purported double jeopardy grounds and asked the Court to stay the trial pending resolution of the appeal.

On May 24, 2019, the government filed its response in opposition to defendants' motion to join the Bank and Maerki cases for trial. In its response, the government agreed with defense counsel: (1) that, pursuant to FED. R. CRIM. P. 13, the Court has discretion to order that separate cases be tried together as though brought in a single indictment if all offenses and all defendants could have been joined in a single indictment; and (2) that, pursuant to FED. R. CRIM. P. 8, the government could have joined the Bank and the Maerki defendants in a single indictment because the defendants conspired together and some of the charges in both indictments arise out of the same series of acts and transactions. Nevertheless, the government argued that the Court should not exercise its discretion and join the cases predominantly because the Bank defendants' request, made just weeks before a lengthy and complex trial, was untimely, and because joinder would necessitate yet another continuance. The government further noted that none of the Maerki defendants had publicly stated a position on joinder, and that a decision to join the cases also would impact them. The government also recognized, however, that the Court's decision whether to stay the case pending Bank's interlocutory appeal could cause the government to reconsider its objection to the consolidation of the cases for a January 2020 trial. *United States v. Daryl Bank et al.*, 2:17cr126, ECF No. 189 at p. 15 n.5.

---

[1] On May 29, 2019, Gibson pled guilty to a two-count criminal information charging her with conspiracy to commit mail fraud and conspiracy to commit money laundering.

4

On May 28, 2019, defendant Aghee William Smith II filed a Motion for Joinder in *United States v. Kent Maerki et al.*, 2:19cr47, ECF No. 72. In his motion, Smith represented that his co-defendants Tony Scott Sellers and Thomas L. Barnett joined in the motion and also wanted the cases tried together. As such, the Court has had some form of notice from five of the eight remaining defendants[2] across both cases who apparently want the Bank and Maerki cases tried together in a single fraud trial in January 2020. In support of his motion, Smith relied on several of the same arguments that Bank presented in his motion: (1) judicial economy; and (2) the claimed practical inability to call defendants as witnesses at each respective trial.

On June 4, 2019, the Court granted Bank's motion to stay the instant case pending resolution of the interlocutory appeal. *United States v. Daryl Bank et al.*, 2:17cr126, ECF No. 212. In its Order, the Court concluded that Bank had the right to file an interlocutory appeal of the order denying his motion to dismiss on double jeopardy grounds and further determined that the Court could not exercise dual jurisdiction so as to allow the Bank trial to go forward because the appeal was not "wholly lacking in merit." *Id.* at 6. Applying this standard, the Court concluded that a stay was appropriate pending the resolution of Bank's appeal. Addressing the government's concern about the age and health of its trial witnesses, the Court noted the "continued availability of appropriate depositions pursuant to Federal Rule of Criminal Procedure 15." *Id.* at 7 n.2.

On June 7, 2019, the government filed a Supplemental Response to the Bank defendants' request for joinder. *United States v. Daryl G. Bank et al.*, ECF No. 214. In recognition of the

---

[2] Daryl G. Bank, Billy Seabolt, Aghee William Smith II, Tony Scott Sellers, and Thomas L. Barnett apparently all want the Court to join the cases for trial. Kent Maerki, Norma Coffin, and David Alcorn—the remaining three defendants in the Maerki case—have not publicly stated a position on joinder.

5

changed circumstances arising from the stay, the government withdrew its objection to the joinder of the Bank and Maerki cases for trial. The government submitted that judicial economy may now favor a joint trial taking place in January 2020.[3] Importantly for the government—which initially hoped to be able to resolve the Bank case in June and the Maerki case in January—the interlocutory appeal introduced the real possibility that the Bank and Maerki cases, if they were not consolidated, would have to be tried back-to-back rather than six months apart. On the pre-stay timeline, the government's view was that the public's and victims' interest in trying the Bank case, which already had been continued for more than a year, outweighed whatever inefficiency would result from trying the cases separately. With the stay; however, that was no longer a possibility. Noting the motion *sub judice*, the government further recognized that five of eight Bank and Maerki defendants have now asked the Court to join these cases for trial. A joint trial also would minimize whatever concerns defendants have about their ability to call each other as witnesses in separate trials. Thus, the government withdrew its opposition to the Bank defendants' request for joinder and, with this response, further informs the Court that it does not object to Smith's motion for joinder.

---

[3] The government understands that joinder of the cases would result in the stay of the trial in the joint case until the resolution of Bank's interlocutory appeal. However, the government intends to ask the Fourth Circuit to undertake an expedited review of the interlocutory appeal so that it can be resolved before a January 2020 trial date.

## ANALYSIS

The legal standards governing motions for joinder are well established. Federal Rule of Criminal Procedure 13 provides that "[t]he court may order that separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment or information." FED. R. CRIM. P. 13. In other words, the district court has discretion to order the joint trial of cases that could have been indicted together. The rule is an adjunct of Federal Rule of Criminal Procedure 8, which allows for (but does not require) the joinder of offenses in an indictment if they are "of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan," and allows for (but does not require) the joinder of defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." FED. R. CRIM. P. 8.

Thus, the Fourth Circuit and other courts have reviewed the propriety of the joinder of separate indictments in a single trial through the lens of Federal Rule of Criminal Procedure 8. *See, e.g.*, *Spear v. United States*, 216 F.2d 185, 185 (4th Cir. 1954); *United States v. Medley*, 1992 WL 223782, at *1 (4th Cir. Sept. 11, 1992); *see generally* 1A Fed. Prac. & Proc. Crim. § 216 (4th ed.). Reviewing joinder cases under Rule 8, the Fourth Circuit has concluded that a group of defendants "could have been joined in a single indictment" if they "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." *United States v. Lawson,* 677 F.3d 629, 638 (4th Cir. 2012) (citing FED. R. CRIM. P. 8(b)). The Fourth Circuit also has recognized that "[j]oinder is highly favored in conspiracy trials." *Id.* (citing *United States v. Chorman*, 910 F.2d 102, 114 (4th Cir. 1990), and *United States v. Ford*, 88 F.3d 1350, 1361 (4th Cir. 1996)).

7

As the government has acknowledged throughout the joinder litigation, the defendants in the Bank case and the Maerki case *could* have been charged in a single indictment, had the government been able to do so at the time the Bank indictment was filed. It was not required to do so, however, and practically could not have done so, considering that: (1) it was important to indict the Bank case as early as possible to stop Bank from continuing to defraud victims; and (2) the financial analysis underlying the Maerki case was not complete at the time the Bank case was indicted. That said, Smith is correct that the government has alleged that the Bank defendants and the Maerki defendants conspired together, and that at least some of the charges in both indictments arise out of the same series of acts and transactions. In other words, if the government had obtained everything it needed to indict all of the defendants at the same time, then it could have joined all of the charges into one indictment without violating Rule 8. Accordingly, considering that the Bank defendants' original June 25 trial date is now stayed pending an interlocutory appeal, the government does not object to the joinder of the cases for trial in January 2020 and further submits that defendant Smith's request—in which defendants Sellers and Barnett also join—is consistent with Rules 13 and 8 of the Federal Rules of Criminal Procedure. The government also notes that a decision from the Court on joinder will allow the government to include the proper group of defendants in the Rule 15 depositions it anticipates asking the Court to grant so as to preserve testimony from certain victim-witnesses who are unable to travel or face life-threatening age-related illnesses.

## CONCLUSION

For the reasons stated above, the government does not object to Smith's request to join the Bank and Maerki cases for trial and defers to the Court's discretion regarding the joinder of the two cases.

        Respectfully submitted,

        G. Zachary Terwilliger
        United States Attorney

By:     /s/
        Melissa E. O'Boyle
        Virginia State Bar No. 47449
        Elizabeth M. Yusi
        Virginia State Bar No. 91982
        Andrew C. Bosse
        Attorneys for the United States
        United States Attorney's Office
        101 West Main Street, Suite 8000
        Norfolk, VA 23510
        Office Number - 757-441-6331
        Facsimile Number - 757-441-6689
        E-Mail Address - Melissa.OBoyle@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 10, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

By: _____/s/_____
Melissa E. O'Boyle
Assistant United States Attorney
Virginia State Bar No. 47449
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Office Number - 757-441-6331
Facsimile Number - 757-441-6689
E-Mail Address - melissa.oboyle@usdoj.gov