IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

UNITED STATES OF AMERICA

v.  2:19-cr-47

NORMA JEAN COFFIN,
   aka NORMA JEAN MAULE,
   aka NORMA MAERKI

### RESPONSE TO JOINDER MOTIONS

COMES NOW the Defendant, Norma Coffin, and notes her objection to her co-defendant's motion to join the instant case with United States v. Daryl G. Bank and Billy J. Seabolt, 2:17cr126. In support of her objection, Coffin states as follows:

### INTRODUCTION

1. This indictment (the 'Maerki case') was filed on March 21, 2019, and entered on March 22, 2019. (ECF document 2). Trial by jury is set for January 21, 2020 in Norfolk District Court and is expected to take at least four (4) weeks.

2. On May 10. 2019, counsel for Daryl Bank in case 2:17-cr-126, (the 'Bank case') filed a motion to join that case (Bank) to be tried with this case (Maerki). (ECF Document 182 – Bank case).

3. On May 28, 2019, co-defendant Aghee William Smith, through counsel, filed a motion to join this case with the Bank case. (ECF Document 72.)

4. Counsel for co-defendant Kent Maerki in the Maerki case has filed an objection to joinder due to his client's health. (ECF Document 76)

5. The United States originally opposed the May 10, 2019 Bank motion to consolidate the cases. Since that time, the Bank trial date, originally set in June 2019, has been stayed pending a response from the United States Court of Appeals on an interlocutory appealed filed by Bank. (ECF Document 212 in the Bank case). The United States has now withdrawn its opposition to the joinder motions.

## DISCUSSION

It is axiomatic that the decision of whether to join offenses and/or defendants rests within the sound discretion of the trial court. Rule 13 of the Federal Rules of Criminal Procedure "grants the trial court wide discretion to consolidate indictments, provided that all the counts could have been joined in a single indictment under Rule 8 of the Federal Rules of Criminal Procedure." United States v. Weber, 437 F.2d. 327, 331 (1970). Even if consolidation is proper under Federal Rules of Criminal Procedure 8 and 13, however, it still must not be prejudicial to an accused 'within the meaning' of Federal Rule of Criminal Procedure 14. Weber, 437 F.2d. at 331-332. Weber sets out various factors for the Court to consider Rule 14 prejudice: (1) whether the existence of separate counts and the resulting extensive testimony would confuse the jury; (2) whether the charging of several crimes would make the jury hostile; and (3) whether the jury would be able to segregate the evidence as to each count and/or consider one crime as a corroboration of others. Weber, 437 F.2d. at 332. Applying the above principles to this case, Ms. Coffin submits that joinder of these offenses would be prejudicial to her per Rule 14.

The joinder motion filed by Smith, a co-defendant in the Maerki case, alleges that the Maerki case and the Bank case have a number of similarities, mainly with regard to the Dental Support Plus Franchises (DSPF) and the Spectrum Investments. Smith goes to great lengths to showcase these 'similarities' between the two indictments and compares paragraphs in the 'general allegations' section of both cases. General allegation 7 in the Maerki case alleges that Coffin co-founded Dental Support Plus and served as Vice President and Chief Financial Officer of DSPF. A closer examination, however, reveals that defendant Norma Coffin is seldom mentioned with regard to the Dental Plus general allegations and is not mentioned at all in the Spectrum Investments general allegations. Paragraph 17 in Maerki (compared to paragraph 9 in Bank) mentions all of the co-defendants in the Maerki case EXCEPT for Norma Coffin. Smith compares paragraph 20 in Maerki to paragraph 10 in Bank; paragraph 20 in Maerki mentions co-defendants Maerki, Smith, Sellers, and Barnett only. Smith

emphasizes paragraphs 22 through 27 of the Maerki case and notes their similarities to 'clients of Bank'; again, however, Ms. Coffin is not mentioned at all in these paragraphs. The only place in the 'general allegations' section of the Maerki case that mentions Ms. Coffin is paragraph 28, which simply states that Coffin was signatory on "numerous bank accounts connected to DSPF". Paragraph 28 is absent from Smith's motion to consolidate because there is no related paragraph in the Bank case. To be fair to the government, paragraph 40 notes that Coffin was a 'seller' of the DSPF franchise units, but there are scant facts in the general allegations section to support Coffin being anything other than someone who wrote checks for various entities and not an 'in the weeds' active seller.

Raeann Gibson, a co-defendant in the Bank case, has pleaded guilty. Her statement of facts (ECF Document 200 – Bank case) is some thirty-one (31) pages long and is instructive as to the complexity of a mere *summary* of the Bank case. Her SOF sets out some eighteen (18) entities formed by her in the Commonwealth of Virginia. Admittedly, some of these entities are related to DSPF, but most of them are not. At least five (5) of the entities are related to the Spectrum Investments (ECF 200, paragraph 54), but, again, Coffin was not even mentioned in the general allegations of her own indictment with regard to the Spectrum Investments (paragraphs 48 through 67 of the general allegations). Coffin's potential exposure in the Maerki case rests in large part on the allegations contained in Count Eighteen (Conspiracy to Money Launder), but none of the allegations contained in Count Eighteen appear to be related to anything in the Bank case. In short, here appears to be little overlap in these cases with regard to defendant Coffin.

To conclude, what 'overlap' there is between the two indictments is present primarily because of Coffin's co-defendants and not attributable to Coffin herself. Coffin submits that the complexity of both of these cases (especially the Bank case) would simply confuse the jury if the cases were to be joined. The allegations in the Maerki case are bad enough, but the allegations in the Bank case, if proven, could make a jury hostile to everyone they find to have been involved in either case and decide accordingly. This factor alone is prejudicial to Coffin, as even Maerki indictment does not allege her to

be as involved as her co-defendants, and certainly not to the extent of anything alleged in the Bank case. Finally, it is highly doubtful that any jury could segregate the evidence in these cases given the number of entities involved and would be likely to consider each crime as corroboration of other crimes and/or defendants.

WHEREFORE, defendant Norma Coffin respectfully requests that the motion to join this case with the Bank case be denied.

RESPECTFULLY SUBMITTED,

NORMA JEAN COFFIN

_____/s/_____
Gregory K. Matthews, VSB #28314
Attorney for Norma Jean Coffin
GREGORY K. MATTHEWS, PC
Post Office Box 5277
Portsmouth, VA 23703
Telephone: (757) 356-5744
Telecopier: (757) 500-4520
gkmatthews@msn.com

CERTIFICATE

The undersigned certifies that on the 11th day of June, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send an electronic notification (NEF) of this filing to all counsel of record.

_____/s/_____
Gregory K. Matthews, VSB #28314
Attorney for Norma Coffin
GREGORY K. MATTHEWS, PC
Post Office Box 5277
Portsmouth, VA 23703
Telephone: (757) 356-5744
Telecopier: (757) 500-4520
gkmatthews@msn.com