

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA

v.   CRIMINAL NO. 2:19-cr-47-003

AGHEE WILLIAM SMITH II,

Defendant.

### *MEMORANDUM ORDER*

Before the Court is Defendant Aghee William Smith II's Motion for Joinder ("Motion") pursuant to Federal Rule of Criminal Procedure 13. ECF No. 72. Specifically, Defendant Smith seeks to join his case ("*Maerki* case") with the case of *United States v. Daryl G. Bank and Billy J. Seabolt* ("*Bank* case"), 2:17-cr-126. *Id.* Defendants Tony Scott Sellers and Thomas L. Barnett join the Motion. *Id.* Defendant Norma Jean Coffin objects to the Motion. ECF No. 77. The other defendants have not weighed in on the motion. The Government supports joinder of both cases. ECF No. 75.

A court "may order that separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment or information." FED. R. CRIM P.13. Federal Rule of Criminal Procedure Rule 8(b) provides that all defendants could have been joined in a single indictment or information "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." FED. R. CRIM P. 8(b); *see United States v. Lawson*, 677 F.3d 629, 638 (4th Cir. 2012); *United States v. Whitehead*, 539 F. 2d 1023, 1025 (4th Cir. 1976). For joinder, defendants may be charged in one or more counts together or separately, and all defendants need not be charged in each count. FED. R. CRIM P. 8(b).

In conspiracy trials, joinder is highly favored to promote efficiency and judicial economy. *Lawson*, 677 F.3d at 639 (citing *United States v. Chorman*, 910 F.2d 102, 114 (4th Cir.1990); *see also United States v. Ford*, 88 F.3d 1350, 1361 (4th Cir.1996). The decision as to whether to permit a joint trial is left to the courts' discretion. *See Zafiro v. United States,* 506 U.S. 534, 538–539 (1993). Courts however, must exercise its discretion by considering the risks of prejudice to both the defendant and the government. *See* FED. R. CRIM. P. 14(a); *see also United States v. Lane*, 474 U.S. 438, 446 n.8 (1986). Prejudice is not usually present where the evidence which would be introduced at separate trials would largely overlap. *See United States v. Cooper*, 134 F.3d 364 (4th Cir. 1998). And a defendant is not necessarily subject to prejudice merely because a case is complex or because there is some disparity in the evidence. *See United States v. Shealey*, 641 F.3d 627, 633 (4th Cir. 2011); *see also United States v. Taylor*, No. 3:17-CR-29-004, 2017 WL 4533128, at *2 (E.D.Va. Oct. 10, 2017). In most cases, a limiting instruction that the jury should not consider certain evidence against one defendant is sufficient to cure any risk of prejudice. *Taylor*, 2017 WL 4533128, at *2 (citing *Zafiro*, 506 U.S. at 538–539). Thus, a defendant opposing joinder must clearly demonstrate that actual prejudice would result from a joint trial. *Id.* at 632 (4th Cir. 2011) (quoting *United States v. Reavis*, 48 F.3d 763, 767 (4th Cir. 1995)).

On May 25, 2018, a grand jury returned a second superseding indictment against defendants Daryl G. Bank, Raeann Gibson and Billy J. Seabolt. ECF No. 105 of 2:17-cr-126. Defendants were charged with Conspiracy to Commit Mail and Wire Fraud, Mail Fraud, Wire Fraud, Conspiracy to Sell Unregistered Securities and to Commit Securities Fraud, Sale of Unregistered Securities, Securities Fraud, Conspiracy to Launder Monetary Instruments, Unlawful Monetary Transactions, and Criminal Forfeiture. *Id.* The indictment alleges that the defendants participated in a scheme to defraud hundreds of investors through the use of fraudulent investment

vehicles related to Dental Support Plus investment and spectrum investments. *Id.* Kent Maerki, the founder of Dental Support Plus, is listed as a Conspirator #1 in the indictment. *See id.*; *see also* ECF No. 75 at 2. On May 29, 2019, Defendant Gibson pled guilty to a criminal information. ECF No. 201 of 2:17-cr-126. Defendants Bank and Seabolt entered not guilty pleas and a jury trial was scheduled for June 25, 2019. However, the trial was stayed pending Defendant Bank's interlocutory appeal.[1] ECF No. 186 of 2:17-cr-126.

After the government completed its financial investigation of the Dental Support Plus and spectrum investments, the Government brought the indictment in the *Maerki* case. ECF No. 2; *see also* ECF No. 75. On March 21, 2019, Defendant Smith was named in a 19-count indictment with co-defendants Kent Maerki, David Alcorn, Tony Scott Sellers, Thomas L. Barnett and Norma Jean Coffin. ECF No. 2. The defendants are charged with Conspiracy to Commit Mail and Wire Fraud, Wire Fraud, Conspiracy to Launder Monetary Instruments, Unlawful Monetary Transactions, and Criminal Forfeiture. Defendant Smith and his co-defendants entered not guilty pleas on May 2, 2019. ECF No. 46. A jury trial is pending.[2]

Defendant Smith filed the instant motion on May 28, 2019 arguing that because of the similarities in the indictment, the interrelationships of the defendants, and the duplication of the allegations, judicial economy is served by joinder of the *Maerki* case with the *Bank* case.[3] ECF No. 72 at 3–4. Defendant Smith also argues that joinder is necessary because it will allow defendants to call witnesses in their favor, including their co-defendants. *Id.* at 5–6. The

---

[1] Defendant Bank filed a Notice of Appeal seeking an interlocutory appeal of the court's denial of his Motion to Dismiss certain securities fraud allegations based on double jeopardy grounds.
[2] On November 14, 2019, the Court granted Defendants' unopposed Motion to Continue the trial date in the *Maerki* case. *See* ECF Nos. 82–83.
[3] The defendants in the *Bank* case filed a similar motion on May 9, 2019. *See* ECF No. 182 of 2:17-cr-126. However, their motion was denied on June 25, 2019. *See* ECF No. 216 of 2:17-cr-126.

3

Government, noting the overlap between both cases, does not object to the joinder.[4] ECF No. 75 at 3–4. Defendant Coffin however, argues that a joinder of both cases would prejudice defendants. ECF No. 77. Specifically, Defendant Coffin argues that there is little overlap in the cases as far as Defendant Coffin is concerned, and that the *Maerki* indictment does not allege her to be as involved as her co-defendants. ECF No. 77 at 3–4. Defendant Coffin also argues that given the complexity of cases, especially the *Bank* case, the jury will be unable to segregate the evidence in these cases given the number of entities involved. *Id.* at 4.

After examining the indictment in both cases, and reviewing the arguments supporting and opposing joinder, the Court finds that the conspiracy alleged in these separate indictments could well have been joined in a single indictment. The *Bank* Defendants and the *Maerki* Defendants are alleged to have participated in the same act or transaction, or in the same series of acts or transactions relating to the Dental Support Plus investment and spectrum investments constituting offenses such as a Conspiracy to Commit Mail and Wire Fraud, Mail Fraud, and Wire Fraud. ECF No. 2; *see also* ECF No. 105 of 2:17-cr-126. It is very likely that had the investigation would have been completed sooner, the *Bank* Defendants and the *Maerki* Defendants would have been properly joined in a single indictment. *See* ECF No. 75 at 3–4. Given the similarities and the interrelationships between the defendants in both cases, efficiency and judicial economy favor a joint trial in a conspiracy case such as this one.

Furthermore, the Court does not find that the defendants will be prejudice by a joint trial. *See* FED. R. CRIM. P. 14 (a). Prejudice is not usually present where the evidence in separate trials would overlap, as will be the case here. *See e.g.*, *United States v. Cooper*, 134 F.3d 364 (4th Cir. 1998). Although defendant Coffin argues that there is little overlap between herself and the *Bank*

---

[4] The Government initially opposed the motion for joinder in the *Bank* case citing delay in proceedings. However, given the stay in the *Bank* case, the Government withdrew its opposition. *See* ECF No. 75 at 5–6.

4

defendants, and that the *Maerki* indictment does not allege her to be as involved as her co-defendants, it is not necessary that all defendants in a joint trial be charged in each count - Defendants may be charged in one or more counts together or separately. *See* FED. R. CRIM P. 8(b). And although Defendant Coffin further argues that because of the complexity of both cases, the jury will be unable to segregate the evidence given the number of entities involved, this risk of prejudice is curable where a limiting jury instruction with regards to Defendant can clear up any confusion for the jury. *See Taylor*, 2017 WL 4533128, at *2 (citing *Zafiro*, 506 U.S. at 538–539). Thus, Defendant Coffin has not clearly demonstrated that actual prejudice would result from joining the *Bank* case with the *Maerki* case.

Thus, after reviewing the parties' filings and weighing all the factors, Defendant Smith's Motion for Joinder is **GRANTED**. The Court orders that the *Bank* case and the *Maerki* case be tried together as though brought in a single indictment.

The Court **DIRECTS** the Clerk to provide a copy of this Order to all Parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
November 18, 2019

/s/
Raymond A. Jackson
United States District Judge