IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

NORFOLK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 2:19cr47 |
| ) | |
| KENT MAERKI et al., ) | |
| ) | |
| Defendants. ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION FOR CONTINUANCE**

The United States of America, through its undersigned counsel, respectfully files this response to defendants' motion for a continuance. ECF No. 118. In this motion, defendants Kent Maerki, Aghee William Smith, Tony Scott Sellers, Thomas J. Barnett, and Norma Coffin seek to continue the trial in this matter, currently scheduled for July 7, 2020. As a practical matter, a continuance in the above-captioned case also will result in a continuance of *United States v. Daryl G. Bank & Billy J. Seabolt*, 2:17cr126 (the "Bank case"), which has been joined for trial. As discussed below, the government recognizes that the COVID-19 pandemic likely will impact the July 2020 trial and may justify a continuance. However, the government respectfully requests that, if the Court grants this continuance, it require all defense counsel to commit to a trial date in the fall of 2020. The government explains its position as follows:

**PROCEDURAL BACKGROUND**

**A.     Proceedings in the Bank Case**

On August 23, 2017, a grand jury returned an indictment against Daryl G. Bank ("Bank") and Raeann Gibson ("Gibson") arising from their scheme to defraud hundreds of investors across the country. At defendants' respective arraignments, with the parties' agreement, the case was

designated as complex due to the nature of the charges and the voluminous amount of discovery. Trial initially was set for April 24, 2018, outside the speedy trial deadline. On February 7, 2018, Gibson moved to continue the trial date. ECF No. 52. The basis for her request for a continuance was the need for additional time to review the voluminous discovery. *Id.* The government did not object to Gibson's request. *Id.* On February 13, 2018, the Court issued an order granting the motion, concluding that the ends of justice served by granting the continuance outweighed the interest of the public and the defendants in a speedy trial. ECF No. 53. On February 20, 2018, the Court reset the trial for September 18, 2018.

On April 19, 2018, the grand jury returned a first superseding indictment against Bank, Gibson, and Billy J. Seabolt ("Seabolt"). On May 7, 2018, the Court reset the case for trial on January 15, 2019. On May 25, 2018, a grand jury returned a second superseding indictment against Bank, Gibson, and Seabolt. ECF No. 105. At the arraignments for the second superseding indictment, the Court again made the speedy trial findings but kept the trial date of January 15, 2019.

On November 5, 2018, Bank and Gibson filed another joint motion to continue the trial. ECF No. 129. Seabolt did not initially join their motion. Then, on November 29, 2018, Seabolt filed his own motion to continue the trial. ECF No. 141. This was Seabolt's first motion for a continuance, which he stated was necessary to give his attorney time to review supplemental discovery materials. Although the government initially opposed defendants' request for another continuance, it ultimately withdrew its opposition so as to give defense counsel sufficient time to review newly discovered evidence. The Court then set a new trial date of June 25, 2019, with the trial scheduled to last approximately four weeks.

On May 21, 2019, Bank filed a notice of his intention to appeal the Court's Order denying his motion to dismiss on double jeopardy grounds. ECF No. 184. At the same time, Bank also moved to stay the pending June 25, 2019 trial. *Id.* Seabolt did not oppose the stay request. ECF No. 204. The government opposed Bank's motion for a stay, but the Court ultimately granted his motion and stayed the proceeding pending the resolution of his interlocutory appeal. ECF Nos. 203, 212. As described below, the Bank case was then consolidated with the Maerki case for trial, and the Court set a trial date of July 7, 2020.

Prior to the onset of the COVID-19 pandemic, the government filed a motion to expedite the Fourth Circuit decision in the interlocutory appeal. The Fourth Circuit granted the motion, and oral argument is scheduled for April 30, 2020, via videoconference. In light of this argument date, the government anticipates that the Fourth Circuit will rule on this matter prior to the July 7 trial date. On April 24, 2020, Bank filed a motion to continue the July 7, 2020 trial in the Bank case. ECF No. 274.

### B. Proceedings in the Maerki case

While the Bank case was pending, federal investigators continued to unravel the complicated financial trail of additional individuals involved in perpetrating the scheme, in particular with the Dental Support Plus investment and the spectrum investments. On March 21, 2019, the grand jury returned a separate 19-count indictment against six defendants: Kent Maerki, David Alcorn, Aghee William Smith, II, Tony Scott Sellers, Thomas L. Barnett, and Norma Jean Coffin. These defendants were arrested in their respective districts and made their first appearance in this Court on May 1, 2019. The Maerki case originally was set for trial on January 21, 2020.

On May 10, 2019, Bank filed a motion in the Bank case asking the Court to join his case for trial with the Maerki case. On May 28, 2019, Smith filed a motion in the Maerki case asking that his case be joined for trial with the Bank case. ECF No. 72. Sellers and Barnett joined in the motion. *Id.* Coffin objected to the motion. ECF No. 77. Although the government initially objected to Bank's request for joinder on the grounds that it wanted the June 2019 trial to go forward, it ultimately withdrew its objection and supported joinder of the cases. ECF No. 75. On November 18, 2019, the Court granted Smith's motion for joinder and specifically joined the Bank and Maerki cases for trial. ECF No. 85.

While Smith's joinder motion was pending, Maerki, Alcorn, Smith, Sellers, and Barnett filed their first unopposed motion to continue the trial. ECF No. 82. Coffin did not take a position on the motion. The Court ultimately granted this request. ECF No. 83. Shortly thereafter, the Court granted the above-referenced joinder motion and both cases were set to proceed to trial on July 7, 2020.

On April 23, 2020, defendants Maerki, Smith, Sellers, Barnett, and Coffin filed a second motion to continue the trial in this matter. ECF No. 118. Alcorn, Bank, and Seabolt did not join in the motion, but did not object to the requested continuance.[1] In their motion, five Maerki defendants raise two grounds for their request for a continuance in this matter. First, the defendants maintain that the nationwide COVID-19 pandemic, and the travel restrictions and stay-at-home orders arising therefrom, have impacted their ability to prepare adequately for trial. Second, the defendants raise practical concerns related to a trial involving 8 defendants in an

---

[1.] On April 24, 2020, Bank filed a motion to continue the July 7, 2020 trial in the Bank case. ECF No. 274.

environment where citizens remain cautious and continue social distancing as a result of the pandemic.

## **ANALYSIS**

The government wants this case to go forward as soon as it is safely possible to do so. As detailed in the indictments, the defendants in these cases targeted elderly victims in a wide-ranging scheme to defraud. A number of the elderly victims are in declining health. While the case has been pending, at least two victims have progressed into the early stages of dementia and so will not be called at trial. Over the last few months, the government has received notice that two victims of defendants' fraud recently passed away. One of these victims, D.B., was prepared to testify at the previously scheduled June 2019 trial before Bank filed the interlocutory appeal and the trial was stayed. Given the number of elderly victims involved in this case, and in consideration of the victims' right to proceedings free from unreasonable delay, the government wants these cases tried as soon as it is safe to do so.

That being said, the government does not doubt that the worldwide pandemic arising from COVID-19 has had an impact on defendants' ability to prepare the case for trial and does not dispute defendants' description of potential problems arising from a trial in July. The government recognizes that this will not be a run-of-the-mill trial. Because this case has 8 defendants and will last approximately 6 weeks, the government recognizes the issues that may arise from the sheer number of individuals who will be in the courtroom on a daily basis – particularly during the jury selection process. This case also will involve a multitude of elderly witnesses who will have to travel to Norfolk, in some instances by plane. For these reasons, the government does not object to defendants' request for a continuance. However, the government

requests that, if the Court grants this motion, it require all defense counsel to commit to a trial date in 2020, preferably in the fall.

This case involves 8 separate defense counsel who practice regularly in state and federal court. Because of COVID-19, state and federal courts have suspended trials for the last two months. As a result, when the stay-at-home orders are lifted, the state and federal courts will have a backlog of trials and hearings that will need to be rescheduled. The government is well aware that certain defense counsel already have back-to-back matters scheduled through the month of September. Under these circumstances, the government's primary concern is to ensure that counsel be required to agree on a trial date during this calendar year so that the COVID-19 pandemic does not become the vehicle for an overlong delay in this case. The victims and the public also have a right to an expeditious trial in this matter, and these cases eventually must come to an end.

Accordingly, the government respectfully requests that if the Court grants defendants' motion to continue, it enter an Order making the requisite speedy trial findings in the Bank case and the Maerki case, requiring, as a condition of the continuance, that all defense counsel in both cases commit to a trial date in 2020.

                                       Respectfully submitted,

                                       G. Zachary Terwilliger
                                       United States Attorney

By:      /s/
            Melissa E. O'Boyle
            Virginia State Bar No. 47449
            Elizabeth M. Yusi
            Virginia State Bar No. 91982
            Andrew Bosse
            Attorneys for the United States

                United States Attorney's Office
                101 West Main Street, Suite 8000
                Norfolk, VA 23510
                Office Number - 757-441-6331
                Facsimile Number - 757-441-6689
                E-Mail Address - Melissa.OBoyle@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 24, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the counsel of record.

By: _____/s/_____
Melissa E. O'Boyle
Assistant United States Attorney
Virginia State Bar No. 47449
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Office Number - 757-441-6331
Facsimile Number - 757-441-6689
E-Mail Address - melissa.oboyle@usdoj.gov