**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**



| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | **CRIMINAL ACTION NO.
2:17-cr-126
Lead Case** |
| **DARYL BANK, et. al.,** | |
| Defendant. | |
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | **CRIMINAL ACTION NO.
2:19-cr-47
Consolidated Action** |
| **KENT MAERKI, et. al.,** | |
| Defendant. | |

*MEMORANDUM ORDER*

On November 18, 2019, the Court ordered joinder of *United States v. Daryl Bank, et. al*, Case No. 2:17-cr-126 (the "Bank Case") with *United States v. Kent Maerki, et. al.*, Case No. 2:19-cr-47 (the "Maerki Case") based upon similarities in the indictments, the interrelationships of the defendants, and duplication of various allegations. ECF No. 85.

In the midst of the ongoing COVID-19 pandemic, this Court issued several Administrative Orders regarding the suspension of proceedings and jury trials since March 2020. Concerning the present action, a jury trial for all eight defendants – Kent Maerki, David Alcorn, Aghee William Smith, II, Tony Scott Sellers, Thomas L. Barnett, Norma Jean Coffin, Daryl G. Bank, and Billy J. Seabolt – was set to take place on July 7, 2020. On May 15, 2020, the Court ordered to continue

trial until the fall of 2020. ECF No. 121. On May 26, 2020, the Court reset trial for November 3, 2020.

The Centers for Disease Control and Prevention ("CDC") and the Commonwealth of Virginia urge that "[s]ocial distancing should be practiced in combination with other everyday preventive actions to reduce the spread of COVID-19."[1] Further, CDC guidelines recommend that the public "stay at least 6 feet (about 2 arms' length) from other people who are not from your household in both indoor and outdoor spaces." *Id.* In the Eastern District of Virginia's June 10, 2020 COVID-19 Phased Recovery Plan, the Court ordered that "[a]ll individuals intending to appear in-person in a courthouse, shall continue to adhere to face covering, social distancing, and illness restrictions until such guidance is rescinded by the CDC." Accordingly, the Court must abide by social distancing in its attempt to adjudicate the present action.

Given limited space and resources, the Court cannot possibly adjudicate eight co-defendants, with their eight legal counsel, various potential witnesses, a full court staff, and sixteen jurors while still adhering to the social distancing measures imposed upon the Court. The Court can, however, adjudicate three defendants in what the Court will refer to as "Trial 1", another three defendants in "Trial 2", and the final two defendants in "Trial 3" to resolve this case without further delay.

Pursuant to Rule 14 of the Federal Rules of Criminal Procedure, "[i]f... a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." The Court has a significant interest in adjudicating the government's claims as quickly as possible for several reasons. First, Defendant Kent Maerki is in the custody of the Federal Bureau of Prisons awaiting

---

[1] *Social Distancing*, CENTERS FOR DISEASE CONTROL AND PREVENTION (July 15, 2020), https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/social-distancing.html.

trial. Further delay in adjudicating the government's charges against him, will result in a longer period of pre-trial incarceration for Defendant Maerki. Second, the named defendants in the Bank Case have been on the Court's docket since 2017. Accordingly, Defendants Bank and Seabolt, who have been released on bond, have benefited greatly from avoiding trial for the charges against them for over three years. Third, any further delay in hopes that soon the courthouse will be able to host eight defendants at the same time is purely wishful thinking. As estimates for widespread access to a COVID-19 vaccine vary significantly, there is no guarantee that two, four, six or even eight months from now the court will be able to try all eight defendants at once.

Accordingly, the Court will move forward with trial by severing the parties. The Court **ORDERS** that Co-defendants Kent Maerki, Billy Seabolt, and Daryl G. Bank be severed from the present action and tried together in Trial 1. The Court will issue separate orders indicating when Trials 2 and 3 will take place and which co-defendants will take part in each trial.

Although the parties were previously scheduled to begin trial on November 3, 2020, the Court **FINDS** that counsel for Defendant Seabolt is unavailable on said date given a scheduling conflict with a separate trial. Therefore, pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv), the Court **ORDERS** continuance of this trial through December 1, 2020 to ensure that Defendant Seabolt is adequately represented by counsel and to avoid a miscarriage of justice. Trial 1 will begin on **December 1, 2020 at 10:00 am**. Additionally, pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court **FINDS** that the ends of justice served by this continuance outweigh the best interest of the public and the defendants in a speedy trial.

The Court will conduct a pre-trial voir dire on November 9th and 10th in preparation for Trial 1. The Court will supply potential jurors with a juror questionnaire in order to practice social distancing in the voir dire process. Should the parties desire to submit a list of questions to

potentially include in the juror questionnaire, the parties were directed to submit an agreed upon list of questions to the Court **no later than 14 days** from the date of the September 30, 2020 Telephone Conference before the Court. Upon completion of the juror questionnaires, the Court will provide a copy of each questionnaire to the parties for review.

The Court **DIRECTS** the Clerk to provide a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
October 5, 2020

/s/
Raymond A. Jackson
United States District Judge