IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.          )<br>)<br>DAVID ALCORN,          )<br>)<br>AGHEE WILLIAM SMITH II,          )<br>)<br>THOMAS L. BARNETT, and          )<br>)<br>NORMA JEAN COFFIN,          )<br>)<br>    Defendants.          ) | Case No. 2:19-cr-47 |

**JOINT MOTION FOR ENTRY OF JURY QUESTIONNAIRE**

The United States of America, by and through its attorneys Raj Parekh, Acting United States Attorney for the Eastern District of Virginia, and Melissa E. O'Boyle, Elizabeth M. Yusi, and Andrew C. Bosse, Assistant United States Attorneys, and defendants David Alcorn, Aghee William Smith II, Thomas L. Barnett, and Norma Jean Coffin, through counsel, hereby respectfully move the Court to authorize the use of a written questionnaire to be completed by prospective jurors in this case as a supplement to oral *voir dire*. A suggested questionnaire is attached to this motion as Exhibit A.

**Background**

On March 21, 2019, the grand jury returned a 19-count superseding indictment charging the defendants, David Alcorn, Aghee William Smith II, Thomas L. Barnett, and Norma Jean Coffin, with conspiracy, in violation of 18 U.S.C. § 1349, mail fraud, in violation of 18 U.S.C. § 1341, and wire fraud, in violation of 18 U.S.C. § 1343. David Alcorn and Norma Jean Coffin are also charged with money laundering and conspiracy, in violation of 18 U.S.C. §§ 1957 and 1956(h), respectively. ECF No. 1. The matter is set for trial on November 16, 2021.

As in all trials, both the defendants and the government are entitled to an impartial jury. Where, as here, there has been media attention regarding a defendant and/or prosecution, courts often employ jury selection procedures to help identify any prejudice that may exist. Further, the COVID-19 pandemic presents additional challenges in selecting a jury. In light of these circumstances, the parties submit that a jury questionnaire in addition to standard *voir dire* procedures will assist the Court in assuring that this case is tried before an impartial jury and in making the jury selection as efficient as possible considering the circumstances.

## Argument

The prosecution of the defendants, along with their alleged conspirators Daryl G. Bank, Raeann Gibson, and Billy J. Seabolt in Case No. 2:17-cr-126, has been the subject of media coverage. Further, the parties estimate that the trial will take approximately five weeks to conclude. In addition, due to the COVID-19 pandemic, the Court has implemented strict guidelines for empaneling a jury that will require significantly more time to empanel a jury as compared to pre-COVID-19 trials. Due to these issues, the parties respectfully request that the Court employ a jury questionnaire to provide further information as to potential pre-formed biases or prejudices in this case, as to the jurors' availability, and to make the jury empanelment more efficient and timely.

*Voir dire* "enable[s] the court to select an impartial jury and assist[s] counsel in exercising peremptory challenges." *Mu'Min v. Virginia*, 500 U.S. 415, 431 (1991). The conduct of *voir dire* is generally committed to the discretion of the trial court. *See United States v. Lancaster*, 96 F.3d 734, 738 (4th Cir. 1996); *see also United States v. LaRouche*, 896 F.2d 815, 829 (4th Cir. 1990). But "[a] district court abuses its discretion . . . if the *voir dire* does not

2

provide "'a reasonable assurance that prejudice would be discovered if present.'" *Lancaster*, 96 F.3d at 740 (citations omitted). Juror questionnaires used in conjunction with follow-up *voir dire* are well suited to address pretrial publicity, and experience shows the efficacy of these procedures. *See Skilling v. United States*, 561 U.S. 358, 388 (2010) (citing "comprehensive" juror questionnaire and individual juror questioning to support finding that *voir dire* was adequate to select impartial jury in case involving widespread pretrial publicity.)

Although the Supreme Court has noted that a trial court's discretion as to how it conducts *voir dire* regarding pretrial publicity is "wide," *see Mu'Min v. Virginia*, 500 U.S. at 427, and the Fourth Circuit and this Court have held that written juror questionnaires are not always required where prejudicial publicity is alleged, *see United States v. Bakker*, 925 F.2d at 728, 733-34 (4th Cir. 1991) (it was not error for trial court to decline to allow written questionnaire); *United States v. Rivera*, 292 F. Supp. 2d 823, 826 n.3 (E.D. Va. 2003) (motion for juror questionnaire was properly denied), this Court has used written questionnaires in similar circumstances involving pretrial publicity. *See, e.g., United States v. Daryl G. Bank et al.*, No. 2:17-cr-126, *United States v. Shaun Brown*, 2:17-cr-169, *United States v. Anthony Burfoot*, No. 2:16-cr-6; *United States v. Robert McDonnell*, No. 3:14-cr-12; *United States v. William Jefferson*, No. 1:07-cr-209; *United States v. Zacarias Moussaoui*, No. 1:01-cr-455; *United States v. Ahmed Omar Abu Ali*, No. 1:05-cr-53; *United States v. Ali Al-Timimi*, No. 1:04-cr-385; *United States v. Denis Rivera et al.*, No. 1:04-cr-283; *United States v. Seifullah Chapman et al.*, No. 1:03-cr-296 (jury waived); *United States v. Jay Lentz*, No. 1:01-cr-150; *United States v. Christopher Andaryl Wills*, No. 1:99-cr-396; *United States v. Brian Regan*, No. 1:01-cr-405; *United States v. Jean Claude Oscar et al.*, No. 2:93-cr-131. Written questionnaires assist both the parties and the Court, and in appropriate

3

cases have important advantages over oral *voir dire* alone both in exposing bias and in serving the interests of judicial efficiency and economy.

In addition to this Court, other federal courts have recognized the value of using written questionnaires to supplement oral *voir dire*. *See Skilling*, 561 U.S. at 388-89. In *United States v. Rahman et al.*, 189 F.3d 88, 121 (2d Cir. 1999), in which the defendants appealed convictions in connection with bombing the World Trade Center, the Second Circuit approved the trial court's use of a juror questionnaire that covered, among other things, pretrial publicity and was followed by individual oral *voir dire*. As in *Skilling*, the Second Circuit noted that combining the written questionnaire with oral *voir dire* resulted in an improved *voir dire*: "[The district court's] *voir dire* skillfully balanced the difficult task of questioning such a large jury pool with the defendants' right to inquire into the sensitive issues that might arise in the case." *Id.* at 122; *see also United States v. Bobbitt*, 203 F.3d 822, 2000 WL 102925, at *4 (4th Cir. 2000) (noting trial court's use of juror questionnaire as part of an appropriate *voir dire* procedure exploring pretrial publicity in bank robbery and murder case); *United States v. Blom*, 242 F.3d 799, 804 (8th Cir. 2001) (noting that precautions taken by trial court to assure selection of an unbiased jury included mailing written questionnaires to prospective jurors asking about exposure to pretrial publicity).

The parties submit with this filing a proposed juror questionnaire designed to inform the Court and the parties of issues that could reveal impermissible bias and partiality. *See* Exhibit A. The parties respectfully submit that use of this questionnaire in addition to oral *voir dire* will assist both the Court and the parties in selecting an impartial jury in this case. The proposed

questionnaire also includes background questions to assist in streamlining *voir dire* and is targeted to probe the critical issues in this case.

In providing the questionnaire to prospective jurors, the parties respectfully suggest that the Court mail the questionnaire to prospective jurors as soon as practicable along with self-addressed, prepaid envelopes for the prospective jurors to return the completed questionnaires to the Court. The parties also request to receive copies of the returned questionnaires no later than November 3, 2021, in order to have time to review them prior to trial. The parties will not make additional copies of the questionnaires, and will return the questionnaires to the Court upon completion of the proceedings.

## Conclusion

For the reason explained above, the parties request the motion be granted and the attached questionnaires been submitted to prospective jurors.

Respectfully submitted,

RAJ PAREKH
ACTING UNITED STATES ATTORNEY

By: _____/s/_____
Melissa E. O'Boyle
Virginia State Bar No. 47449
Elizabeth M. Yusi
Virginia State Bar No. 91982
Andrew Bosse
Attorneys for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Office Number – 757-441-6331
Facsimile Number – 757-441-6689

5

    E-Mail Address – melissa.oboyle@usdoj.gov
    E-Mail Address – elizabeth.yusi@usdoj.gov
    E-mail Address – andrew.bosse@usdoj.gov

    DAVID ALCORN
    DEFENDANT

By:   /s/
    Richard Yarow
    Attorney for defendant David Alcorn
    Richard S. Yarow LLC
    821 W 21st Street, Ste. 208
    Norfolk, VA 23517
    Office Number – 757-337-3963
    Facsimile Number – 757-686-0180
    E-Mail Address – richardyarow@gmail.com

    AGHEE WILLIAM SMITH II
    DEFENDANT

By:   /s/
    Lindsay McCaslin
    Andrew Grindrod
    Attorneys for defendant William Aghee Smith II
    Federal Public Defender's Office
    150 Boush Street, Suite 403
    Norfolk, VA 23510
    Office Number – 757-457-0800
    Facsimile Number – 757-457-0880
    E-Mail Address – lindsay_mccaslin@fd.org
    E-Mail Address – andrew_grindrod@fd.org

    THOMAS L. BARNETT
    DEFENDANT

By:   /s/
    Anthony Gantous
    Attorney for defendant Thomas L. Barnett
    Anchor Legal Group PLLC
    5101 Cleveland Street, Ste 100
    Virginia Beach, VA 23462
    Office Number – 757-529-0000

    E-Mail Address – anthony@anchorlg.com

    NORMA JEAN COFFIN
    DEFENDANT

By:    /s/_____
    Gregory K. Matthews
    Attorney for defendant Norma Jean Coffin
    Gregory K. Matthews PC
    15064 Carrolton Boulevard, Suite K
    Carrolton, VA 23314
    Office Number – 757-356-5744
    Facsimile Number – 757-925-2124
    E-mail Address – gkmatthews@msn.com

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 8th day of October, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

By: _____/s/_____
Elizabeth M. Yusi
Assistant United States Attorney