IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>AGHEE WILLIAM SMITH II<br><br>and<br><br>THOMAS L. BARNETT,<br><br>Defendants. | Criminal No. 2:19-cr-47 |

**GOVERNMENT'S RESPONSE TO DEFENDANTS'**
**MOTION FOR TRAVEL AND LODGING EXPENSES**

Defendants Aghee William Smith II ("Smith") and Thomas L. Barnett ("Barnett") have moved for an order that they be provided with transportation from their respective residences in Sacramento, California, to Norfolk for the trial in this case, and also that the Court order that their lodging expenses be paid while they are in Norfolk. ECF Nos. 205, 208. As explained below, the government does not object to the first request, but does object to the second, and in particular to the use of additional public funds for lodging or any related expenses.

1. Assuming that both Smith and Barnett remain indigent and cannot afford to travel to Norfolk, Virginia, for the trial in this matter, the government does not object to their request for transportation pursuant to 18 U.S.C. § 4285. That statute allows the Court, "when the interests of justice would be served thereby," and where the Court is "satisfied, after appropriate inquiry, that the defendant is financially unable to provide the necessary transportation to appear before the required court on his own," to "direct the United States marshal to arrange for that person's means of noncustodial transportation" and "to furnish that person with an amount of money for subsistence expenses to his destination." 18 U.S.C. § 4285.

2. As the defendants correctly acknowledge, § 4285 does not provide authority for the Court to order the U.S. Marshals or any other government entity to pay for the defendants' lodging or other expenses during trial. *See United States v. Nave*, 733 F. Supp. 1002, 1002 (D. Md. 1990) (denying request for lodging expenses under § 4285); *see also United States v. Gunderson*, 978 F.2d 580, 584–85 (10th Cir. 1992) (holding that § 4285 "does not authorize payment of subsistence during the period of trial"); *United States v. Mendoza*, 734 F. Supp. 2d 281, 284 (E.D.N.Y. 2010) (same); *United States v. Sandoval*, 812 F. Supp. 1156, 1157 (D. Kan. 1993) ("[W]hile the court may require the Marshal to provide money for subsistence during transit, this statute does not authorize the court to enter an order requiring the Marshal to provide money for subsistence upon reaching [the place of trial.]"); *United States v. James*, 762 F. Supp. 1, 2 (D.D.C. 1991) ("[W]hile the statute authorizes payment to travel to the court, once at the site of the court, the statute does not authorize payment of subsistence during the course of the trial or hearing."); *United States v. Gonzales*, 684 F. Supp. 838, 841 (D. Vt. 1988) (holding that § 4285 does not provide statutory authority even for return travel fare); *United States v. Haley*, 504 F. Supp. 1124, 1129 (E.D. Pa. 1981) ("[T]he statute does not authorize subsistence funding for defendants once they arrive at the place of trial and during trial, which could be extended."); *United States v. Centeno*, 2009 WL 3334144, at *1 (S.D. Cal. Oct. 15, 2009) (same); *United States v. Smith-Kilpatrick*, 2017 WL 11573726, at *1 (W.D. Mich. Nov. 30, 2017) (same); *United States v. Alexander*, 2015 WL 1457975, at *2 (E.D. Tenn. Mar. 30, 2015) (same).

3. As the *Nave* court explained, after analyzing both § 4285 and its legislative history, "there is no statutory authority for expending appropriated funds for the purpose sought in the defendant's present motion"; it also noted that, pursuant to the Anti-Deficiency Act, the court should not order such an expenditure. 733 F. Supp. at 1002–03. The court went on to suggest that "the indigent defendant must either rely, for food and shelter, upon the kindness of friends or strangers, or make arrangements through the Pre-Trial Services Agency for lodging in

some appropriate facility, such as a half-way house." *Id.* at 1003.  The Tenth Circuit, in *Gunderson*, suggested the same remedy for a truly indigent out-of-state defendant, noting that the Pretrial Services Act could be construed to authorize Pretrial Services to lodge such individuals in a local halfway house during trial.  978 F.2d at 584–85.

4.      Defendants go on to suggest that the Court should provide free hotel accommodations for them under three additional theories:  through the Criminal Justice Act ("CJA"), following *United States v. Mendoza*, 734 F. Supp. 2d 281, 286 (E.D.N.Y. 2010), by simply ordering the government to pay for their lodging, or through the All Writs Act.  None of these is a valid mechanism for appropriating funds for a defendant's hotel accommodations during trial.

5.      The CJA does not provide statutory authority for the Court to direct lodging or other expenses to be paid.  That remedy appears to have been adopted by only one court, in *Mendoza*, where the judge read into 18 U.S.C. § 3006A, which states that the district courts are required to operate "a plan for furnishing representation for any person financially unable to obtain adequate representation," and allows for counsel to be reimbursed for expert, investigative, or "other services necessary for an adequate representation," the right for counsel to be reimbursed for putting their clients up at a local hotel.  734 F. Supp. 2d at 286.  Judge Gleeson candidly admitted, however, that his interpretation that the CJA allowed for such payment was "admittedly tortured."  734 F. Supp. 2d at 286.  The three other courts that have considered the same argument all squarely rejected it.  *United States v. Dyer*, 2016 WL 7027177, at *2 (E.D. Wisc. Dec. 1, 2016) (refusing to follow *Mendoza*, noting that the court needed to "weigh carefully the question of how best to expend its limited resources and avoid overburdening the taxpayer," and suggesting that the defendant seek out housing at a homeless shelter or through the Pretrial Services Agency at a halfway house); *United States v. Ibarra*, 2014 WL 4352063, at *2 (S.D. Cal. Sept. 2, 2014) (explaining that lodging and transportation are

not identified as "other services necessary" under the CJA); *United States v. Stone*, 2012 WL 345267, at *2 (E.D. Mich. Feb. 1, 2012) (rejecting *Mendoza*). Given the other options available to the Court, including the potential for halfway-house placement through Pretrial Services, there is no need to stretch the CJA to cover expenses it was plainly not intended to cover.

6. The arguments for lodging expenses under the All Writs Act, or a general order to the government to pay for lodging, also are not supported by case law or statute. The district court in *United States v. Badalamenti*, 1986 WL 8309 (S.D.N.Y. July 22, 1986), part of the famous "Pizza Connection" La Cosa Nostra prosecution, ordered the government to provide the out-of-town defendant with housing under the extremely unusual circumstances of that case, where the trial proceedings lasted approximately a year and a half. *See Mendoza*, 734 F. Supp. 2d at 286. The government is unaware of any other court simply requiring the government to pay for lodging without reference to statute or other authority. Courts that have considered the same freestanding request appear to have uniformly rejected it. *See id.*; *Ibarra*, 2014 WL 4352063, at *2; *Stone*, 2012 WL 345267, at *1-2 (rejecting request for government payment and noting that the *Badalamenti* court confined its holding to the "extraordinary circumstances" of the Pizza Connection trial). Arguments for reimbursement under the All Writs Act have fared no better. *See Ibarra*, 2014 WL 4352063, at *4 (refusing to find that "exceptional circumstances exist to justify the extreme remedy of the All Writs Act"). Here, where there has been no recent sworn showing that defendants cannot find lodging on their own or through other sources, and where the option of halfway house placement may be available, there is no need to resort to the All Writs Act to fill a gap that does not exist. "The All Writs Act grants federal courts the authority to 'issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.'" *United States v. Purdue Frederick Co.*, 963 F. Supp. 2d 561, 567 (W.D. Va. 2013). "Although this language appears to allow for the exercise of broad judicial discretion, the All Writs Act 'has been greatly circumscribed, both by case law

4

and by statute,' and 'generally should only be used "sparingly and only in the most critical and exigent circumstances."'" *Id.* (quoting *Gooch v. Life Investors Ins. Co. of Am.* (*In re Life Investors Ins. Co. of Am.*), 589 F.3d 319, 330 (6th Cir.2009); *Wis. Right to Life, Inc. v. Fed. Election Comm'n*, 542 U.S. 1305, 1306 (2004) (Rehnquist, C.J., in chambers)).

7. The remedy most courts have looked to when faced with the question of lodging out-of-state indigent defendants during trial is the Pretrial Services Act, and in particular whether lodging was available at a local halfway house. *See Gunderson*, 978 F.2d at 585 ("[A]s long as the individual can choose to take the food and lodging offered at a halfway house or remain outside of it, the individual is not being imprisoned for debt or subjected to excessive bail."); *Nave*; 733 F. Supp. at 1003 (suggesting defendants on bond could "make arrangements through the Pre-Trial Services Agency for lodging in some appropriate facility, such as a half-way house"); *Dyer*, 2016 WL 7027177, at *2; *Stone*, 2012 WL 345267, at *2; *Centeno*, 2009 WL 3334144, at *1 n.1; *United States v. Maricle*, 2009 WL 3211104, at *4 (E.D. Ky. Oct. 1, 2009); *but see Mendoza*, 734 F. Supp. 2d at 285 (rejecting Pretrial Services Act as authority for lodging). Lodging at a halfway house or a local jail through the Pretrial Services Office may be an option here as well, if the defendants are truly so indigent that they cannot afford to pay for their own lodging expenses while on trial.

8. Whether they are truly so indigent is a separate matter the Court should consider before any referral to Pretrial Services. As the *Maricle* court explained, "being unable to afford counsel under the [CJA] does not necessarily mean that a Defendant is unable to pay other expenses during trial." 2009 WL 3211104, at *4. "Thus," the court went on, "in the event Defendants … seek assistance with lodging and meals during trial, a separate inquiry will be conducted by the United States Magistrate Judge to determine whether housing at a half-way house or other facility under contract with the United States Probation Office would be appropriate." *Id.* The same procedure should be followed here, especially considering that the

last financial affidavit these defendants filled out was completed more than two years ago and that they have been finding food and lodging in their own locales during that time.

9. The defendants have had more than two and a half years to prepare for this trial. The case was indicted in March 2019. ECF No. 1. The defendants have each turned down generous plea offers—meaning that they, and their attorneys, have known for some time that this case would end in a trial. They are already receiving free representation from highly qualified counsel through the Criminal Justice Act. The government understands that at least one of the defendants, Smith, also has been granted funds to hire a "consulting expert," an individual the government understands to be an attorney who was involved with the parties here and who the government believes may be a fact witness in the case. Additionally, neither defendant has demonstrated a complete inability to work in *some* capacity. But each is now claiming he needs the Marshals to pay for his travel and the Court to order payment for his hotel accommodations. A fresh financial inquiry is appropriate before considering these requests.

10. The government does not have access to the financial affidavits the defendants filled out to secure court-appointed counsel, or to information about their present financial circumstances. Those circumstances may well have changed since early 2019. With respect to defendant Smith, the government notes that he has apparently secured retained counsel in a separate bankruptcy proceeding pending in the Eastern District of California, in Case No. 19-25091. In July 2020, a new attorney entered the bankruptcy case on his behalf. *See* Gov't Ex. 1. Smith is getting free representation in this case, but apparently had at least some funds sufficient to retain another attorney for a different proceeding in California. That money could have been saved for the very predictable expense of lodging during the trial of this case.

11. Additionally, the costs of securing private defense counsel for a significant white collar criminal case are vastly different than the costs of lodging for several weeks. That the defendants could not afford the former does not mean they cannot afford the latter. If they are

6

truly indigent, the Court has the option of requesting that they be housed at a halfway house or a local jail facility while the trial is pending. The government's allegations are that each defendant made massive amounts of money through fraudulent investment offerings. If their financial affidavits were honestly completed, they have already squandered all of the victims' money. The government objects to any use of additional public funds to house them at a private hotel during trial.

Respectfully submitted,

Jessica D. Aber
United States Attorney

Date: October 21, 2021

/s/
Andrew Bosse
Assistant United States Attorney
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office: (757) 441-6331
Fax:    (757) 441-6689
andrew.bosse@usdoj.gov

**CERTIFICATE OF SERVICE**

      I certify that on October 21, 2021, I filed electronically the foregoing document with the Clerk of Court using the CM/ECF system, which will serve all counsel of record.

                                            /s/
                                     Andrew Bosse
                                     Assistant United States Attorney
                                     United States Attorney's Office
                                     101 West Main Street, Suite 8000
                                     Norfolk, Virginia 23510
                                     Office: (757) 441-6331
                                     Fax:    (757) 441-6689
                                     andrew.bosse@usdoj.gov