IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
*Norfolk Division*

UNITED STATES OF AMERICA,

v.

AGHEE WILLIAM SMITH, II,
           Defendant.

Criminal Nos.  2:19-cr-47-3

**DEFENDANT SMITH'S MOTION IN LIMINE TO EXCLUDE EVIDENCE RESPECTING THE STATUS OF INVESTMENTS UNDER SECURITIES LAW**

The defendant Aghee William Smith, II, respectfully moves *in limine* to exclude from trial any testimony, evidence, and argument about the status of Dental Support Plus Franchise or any of the spectrum investments under securities law, including any evidence offered by the government designed to prove that any of the investments at issue in this case were, in fact, unregistered securities.

*First*, the status of the dental and spectrum investments under securities laws are irrelevant to any question the jury will be asked to decide in this case. Under Federal Rule of Evidence 401, evidence is not relevant unless it has a "tendency to make a fact more or less probable than it would be without the evidence" *and* that fact is material, *i.e.*, "the fact is of consequence in determining the action."

To start, the government has not charged any of the defendants with securities fraud or any other securities-related offense. ECF No. 1 (charging conspiracy to commit mail and wire fraud, substantive wire fraud, conspiracy to launder money, and unlawful monetary transactions). Not only did the government not *charge* a securities-related offense, but the government also did not allege in the indictment that any fraud – related to the mail and wire fraud counts – was linked to the status of any investment as an unregistered security. In fact, the indictment does not allege that any investment was an unregistered security.

The fact that the government could make its allegations of fraud without ever claiming that the investments at issue were unregistered securities shows the status of these investments under

1

securities laws and regulations are irrelevant to the government's case. Whether or not these investments were unregistered securities is unconnected to any question the jury will be asked to answer. Thus, such evidence fails to meet the test for simple relevance under Rule 401.

*Second*, the evidence should be excluded under Rule 403 because the danger of confusing the issues, unfair prejudice, and wasting time substantially outweighs whatever slight probative value the government could imagine. Federal Rule of Evidence 403 allows the Court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Assuming *arguendo* that the investments at issue were unregistered securities, the government could not seek a conviction against the defendants for conspiracy to commit mail and fraud (Counts 1-2) or wire fraud (Counts 3-17) based on a theory that they committed fraud by misrepresenting the investments' status as non-securities. That is materially different than the theory set out in the indictment. "After an indictment has been returned, its charges may not be broadened through amendment except by the grand jury itself." *United States v. McMillan*, 600 F.3d 434, 450 (5th Cir. 2010) (cleaned up). "A constructive amendment violates the defendant's right under the Fifth Amendment to a grand jury indictment." *Id.* at 451. "A constructive amendment occurs when it permits the defendant to be convicted upon a factual basis that effectively modifies an essential element of the offense charged *or permits the government to convict the defendant on a materially different theory or set of facts than that with which she was charged.*" *Id.* (internal quotation marks omitted, emphasis added). It would constitute a constructive amendment of the indictment and violate the defendants' rights under the Fifth Amendment to allow the government to predicate its theory of wire fraud on violations of securities law.

Having established that the status of these investments under securities laws and regulations cannot go to proving an element of the offense, the probative value of such evidence is tiny if existent. On the other side of the scale, the 403-risks associated with admitting securities law evidence are significant.

Confusing the issues: Although the government cannot seek a conviction under a theory that the investments were illegal securities, allowing the government to marshal evidence on that point will invite the jury to hold that against Mr. Smith and his codefendants. The case is already multi-faceted, involving several entities with different corporate structures and different executives. Throwing complex questions of securities law into the mix and then simultaneously instructing the jury that they cannot consider claimed securities law violations when deciding whether the defendants committed fraud is likely to lead to substantial confusion. The risk of confusion is heightened by the fact that the "proper" purpose for which the jury could consider evidence of securities law is not at all clear.

Unfair prejudice: The government cannot constructively amend the indictment to seek convictions for wire fraud under a securities fraud theory. But the risk that the jury will do precisely that is significant. Moreover, the status of the dental and spectrum investments under securities law have never been part of this indictment. The defendants have relied on the notice provided by the indictment and have prepared a defense to the charges therein. When the government intends to imprison people for securities fraud, it charges them with securities fraud. *Contrast* ECF No. 1 (not charging any securities crime), *with United States v. Bank*, No. 2:17cr126 (E.D. Va. June 11, 2018) (Jackson, J.) (minute entry at ECF No. 119 admitting evidence about securities law and holding that "the instant evidence is ***now*** relevant because Defendant [Bank] is charged in the Second Superseding Indictment with multiple violations of securities statutes") (emphasis added). Requiring the defense to pitch a battle over irrelevant questions of securities law at this late stage when no securities-related charges were ever filed would unduly prejudice the defendants.

3

<u>Waste of time</u>: Injecting irrelevant questions of securities law into this case will add multiple days to a lengthy trial. Although the government has not noticed any expert on securities law, it would undoubtedly have to call at least one expert to discuss that complex area of the law if the Court holds that the status of these investments under securities law is in bounds. The defense may have to counter with its own expert testimony. Then, of course, there are questions of who knew what when. If Mr. Smith did not know that the instruments in question were securities (or believed in good faith that they were not), then he would not have been guilty of securities fraud even if that offense were charged. To be sure, Mr. Smith (and likely his codefendants) would insist in argument to the jury that the whole issue about whether these investments were securities is a red herring because it is not part of the indictment. But the defense would still need to push back against any evidence the government put forward on the issue. Essentially, the introduction of securities law questions into this case will lead to an entirely irrelevant side-trial, wasting days of the Court's time, wasting loads of taxpayer money on dueling experts, and wasting the jury's time around the holidays during a pandemic.

*   *   *

The government did not charge any of the defendants in this case with any crime involving a violation of securities law. And the allegations of fraud in the indictment do not hinge on the status of these investments under securities law. Accordingly, Mr. Smith moves to exclude from trial any testimony, evidence, and argument about the status of Dental Support Plus Franchise or any of the spectrum investments under securities law, including any evidence offered by the government to prove any of the investments at issue in this case were, in fact, unregistered securities.

Respectfully submitted,

AGHEE WILLIAM SMITH, II

By:_____/s/_____

Lindsay Jo McCaslin
VSB No. 78800

Andrew W. Grindrod
VSB 83943

Assistant Federal Public Defenders
Attorneys for Aghee William Smith, II
Office of the Federal Public Defender
150 Boush Street, Suite 403
Norfolk, Virginia 23510
Telephone: 757-457-0800
Telefax: 757-457-0880
Email:  lindsay_mccaslin@fd.org
         andrew_grindrod@fd.org