IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
*Norfolk Division*

UNITED STATES OF AMERICA,

v.

Criminal Nos.  2:19-cr-47-3

AGHEE WILLIAM SMITH, II
Defendant.

**DEFENDANT SMITH'S MOTION IN LIMINE TO EXCLUDE EVIDENCE
ABOUT NORTHRIDGE HOLDINGS LTD. AND PENSION FUNDING, LLC**

The defendant, Aghee William Smith, II, respectfully moves this Court *in limine* to exclude from trial any evidence or argument about two entities that have nothing to do with this case: Northridge Holdings Ltd. and Pension Funding LLC.

The government alleges that Aghee Smith was an insurance salesman who owned and controlled A.W. Smith & Associates, through which he offered various financial services to clients. ECF No. 1, at 2. As to one particular investor named in the indictment as "CG," the government alleges that Mr. Smith "made numerous material misrepresentations to CG about [a] spectrum investment" and that CG "invested $100,000 in Spectrum 100" based on Mr. Smith's recommendation. ECF No. 1, at 16. This motion seeks to exclude from trial evidence about two *other* investments CG may claim to have made through Mr. Smith that have nothing to do with the allegations of fraud in this case.

In a state civil suit against Mr. Smith, CG alleged that – in addition to her investment in Spectrum 100 – she also invested $100,000 in Pension Income LLC and $50,000 in Northridge Holdings Ltd. She claimed in her civil suit that both of these investments were done through Mr. Smith. The government, however, has not alleged that Mr. Smith made any fraudulent misrepresentations to CG about either of those investments. And neither of these entities are mentioned in the indictment.

By this motion, Mr. Smith asks this Court to exclude from trial in this matter any references to Pension Funding LLC and Northridge Holdings Ltd or to CG having invested in them. Any such investments and any losses associated therewith are not relevant to the questions the jury will be asked to consider in this case. They fail to meet the test for simple relevance under Federal Rule of Evidence 401 because no discussion of those investments is probative of any material fact in this case.

Even if the government proffers some way in which these unrelated investments could be relevant, the legitimate probative value of such evidence would be extremely limited. On the other hand, its prejudicial effect would be substantial. First, the jury's passions could be inflamed if jurors believed that CG suffered losses attributable to investments recommended by Mr. Smith beyond those at issue in this case, regardless of whether such losses were actually incurred, whether Mr. Smith was to blame, or how CG's other investments performed. Second, the jury could be confused as to why it is hearing about investments other than those listed in the indictment. There are already a dozen or so companies to keep straight and injecting unrelated entities into the mix creates a significant risk of jury confusion. Finally, allowing evidence about these entities will waste time because Mr. Smith's attorneys will have to rebut even a hint or inference that there was something improper about Mr. Smith's conduct as it related to CG's investments in Pension Fund or Northridge. Thus, the potential probative value of this evidence – if there is any – would be substantially outweighed by the danger of confusing the jury, wasting time, and prejudicing the jury against Mr. Smith. *See* Fed. R. Evid. 403.

For these reasons, the Court should preclude the government from offering evidence or argument related to Northridge Holdings Ltd. and Pension Funding LLC or CG's investments therein.

Respectfully submitted,

AGHEE WILLIAM SMITH, II

By:_____/s/_____

Lindsay Jo McCaslin
VSB No. 78800

Andrew W. Grindrod
VSB 83943

Assistant Federal Public Defenders
Attorneys for Aghee William Smith, II
Office of the Federal Public Defender
150 Boush Street, Suite 403
Norfolk, Virginia 23510
Telephone: 757-457-0800
Telefax: 757-457-0880
Email:  lindsay_mccaslin@fd.org
          andrew_grindrod@fd.org