IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
*Norfolk Division*

UNITED STATES OF AMERICA,

v.

Criminal No.  2:19-cr-47-3

AGHEE WILLIAM SMITH, II
Defendant.

## DEFENDANT SMITH'S MOTION TO PRECLUDE TRIAL ADMISSION OF DEPOSITION TESTIMONY UNDER CONFRONTATION CLAUSE

The defendant, Aghee William Smith, II, respectfully moves to exclude from trial certain deposition testimony that the government apparently intends to play at trial.

### I.      Background on the government's "unopposed" motion to take Rule 15 depositions.

The government moved to take Rule 15 depositions of several witnesses. ECF No. 217. The government captioned its motion as "unopposed," and the Court granted the motion the morning after it was filed. ECF No. 218. The government's labeling of its motion as "unopposed' was misleading, perhaps due to the government misunderstanding an email about Mr. Smith's position on its motion.

Before filing its motion, the government asked Mr. Smith's counsel for its position on the government's planned motion. Mr. Smith's counsel told the government by email that we did not yet have a position that the government could represent to the Court. *See* Ex. 1. The government seems to have misunderstood this email since it captioned the motion as "unopposed" and told the Court that Mr. Smith "take[s] no position on the motion." ECF No. 217, at 9. That was not accurate.

Before seeing the motion, Mr. Smith could not tell the government whether he would oppose the motion or not. Having now had the opportunity to read the government's motion, Mr. Smith does not oppose the *taking* of depositions as outlined in the motion and subsequently ordered by the Court. However, as to SB, VH, and KS, Mr. Smith objects to the admission at trial of their testimony through

1

deposition. Admission of this testimony via deposition would violate the Confrontation Clause. Mr. Smith invokes his Sixth Amendment right to confrontation and moves to exclude from trial the deposition testimony of SB, VH, and KS.

## II. Admission of the deposition testimony at trial as evidence against Mr. Smith would violate the Confrontation Clause of the Sixth Amendment.

Use of these depositions against Mr. Smith in his upcoming criminal trial would violate the Confrontation Clause because the government has failed to show that the witnesses are – as a constitutional matter – unavailable to testify in person. In *Crawford v. Washington*, the Supreme Court held that testimonial statements of witnesses absent from trial may be admitted "only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." 541 U.S. 36, 59 (2004). "Unavailability and prior opportunity to cross-examine are independent criteria: Even when a defendant had a prior opportunity to cross-examine the witness, if the government does not establish that the witness is unavailable, the testimony must be excluded." *United States v. Burden*, 934 F.3d 675, 152-53 (D.C. Cir. 2019).

To be clear, the unavailability question is not merely assessed under the rules of evidence or procedure; the government must demonstrate unavailability as it was understood historically in the context of the Confrontation Clause. The need for the prosecution to demonstrate the unavailability of in-person testimony before it can rely on a prior testimonial statement is a critical and historically rooted aspect of the confrontation right. "[T]he injustice of allowing the prosecution to rely on unconfronted hearsay as a matter of choice was recognized well before the Framing, and outlawed in the Earl of Strafford's trial in 1680." Jeffrey Bellin, *The Incredible Shrinking Confrontation Clause*, 92 B.U. L. Rev. 1865, 1899 (2012). That common law understanding was incorporated into the Sixth Amendment, as recognized by the *Crawford* decision which made the true unavailability of a witness a threshold question regardless of whether the defendant had an opportunity to cross-examine.

2

Understanding the constitutional dimension of unavailability in this context, several courts have held that the Confrontation Clause was violated when a district court admitted testimony by deposition when the government failed to carry its burden of showing that the witness was unavailable to testify in person. *See, e.g.*, *Burden*, 934 F.3d at 156 ("The witness thus was not 'unavailable' such that prior testimony could be admitted consistent with the Confrontation Clause. Because admitting his deposition was not harmless beyond a reasonable doubt, we vacate the convictions and remand for a new trial."); *United States v. Razo*, 789 F. App'x 78, 79 (9th Cir. 2020) (same).

A witness is not unavailable for purposes of the confrontation requirement "unless the prosecutorial authorities have made a good-faith effort to obtain his presence at trial." *Ohio v. Roberts*, 448 U.S. 56, 74 (1980), *abrogated in part by Crawford*, 541 U.S. at 36. What that requires is context-dependent: "The law does not require the doing of a futile act. Thus, if no possibility of procuring the witness exists (as, for example, the witness' intervening death), 'good faith' demands nothing of the prosecution." *Id.* "But if there is a possibility, *albeit remote*, that affirmative measures might produce the declarant, the obligation of good faith may demand their effectuation." *Id.* (emphasis added).

Unavailability under the Confrontation Clause must be understood in terms of the underlying common law right incorporated into the Sixth Amendment. As the Supreme Court explained in *Crawford*, the confrontation right in England prior to ratification of the Sixth Amendment turned on "relatively strict rules of unavailability." *Crawford*, 541 U.S. at 44. *See generally* Tim Donaldson, *Gradually Exploded: Confrontation vs. The Former Testimony Rule*, 46 St. Mary's L.J. 137, 156 (2015) (collecting cases). "Lord Morley's Case, 6 How. St. Tr. 769 (H.L. 1666), for example, explained that a coroner's out-of-court examinations of witnesses were admissible if 'the witnesses … were dead or unable to travel,' or if they were 'absent … by the means or procurement of the prisoner.'" *United States v. Shayota*, 934 F.3d 1049, 1053-54 (9th Cir. 2019) (O'Scannlain, J., concurring) (quoting Donaldson, 46 St. Mary's L.J. at 156). "Such a rule persisted in England well into the 1700s." *Id.* (citing 2 William Hawkins, *A*

3

*Treatise of the Pleas of the Crown* 429 (1721) (explaining that depositions "may be given in evidence … if it be made out by Oath to the Satisfaction of the Court, that such Informer is dead, or unable to travel, or kept away by the Means or Procurement of the Prisoner")). "The American tradition similarly permitted the use of deposition testimony, at least when the witness was dead and perhaps also when he was missing or outside of the court's jurisdiction." *Id.* Although, there is at least some authority for an even stricter unavailability requirement in early America. *See, e.g.*, *People v. Newman*, 1843 WL 4534 (N.Y. Sup. Ct. 1843) ("It seems to be settled in this court, that nothing short of the witness' death can be received to let in his testimony given on a former trial."); *State v. Houser*, 26 Mo. 431, 439-441, 1858 WL 5832 (1858) (excluding deposition of deponent who was still alive).

The government's proffered "unavailability" analysis thus falls short for two reasons. First, none of the facts supporting the government's unavailability proffer are supported by affidavit or other evidence. Historically, unavailability due to illness had to be established by competent medical evidence.[1]

Second, the government's factual proffer – even if accepted as true without evidentiary support – is insufficient to demonstrate unavailability. As to SB, the government states only that she is 81 years old and "has extreme anxiety that caused an earlier mental breakdown, resulting in her being placed on disability." ECF No. 217, at 5. The government does nothing further to explain why her age or anxiety make it impossible for her to travel. Similarly, VH is 78 and has significant familial responsibilities. But the question of unavailability is not one of inconvenience and the government

---

[1] *See generally* 44 A.L.R.2d 768 (Originally published in 1955) ("[W]here the prosecution proposed to offer the deposition of an allegedly ill witness in a criminal action for night poaching, it was held in *Reg. v Riley* (1851) 3 Car & K 116, 175 Eng Reprint 486, that since it had been shown that there was a surgeon in attendance upon the witness, the surgeon should be called to prove the illness of the witness, and the testimony of another witness, to the effect that he had seen the first-mentioned witness sick in bed and attended by a surgeon two or three days before the deposition was taken, was an insufficient predicate for the admission of the deposition at the trial, which took place about two days after the taking of the deposition.")

has not even proffered that another family member would be unavailable to care for her husband for two days while she attended trial in Virginia. KS is 62 years old, has significant familial responsibilities, and suffers from vertigo. But, again, his family obligations may make travel to Virginia for two days inconvenient, but it does not rise to the level of unavailability. And the government does not even proffer that his doctors have told him that he cannot fly. Nor has the government explained what good-faith efforts it has made to make KS available in person even assuming that he cannot fly.

Unavailability under the Confrontation Clause cannot be established by demonstrating that a witness has family responsibilities that make travel inconvenient (even extremely so). And although severe illness or a genuine inability to travel may theoretically be used to establish constitutional unavailability, the government's proffered evidence falls woefully short of making that showing in this case. The government, for example, has not even proffered any "good-faith" efforts that it took to make the witnesses available to personally testify despite the proffered medical conditions.

*    *    *

Mr. Smith does not object to the government deposing these witnesses. But before deposition testimony may be admitted at trial, the government would have to establish the unavailability of the witness as historically understood under the Confrontation Clause. The government has not made that showing at this point and Mr. Smith invokes his right to personally confront and cross-examine these witnesses in front of the jury.

5

Respectfully submitted,

AGHEE WILLIAM SMITH, II

By:_____/s/_____
Lindsay Jo McCaslin
VSB No. 78800

Andrew W. Grindrod
VSB No. 83943

Assistant Federal Public Defenders
Attorneys for Aghee William Smith, II
Office of the Federal Public Defender
150 Boush Street, Suite 403
Norfolk, Virginia 23510
Telephone: 757-457-0800
Telefax: 757-457-0880
Email: lindsay_mccaslin@fd.org