IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
*Norfolk Division*

UNITED STATES OF AMERICA,

v.

                                        Criminal Nos.  2:19-cr-47-3

AGHEE WILLIAM SMITH, II,

Defendant.

**DEFENDANT SMITH'S MOTION TO FILE UNDER SEAL
AND NON-CONFIDENTIAL MEMORANDUM IN SUPPORT**

The defendant, Aghee William Smith, II, by counsel, pursuant to Local Criminal Rule 49(D), and hereby provides notice to this Honorable Court and to the public of Mr. Smith's request to seal a portion of Reply for Indigent Defendant's Noncustodial Transportation to Court for Trial & for Funding of Lodging During Trial, namely medical records, which are submitted as Exhibit 1. A copy of the exhibits will be submitted to the Clerk of Court pending disposition of the Motion to Seal and a redacted version submitted electronically.

The exhibits contain medical history and documentation, which constitute protected information. Because this kind of information is inherently sensitive, it is generally protected from public disclosure in other legal contexts. Its dissemination is restricted by federal statute. *See, e.g.*, The Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub.L. 104–191, 110 Stat. 1936 (1996). And it is protected by state statutes. *See, e.g.*, Va. Code Ann. § 32.1- 127.1:03 (recognizing "individual's right of privacy in the content of his health records").

In light of its sensitive nature, courts in this district routinely order that documents containing sensitive medical information be filed under seal. *See, e.g., United States v. Ceder*, Case No. 2:18cr66 (ECF No. 29 (E.D. Va. Sept. 25, 2018) (sealing medical information); *United States v. King,* Case No. 4:13cr116, ECF No. 88 (E.D. Va. Feb. 27, 2015) (Davis, J.) (allowing sealing of document "because its contents include the Defendant's private health information); *United States v. Ramsey*, 786 F. Supp.

1

2d 1123, 1126 n.7 (E.D. Va. 2011) (noting that report containing "sensitive medical and confidential matters" should remain under seal); *In re McIntyre*, 534 F. Supp. 2d 641, 644 (E.D. Va. 2007) (ordering clerk to file letter from doctor under seal); *James v. Servicesource, Inc.*, Civ. No. 07-317, 2007 WL 4190794, at *4 (E.D. Va. Nov. 21, 2007) (placing medical records under seal "[b]ecause of the sensitive nature of the records").

Here, there is no way to avoid the need for sealing. It is important for the Court to understand Mr. Smith's medical status to determine the relevant Motion. At the same time, Mr. Smith should not be forced to disseminate private medical records to the general public. Accordingly, Mr. Smith through counsel provides non-confidential notice of the request to seal Exhibit 1 of the Reply.

> Respectfully submitted,
>
> AGHEE WILLIAM SMITH, II
>
> By:_____/s/_____
>
> Lindsay Jo McCaslin
> VSB No. 78800
>
> Andrew W. Grindrod
> VSB 83943
>
> Assistant Federal Public Defenders
> Attorneys for Aghee William Smith, II
> Office of the Federal Public Defender
> 150 Boush Street, Suite 403
> Norfolk, Virginia 23510
> Telephone: 757-457-0800
> Telefax: 757-457-0880
> Email:  lindsay_mccaslin@fd.org
>             andrew_grindrod@fd.org