IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
*Norfolk Division*

UNITED STATES OF AMERICA,

v.

Criminal Nos. 2:19-cr-47-3

AGHEE WILLIAM SMITH, II
                Defendant.

### DEFENDANT SMITH'S PROPOSED STRIKES FOR CAUSE AND REQUEST FOR ADDITIONAL INFORMATION DURING VOIR DIRE

The defendant, Aghee William Smith, II, through counsel, respectfully files his strikes for cause based on the questionnaires provided to the venire panel. Below are two charts: the first provides the juror and specific reasons for the strike for cause; and the second is a list of jurors that Mr. Smith has additional voir dire for based on the questionnaires. The answers provided by the jurors in the second list could lead to additional strikes for cause, but not enough information is known at this time. Additionally, Mr. Smith reserves the right to voir dire and strike for cause any jurors who have not yet completed a questionnaire.

| Juror # | Cause for Strike |
|---|---|
| 12 | • **Listen to facts of case**: Many of the answers either indicate confusion or explicitly state that they do not understand. Has trouble with big words and says they do not understand the first page of this document. (e.g., 70-71). Did not feel able to complete questionnaire without another's assistance. (2). In a very complex case, this will be a problem following the facts and arguments, as well as making an independent assessment.<br>• **Constitutional violations and bias**: Critically, this juror indicated that they were "unsure" whether they would have reservations about voting not guilty (question 62) but indicated that they would have "no" reservations about voting guilty (question 61)<br>• **Constitutional violations and bias**: Would tend to base verdict on personal views over law. (69)<br>• **Bias**: Has family that works in corrections<br>• **Hardship**: In addition to cause, their own health and the care they provide for their mother also support an excuse. (4,9) |

1

| 16 | • **Inability to judge and bias**: "I HAVE STRONG FEELINGS ABOUT CHEATING TO GET AHEAD IN LIFE" (11). <br> • **Bias and outside information**: Indicated they were unsure whether they would be able to avoid conducting internet searches about the case: "I KNOW MYSELF AND CURIOUSITY WILL GET THE BETTER OF ME PROBABLY" (13). <br> • **Constitutional violations:** Would have difficulty with Fifth Amendment: "I FEEL LIKE PEOPLE SHOULD SPEAK FOR/DEFEND THEMSELVES" (49) Same answer and same problems with the government having the burden of proof. (50) <br> • **Constitutional violations:** Notably, indicated that juror might have reservations about voting NOT guilty (question 62) but would have no problem voting guilty (question 61). <br> • **Bias**: May know a witness (Denise Brown) <br> • **Constitutional violations**: Would tend to base verdict on own personal views rather than the law. (69) <br> • **Listen to facts of case**: Has ADD and trouble focusing; also anxiety issues. Wrote: "I don't think it would be fair to put me on anyone's jury"; "I know myself and to be completely honest, I know I will hear about 30% of what is presented and I would probably just rely on other jurors views and vote with majority." (71) <br> • **Constitutional violations** Indicated that the issues above might influence ability to fairly and impartially judge the evidence. (76) |
|---|---|
| 20 | • **Bias and based on specialized knowledge in areas relevant to this case**: Currently works in "accounting/operations." Job duties include processing payroll, invoicing customers, and "prepar[ing] financial statements." Has MBA as well as undergraduate business degree in "finance" and a Bachelor of Arts in "accounting." This level of financial knowledge is specialized, such that the juror's judgment would not be based on common sense and the facts. Furthermore, this juror would have undue influence on other jurors in deliberations. <br> • **Hardship**: 1) absence from her job "would cause a big strain on the business" because there is "no one to do my work while I am out"; and 2) has a second grader who does "not have daycare after school every day and would be difficult for 4 weeks." |
| 21 | • **Constitutional violations and bias**: Declined to check yes/no but indicated "Do[es] not know" whether juror would have difficulty not treating the indictment as evidence of guilt (question 48) or complying with the judge's direction to comply with the Fifth Amendment (question 49). <br> • **Constitutional violations:** Indicated "unsure" whether juror would have difficulty following the rule that the defendant is presumed innocent and that the burden of proving guilt rests entirely on the government (question 50). <br> • **Constitutional violations**: Checked box that juror was "unsure" whether they would give more or less weight to a law enforcement witness; only explanation was "Do not know." (question 52) <br> • **Constitutional violations**: Indicated that juror was "unsure" whether they would have reservations about voting not guilty even if the government had not met its burden of proving guilt beyond a reasonable doubt. When asked to explain: "Do not know." (Question 62) |

2

| | |
|---|---|
| | • **Constitutional violations**: Does not know whether juror would put personal views over law, declined to affirmatively check a box to answer question 69.<br>• **Bias**: Wrote "Do not know" as to whether juror is motivated by something other than civic duty to serve. (But also checked "no" box.) (Question 72).<br>• **Constitutional violations**: Did not answer several questions (38, 39, 41, 42), writing "NA" instead of checking yes or no box when question is applicable to everyone. If juror is this unsure about following every constitutional right, it is cause to strike. |
| 23 | • **Bias and based on specialized knowledge in areas relevant to this case**: Employed to do accounting work for payroll commission of real estate firm; sole listed duty is to "pay agent's commissions daily" (21)<br>• **Bias**: Would give more weight to law enforcement testimony "because they are to uphold the law and tell the truth" (52) |
| 28 | • **Constitutional violations**: Juror unsure if they would have difficulty following the rules about proof beyond a reasonable doubt and the defendant not having a burden "[d]epending on my beliefs." (50)<br>• **Bias**: Juror unsure if they can be fair to both sides because juror "know[s] of someone who was duped with mail fraud (friend)." (60). Again cites experience with friend being victim of mail fraud, identifying this as a reason they should not sit as juror in this case. (71)<br>• **Constitutional violations and bias**: Expressed "no" reservations about voting guilty but is "unsure" whether juror would have reservations about voting for acquittal even if government did not prove guilt: "again beliefs are unknown." (61, 62)<br>• **Constitutional violations and bias**: Asked if anything else might influence ability to judge evidence fairly and impartially, juror wrote, "It upsets me when seniors are used and involved with fraud of any kind." (76) |
| 29 | • **Constitutional violations:** Says juror would base verdict on personal views over law.<br>• **Constitutional violations and bias**: Admits strong (negative) feelings about financial advisors. "It's all rigged." |
| 32 | • **Constitutional violations and bias**: Has strong opinions against financial advisors, insurance salesmen, etc: "Do Not Trust Them"<br>• Various answers conflict: has juror previously served on grand jury or not? (35)<br>• **Bias**: Prior dealings with attorneys would make her "skeptical" in this case. (43)<br>• **Constitutional violations:** "Not sure" whether juror would have trouble not treating indictment as evidence of guilt. (48)<br>• **Constitutional violations and bias**: As to Fifth Amendment silence, juror circled the words "no obligation" in the question; would juror have difficulty abiding by the Fifth Amendment and not drawing an adverse inference from a witness remaining silent? "Maybe What is the attorney hiding" (49)<br>• **Constitutional violations and bias**: Juror "unsure" whether presumption of innocence would be difficult to follow. (50) |

3

|    |   |
|----|---|
|    | - **Bias**: Unsure whether juror would give more or less weight to law enforcement testimony<br>- **Bias**: If juror heard about the case, would not be able to set that aside and be fair to both sides. (60)<br>- Unsure whether juror would have reservations about voting guilty and not guilty: "still would be skeptical."<br>- **Constitutional violations:** Would base verdict on personal views over law. (69)<br>- **Hardship**: going out of town for Thanksgiving. |
| 34 | - **Bias**: Has strong feelings about financial advisors, etc.: "Some of them are predatory; not all, but some bad apples." (32)<br>- **Constitutional violations**: Unsure whether he would have difficulty not treating the indictment as evidence of guilt. (48)<br>- **Bias**: May know witness John Hutchinson<br>- **Constitutional violations and bias**: Questionnaire led to opinion: "with such an exhaustive list of people & companies involved, they must have been up to no good." (70) One question later juror acknowledges one reason he should not sit is that "It sounds like I would be a little biased."<br>- **Hardship**: Legitimate employment hardship as self-employed owner of small home remodel/repair business. |
| 44 | - **Bias**: Provides this commentary to question 36: "The police should be respected...They don't waste their time on people who are not doing something wrong." Reiterates in question 37: "The police were right." Answered "yes" to question about weighing law enforcement testimony, explaining "Police are always right and should be respected."<br>- **Bias**: At question 43, notes, "I don't trust lawyers." The USAO has police, who juror trusts. The defendants just have lawyers, who she doesn't.<br>- **Constitutional violations:** Checked "yes" indicating she would have trouble with Fifth Amendment: "There are 3 sides to every story. And to learn the 3rd you need to hear from both sides." (49)<br>- **Constitutional violations**: Juror "unsure" whether they would have difficulty with the rule that defendant has no obligation to prove his innocence, explaining that they would "Need to know both sides of the story."<br>- **Constitutional violations and bias**: Indicates having "no" reservations about finding defendants guilty, but "unsure" about finding them not guilty. (61, 62)<br>- **Bias**: Wrote in answer to question 65, likely to be a reference to *US v. Perwaiz*, prosecuted by this USAO and specifically by AUSA Yusi who is also one of the prosecutors involved in this case. See https://www.justice.gov/usao-edva/pr/former-chesapeake-obgyn-sentenced-59-years-prison<br>- **Bias**: May know witness, Jeff Browne.<br>- **Constitutional violations:** "Unsure" if they would base verdict on personal views that conflicted with law. |
| 46 | - **Bias:** Experience with parents being victims of financial crime: "I felt like criminals always feel like they can get off."<br>- **Bias**: Has unidentified family members who work in corrections. (42) Spouse works for CBP. |

4

| | |
|---|---|
| | • **Constitutional violations:** As to defendant's right not to testify, juror checked "yes," they would have difficulty following the law: "I do not understand why a defendant would be advised not to testify if he/she is innocent." (49)<br>• **Constitutional violations:** Juror is also "unsure" about following the rules regarding burden of proof the presumption of innocence: "I feel like the defense has the equal opportunity to prove innocence, not just find holes." (50)<br>• **Constitutional violations:** No reservations about voting guilty (61), but "unsure" about voting not guilty (62): "I would hope that the defense proved their innocence as well."<br>• **Bias**: Has strong feelings against financial advisor industry - juror and husband had experience in which they "were not satisfied with the service," "Trying to cancel our policy was difficult and left me a bit annoyed with the insurance/financial advising business. (32) |
| 52 | • **Constitutional violations:** Would juror have trouble following Fifth Amendment? "Yes": "I want to say no - but I believe that if you are innocent, what do you have to lose? If my kids won't answer my questions, it is because they are hiding something." (49)<br>• **Bias**: "Yes," this juror says they would give more weight to law enforcement testimony: "I would trust someone trained in law enforcement to have a better eye for detail." (52)<br>• **Constitutional violations and bias:** Juror acknowledges having already formed an opinion: "I think fraud is despicable. I realize I do not have facts yet --> but I already find myself leaning towards guilt." (70) |
| 53 | • **Bias**: Said "yes" to having strong opinions for or against financial advisors, insurance salesmen, etc.,<br>• **Bias and based on specialized knowledge in areas relevant to this case**: Works as financial management analyst for Navy, providing financial systems. Studied business administration and accounting in college and took multiple law classes. |
| 62 | • **Constitutional violations:** Juror says they do not know if they can follow instructions regarding the indictment not being evidence of guilt, or obligation to testify, or presumption of innocence.<br>• **Constitutional violations:** Says many times that they feel strongly that they cannot judge.<br>• **Bias and based on specialized knowledge in areas relevant to this case**: Worked as an "independent sales agent selling health and life insurance policies."<br>• **Listen to facts of case and bias**: Does not understand many questions, including whether they have a personal or professional relationship with any of the witnesses<br>• **Bias**: Unsure regarding LEO testimony<br>• **Constitutional violations:** Doesn't know whether they would put law above personal views |
| 66 | • **Bias**: "Yes," this juror said they would give more weight to law enforcement testimony: "I would think their testimony was simply an objective statement of facts." (52) |
| 67 | • **Bias**: Has "strong opinions" against insurance salesmen, et al: "most salesmen can't be trusted." |

| | |
|---|---|
| | • **Constitutional violations**: Would the juror have difficulty not treating indictment as evidence of guilt, and further writes: "I don't trust people when it has to do with money." (48)<br>• **Constitutional violations**: Would have difficulty following the law right to remain silent at trial: "If you are innocent, then you should try to prove it." (49)<br>• **Constitutional violations**: this juror is "unsure" about whether they would have difficulty following those rules: "I feel that if necessary, you should speak up and stand up for yourself."<br>• **Constitutional violations**: Will base verdict on personal views over law if in conflict. (69)<br>• **Constitutional violations and bias**: This person believes they should not sit as juror because "being in the presence of untrustworthy criminals makes me feel uncomfortable." This appears to be a reference to the presumptively innocent defendants. (71)<br>• **Bias**: "I feel that I would not be able to devote all my attention to this case with complete unbias [sic] given that I have been a victim to criminals in my past." (Explanation sheet) |
| 75 | • **Bias**: Juror has strong feelings for or against people in that field. Also noted that some family members are financial advisers…"<br>• **Bias**: Father was victim of embezzlement: "I watched my dad lose the company that he built for ten years. The lead investor stole money throughout the last four years of operation. The money was never traced, and no charges were filed." "This was a case of the wrongdoers having more influence than my dad." (36)<br>• **Bias**: Said personal lawsuit in which juror was involved would affect jury service in this case: "I felt that I was taken advantage of for financial gain." (40)<br>• **Bias**: Juror unsure whether they would give more or less weight to law enforcement testimony. (52)<br>• **Bias**: Juror lists reasons they should not sit as juror: 1) having close relationship with defense attorney Anthony Gantous; and 2) "this topic hits home for me since my dad was a victim of money fraud" |
| 76 | • **Constitutional violations**: Would have trouble following Fifth Amendment: a defendant who does not testify "might have something to hide." (49)<br>• **Listen to evidence**: Prior jury service makes him not want to serve – "makes me nervous" (35d) |
| 77 | • **Constitutional violations and bias**: If government fails to prove guilt beyond a reasonable doubt, juror is "unsure" whether they would have reservations about voting not guilty. Juror writes, "can't be completely innocent." (62). Notably, would have no reservations about voting guilty. (61)<br>• **Constitutional violations and bias**: Would base verdict on personal views over law. (69)<br>• **Constitutional violations and bias**: Has formed opinions about this case: "seems like they got caught." (70) |

| | |
|---|---|
| | • **Constitutional violations and bias**: parent's victim of robbery affected juror's view on crime: "crimes in general should be pursued and people punished. In both cases criminal was not captured right away and committed more crimes." This affects the presumption of innocence.<br>• **Possible outside influence and bias**: Sister is on boards of major corps; spouse has MBA. Has 3 nephews and brother-in-law in law enforcement. |
| 81 | • **Bias**: Unsure whether juror would find it difficult to obey instructions not to communicate with people about case and avoid news/info.<br>• **Constitutional violations**: May have trouble treating indictment as accusation rather than as evidence of guilt: "I don't know."<br>• **Constitutional violations**: Indicated "unsure" whether juror could follow rules about presumption of innocence: "sometimes people's body language doesn't match their words."<br>• **Constitutional violations**: Unsure about reservations in voting not guilty: "sometimes cases may not be presented as well as possible but still evidence might be compelling." But would no trouble finding person guilty.<br>• **Listen to facts**: Juror feels they will be unable to focus because of work stress. Regional manager responsible for 97 locations and 13,000 associates; may cause them to lose concentration. Reiterates trouble with focus multiple times. |
| 84 | • **Constitutional violations**: Marked "yes" it would be difficult not to treat indictment as evidence of guilt: "Not sure what the difference is."<br>• **Constitutional violations**: Marked "unsure" whether juror would have reservations voting not guilty; no reservations about voting guilty. (61, 62)<br>• **Bias and based on specialized knowledge in areas relevant to this case**: Strong opinions against financial advisors, etc.: "Feel like since these are commission-driven, they are only promoting what will earn them more money."<br>• **Bias and based on specialized knowledge in areas relevant to this case**: Bachelor's in accounting; 2 semesters of business law at CNU; reports specialized training in securities, franchising, etc.<br>• **Bias**: Unsure how family/friends experiences with crime will impact them as a juror. Feels that in the handling of victimized friends and family "there is just not enough law enforcement to enforce all the crimes or search for the culprit." Crimes against friends and family (including identify theft) impacted attitudes on crime: "There is not enough police/detectives or manpower to work small crimes. I don't even think the identity theft was on any radar."<br>• **Hardship**: planned travel for week of Thanksgiving, child graduates from college Dec 11 |
| 93 | • **Constitutional violations**: Would have trouble not drawing conclusion from a defendant not testifying. Small business owner plus business trip in early December.<br>• **Bias and based on specialized knowledge in areas relevant to this case**: Studied toward series 7 and financial planning firm.<br>• **Bias**: States multiples times that defendants "got off easy." (37) "Feel in certain circumstances, the wrong side gets off easy." (40) |

| | |
|---|---|
| | • **Bias**: May know some of the witnesses<br>• **Hardship**: Work travel and for loss of income. |
| 100 | • **Bias**: Has strong opinions against financial advisors "I feel these type of people/companies have self interest in their profits and not their customers." In another answer about crime, "I have no respect for individuals who take life or possessions from their fellow citizens."<br>• **Constitutional violations and bias**: Would have trouble not drawing conclusion from a defendant not testifying. Wrote "I believe if a defendant cannot speak on the matter they are charged with, they must be hiding something or being untruthful." |
| 102 | • **Constitutional violations and bias**: Would have difficulty following the right to remain silent at trial: "I believe if you have nothing to hide you will defend yourself." |
| 105 | • **Constitutional violations and bias**: Juror "Not sure" if they would treat indictment as accusation and not evidence of guilt.<br>• **Constitutional violations and bias**: Juror "unsure" if they could follow rules that government has burden and that the defendant has the presumption of innocence.<br>• **Constitutional violations and bias**: Previous jury experience affected desire to serve again. "Juror next to me changed her mind last minute. Wasted a week."<br>• **Bias**: Strong opinion on financial advisors "not trustworthy"<br>• **Hardship**: Runs preschool/daycare, can't find other caretaker |
| 108 | • **Constitutional violations and bias**: Would have difficulty following the law right to remain silent at trial: "A person who is accused of something and don't want to talk about it is probably hiding something that will prove them guilty."<br>• **Constitutional violations and bias**: Would have trouble following the law regarding presumption of innocence and government's burden "I am unsure because if the person refuses to testify that indicates a certain amount of guilty to me."<br>• **Constitutional violations and bias**: Would base verdict on personal views not law.<br>• **Constitutional violations and bias**: "I don't like crimes and I wish people would stop doing things that are criminal" regarding being a previous crime victim. |
| 109 | • **Listen to evidence / medical**: No hearing in right ear, temporary loss in left ear.<br>• **Hardship**: Cannot leave work during fourth quarter<br>• **Bias and based on specialized knowledge in areas relevant to this case**: Has master's in finance and took class in business law. |
| 110 | • **Constitutional violations and bias**: Repeatedly includes statements such as, "If they are in this position in this courthouse, it's a no brainer for me, they're guilty." "… you're guilty no question" (11, 32, 35, 48, 49, 50, 61, 62, 71, 78)<br>• **Constitutional violations and bias**: Would have difficulty following rule that defendant choosing not to testify cannot be a factor in reaching verdict.<br>• **Constitutional violations and bias**: Unsure if he can follow rules regarding presumption of innocence and the government maintaining the burden.<br>• **Constitutional violations and bias**: Unsure if he would have reservations voting not guilty. |

| | |
|---|---|
| | • **Bias**: Lists many family members in law enforcement and states he is unsure if he would give the same weight to an officer's testimony: "I respect law enforcement."<br>• **Hardship**: Likely out of town for work; travel plans in early to mid-December (dates not listed) (73) |
| 121 | • **Constitutional violations and bias**: Juror unsure if they can follow direction regarding defendant's right to not testify.<br>• **Constitutional violations and bias**: Juror unsure about if they can follow laws that regarding the presumption of innocence and that the government maintains the burden.<br>• **Constitutional violations and bias**: Juror unsure if any reservations voting guilty OR not guilty. |
| 122 | • **Constitutional violations and bias**: Would base verdict on beliefs not law.<br>• **Constitutional violations and bias**: Check "no" that he hadn't formed an opinion of the case, but wrote: "It can be difficult to put emotion to the side if people are guilty but find a loophole."<br>• **Bias**: Would find it hard to avoid social media and says people around them would google the trial and ask questions.<br>• **Hardship**: work requirements |
| 126 | • **Bias and based on specialized knowledge in areas relevant to this case**: Investigates financial losses within federal government<br>• **Bias**: Has a strong opinion against financial advisors, etc. |
| 136 | • **Bias**: Knows Beth Yusi personally |
| 138 | • **Bias**: Strong opinions on financial advisors. Family lost money from Lehman Brothers investments. "significant financial loss" "I believe significant caution must be exercised when dealing with individuals in these professions."<br>• **Bias and based on specialized knowledge in areas relevant to this case**: Father CFO of fortune 500 companies, entirely with telecom companies<br>• **Bias**: Would give more weight to an officer's testimony. "I believe law enforcement officers are to be highly respected and they testimony would carry a very high weight with me."<br>• **Hardship**: Significant work commitments involving travel |
| 153 | • **Bias and based on specialized knowledge in areas relevant to this case**: Has insurance license and studied insurance; annuities background |
| 154 | • **Bias**: Has strong opinion on financial advisors "They are deceptive."<br>• **Constitutional violations**: Would base opinion on personal views not law<br>• **Bias and based on specialized knowledge in areas relevant to this case**: Telecommunications Tech; repairs, installs, programs telephones, and is responsible for communications circuits for a local city. Beyond bringing in specialized knowledge into the jury, his opinion would carry undue weight during deliberations. |

| | |
|---|---|
| 157 | • **Constitutional violations**: Indictment would be considered as evidence. "My instinctive reaction is that the person must be guilty of something for this to have gone as far as a court case."<br>• **Constitutional violations**: Would base verdict on personal views not law<br>• **Bias**: Juror says they have a family member who used to work at Dominion |
| 166 | • **Constitutional violations**: Would have trouble not drawing conclusion from a defendant not testifying. "I tend to think if they say nothing, it'd have to side with what I heard."<br>• **Constitutional violations**: Would base verdict on personal views not law<br>• **Bias**: Trusts police more<br>• **Bias**: Would not be able to separate what juror heard on the news with what they heard in the case. Would "try" to separate the two but it would be "hard"<br>• **Hardship**: Would need after school care for 2 yo and 8yo |
| 167 | • **Bias and based on specialized knowledge in areas relevant to this case**: Knows Special Agent Bowers; has previously been in grand jury with Elizabeth Yusi, and may have been foreperson; degree in accounting and does audits for the federal government; family police officers. |
| 169 | • **Bias**: Has a strong opinion of financial advisors<br>• **Constitutional violations**: Would have trouble not drawing conclusion from a defendant not testifying. "They should have a voice in their case, unless they are lying…"<br>• **Constitutional violations**: Would base verdict on personal views not law<br>• **Bias**: Trusts police more |

| Juror # | Additional Information Needed |
|---|---|
| 1 | Follow up on giving more weight to law enforcement. |
| 2 | Follow up on whether father being a retired corrections officer would affect being a juror |
| 3 | Follow up on whether having many family members as corrections officers would affect being a juror |
| 7 | Filled out questionnaire that a family member has a close personal relationship with every defendant. |
| 8 | Education is grade school or less. Follow up due to complexity of the case. |
| 10 | Follow up on defendant's right to not testify |
| 11 | Whether connection to defense attorney Greg Matthews influences either way; whether his work at a probation officer for 19 years would influence his view of the case |
| 13 | Follow up because juror did not understand questions 36 and 37 regarding whether juror or close family has ever been victim of a crime. |
| 24 | Juror says they would have reservations about finding a defendant NOT guilty, but does on explain. Also, may base verdict on personal views. Need follow up. |

| 25 | Follow up on how brother's decision to cooperate when charged with a crime would affect his views in this case. He stated "unsure." |
|---|---|
| 26 | Follow up on basing verdict on personal views rather than law; How and whether brother getting prison time would affect service as a juror in this case. "he got what he deserved." Also, did not answer #36 or complete 37a. |
| 30 | Who served 34 years with Norfolk Police Department as a Sargent – juror or someone else? |
| 31 | Did not answer #69 regarding whether juror would base verdict on personal views instead of law. |
| 33 | How would family's police work affect her as a juror in this case. "I believe most officers are under and follow their oath to serve the public." |
| 35 | Whether background in marketing, and spouse's career as an accountant would affect being a juror, and whether the juror could separate their knowledge from the case. May also know witness Denise Brown, and is not set to return from travel until 11/17. |
| 47 | Follow up on basing verdict on personal views instead of law. |
| 57 | Follow up on basing verdict on personal views instead of law. |
| 59 | Follow up on basing verdict on personal views instead of law. |
| 72 | May know several witnesses. Whether masters' degree in business would affect being a juror, and whether the juror could separate their knowledge from the case. |
| 78 | Follow up on whether juror has formed an opinion on this case (checked yes, but written statement unclear). Unclear if they have been on a jury before. |
| 90 | Follow up on whether juror's statement affects presumption of innocence: "can't understand a thief – stealing just not worth it" |
| 91 | Whether juror can separate her work at the accounting firm from what they learn in this case. Whether juror's anxiety from being a prior crime victim would prevent them from paying attention during this case. Whether juror's spouse being a magistrate would affect being a juror in this case. |
| 92 | Whether father being a certified financial planner and juror having a strong interest in the industry would affect being a juror. Can the juror separate specialized outside knowledge from the case and during deliberations? |
| 94 | Follow up on basing verdict on personal views instead of law. Follow up on whether spouse's career as a CPA would affect being a juror. |
| 112 | Follow up on juror, unsure about position on many questions including if defendant didn't testify, unsure of presumption of innocence, unsure of government burden. Also states, "I have a hard time making decisions and remembering." |
| 113 | This juror indicates in multiple questions that sitting in judgment is difficult for them and would have trouble doing so. Can juror follow the rule of law? Also, juror lives far away which is likely a hardship for a long trial. |
| 123 | Follow up questions on instance of juror and family being victims of crime and how it may affect this case. Also, unsure about indictment not being used as evidence and unsure about defendant's right to testify (checked they had "no" trouble following these rules but then wrote "don't know") |
| 142 | Follow up on whether victim of crime would affect being in court for 4 weeks |
| 155 | Follow up on defendant's right to not testify and indictment not used as evidence (wrote "Don't understand.") |

11

| 159 | Follow up on basing verdict on personal views instead of law. Follow up on whether the juror has formed an opinion on this case. |
|---|---|
| 160 | Follow up on basing verdict on personal views instead of law. |

Respectfully submitted,

AGHEE WILLIAM SMITH, II

By:_____/s/_____

Lindsay Jo McCaslin
VSB No. 78800

Andrew W. Grindrod
VSB 83943

Assistant Federal Public Defenders
Attorneys for Aghee William Smith, II
Office of the Federal Public Defender
150 Boush Street, Suite 403
Norfolk, Virginia 23510
Telephone: 757-457-0800
Telefax: 757-457-0880
Email:  lindsay_mccaslin@fd.org
            andrew_grindrod@fd.org