IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
*Norfolk Division*

UNITED STATES OF AMERICA,

v.

                                                                Criminal Nos.  2:19-cr-47-3

DAVID ALCORN,
AGHEE WILLIAM SMITH, II,
THOMAS L. BARNETT,
NORMA JEAN COFFIN,

            Defendants.

**DEFENDANT'S REPLY FOR ADDITIONAL PEREMPTORY CHALLENGES**

The defendants have asked this Court to award two additional peremptory challenges to each defendant in this case to be controlled solely by that individual defendant. The government does not object, but requests four additional peremptory challenges, increasing their peremptory strikes from six to ten. The defendants object to the government's additional peremptory strikes because each one of the government's strikes will be solely for their benefit, whereas the defendants will be forced to compromise and attempt to agree on joint strikes. Furthermore, unlike the defendants, the government will not be concerned about media bias and will not need to account for the repercussions of the media coverage using strikes. All the media bias is in the government's favor.

Federal Rule of Criminal Procedure 24(b) explicitly states, "The court may allow additional peremptory challenges to multiple defendants, and may allow the defendants to exercise those challenges separately or jointly." Nothing in the rule itself discusses the government receiving additional peremptory strikes. This makes sense given the often-conflicting theories in multi-defendant cases and the importance of protecting each defendant's constitutional right to a fair and impartial jury. *See* U.S. Const. amend VI. As the government points out, the committee notes from the 2002 amendments state that the prosecution "may request additional challenges," but further states

1

that the court "is not required to equalize the number of challenges where additional challenges are granted to the defendant." Fed. R. Crim. P. 24, advisory committee notes (2002). Importantly, the committee also did not deem this important enough to include in the rule itself. And for good reason.

The purpose of the defendants' request is to account for the divergent defense theories that the four defendants may have, causing each to seek out different biases in jurors and strike accordingly. In a felony case where a person is the sole defendant, he would have ten peremptory strikes to utilize entirely on his own, with his case theory in mind. In a case with four co-defendants, each of those ten strikes will not be based solely on one defendant's ability to seat an impartial jury; it will be a compromise between four individuals with competing interests, trying to agree on common ground. That may or may not be easy to accomplish, but the defendants are prepared to do so. Given the different charges and positions of the defendants, the defendants seek two additional strikes each to preserve *some* control over jurors who may be biased to their specific defense.

Unlike the defendants, the government will not have to engage in such bargaining. The government does not need to seek the permission of any of the defendants or other parties before striking whoever it wants. The government has full control over all of its strikes. Additional strikes would tip the balance too far in the government's favor.

Furthermore, the additional peremptory challenges for the defendants are justified based on pretrial media coverage. Referring to the extensive discussion and examples of pretrial media coverage presented in the Motion, including press releases from the United States Attorney's Office for the Eastern District of Virginia, the government does not need additional strikes to combat potential bias based on information it released to the media because any such information is already to the government's advantage. The government has created bias in the media in its favor, and should not be permitted to benefit from it through additional strikes. For this reason, our Court has previously

2

granted additional strikes to defendants while holding the government's peremptory strikes "to a smaller allotment." *United States v. Salad*, No. 2:11CR34, 2013 WL 12203461, at *4 (E.D. Va. Mar. 29, 2013) (J. Smith) (citing *United States v. Haldeman*, 559 F.2d 31, 79 (D.C. Cir. 1976)).

With differing defenses, granting each defendant two individual strikes, as permitted under Rule 24, will allow the discussions between defendants on each potential juror to move along faster. It will cut down on drawn out negotiations among defense counsel, each acting in the best interest of their individual client. These additional strikes ensure that each defendant receives a fair trial that is impartial to his or her case individually, protecting each defendant's constitutional rights. Granting unilateral strikes to the government, on the other hand, would only slow down the voir dire process. The government does not need to protect similar constitutional rights, nor does it have an internal conflict to account for when striking jurors; there is one government and four defendants.

Here, we ask only for ten strikes to be controlled jointly through compromise, and two strikes each to be controlled exclusively by that individual defendant, for a total of 18 strikes used among all defendants. The government does not have similar interests to protect. This approach will advance the Court's and the defendants' interest in seating a fair and impartial jury, and will make the jury selection process run smoothly and efficiently.

    Respectfully submitted,

    DAVID ALCORN, AGHEE WILLIAM SMITH, II, THOMAS BARNETT, and NORMA JEAN COFFIN

By:_____/s/_____
Lindsay Jo McCaslin
VSB No. 78800

Andrew W. Grindrod
VSB No. 83943

Assistant Federal Public Defenders
Attorneys for Aghee William Smith, II
Office of the Federal Public Defender
150 Boush Street, Suite 403
Norfolk, Virginia 23510
Telephone: 757-457-0800
Telefax: 757-457-0880
Email: lindsay_mccaslin@fd.org
  andrew_grindrod@fd.org

Richard Scott Yarow
VSB No. 37807
Attorney for David Alcorn
821 West 21st Street, Suite 208
Norfolk, Virginia 23517
Telephone: 757-337-3963
Telefax: 757-686-0180
Email: RichardYarow@gmail.com

Anthony Michael Gantous
VSB No. 78186
Attorney for Thomas L. Barnett
5101 Cleveland Street, Suite 100
Virginia Beach, VA 23462
Telephone: 757-227-6963
Telefax: 757-227-6963
Email: anthony@anchorlg.com

Gregory K. Matthews, VSB #28314
Gregory K. Matthews, PC
Counsel for Norma Jean Coffin
Post Office Box 5277
Portsmouth, VA 23703
Telephone: 757-356-5744
Telefax: 757-500-2540
gkmatthews@msn.com

4