IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
*Norfolk Division*

UNITED STATES OF AMERICA,

v.

Criminal Nos. 2:19-cr-47-3

AGHEE WILLIAM SMITH, II
          Defendant.

**DEFENDANT SMITH'S MOTION IN LIMINE TO PRECLUDE THE GOVERNMENT FROM ASKING HYPOTHETICAL QUESTIONS OF FACT WITNESSES TO ELICIT SUBJECTIVE PERCEPTIONS OF MATERIALITY**

The defendant, Aghee William Smith, II, respectfully moves this Court *in limine* to preclude the government from eliciting from fact witnesses their after-the-fact subjective view as to whether a purported misrepresentation or omission would have influenced their decision to invest.

As the Supreme Court has held, "materiality of falsehood is an element of the federal mail fraud, wire fraud, and bank fraud statutes." *Neder v. United States*, 527 U.S. 1, 25 (1999). "In determining that Congress intended to incorporate common law materiality principles into those offenses, the *Neder* Court relied on the *objective* materiality test spelled out in the Second Restatement of Torts." *United States v. Raza*, 876 F.3d 604, 618 (4th Cir. 2017) (citing *Neder*, 527 U.S. at 22) (emphasis added). As explained in *Neder*, a fact is material if a "reasonable man would attach importance to its existence or nonexistence in determining his choice of action in the transaction in question." *Neder*, 527 U.S. at 22 n.5 (quoting Restatement (Second) of Torts § 538 (1977)). The Fourth Circuit has repeatedly emphasized since then that "the correct test for materiality" in a mail, wire, or bank fraud case "is an objective one." *Raza*, 876 F.3d at 621; *United States v. Wolf*, 860 F.3d 175, 193 (4th Cir. 2017) (holding in bank fraud case that materiality question "is an objective one").

Although the standard is objective, in the trial of Daryl Bank the government asked multiple fact witnesses hypothetical and speculative questions about whether certain disclosures might have

1

influenced their subjective decision to invest. *See United States v. Bank*, No. 2:17cr126 (E.D. Va. 2021). In *Bank*, this Court correctly ruled that these questions were improper. But the government made several attempts to elicit such testimony, succeeding at least once. For example,

```
4    Q.  Had you known about the security license that he lost and
5    understood that, would you have trusted, or would you have
6    made the same investments with Mr. Bank?
7            THE COURT:  Wait a minute.  That question does call
8    for speculation after the fact.  So, really, that question is
9    not an appropriate question.
10           MS. YUSI:  Your Honor, I'm trying to get to the
11   materiality of some of these.
12           THE COURT:  I understand that, but you can argue
13   that.  But that does call for speculation after the fact.
14           MS. YUSI:  All right.
```

Bank Trial Tr. at 274.

```
1    Q.  If you had known any of those things, would you have
2    agreed to roll your money over?
3    A.  No.
4            THE COURT:  Once again, that was a speculative
5    question asked after the fact.
6            MR. BOSSE:  Your Honor, I'm asking before the fact,
7    before the money was rolled over, about whether if she had
8    known certain things, she would have done it.  That's very
9    important in securities.
10           THE COURT:  I understand what you're saying, but
11   understand what the Court said.
```

Bank Trial Tr. at 302.

2

```
2   Q.  If at the time you had been told any of those things,
3       would you have done the investment?
4   A.  No.  No, I would not.
```

Bank Trial Tr. at 323.

      Because these questions both call for speculation and lack relevance under the *objective* materiality standard that governs in this case, they should be excluded under Federal Rule of Evidence 401. Mr. Smith asks the Court to make the same ruling it made during trial in the *Bank* case before the start of this trial so that the government is precluded from asking these improper hypothetical questions of fact witnesses. Under the objective materiality standard, a fact witness's testimony about how having some information might have affected his or her subjective decision to invest is simply not relevant.

      Respectfully submitted,

AGHEE WILLIAM SMITH, II

By:_____/s/_____

Lindsay Jo McCaslin
VSB No. 78800

Andrew W. Grindrod
VSB 83943

Assistant Federal Public Defenders
Attorneys for Aghee William Smith, II
Office of the Federal Public Defender
150 Boush Street, Suite 403
Norfolk, Virginia 23510
Telephone: 757-457-0800
Telefax: 757-457-0880
Email:  lindsay_mccaslin@fd.org
        andrew_grindrod@fd.org