IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:19cr47-3 |
| | ) | |
| AGHEE SMITH, II, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

The Defendant, by undersigned counsel, submits the attached proposed jury instructions for inclusion by the Court in its charge to the jury. This package also includes a set of the instructions without authorities.  A copy of the instructions will be emailed for the Court's convenience.

Respectfully submitted,

AGHEE SMITH, II

By: _____/s/_____
Lindsay Jo McCaslin
Assistant Federal Public Defender
Virginia State Bar No. 37387
Counsel for Defendant Aghee Smith, II
Office of the Federal Public Defender
150 Boush Street, Suite 403
Norfolk, Virginia 23510
Phone: 757-457-0800
Fax:  757-457-0880
Email: lindsay_mccaslin@fd.org

JURY INSTRUCTION INDEX
United States v. Aghee Smith, II
Criminal No.  2:19cr47-3

| No. | Description | Authority |
|-----|-------------|-----------|
| 1 | Objections and Rulings | 1A O'Malley, *et al.*, § 11:03 (6th ed. 2021), *available at* Westlaw Edge |
| 2 | Court's Comments to Counsel | 1A O'Malley, *et al.*, § 11:04 (6th ed. 2021), *available at* Westlaw Edge |
| 3 | Court's Questions to Witnesses | 1A O'Malley, *et al.*, § 11:05 (6th ed. 2021), *available at* Westlaw Edge |
| 4 | Judging the Evidence | 1A O'Malley, *et al.*, § 12:02 (modified) (6th ed. 2021), *available at* Westlaw Edge |
| 5 | Evidence Received in the Case–Stipulations, Judicial Notice, and Inferences Permitted | 1A O'Malley, *et al.*, § 12:03 (modified) (6th ed. 2021), *available at* Westlaw Edge |
| 6 | Witness Who has Pleaded Guilty to the Same or Related Charges | Jury Instruction No. 5 in *United States v. Bank*, No. 2:17cr126 (E.D. Va. 2021) (modified |
| 7 | Need to Consider Defendants Separately | Model Crim. Jury Instr. 9th Cir. 1.13 (2021), Model Crim. Jury Instr. 9th Cir. 1.13 (2021); Fed. Crim. Jury Instr. 7th Cir. 4.07 (2020 ed.), Fed. Crim. Jury Instr. 7th Cir. 4.07 (2020 ed.). |
| 8 | Jury's Recollection Controls | 1A O'Malley, *et al.*, § 12:07 (6th ed. 2021), *available at* Westlaw Edge |
| 9 | The Question is Not Evidence | 1A O'Malley, *et al.*, § 12:08 (6th ed. 2021), *available at* Westlaw Edge |
| 10 | Consider Only the Offense Charged | 1A O'Malley, *et al.*, § 12:09 (6th ed. 2021), *available at* Westlaw Edge |
| 11 | Presumption of Innocence, Burden of Proof, and Reasonable Doubt | 1A O'Malley, *et al.*, *FJPI*: Criminal § 12:10 (modified) (6th ed. 2021), *available at* Westlaw Edge |

| No. | Description | Authority |
|-----|-------------|-----------|
| 12 | The Indictment is Not Evidence | 1A O'Malley, *et al.*, § 13:04 (6th ed. 2021), *available at* Westlaw Edge |
| 13 | Violations of Civil Law–Explained | Jury Instruction No. 23 in *United States v. Bank*, No. 2:17cr126 (E.D. Va. 2021) (modified). |
| 14 | Opinion Evidence–The Expert Witness | 1A O'Malley, *et al.*, § 14:01 (6th ed. 2021), *available at* Westlaw Edge |
| 15 | Law Enforcement Witnesses | 1 L. Sand, *et al.*, *Modern Federal Jury Instructions–Criminal*, Instruction No. 7-16, *available* at Lexis Advance |
| 16 | Number of Witnesses Called is Not Controlling | 1A O'Malley, *et al.*, § 14:16 (modified) (6th ed. 201), *available at* Westlaw Edge |
| 17 | Credibility of Witnesses – Generally | 1A O'Malley, *et al.*, § 15:01 (6th ed. 2021), *available at* Westlaw Edge |
| 18 | Credibility of Witnesses – The Defendant As A Witness | 1A O'Malley, *et al.*, §15:12 (6th ed. 2021), *available at* Westlaw Edge |
| 19 | Effect of Defendant's Decision Not to Testify | 1A O'Malley, *et al.*, § 15:14 (6th ed. 2021), *available at* Westlaw Edge |
| 20 | "Knowingly"–Defined | 1A O'Malley, *et al.*, § 17:04 (6th ed. 2021), *available at* Westlaw Edge. |
| 21 | "Willfully"–Defined | 1A O'Malley, *et al.*, § 17:05 (6th ed. 2021), *available at* Westlaw Edge. |
| 22 | The Nature of the Offense Charged–Counts One and Two (Conspiracy to Commit Mail and Wire Fraud) | Indictment (modified) |
| 23 | The Statute Defining the Offense Charged– Counts One and Two | 18 U.S.C. § 371; 2 O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 31:02 (6th ed. 2018), *available at* Westlaw Edge; 18 U.S.C. § 1349 |
| 24 | The Essential Elements of the Offense Charged–Counts One and Two | 2 O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 31:03 (6th ed. 2021), *available at* Westlaw Edge |

| 25 | Conspiracy–Defined | 2 O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 31.04 (6th ed. 2021), *available at* Westlaw Edge; *Fifth Circuit Pattern Jury Instructions*, Criminal Cases, No. 2.15A (modified), *available* at Lexis Advance |
| 26 | Conspiracy–Membership in an Agreement | 2 O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 31.05 (6th ed. 2021), *available at* Westlaw Edge |
| 27 | Acts and Declarations of Co-Conspirators | 2 O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 31.06 (6th ed. 2021), *available at* Westlaw Edge |
| 28 | "Overt Act"–Defined | 2 O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 31.07 (6th ed. 2021), *available at* Westlaw Edge |
| 29 | Success of Conspiracy Immaterial | 2 O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 31.08 (6th ed. 2021), *available at* Westlaw Edge |
| 30 | Single or Multiple Conspiracies | 2 O'Malley, *et al.*, *FJPI,* Criminal § 31:09; (6th ed. 2021), *available at* Westlaw Edge |
| 31 | The Nature of the Offense Charged–Counts 8, 9, 16 and 17–18 U.S.C. § 1343 | Indictment; 2A O'Malley, *et al.*, § 47:05 (6th ed. 2021), *available at* Westlaw Edge |
| 32 | The Statute Defining the Offense Charged–Counts 8, 9, 16 and 17–18 U.S.C. § 1343 | 18 U.S.C. § 1343; 2A O'Malley, *et al.*, § 47:06 (6th ed. 2021), *available at* Westlaw Edge |
| 33 | The Essential Elements of the Offense Charged–Counts 8, 9, 16 and 17–18 U.S.C. § 1343 | 2A O'Malley, *et al.*, § 47:07 (6th ed. 2021), *available at* Westlaw Edge |
| 34 | "Transmits by Means Of Wire, Radio, or Television Communication In Interstate Commerce" – Defined | 2A O'Malley, *et al.*, § 47:08 (6th ed. 2021), *available at* Westlaw Edge |
| 35 | "Any Scheme or Artifice to Defraud" and "False or Fraudulent Pretenses, Representations or Promises"–Defined | 2A O'Malley, *et al.*, § 47:13 (modified) (6th ed. 2021), *available at* Westlaw Edge |
| 36 | "Intent to Defraud"–Defined | 2A O'Malley, *et al.*, § 47:14 (6th ed. 2021), *available at* Westlaw Edge |

| 37 | Materiality | *Modern Federal Jury Instructions*, No. 44-4 (modified), *available* at LexisNexis |
|---|---|---|
| 38 | The Good Faith Defense–Wire Fraud | 2A O'Malley, *et al.*, § 47:16 (6th ed. 2021), *available at* Westlaw Edge |
| 39 | Smith's Theory of Defense | Modified from instruction given in *United States v. Wheeler*, 16 F.4th 805 (11th Cir. 2021); *see also* 1A Fed. Jury Prac. & Instr. § 19:01 (6th ed.), ("A defendant is entitled to a theory of the defense instruction which is supported by the law and the evidence received in the case and if it is not redundant with other instructions."). |
| 40 | Unanimity–Explained | 2A O'Malley, *et al.*, § 47:17 (6th ed. 2021), *available at* Westlaw Edge. |
| 41 | Verdict–Election of Foreperson–Duty to Deliberate–Unanimity–Punishment–Form of Verdict–Communication with the Court | 1A O'Malley, *et al.*, § 20:01 (6th ed. 2021), *available at* Westlaw Edge |

DEFENDANT'S JURY INSTRUCTION NO. 1

**OBJECTIONS AND RULINGS**

TESTIMONY AND/OR AN EXHIBIT CAN BE ADMITTED INTO EVIDENCE DURING A TRIAL ONLY IF IT MEETS CERTAIN CRITERIA OR STANDARDS.  IT IS THE SWORN DUTY OF THE ATTORNEY ON EACH SIDE OF A CASE TO OBJECT WHEN THE OTHER SIDE OFFERS TESTIMONY OR AN EXHIBIT WHICH THAT ATTORNEY BELIEVES IS NOT PROPERLY ADMISSIBLE UNDER THE RULES OF LAW.  ONLY BY RAISING AN OBJECTION CAN A LAWYER REQUEST AND THEN OBTAIN A RULING FROM THE COURT ON THE ADMISSIBILITY OF THE EVIDENCE BEING OFFERED BY THE OTHER SIDE.  YOU SHOULD NOT BE INFLUENCED AGAINST AN ATTORNEY OR HIS OR HER CLIENT BECAUSE THE ATTORNEY HAS MADE AN OBJECTION.

DO NOT ATTEMPT, MOREOVER, TO INTERPRET MY RULINGS ON OBJECTIONS AS SOMEHOW INDICATING HOW I THINK YOU SHOULD DECIDE THIS CASE.  I AM SIMPLY MAKING A RULING ON A LEGAL QUESTION REGARDING THAT PARTICULAR PIECE OF TESTIMONY OR EXHIBIT.

AUTHORITY: 1A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 11:03 (6th ed. 2021), *available at* Westlaw Edge.

DEFENDANT'S JURY INSTRUCTION NO. 2

**<u>COURT'S COMMENTS TO COUNSEL</u>**

IT IS THE DUTY OF THE COURT TO ADMONISH AN ATTORNEY WHO, OUT OF ZEAL FOR HIS OR HER CAUSE, DOES SOMETHING WHICH I FEEL IS NOT IN KEEPING WITH THE RULES OF EVIDENCE OR PROCEDURE.

YOU ARE TO DRAW ABSOLUTELY NO INFERENCE AGAINST THE SIDE TO WHOM AN ADMONITION OF THE COURT MAY HAVE BEEN ADDRESSED DURING THE TRIAL OF THIS CASE.

<u>AUTHORITY</u>:  1A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 11:04 (6th ed. 2021), *available at* Westlaw Edge.

DEFENDANT'S JURY INSTRUCTION NO. 3

**<u>COURT'S QUESTIONS TO WITNESSES</u>**

DURING THE COURSE OF A TRIAL, I MAY OCCASIONALLY ASK QUESTIONS OF A WITNESS. DO NOT ASSUME THAT I HOLD ANY OPINION ON THE MATTERS TO WHICH MY QUESTIONS MAY RELATE. THE COURT MAY ASK A QUESTION SIMPLY TO CLARIFY A MATTER – NOT TO HELP ONE SIDE OF THE CASE OR HURT THE OTHER SIDE.

REMEMBER AT ALL TIMES THAT YOU, AS JURORS, ARE THE SOLE JUDGES OF THE FACTS OF THIS CASE.

<u>AUTHORITY</u>:  1A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 11:05 (6th ed. 2021), *available at* Westlaw Edge.

DEFENDANT'S JURY INSTRUCTION NO. 4

## **JUDGING THE EVIDENCE**

THERE IS NOTHING PARTICULARLY DIFFERENT IN THE WAY THAT A JUROR SHOULD CONSIDER THE EVIDENCE IN A TRIAL FROM THAT IN WHICH ANY REASONABLE AND CAREFUL PERSON WOULD DEAL WITH ANY VERY IMPORTANT QUESTION THAT MUST BE RESOLVED BY EXAMINING FACTS, OPINIONS, AND EVIDENCE.  YOU ARE EXPECTED TO USE YOUR GOOD SENSE IN CONSIDERING AND EVALUATING THE EVIDENCE IN THE CASE.  USE THE EVIDENCE ONLY FOR THOSE PURPOSES FOR WHICH IT HAS BEEN RECEIVED AND GIVE THE EVIDENCE A REASONABLE AND FAIR CONSTRUCTION IN THE LIGHT OF YOUR COMMON KNOWLEDGE OF THE NATURAL TENDENCIES AND INCLINATIONS OF HUMAN BEINGS.

IF NOT PROVED GUILTY BEYOND A REASONABLE DOUBT, SAY SO.  IF THE DEFENDANT BE PROVED GUILTY BEYOND A REASONABLE DOUBT, SAY SO.

KEEP CONSTANTLY IN MIND THAT IT WOULD BE A VIOLATION OF YOUR SWORN DUTY TO BASE A VERDICT UPON ANYTHING OTHER THAN THE EVIDENCE RECEIVED IN THE CASE AND THE INSTRUCTIONS OF THE COURT.  REMEMBER AS WELL THAT THE LAW NEVER IMPOSES UPON A DEFENDANT IN A CRIMINAL CASE THE BURDEN OR DUTY OF CALLING ANY WITNESSES OR PRODUCING ANY EVIDENCE, BECAUSE THE BURDEN OF PROVING GUILT BEYOND A REASONABLE DOUBT IS ALWAYS WITH THE GOVERNMENT.

AUTHORITY:  1A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions:* Criminal § 12:02 (modified) (6th ed. 2021), *available at* Westlaw Edge.

DEFENDANT'S JURY INSTRUCTION NO. 5

**EVIDENCE RECEIVED IN THE CASE–STIPULATIONS, JUDICIAL NOTICE, AND INFERENCES PERMITTED**

THE EVIDENCE IN THIS CASE CONSISTS OF THE SWORN TESTIMONY OF THE WITNESSES – REGARDLESS OF WHO MAY HAVE CALLED THEM – ALL EXHIBITS RECEIVED IN EVIDENCE – REGARDLESS OF WHO MAY HAVE PRODUCED THEM – ALL FACTS WHICH MAY HAVE BEEN AGREED TO OR STIPULATED; AND ALL FACTS AND EVENTS WHICH MAY HAVE BEEN JUDICIALLY NOTICED.

WHEN THE ATTORNEYS ON BOTH SIDES STIPULATE OR AGREE AS TO THE EXISTENCE OF A FACT, YOU MUST, UNLESS OTHERWISE INSTRUCTED, ACCEPT THAT STIPULATION AS EVIDENCE AND REGARD THAT FACT AS PROVEN.

THE COURT HAS TAKEN JUDICIAL NOTICE OF CERTAIN FACTS OR EVENTS. WHEN THE COURT DECLARES THAT IT HAS TAKEN JUDICIAL NOTICE OF SOME FACT OR EVENT, YOU MAY ACCEPT THE COURT'S DECLARATION AS EVIDENCE AND REGARD AS PROVED THE FACT OR EVENT WHICH HAS BEEN JUDICIALLY NOTICED. ANY PROPOSED TESTIMONY OR PROPOSED EXHIBIT TO WHICH AN OBJECTION WAS SUSTAINED BY THE COURT AND ANY TESTIMONY OR EXHIBIT ORDERED STRICKEN BY THE COURT, MUST BE ENTIRELY DISREGARDED BY YOU.

ANYTHING YOU MAY HAVE SEEN OR HEARD OUTSIDE THE COURTROOM IS NOT EVIDENCE AND MUST BE ENTIRELY DISREGARDED.

QUESTIONS, OBJECTIONS, STATEMENTS, AND ARGUMENTS OF COUNSEL ARE NOT EVIDENCE IN THE CASE. FINALLY, IF YOU WERE INSTRUCTED THAT SOME EVIDENCE WAS RECEIVED FOR A LIMITED PURPOSE ONLY, YOU MUST FOLLOW THAT INSTRUCTION.

YOU ARE TO BASE YOUR VERDICT ONLY ON THE EVIDENCE RECEIVED IN THE CASE.  IN YOUR CONSIDERATION OF THE EVIDENCE RECEIVED, HOWEVER, YOU ARE NOT LIMITED TO THE BALD STATEMENTS OF THE WITNESSES OR TO THE BALD ASSERTIONS IN THE EXHIBITS.  IN OTHER WORDS, YOU ARE NOT LIMITED SOLELY TO WHAT YOU SEE AND HEAR AS THE WITNESSES TESTIFY OR AS THE EXHIBITS ARE ADMITTED.  YOU ARE PERMITTED TO DRAW FROM THE FACTS WHICH YOU FIND HAVE BEEN PROVED SUCH REASONABLE INFERENCES AS YOU FEEL ARE JUSTIFIED IN THE LIGHT OF YOUR EXPERIENCE AND COMMON SENSE.

AUTHORITY:  1A Kevin F. O"Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 12:03 (modified)  (6th ed. 2021), *available at* Westlaw Edge.

DEFENDANT'S JURY INSTRUCTION NO. 6

**WITNESS WHO HAS PLEADED GUILTY TO THE SAME OR RELATED CHARGES**

YOU HAVE HEARD EVIDENCE THAT RAEANN GIBSON, KENT MAERKI PLEADED GUILTY TO CHARGES ARISING FROM THE EVENTS THAT ARE THE SUBJECT OF THIS TRIAL. YOU MUST NOT CONSIDER THOSE GUILTY PLEAS AS ANY EVIDENCE OF MR. SMITH'S GUILT. OTHER PEOPLE'S DECISIONS TO PLEAD GUILTY WERE PERSONAL DECISIONSABOUT THEIR OWN GUILT. YOU SHOULD DISREGARD THEM COMPLETELY WHEN CONSIDERING MR. SMITH's GUILT OR INNOCENCE. YOU SHOULD GIVE SUCH TESTIMONY THE WEIGHT YOU BELIEVE IT DESERVES, KEEPING IN MIND THAT IT MUST BE CONSIDERED WITH CAUTION AND GREAT CARE.

AUTHORITY: Jury Instruction No. 5 in *United States v. Bank*, No. 2:17cr126 (E.D. Va. 2021) (modified).

DEFENDANT'S JURY INSTRUCTION NO. 7

**<u>NEED TO CONSIDER DEFENDANTS SEPARATELY</u>**

ALTHOUGH THE DEFENDANTS ARE BEING TRIED TOGETHER, YOU MUST GIVE SEPARATE CONSIDERATION TO EACH DEFENDANT. IN DOING SO, YOU MUST DETERMINE WHICH EVIDENCE IN THE CASE APPLIES TO EACH DEFENDANT, DISREGARDING ANY EVIDENCE ADMITTED SOLELY AGAINST SOME OTHER DEFENDANT OR DEFENDANTS. YOUR DECISION CONCERNING ONE DEFENDANT, WHETHER IT IS GUILTY OR NOT GUILTY, SHOULD NOT INFLUENCE YOUR DECISION CONCERNING ANY OTHER DEFENDANT.

<u>AUTHORITY</u>: Model Crim. Jury Instr. 9th Cir. 1.13 (2021), Model Crim. Jury Instr. 9th Cir. 1.13 (2021); Fed. Crim. Jury Instr. 7th Cir. 4.07 (2020 ed.), Fed. Crim. Jury Instr. 7th Cir. 4.07 (2020 ed.).

DEFENDANT'S JURY INSTRUCTION NO. 8

**JURY'S RECOLLECTION CONTROLS**

IF ANY REFERENCE BY THE COURT OR BY COUNSEL TO MATTERS OF TESTIMONY OR EXHIBITS DOES NOT COINCIDE WITH YOUR OWN RECOLLECTION OF THAT EVIDENCE, IT IS YOUR RECOLLECTION WHICH SHOULD CONTROL DURING YOUR DELIBERATIONS AND NOT THE STATEMENTS OF THE COURT OR OF COUNSEL.

YOU ARE THE SOLE JUDGES OF THE EVIDENCE RECEIVED IN THIS CASE.

AUTHORITY:  1A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions:* Criminal § 12:07 (6th ed. 2021), *available at* Westlaw Edge.

DEFENDANT'S JURY INSTRUCTION NO. 9

**<u>THE QUESTION IS NOT EVIDENCE</u>**

THE QUESTIONS ASKED BY A LAWYER FOR EITHER PARTY TO THIS CASE ARE NOT EVIDENCE.  THEREFORE, IF A LAWYER ASKS A QUESTION OF A WITNESS WHICH CONTAINS AN ASSERTION OF FACT, YOU MAY NOT CONSIDER THE ASSERTION BY THE LAWYER AS ANY EVIDENCE OF THAT FACT. ONLY THE ANSWERS ARE EVIDENCE.

<u>AUTHORITY</u>:  1A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 12:08 (modified) (6th ed. 2021), *available at* Westlaw Edge.

DEFENDANT'S JURY INSTRUCTION NO. 10

**<u>CONSIDER ONLY THE OFFENSES CHARGED</u>**

THE DEFENDANT IS NOT ON TRIAL FOR ANY ACT OR ANY CONDUCT NOT SPECIFICALLY CHARGED IN THE INDICTMENT.

<u>AUTHORITY</u>:  1A Kevin F. O'Malley, *et Al.*, *Federal Jury Practice and Instructions*: Criminal § 12:09 (6th ed. 2021), *available at* Westlaw Edge.

DEFENDANT'S JURY INSTRUCTION NO. 11

**<u>PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, AND REASONABLE DOUBT</u>**

THE DEFENDANTS ARE PRESUMED INNOCENT OF THESE CHARGES. THIS PRESUMPTION CONTINUES THROUGHOUT THE CASE, INCLUDING DURING YOUR DELIBERATIONS. IT IS NOT OVERCOME UNLESS, FROM ALL THE EVIDENCE IN THE CASE, YOU ARE CONVINCED BEYOND A REASONABLE DOUBT THAT A DEFENDANT IS GUILTY AS CHARGED.

THE GOVERNMENT HAS THE BURDEN OF PROVING A DEFENDANT'S GUILT BEYOND A REASONABLE DOUBT. THIS BURDEN OF PROOF STAYS WITH THE GOVERNMENT THROUGHOUT THE CASE.

A REASONABLE DOUBT IS THE KIND OF DOUBT THAT WOULD MAKE A REASONABLE PERSON HESITATE TO ACT.

PROOF BEYOND A REASONABLE DOUBT MUST, THEREFORE, BE OF SUCH A CONVINCING CHARACTER THAT A REASONABLE PERSON WOULD NOT HESITATE TO RELY AND ACT UPON IT IN THE MOST IMPORTANT OF HIS OR HER OWN AFFAIRS. THE REASONABLE DOUBT STANDARD IS DESIGNED TO EXCLUDE AS NEARLY AS POSSIBLE THE LIKELIHOOD OF A MISTAKEN JUDGMENT AGAINST A DEFENDANT. I IMPRESS UPON YOU THAT THE LAW FORBIDS THE JURY FROM RETURNING A VERDICT OF GUILTY UNLESS EACH JUROR HAS PERSONALLY ARRIVED AT STATE OF NEAR CERTITUDE OF GUILT. CRIMINAL TRIALS ARE NOT LIKE HORSESHOES AND HAND-GRENADES, WHERE CLOSE ENOUGH IS GOOD ENOUGH. FINDING SOMEONE GUILTY REQUIRES NEAR CERTAINTY OF GUILT BASED ON PROOF, BECAUSE OUR SYSTEM OF JUSTICE ALWAYS SEEKS TO ERR ON

THE SIDE OF LIBERTY. A DEFENDANT IS NEVER REQUIRED TO PROVE HIS INNOCENCE. HE IS NOT REQUIRED TO PRODUCE ANY EVIDENCE AT ALL.

UNLESS THE GOVERNMENT PROVES BEYOND A REASONABLE DOUBT THAT A DEFENDANT COMMITTED EACH AND EVERY ELEMENT OF THE OFFENSE CHARGED IN THE INDICTMENT, YOU MUST FIND HIM OR HER NOT GUILTY.

IF THE JURY VIEWS THE EVIDENCE IN THE CASE AS REASONABLY PERMITTING EITHER OF TWO CONCLUSIONS, ONE OF INNOCENCE, THE OTHER OF GUILT, THEN THE JURY MUST, OF COURSE, ADOPT THE CONCLUSION OF INNOCENCE.

AUTHORITY: Seventh Circuit Pattern Criminal Federal Jury Instruction 1.03 (2012) 1A O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* 12.10 (6th ed. 2008); *Addington v. Texas*, 441 U.S. 418, 423 (1979); *Jackson v. Virginia*, 443 U.S. 307, 315 (1979); *see also Victor v. Nebraska*, 511 U.S. 1, 2 (1994) (finding instruction proper because it "impressed upon the jury the need to reach the subjective state of near certitude of guilt").

DEFENDANT'S JURY INSTRUCTION NO. 12

**THE INDICTMENT IS NOT EVIDENCE**

AN INDICTMENT IS BUT A FORMAL METHOD USED BY THE GOVERNMENT TO ACCUSE A DEFENDANT OF A CRIME.  IT IS NOT EVIDENCE OF ANY KIND AGAINST A DEFENDANT.  THE DEFENDANT IS PRESUMED TO BE INNOCENT OF THE CRIMES CHARGED.  EVEN THOUGH THIS INDICTMENT HAS BEEN RETURNED AGAINST THE DEFENDANT, THE DEFENDANT BEGINS THIS TRIAL WITH ABSOLUTELY NO EVIDENCE AGAINST HIM.

THE DEFENDANTS HAVE PLED "NOT GUILTY" TO THIS INDICTMENT AND, THEREFORE, EACH DENIES THAT HE OR SHE IS GUILTY OF THE CHARGES.

AUTHORITY:  1A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions:* Criminal § 13:04 (modified) (6th ed. 2021), *available at* Westlaw Edge.

DEFENDANT'S JURY INSTRUCTION NO. 13

**<u>VIOLATIONS OF CIVIL LAW</u>**

EVIDENCE HAS BEEN RECEIVED IN THIS CASE THAT CERTAIN REGULATORY STATUTES MAY HAVE BEEN VIOLATED DURING THE TIME ALLEGED IN THE INDICTMENT. ALTHOUGH VIOLATIONS OF REGULATORY STATUTES MAY NOT BE CONSIDERED BY YOU AS VIOLATION OF CRIMINAL LAW, EVIDENCE OF VIOLATIONS OF CIVIL STATUTES OR REGULATIONS MAY BE CONSIDERED BY YOU AS ANY OTHER EVIDENCE IN DETERMINING WHETHER THE DEFENDANT HAD REQUIRED KNOWLEDGE AND INTENT TO VIOLATE CRIMINAL LAWS.

<u>AUTHORITY</u>: Jury Instruction No. 23 in *United States v. Bank*, No. 2:17cr126 (E.D. Va. 2021) (modified).

DEFENDANT'S JURY INSTRUCTION NO. 14

**OPINION EVIDENCE–THE EXPERT WITNESS**

THE RULES OF EVIDENCE ORDINARILY DO NOT PERMIT WITNESSES TO TESTIFY AS TO THEIR OWN OPINIONS OR THEIR OWN CONCLUSIONS ABOUT IMPORTANT QUESTIONS IN A TRIAL.  AN EXCEPTION TO THIS RULE EXISTS AS TO THOSE WITNESSES WHO ARE DESCRIBED AS "EXPERT WITNESSES".  AN "EXPERT WITNESS" IS SOMEONE WHO, BY EDUCATION OR BY EXPERIENCE, MAY HAVE BECOME KNOWLEDGEABLE IN SOME TECHNICAL, SCIENTIFIC, OR VERY SPECIALIZED AREA.  IF SUCH KNOWLEDGE OR EXPERIENCE MAY BE OF ASSISTANCE TO YOU IN UNDERSTANDING SOME OF THE EVIDENCE OR IN DETERMINING A FACT, AN "EXPERT WITNESS" IN THAT AREA MAY STATE AN OPINION AS TO A MATTER IN WHICH HE OR SHE CLAIMS TO BE AN EXPERT.

YOU SHOULD CONSIDER EACH EXPERT OPINION RECEIVED IN EVIDENCE IN THIS CASE AND GIVE IT SUCH WEIGHT AS YOU MAY THINK IT DESERVES.  YOU SHOULD CONSIDER THE TESTIMONY OF EXPERT WITNESSES JUST AS YOU CONSIDER OTHER EVIDENCE IN THIS CASE.  IF YOU SHOULD DECIDE THAT THE OPINION OF AN EXPERT WITNESS IS NOT BASED UPON SUFFICIENT EDUCATION OR EXPERIENCE, OR IF YOU SHOULD CONCLUDE THAT THE REASONS GIVEN IN SUPPORT OF THE OPINION ARE NOT SOUND, OR IF YOU SHOULD CONCLUDE THAT THE OPINION IS OUTWEIGHED BY OTHER EVIDENCE, YOU MAY DISREGARD THE OPINION IN PART OR IN ITS ENTIRETY.

AS I HAVE TOLD YOU SEVERAL TIMES, YOU–THE JURY–ARE THE SOLE JUDGES OF THE FACTS OF THIS CASE.

AUTHORITY:  1A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 14:01 (6th ed. 2021), *available at* Westlaw Edge.

DEFENDANT'S JURY INSTRUCTION NO. 15

**<u>LAW ENFORCEMENT WITNESSES</u>**

YOU HAVE HEARD THE TESTIMONY OF LAW ENFORCEMENT OFFICIALS. THE FACT THAT A WITNESS MAY BE EMPLOYED AS A LAW ENFORCEMENT OFFICIAL DOES NOT MEAN THAT HIS TESTIMONY IS NECESSARILY DESERVING OF MORE OR LESS CONSIDERATION OR GREATER OR LESSER WEIGHT THAN THAT OF AN ORDINARY WITNESS.

AT THE SAME TIME, IT IS QUITE LEGITIMATE FOR DEFENSE COUNSEL TO TRY TO ATTACK THE CREDIBILITY OF A LAW ENFORCEMENT WITNESS ON THE GROUNDS THAT HIS TESTIMONY MAY BE COLORED BY A PERSONAL OR PROFESSIONAL INTEREST IN THE OUTCOME OF THE CASE.

IT IS YOUR DECISION, AFTER REVIEWING ALL THE EVIDENCE, WHETHER TO ACCEPT THE TESTIMONY OF THE LAW ENFORCEMENT WITNESS AND TO GIVE TO THAT TESTIMONY WHATEVER WEIGHT, IF ANY, YOU FIND IT DESERVES.

AUTHORITY:  1 L.  Sand, *et al., Modern Federal Jury Instructions–Criminal*, Instruction No. 7-16, *available* at Lexis Advance.

DEFENDANT'S JURY INSTRUCTION NO. 16

**NUMBER OF WITNESSES CALLED IS NOT CONTROLLING**

YOUR DECISION ON THE FACTS OF THIS CASE SHOULD NOT BE DETERMINED BY THE NUMBER OF WITNESSES TESTIFYING FOR OR AGAINST A PARTY.  YOU SHOULD CONSIDER ALL THE FACTS AND CIRCUMSTANCES IN EVIDENCE TO DETERMINE WHICH OF THE WITNESSES YOU CHOOSE TO BELIEVE OR NOT BELIEVE.  YOU MAY FIND THAT THE TESTIMONY OF A SMALLER NUMBER OF WITNESSES ON ONE SIDE IS MORE CREDIBLE THAN THE TESTIMONY OF A GREATER NUMBER OF WITNESSES ON THE OTHER SIDE.

AS STATED BEFORE, THE LAW NEVER IMPOSES UPON A DEFENDANT IN A CRIMINAL CASE THE BURDEN OR DUTY OF CALLING ANY WITNESSES OR OF PRODUCING ANY EVIDENCE.

AUTHORITY:  1A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions:* Criminal § 14:16 (modified) (6th ed. 2021), *available at* Westlaw Edge.

DEFENDANT'S JURY INSTRUCTION NO. 17

**<u>CREDIBILITY OF WITNESSES – GENERALLY</u>**

YOU, AS JURORS, ARE THE SOLE AND EXCLUSIVE JUDGES OF THE CREDIBILITY OF EACH OF THE WITNESSES CALLED TO TESTIFY IN THIS CASE AND ONLY YOU DETERMINE THE IMPORTANCE OR THE WEIGHT, IF ANY, THAT THEIR TESTIMONY DESERVES.  AFTER MAKING YOUR ASSESSMENT CONCERNING THE CREDIBILITY OF A WITNESS, YOU MAY DECIDE TO BELIEVE ALL OF THAT WITNESS'S TESTIMONY, ONLY A PORTION OF IT, OR NONE OF IT.

IN MAKING YOUR ASSESSMENT OF THAT WITNESS YOU SHOULD CAREFULLY SCRUTINIZE ALL OF THE TESTIMONY GIVEN BY THAT WITNESS, THE CIRCUMSTANCES UNDER WHICH EACH WITNESS HAS TESTIFIED, AND ALL OF THE OTHER EVIDENCE WHICH TENDS TO SHOW WHETHER A WITNESS, IN YOUR OPINION, IS WORTHY OF BELIEF.  CONSIDER EACH WITNESS'S INTELLIGENCE, MOTIVE TO FALSIFY, STATE OF MIND, AND APPEARANCE AND MANNER WHILE ON THE WITNESS STAND.  CONSIDER THE WITNESS'S ABILITY TO OBSERVE THE MATTERS AS TO WHICH HE OR SHE HAS TESTIFIED AND CONSIDER WHETHER HE OR SHE IMPRESSES YOU AS HAVING AN ACCURATE MEMORY OR RECOLLECTION OF THESE MATTERS.  CONSIDER ALSO ANY RELATION A WITNESS MAY BEAR TO EITHER SIDE OF THE CASE,  THE MANNER IN WHICH EACH WITNESS MIGHT BE AFFECTED BY YOUR VERDICT, AND THE EXTENT TO WHICH, IF AT ALL, EACH WITNESS IS EITHER SUPPORTED OR CONTRADICTED BY OTHER EVIDENCE IN THE CASE.

INCONSISTENCIES OR DISCREPANCIES IN THE TESTIMONY OF A WITNESS OR BETWEEN THE TESTIMONY OF DIFFERENT WITNESSES MAY OR MAY NOT

CAUSE YOU TO DISBELIEVE OR DISCREDIT SUCH TESTIMONY.  TWO OR MORE PERSONS WITNESSING AN INCIDENT OR A TRANSACTION MAY SIMPLY SEE OR HEAR IT DIFFERENTLY.   INNOCENT MISRECOLLECTION, LIKE FAILURE OF RECOLLECTION, IS NOT AN UNCOMMON HUMAN EXPERIENCE.  IN WEIGHING THE EFFECT OF A DISCREPANCY, HOWEVER, ALWAYS CONSIDER WHETHER IT PERTAINS TO A MATTER OF IMPORTANCE OR AN INSIGNIFICANT DETAIL AND CONSIDER WHETHER THE DISCREPANCY RESULTS FROM INNOCENT ERROR OR FROM INTENTIONAL FALSEHOOD.

AFTER MAKING YOUR OWN JUDGMENT OR ASSESSMENT CONCERNING THE BELIEVABILITY OF A WITNESS, YOU CAN THEN ATTACH SUCH IMPORTANCE OR WEIGHT TO THAT TESTIMONY THAT YOU FEEL IT DESERVES.  YOU WILL THEN BE IN A POSITION TO DECIDE WHETHER THE GOVERNMENT HAS PROVEN THE CHARGE BEYOND A REASONABLE DOUBT.

THE TESTIMONY OF A DEFENDANT SHOULD BE JUDGED IN THE SAME MANNER AS THE TESTIMONY OF ANY OTHER WITNESS.

AUTHORITY:  1A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 15:01 (6th ed. 2021), *available at* Westlaw Edge.

DEFENDANT'S JURY INSTRUCTION NO. 18

**<u>CREDIBILITY OF WITNESSES–THE DEFENDANT AS A WITNESS</u>**

YOU SHOULD JUDGE THE TESTIMONY OF A DEFENDANT IN THE SAME MANNER AS YOU JUDGE THE TESTIMONY OF ANY OTHER WITNESS IN THIS CASE.

<u>AUTHORITY</u>: 1A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 15:12 (6th ed. 2021), *available at* Westlaw Edge.

DEFENDANT'S JURY INSTRUCTION NO. 19

**EFFECT OF A DEFENDANT'S DECISION NOT TO TESTIFY**

A DEFENDANT IN A CRIMINAL CASE HAS AN ABSOLUTE RIGHT UNDER OUR CONSTITUTION NOT TO TESTIFY.

THE FACT THAT THE DEFENDANT DID NOT TESTIFY MUST NOT BE DISCUSSED OR CONSIDERED IN ANY WAY WHEN DELIBERATING AND IN ARRIVING AT YOUR VERDICT.  NO INFERENCE OF ANY KIND MAY BE DRAWN FROM THE FACT THAT THE DEFENDANT DECIDED TO EXERCISE HIS PRIVILEGE UNDER THE CONSTITUTION AND DID NOT TESTIFY.

AS STATED BEFORE, THE LAW NEVER IMPOSES UPON A DEFENDANT IN A CRIMINAL CASE THE BURDEN OR DUTY OF CALLING ANY WITNESSES OR OF PRODUCING ANY EVIDENCE.

AUTHORITY:  1A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 15:14 (6th ed. 2021), *available at* Westlaw Edge.

DEFENDANT'S JURY INSTRUCTION NO. 20

**"KNOWINGLY"–DEFINED**

THE TERM "KNOWINGLY", AS USED IN THESE INSTRUCTIONS TO DESCRIBE THE ALLEGED STATE OF MIND OF THE DEFENDANT, MEANS THAT HE WAS CONSCIOUS AND AWARE OF HIS ACTION, REALIZED WHAT HE WAS DOING OR WHAT WAS HAPPENING AROUND HIM, AND DID NOT ACT BECAUSE OF IGNORANCE, MISTAKE, OR ACCIDENT.

AUTHORITY:  1A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 17:04 (6th ed. 2021), *available at* Westlaw Edge.

DEFENDANT'S JURY INSTRUCTION NO. 21

**"WILLFULLY"–DEFINED**

THE TERM "WILLFULLY", AS USED IN THESE INSTRUCTIONS TO DESCRIBE THE ALLEGED STATE OF MIND OF THE DEFENDANT, MEANS THAT HE KNOWINGLY PERFORMED AN ACT, DELIBERATELY AND INTENTIONALLY AND ON PURPOSE, AS CONTRASTED WITH ACCIDENTALLY, CARELESSLY, OR UNINTENTIONALLY.

AUTHORITY:  1A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 17:05 (6th ed. 2021), *available at* Westlaw Edge.

DEFENDANT'S JURY INSTRUCTION NO. 22

**THE NATURE OF THE OFFENSE CHARGED–COUNTS ONE AND TWO**

**COUNT ONE** OF THE INDICTMENT CHARGES THAT FROM IN OR ABOUT JANUARY 2011 THROUGH IN OR ABOUT AUGUST 2014, IN THE EASTERN DISTRICT OF VIRGINIA AND ELSEWHERE, DEFENDANTS KENT MAERKI, AGHEE WILLIAM SMITH II, TONY SCOTT SELLERS, THOMAS L. BARNETT, NORMA JEAN COFFIN, ALSO KNOWN "NORMA JEAN MAULE" AND "NORMA MAERKI," AND OTHERS KNOWN AND UNKNOWN, KNOWINGLY AND INTENTIONALLY COMBINED, CONSPIRED, CONFEDERATED AND AGREED TO COMMIT THE FOLLOWING OFFENSES AGAINST THE UNITED STATES:

(a) MAIL FRAUD: DEFENDANTS, AND OTHERS KNOWN AND UNKNOWN, HAVING DEVISED A SCHEME AND ARTIFICE TO DEFRAUD AND TO OBTAIN MONEY AND PROPERTY BY MEANS OF MATERIALLY FALSE AND FRAUDULENT PRETENSES, REPRESENTATIONS AND PROMISES, DID KNOWINGLY PLACE AND CAUSED TO BE PLACED IN ANY POST OFFICE AND AUTHORIZED DEPOSITORY FOR MAIL, ANY MATTER AND THING WHATEVER TO BE SENT AND DELIVERED BY THE POSTAL SERVICE; DID DEPOSIT AND CAUSED TO BE DEPOSITED ANY MATTER AND THING WHATEVER ACCORDING TO THE DIRECTION THEREON, FOR THE PURPOSE OF EXECUTION OF SUCH SCHEME AND ARTIFICE, IN VIOLATION OF THE TITLE 18, UNITED STATES CODE, SECTION 1341; AND

(b) WIRE FRAUD: DEFENDANTS, AND OTHERS KNOWN AND UNKNOWN, HAVING DEVISED A SCHEME AND ARTIFICE TO DEFRAUD AND TO OBTAIN MONEY AND PROPERTY BY MEANS OF MATERIALLY FALSE AND FRAUDULENT PRETENSES, REPRESENTATIONS, AND PROMISES, DID TRANSMIT AND CAUSE TO BE

TRANSMITTED BY MEANS OF WIRE COMMUNICATION IN INTERSTATE COMMERCE WRITINGS, SIGNS, SIGNALS, PICTURES, AND SOUNDS FOR THE PURPOSE OF EXECUTION OF SUCH SCHEME AND ARTIFICE, IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION 1343.

**COUNT TWO** OF THE INDICTMENT CHARGES THAT FROM IN OR ABOUT JANUARY 2011 THROUGH IN OR ABOUT AUGUST 2017, IN THE EASTERN DISTRICT OF VIRGINIA AND ELSEWHERE, DEFENDANTS KENT MAERKI, DAVID ALCORN, AGHEE WILLIAM SMITH II, TONY SCOTT SELLERS, THOMAS L. BARNETT, AND OTHERS KNOWN AND UNKNOWN, KNOWINGLY AND INTENTIONALLY COMBINED, CONSPIRED, CONFEDERATED AND AGREED TO COMMIT THE FOLLOWING OFFENSES AGAINST THE UNITED STATES:

(a) MAIL FRAUD: DEFENDANTS, AND OTHERS KNOWN AND UNKNOWN, HAVING DEVISED A SCHEME AND ARTIFICE TO DEFRAUD AND TO OBTAIN MONEY AND PROPERTY BY MEANS OF MATERIALLY FALSE AND FRAUDULENT PRETENSES, REPRESENTATIONS AND PROMISES, DID KNOWINGLY PLACE AND CAUSED TO BE PLACED IN ANY POST OFFICE AND AUTHORIZED DEPOSITORY FOR MAIL, ANY MATTER AND THING WHATEVER TO BE SENT AND DELIVERED BY THE POSTAL SERVICE; DID DEPOSIT AND CAUSED TO BE DEPOSITED ANY MATTER AND THING WHATEVER ACCORDING TO THE DIRECTION THEREON, FOR THE PURPOSE OF EXECUTION OF SUCH SCHEME AND ARTIFICE, IN VIOLATION OF THE TITLE 18, UNITED STATES CODE, SECTION 1341; AND

(b) WIRE FRAUD: DEFENDANTS, AND OTHERS KNOWN AND UNKNOWN, HAVING DEVISED A SCHEME AND ARTIFICE TO DEFRAUD AND TO OBTAIN MONEY AND PROPERTY BY MEANS OF MATERIALLY FALSE AND FRAUDULENT PRETENSES,

REPRESENTATIONS, AND PROMISES, DID TRANSMIT AND CAUSE TO BE TRANSMITTED BY MEANS OF WIRE COMMUNICATION IN INTERSTATE COMMERCE WRITINGS, SIGNS, SIGNALS, PICTURES, AND SOUNDS FOR THE PURPOSE OF EXECUTION OF SUCH SCHEME AND ARTIFICE, IN VIOLATION OF TITLE 18,

 (IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTIONS 1349, 1341, 1343).

AUTHORITY: Indictment (modified).

DEFENDANT'S JURY INSTRUCTION NO. 23

**THE STATUTE DEFINING THE OFFENSE CHARGED–COUNTS ONE AND TWO**

WITH RESPECT TO THE CONSPIRACY CHARGED IN COUNTS ONE AND TWO OF THE INDICTMENT, SECTION 371 OF TITLE 18 OF THE UNITED STATES CODE PROVIDES, IN PART, THAT:

"IF TWO OR MORE PERSONS CONSPIRE EITHER TO COMMIT ANY OFFENSE AGAINST THE UNITED STATES, OR TO DEFRAUD THE UNITED STATES, OR ANY AGENCY THEREOF... AND ONE OR MORE OF SUCH PERSONS DO ANY ACT TO EFFECT THE OBJECT OF THE CONSPIRACY,…"

AN OFFENSE AGAINST THE UNITED STATES HAS BEEN COMMITTED.

TITLE 18, UNITED STATES CODE, CHAPTER 63, SECTION 1349 PROVIDES, IN PART, THAT:

"ANY PERSON WHO…CONSPIRES TO COMMIT ANY OFFENSE UNDER THIS CHAPTER SHALL BE SUBJECT TO THE SAME PENALTIES AS THOSE PRESCRIBED FOR THE OFFENSE, THE COMMISSION OF WHICH WAS THE OBJECT OF THE …CONSPIRACY."

AUTHORITY: 2 Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 31.02 (6th ed. 2018), *available at* Westlaw Edge; 18 U.S.C. § 1349

DEFENDANT'S JURY INSTRUCTION NO. 24

**THE ESSENTIAL ELEMENTS OF THE OFFENSE CHARGED–COUNT ONE AND TWO**

IN ORDER TO SUSTAIN ITS BURDEN OF PROOF FOR THE CRIME OF CONSPIRACY CHARGED IN COUNTS ONE AND TWO OF THE INDICTMENT, THE GOVERNMENT MUST PROVE THE FOLLOWING ESSENTIAL ELEMENTS BEYOND A REASONABLE DOUBT:

**ONE**: THE CONSPIRACY, AGREEMENT, OR UNDERSTANDING AS DESCRIBED IN COUNTS ONE AND TWO OF THE INDICTMENT, WAS FORMED, REACHED, OR ENTERED INTO BY TWO OR MORE PERSONS;

**TWO**: AT SOME TIME DURING THE EXISTENCE OR LIFE OF THE CONSPIRACY, AGREEMENT, OR UNDERSTANDING, AGHEE SMITH, KNEW THE PURPOSE OF THE AGREEMENT;

**THREE**: WITH KNOWLEDGE OF THE PURPOSE OF THE CONSPIRACY, AGHEE SMITH THEN DELIBERATELY JOINED THE CONSPIRACY; AND

**FOUR**: AT SOME TIME DURING THE EXISTENCE OR LIFE OF THE CONSPIRACY, ONE OF ITS ALLEGED MEMBERS  KNOWINGLY  PERFORMED ONE OF THE OVERT ACTS CHARGED IN THE INDICTMENT AND DID SO IN ORDER TO FURTHER OR ADVANCE THE PURPOSE OF THE AGREEMENT.

AUTHORITY:  2 Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 31.03 (6th ed. 2018), *available at* Westlaw Edge

DEFENDANT'S JURY INSTRUCTION NO. 25

**CONSPIRACY–DEFINED**

A CRIMINAL CONSPIRACY IS AN AGREEMENT OR A MUTUAL UNDERSTANDING KNOWINGLY MADE OR KNOWINGLY ENTERED INTO BY AT LEAST TWO PEOPLE TO VIOLATE THE LAW BY SOME JOINT OR COMMON PLAN.  A CONSPIRACY IS, IN A VERY TRUE SENSE, A PARTNERSHIP IN CRIME.

A CONSPIRACY OR AGREEMENT TO VIOLATE THE LAW, LIKE ANY OTHER KIND OF AGREEMENT OR UNDERSTANDING, NEED NOT BE FORMAL, WRITTEN, OR EVEN EXPRESSED DIRECTLY IN EVERY DETAIL.

THE GOVERNMENT MUST PROVE THAT THE DEFENDANT AND AT LEAST ONE OTHER PERSON KNOWINGLY AND DELIBERATELY ARRIVED AT AN AGREEMENT OR UNDERSTANDING THAT THEY, AND PERHAPS OTHERS, WOULD DEFRAUD PEOPLE BY MEANS OF SOME COMMON PLAN OR COURSE OF ACTION AS ALLEGED IN COUNT ONE OF THE INDICTMENT.  PROOF OF A CONSCIOUS UNDERSTANDING AND DELIBERATE AGREEMENT BY THE ALLEGED MEMBERS SHOULD BE CENTRAL TO YOUR CONSIDERATION OF THE CHARGE OF CONSPIRACY.

THE MERE FACT THAT CERTAIN PERSONS MAY HAVE ASSOCIATED WITH EACH OTHER, AND MAY HAVE ASSEMBLED TOGETHER AND DISCUSSED COMMON AIMS AND INTERESTS, DOES NOT NECESSARILY ESTABLISH THE EXISTENCE OF A CONSPIRACY.  ALSO, A PERSON WHO HAS NO KNOWLEDGE OF A CONSPIRACY, BUT HAPPENS TO ACT IN A WAY WHICH ADVANCES SOME PURPOSE OF A CONSPIRACY, DOES NOT HEREBY BECOME A CONSPIRATOR.

UNLESS THE GOVERNMENT PROVES BEYOND A REASONABLE DOUBT THAT A CONSPIRACY, AS JUST EXPLAINED, ACTUALLY EXISTED, THEN YOU MUST ACQUIT THE DEFENDANT.

AUTHORITY:   2 Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 31.04 (6th ed. 2021), *available at* Westlaw Edge; Fifth Circuit Pattern Jury Instructions, Criminal Cases, Instruction No. 2.15A (modified), *available* at Lexis Advance

DEFENDANT'S JURY INSTRUCTION NO. 26

**CONSPIRACY--MEMBERSHIP IN AN AGREEMENT**

BEFORE THE JURY MAY FIND THAT THE DEFENDANT, OR ANY OTHER PERSON, BECAME A MEMBER OF THE CONSPIRACY AS CHARGED IN COUNTS ONE AND TWO OF THE INDICTMENT, THE EVIDENCE IN THE CASE MUST SHOW BEYOND A REASONABLE DOUBT THAT THE DEFENDANT KNEW THE PURPOSE OR GOAL OF THE AGREEMENT OR UNDERSTANDING AND THEN DELIBERATELY ENTERED INTO THE AGREEMENT INTENDING, IN SOME WAY, TO ACCOMPLISH THE GOAL OR PURPOSE BY THIS COMMON PLAN OR JOINT ACTION.

MERELY ASSOCIATING WITH OTHERS AND DISCUSSING COMMON GOALS, MERE SIMILARITY OF CONDUCT BETWEEN OR AMONG SUCH PERSONS, MERELY BEING PRESENT AT THE PLACE WHERE A CRIME TAKES PLACE OR IS DISCUSSED, OR EVEN KNOWING ABOUT CRIMINAL CONDUCT DOES NOT, OF ITSELF, MAKE SOMEONE A MEMBER OF THE CONSPIRACY OR A CONSPIRATOR.

AUTHORITY:  2 Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 31.05 (6th ed. 2021) (modified), *available at* Westlaw Edge.

DEFENDANT'S JURY INSTRUCTION NO. 27

**ACTS AND DECLARATIONS OF CO-CONSPIRATORS**

EVIDENCE HAS BEEN RECEIVED IN THIS CASE THAT CERTAIN PERSONS, OTHER THAN THE DEFENDANT, WERE MEMBERS OF THE CHARGED CONSPIRACY AND HAVE DONE OR SAID THINGS DURING THE EXISTENCE OR LIFE OF THE ALLEGED CONSPIRACY IN ORDER TO FURTHER OR ADVANCE ITS GOALS.

SUCH ACTS AND STATEMENTS OF THESE OTHER INDIVIDUALS MAY BE CONSIDERED BY YOU IN DETERMINING WHETHER OR NOT THE GOVERNMENT HAS PROVEN THE CONSPIRACY CHARGE AGAINST THE DEFENDANT.

SINCE THESE ACTS MAY HAVE BEEN PERFORMED AND THESE STATEMENTS MAY HAVE BEEN MADE OUTSIDE THE PRESENCE OF THE DEFENDANT AND EVEN DONE OR SAID WITHOUT THE DEFENDANT'S KNOWLEDGE, THESE ACTS OR STATEMENTS SHOULD BE EXAMINED WITH PARTICULAR CARE BY YOU BEFORE CONSIDERING THEM AGAINST THE DEFENDANT WHO DID NOT DO THE PARTICULAR ACT OR MAKE THE PARTICULAR STATEMENT.

ACTS DONE OR STATEMENTS MADE BY AN ALLEGED CO-CONSPIRATOR BEFORE A DEFENDANT JOINED A CONSPIRACY MAY ALSO BE CONSIDERED BY YOU IN DETERMINING WHETHER THE GOVERNMENT HAS SUSTAINED ITS BURDEN OF PROOF IN THE INDICTMENT.  ACTS DONE OR STATEMENTS MADE BEFORE AN ALLEGED CONSPIRACY BEGAN OR AFTER AN ALLEGED CONSPIRACY ENDED, HOWEVER, MAY ONLY BE CONSIDERED BY YOU REGARDING THE PERSON WHO PERFORMED THAT ACT OR MADE THAT STATEMENT.

AUTHORITY:  2 Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 31:06 (6th ed. 2021), *available at* Westlaw Edge.

DEFENDANT'S JURY INSTRUCTION NO. 28

**"OVERT ACT"--DEFINED**

IN ORDER TO SUSTAIN ITS BURDEN OF PROOF ON COUNT ONE AND TWO OF THE INDICTMENT, THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT THAT ONE OF THE MEMBERS OF THE ALLEGED CONSPIRACY OR AGREEMENT KNOWINGLY PERFORMED AT LEAST ONE OVERT ACT AND THAT THIS OVERT ACT WAS PERFORMED DURING THE EXISTENCE OR LIFE OF THE CONSPIRACY AND WAS DONE TO SOMEHOW FURTHER THE GOALS OF THE CONSPIRACY OR AGREEMENT.

THE TERM "OVERT ACT" MEANS SOME TYPE OF OUTWARD, OBJECTIVE ACTION PERFORMED BY ONE OF THE PARTIES TO, OR ONE OF THE MEMBERS OF, THE AGREEMENT OR CONSPIRACY WHICH EVIDENCES THAT AGREEMENT.

ALTHOUGH YOU MUST UNANIMOUSLY AGREE THAT THE SAME OVERT ACT WAS COMMITTED, THE GOVERNMENT IS NOT REQUIRED TO PROVE MORE THAN ONE OF THE OVERT ACTS CHARGED WITH RESPECT TO THE CHARGE OF CONSPIRACY.

THE OVERT ACT MAY, BUT FOR THE ALLEGED ILLEGAL AGREEMENT, APPEAR TOTALLY INNOCENT AND LEGAL.

AUTHORITY:  2 Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 31.07 (6th ed. 2021), *available at* Westlaw Edge.

DEFENDANT'S JURY INSTRUCTION NO. 29

**<u>SUCCESS OF CONSPIRACY IMMATERIAL</u>**

THE GOVERNMENT IS NOT REQUIRED TO PROVE THAT THE PARTIES TO OR

MEMBERS OF THE ALLEGED AGREEMENT OR CONSPIRACY WERE SUCCESSFUL IN

ACHIEVING ANY OR ALL OF THE OBJECTS OF THE AGREEMENT OR CONSPIRACY.

<u>AUTHORITY</u>:  2 Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal
§ 31.08 (6th ed. 2021), *available at* Westlaw Edge.

DEFENDANT'S JURY INSTRUCTION NO. 30

**SINGLE OR MULTIPLE CONSPIRACIES**

COUNTS ONE AND TWO OF THE INDICTMENT CHARGES THAT DEFENDANT AGHEE SMITH, DID KNOWINGLY AND WILLFULLY COMBINE, CONSPIRE, CONFEDERATE, AND AGREE WITH OTHERS TO COMMIT MAIL AND WIRE FRAUD. TO SUSTAIN ITS BURDEN OF PROOF FOR THIS CHARGE, THE GOVERNMENT MUST SHOW THAT THE SINGLE OVERALL CONSPIRACY ALLEGED IN COUNTS ONE AND TWO OF THE INDICTMENT EXISTED.  PROOF OF SEPARATE OR INDEPENDENT CONSPIRACIES IS NOT SUFFICIENT.

IN DETERMINING WHETHER OR NOT ANY SINGLE CONSPIRACY HAS BEEN SHOWN BY THE EVIDENCE IN THE CASE YOU MUST DECIDE WHETHER COMMON, MASTER, OR OVERALL GOALS OR OBJECTIVES EXISTED WHICH SERVED AS THE FOCAL POINT FOR THE EFFORTS AND ACTIONS OF ANY MEMBERS TO THE AGREEMENT.  IN ARRIVING AT THIS DECISION, YOU MAY CONSIDER THE LENGTH OF TIME THE ALLEGED CONSPIRACY EXISTED, THE MUTUAL DEPENDENCE OR ASSISTANCE BETWEEN VARIOUS PERSONS ALLEGED TO HAVE BEEN ITS MEMBERS, AND THE COMPLEXITY OF THE GOALS OR OBJECTIVES.

A SINGLE CONSPIRACY MAY INVOLVE VARIOUS PEOPLE AT DIFFERING LEVELS AND MAY INVOLVE NUMEROUS TRANSACTIONS WHICH ARE CONDUCTED OVER SOME PERIOD OF TIME AND AT VARIOUS PLACES.  IN ORDER TO ESTABLISH A SINGLE CONSPIRACY, HOWEVER, THE GOVERNMENT NEED NOT PROVE THAT AN ALLEGED CO-CONSPIRATOR KNEW EACH OF THE OTHER ALLEGED MEMBERS OF THE CONSPIRACY NOR NEED IT ESTABLISH THAT AN ALLEGED CO-

CONSPIRATOR WAS AWARE OF EACH OF THE TRANSACTIONS ALLEGED IN THE INDICTMENT.

EVEN IF THE EVIDENCE IN THE CASE SHOWS THAT DEFENDANT AGHEE SMITH WAS A MEMBER OF SOME CONSPIRACY, BUT THAT THIS CONSPIRACY IS NOT THE SINGLE CONSPIRACY CHARGED IN THE INDICTMENT, YOU MUST ACQUIT DEFENDANT AGHEE SMITH OF THIS CHARGE.

UNLESS THE GOVERNMENT PROVES THE EXISTENCE OF THE SINGLE OVERALL CONSPIRACY DESCRIBED IN THE INDICTMENT BEYOND A REASONABLE DOUBT, YOU MUST ACQUIT DEFENDANT AGHEE SMITH OF THIS CHARGE.

AUTHORITY:  2 Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 31:09 (6th ed. 2021), *available at* Westlaw Edge.

DEFENDANT'S JURY INSTRUCTION NO. 31

**THE NATURE OF THE OFFENSE CHARGED–WIRE FRAUD–(COUNTS EIGHT, NINE, SIXTEEN AND SEVENTEEN)**

THE INDICTMENT CHARGES VIOLATIONS OF THE WIRE FRAUD STATUTE IN COUNTS EIGHT, NINE, SIXTEEN AND SEVENTEEN.  WITH RESPECT TO EACH COUNT, THE GOVERNMENT HAS SET FORTH THE DATE OF THE ALLEGED OFFENSE AND A DESCRIPTION OF THE WIRE FRAUD THAT IS ALLEGED TO BE FRAUDULENT. THE INDICTMENT, WITH RESPECT TO COUNTS EIGHT, NINE, SIXTEEN AND SEVENTEEN, READS AS FOLLOWS:

FROM ON OR ABOUT THE DATES SET FORTH BELOW, IN THE EASTERN DISTRICT OF VIRGINIA AND ELSEWHERE, FOR THE PURPOSE OF EXECUTING THE ABOVE-DESCRIBED SCHEME AND ARTIFICE TO DEFRAUD AND FOR OBTAINING MONEY AND PROPERTY BY MEANS OF MATERIALLY FALSE AND FRAUDULENT PRETENSES, REPRESENTATIONS AND PROMISES, THE DEFENDANTS KENT MAERKI, DAVID ALCORN, AGHEE WILLIAM SMITH, II, TONY SCOTT SELLERS, THOMAS L. BARNETT, NORMA JEAN COFFIN, AND THOSE KNOWN AND UNKNOWN, KNOWINGLY TRANSMITTED AND CAUSED TO BE TRANSMITTED BY MEANS OF A WIRE COMMUNICATION IN INTERSTATE COMMERCE CERTAIN WRITINGS, SIGNS, SIGNALS, PICTURES AND SOUNDS, AS FOLLOWS:

**COUNT EIGHT**, DATE OF TRANSACTION: MAY 14, 2014, INTERSTATE WIRE PROCESSING $58,800 ECF TRANSFER FROM CONSPIRATOR #1'S BANK ACCOUNT AT BAYPORT CREDIT UNION TO INTUIT PAYROLL TO PAY SMITH'S COMMISSION; AND

**COUNT NINE**, DATE OF TRANSACTION: APRIL 10, 2014, INTERSTATE WIRE PROCESSING $9,360 ECF TRANSFER FROM CONSPIRATOR #1'S BANK ACCOUNT AT BAYPORT CREDIT UNION TO INTUIT PAYROLL TO PAY SMITH'S COMMISSION AND

**COUNT SIXTEEN,** DATE OF TRANSACTION: APRIL 7, 2014, INTERSTATE CONFERENCE CALL WITH SALES FORCE ABOUT DSPF AND JANUS SPECTRUM; AND

**COUNT SEVENTEEN**, DATE OF TRANSACTION: MAY 19, 2014, INTERSTATE CONFERENCE CALL WITH SALES FORCE ABOUT DSPF AND JANUS SPECTRUM.

AGHEE SMITH HAS ENTERED A PLEA OF NOT GUILTY TO THESE ALLEGATIONS IN THE INDICTMENT. THE GOVERNMENT, THEREFORE, ASSUMES THE RESPONSIBILITY OF PROVING EACH OF THE ESSENTIAL ELEMENTS OF THE CRIME OF USING A WIRE COMMUNICATION FACILITY IN INTERSTATE COMMERCE TO FURTHER A SCHEME OR PLAN TO DEFRAUD AND SCHEME TO OR PLAN TO OBTAIN MONEY OR PROPERTY BY MEANS OF FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISE AS CHARGED IN COUNTS 8, 9, 16 AND 17 OF THE INDICTMENT BEYOND A REASONABLE DOUBT.

AUTHORITY: Indictment; 2A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions:* Criminal § 47:05(6th ed. 2021), *available at* Westlaw Edge.

DEFENDANT'S JURY INSTRUCTION NO. 32

**THE STATUTE DEFINING THE OFFENSE CHARGED–WIR FRAUD–(COUNTS EIGHT, NINE, SIXTEEN AND SEVENTEEN**

SECTION 1343 OF TITLE 18 OF THE UNITED STATES CODE PROVIDES, IN PART, THAT:

WHOEVER, HAVING DEVISED OR INTENDING TO DEVISE A SCHEME OR ARTIFICE TO DEFRAUD, OR FOR OBTAINING MONEY OR PROPERTY BY MEANS OF FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES AND TRANSMITS OR CASUSES TO BE TRANSMITTED BY MEANS OF A WIRE, RADIO OR TELEVISION COMMUNICATION IN INTERSTATE OR FOREIGN COMMERCE, ANY WRITINGS, SIGNS, SIGNALS, PICTURES, OR SOUNDS FOR THE PURPOSE OF EXECUTING SUCH SCHEME OR ARTIFICE…

SHALL BE GUILTY OF AN OFFENSE AGAINST THE UNITED STATES.

AUTHORITY:  18 U.S.C. § 1343; 2A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions:* Criminal § 47:06 (6th ed. 2021), *available at* Westlaw Edge.

DEFENDANT'S JURY INSTRUCTION NO. 33

**THE ESSENTIAL ELEMENTS OF THE OFFENSE CHARGED–WIRE FRAUD–
(COUNTS EIGHT, NINE, SIXTEEN AND SEVENTEEN)**

TO SUSTAIN ITS BURDEN OF PROOF FOR THE CRIME OF USING A WIRE COMMUNICATION IN INTERSTATE COMMERCE TO FURTHER A SCHEME OR PLAN TO DEFRAUD AND FOR OBTAINING MONEY OR PROPERTY BY MEANS OF FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES AS CHARGED IN COUNTS EIGHT, NINE, SIXTEEN AND SEVENTEEN OF THE INDICTMENT, THE GOVERNMENT MUST PROVE THE FOLLOWING ESSENTIAL ELEMENTS BEYOND A REASONABLE DOUBT:

**ONE**:   THE DEFENDANT, AGHEE SMITH, KNOWINGLY DEVISED OR KNOWINGLY PARTICPATED IN A SCHEME OR ARTIFICE TO DEFRAUD AND KNOWINGLY DEVISED OR KNOWINGLLY PARTICPATED IN  A SCHEME OR ARTIFICE TO OBTAIN MONEY OR PROPERTY BY MEANS OF MATERIAL FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES AS DETAILED IN COUNTS 8, 9, 16, AND 17 OF THE INDICTMENT;

**TWO:** THE SCHEME OR ARTIFICE TO DEFRAUD AND PRETENSES, REPRESENTATION, OR PROMISES WERE MATERIAL, THAT IS, THEY WOULD REASONABLY INFLUENCE A PERSON TO PART WITH MONEY OR PROPERTY;

**THREE:** THE DEFENDANT DID SO WITH THE INTENT TO DEFRAUD; AND

**FOUR**: IN ADVANCING, OR FURTHERING, OR CARRYING OUT THIS SCHEME TO DEFRAUD AND TO OBTAIN MONEY OR PROPERTY BY MEANS OF FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES, THE DEFENDANT AGHEE SMITH, TRANSMITTED ANY WRITING, SIGNAL, OR SOUND BY MEANS OF A WIRE, RADIO, OR TELEVISION COMMUNICATION IN INTERSTATE COMMERCE OR CAUSED THE TRANSACTION OF ANY WRITING, SIGNAL, OR SOUND BY MEANS OF A WIRE, RADIO, OR TELEVISION COMMUNICATION IN INTERSTATE.

AUTHORITY:  2A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions:* Criminal § 47:07 (6th ed. 2021), *available at* Westlaw Edge.

DEFENDANT'S JURY INSTRUCTION NO. 34

**"TRANSMITS BY MEANS OF WIRE, . . . COMMUNICATION IN INTERSTATE COMMERCE"–DEFINED**

THE PHRASE "TRANSMITS BY MEANS OF WIRE COMMUNICATION IN INTERSTATE COMMERCE" MEANS TO SEND FROM ONE STATE TO ANOTHER BY MEANS OF TELEPHONE OR TELEGRAPH LINES.

THE PHRASE "TRANSMITS BY MEANS OF WIRE COMMUNICATION IN INTERSTATE COMMERCE" INCLUDES A TELEPHONE CONVERSATION BY A PERSON IN ONE STATE WITH A PERSON IN ANOTHER STATE.

THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT THAT A TRANSMISSION BY A WIRE COMMUNICATION FACILITY IN INTERSTATE COMMERCE WAS, IN FACT, USED IN SOME MANNER TO FURTHER, OR TO ADVANCE, OR TO CARRY OUT THE SCHEME TO DEFRAUD AND TO OBTAIN MONEY OR PROPERTY BY MEANS OF FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES.  THE GOVERNMENT MUST ALSO PROVE THAT THE USE OF THE WIRE COMMUNICATION IN INTERSTATE COMMERCE WOULD FOLLOW IN THE ORDINARY COURSE OF BUSINESS OR EVENTS OR THAT THE USE OF THE WIRE COMMUNICATION FACILITY IN INTERSTATE COMMERCE BY SOMEONE WAS REASONABLY FORESEEABLE.

THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT THAT THE USE OF THE WIRE COMMUNICATION IN INTERSTATE COMMERCE FURTHERED, OR ADVANCED, OR CARRIED OUT, IN SOME WAY, THE SCHEME OR PLAN TO

DEFRAUD AND FOR OBTAINING MONEY OR PROPERTY BY MEANS OF FALSE OR

FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES.

AUTHORITY:  2A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions:* Criminal
§ 47:08 (modified) (6th ed. 2021), *available* at Westlaw Edge

DEFENDANT'S JURY INSTRUCTION NO. 35

**"ANY SCHEME OR ARTIFICE TO DEFRAUD" AND "FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS OR PROMISES"–DEFINED**

THE PHRASE "ANY SCHEME OR ARTIFICE TO DEFRAUD" AND "ANY SCHEME OR ARTIFICE FOR OBTAINING MONEY OR PROPERTY" MEANS A DELIBERATE PLAN OF ACTION OR COURSE OF CONDUCT BY WHICH SOMEONE INTENDS TO DECEIVE OR TO CHEAT ANOTHER AND BY WHICH SOMEONE INTENDS TO DEPRIVE ANOTHER OF SOMETHING OF VALUE.

THE TERM "FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES" MEANS A STATEMENT OR AN ASSERTION WHICH CONCERNS A MATERIAL OR IMPORTANT FACT OR ASPECT OF THE MATTER IN QUESTION, AND THAT WAS KNOWN TO BE UNTRUE AT THE TIME THAT IT WAS MADE OR USED, AND MADE OR USED WITH THE INTENT TO DEFRAUD.  A MATERIAL FACT IS A FACT THAT WOULD BE OF IMPORTANCE TO A REASONABLE PERSON IN MAKING A DECISION ABOUT A PARTICULAR MATTER OR TRANSACTION.

THE TERM "FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES" INCLUDES ACTUAL, DIRECT FALSE STATEMENTS AS WELL AS HALF-TRUTHS, AND INCLUDES THE KNOWING CONCEALMENT OF FACTS THAT ARE MATERIAL OR IMPORTANT TO THE MATTER IN QUESTION AND THAT WERE MADE OR USED WITH THE INTENT TO DEFRAUD.

A "SCHEME TO DEFRAUD" REFERS ONLY TO THOSE SCHEMES IN WHICH A DEFENDANT LIES ABOUT THE NATURE OF THE BARGAIN ITSELF. THAT LIE CAN TAKE TWO PRIMARY FORMS: THE DEFENDANT MIGHT LIE ABOUT THE PRICE (FOR EXAMPLE, IF HE PROMISES THAT A GOOD COSTS $10 WHEN IT IN FACT COSTS $20)

OR HE MIGHT LIE ABOUT THE CHARACTERISTICS OF THE GOOD (FOR EXAMPLE, IF HE PROMISES THAT A GEMSTONE IS A DIAMOND WHEN IT IS IN FACT A CUBIC ZIRCONIUM). IN EACH CASE, THE DEFENDANT HAS LIED ABOUT THE NATURE OF THE BARGAIN AND THUS IN BOTH CASES THE DEFENDANT HAS COMMITTED WIRE FRAUD. BUT IF A DEFENDANT LIES ABOUT SOMETHING ELSE— FOR EXAMPLE, IF HE SAYS THAT HE IS THE LONG-LOST COUSIN OF A PROSPECTIVE BUYER—THEN HE HAS NOT LIED ABOUT THE NATURE OF THE BARGAIN, HAS NOT "SCHEMED TO DEFRAUD," AND CANNOT BE CONVICTED OF WIRE FRAUD ON THE BASIS OF THAT LIE ALONE.

AUTHORITY:  2A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions:* Criminal § 47:13 (modified) (6th ed. 2021), *available at* Westlaw Edge. *United States v. Takhalov*, 827 F.3d 1307, 1313-14 (11th Cir.), *as revised* (Oct. 3, 2016), *opinion modified on denial of reh'g*, 838 F.3d 1168 (11th Cir. 2016).

DEFENDANT'S JURY INSTRUCTION NO. 36

**"INTENT TO DEFRAUD"--DEFINED**

TO ACT WITH "INTENT TO DEFRAUD" MEANS TO ACT KNOWINGLY AND WITH THE INTENTION OR THE PURPOSE TO DECEIVE OR TO CHEAT.

AN INTENT TO DEFRAUD IS ACCOMPANIED BY A DESIRE OR A PURPOSE TO CAUSE SOME LOSS TO SOME PERSON. PROVING INTENT TO DECEIVE ALONE, WITHOUT THE INTENT TO CAUSE LOSS OR INJURY, IS NOT SUFFICIENT TO PROVE INTENT TO DEFRAUD.

AUTHORITY:  2A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions:* Criminal § 47:14 (6th ed. 2021), *available at* Westlaw Edge. *See also* 11th Cir. Std. (Crim.) Jury Instr. O50.3, O51 (2019).

DEFENDANT'S JURY INSTRUCTION NO. 37

**<u>MATERIALITY</u>**

WITH RESPECT TO WIRE FRAUD COUNTS, THE FALSE OR FRAUDULENT PRETENSE, REPRESENTATION, OR PROMISE MUST RELATE TO A MATERIAL FACT OR MATTER. A MATERIAL FACT IS ONE WHICH WOULD REASONABLY BE EXPECTED TO BE OF CONCERN TO A REASONABLE AND PRUDENT PERSON IN RELYING UPON THE REPRESENTATION OR STATEMENT IN MAKING A DECISION.

THIS MEANS THAT IF YOU FIND A PARTICULAR STATEMENT OF FACT TO HAVE BEEN FALSE, YOU MUST DETERMINE WHETHER THAT STATEMENT WAS ONE THAT A REASONABLE PERSON MIGHT HAVE CONSIDERED IMPORTANT IN MAKING HIS OR HER DECISION.  THE SAME PRINCIPLE APPLIES TO FRAUDULENT HALF TRUTHS OR OMISSIONS OF MATERIAL FACTS.

<u>AUTHORITY</u>: *Modern Federal Jury Instructions*, Instruction No. 44-4 (modified), *available* at LexisNexis.

DEFENDANT'S JURY INSTRUCTION NO. 38

**THE GOOD FAITH – WIRE FRAUD**

THE GOOD FAITH OF DEFENDANT AGHEE SMITH IS A COMPLETE DEFENSE TO THE CHARGES OF WIRE FRAUD ALLEGED IN COUNTS EIGHT, NINE, SIXTEEN AND SEVENTEEN OF THE INDICTMENT. GOOD FAITH ON THE PART OF THE DEFENDANT IS, SIMPLY, INCONSISTENT WITH THE INTENT TO DEFRAUD AND TO OBTAIN MONEY OR PROPERTY BY MEANS OF FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES ALLEGED IN THE INDICTMENT.

A PERSON WHO ACTS ON A BELIEF OR AN OPINION HONESTLY HELD IS NOT PUNISHABLE UNDER THIS STATUTE MERELY BECAUSE THE BELIEF OR OPINION TURNS OUT TO BE INACCURATE, INCORRECT, OR WRONG.  AN HONEST MISTAKE IN JUDGMENT OR AN ERROR IN MANAGEMENT DOES NOT RISE TO THE LEVEL OF INTENT TO DEFRAUD.

THE WIRE FRAUD STATUTE IS WRITTEN TO PUNISH ONLY THOSE PEOPLE WHO KNOWINGLY DEFRAUD AND OBTAIN MONEY OR PROPERTY BY MEANS OF FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES.

WHILE THE TERM "GOOD FAITH" HAS NO PRECISE DEFINITION, IT MEANS, AMONG OTHER THINGS, A BELIEF OR OPINION HONESTLY HELD OR AN ABSENCE OF MALICE OR ILL WILL.

IN DETERMINING WHETHER OR NOT THE GOVERNMENT HAS PROVEN THAT THE DEFENDANT ACTED WITH AN INTENT TO DEFRAUD AND OBTAIN MONEY OR PROPERTY BY MEANS OF FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES OR WHETHER THE DEFENDANT ACTED IN GOOD

FAITH, THE JURY MUST CONSIDER ALL OF THE EVIDENCE IN THE CASE BEARING ON THE DEFENDANT'S STATE OF MIND.

THE BURDEN OF PROVING GOOD FAITH DOES NOT REST WITH THE DEFENDANT BECAUSE THE DEFENDANT DOES NOT HAVE ANY OBLIGATION TO PROVE ANYTHING IN THIS CASE.  IT IS THE GOVERNMENT'S BURDEN TO PROVE TO YOU, BEYOND A REASONABLE DOUBT, THAT DEFENDANT AGHEE SMITH ACTED WITH THE INTENT TO DEFRAUD AND OBTAIN MONEY OR PROPERTY BY MEANS OF FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES.

IF THE EVIDENCE IN THE CASE LEAVES THE JURY WITH A REASONABLE DOUBT AS TO WHETHER THE DEFENDANT ACTED ON THE ONE HAND WITH AN INTENT TO DEFRAUD AND OBTAIN MONEY THROUGH FRAUDULENT REPRESENTATIONS OR – ON THE OTHER HAND – ACTED IN GOOD FAITH, THEN THE JURY MUST ACQUIT DEFENDANT AGHEE SMITH.

AUTHORITY:  2A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions:* Criminal § 47:16 (6th ed. 2021) (modified), *available at* Westlaw Edge.

DEFENDANT'S JURY INSTRUCTION NO. 39

**<u>SMITH'S THEORY OF DEFENSE</u>**

IT IS AGHEE SMITH'S THEORY OF DEFENSE THAT HE DID NOT KNOWINGLY AND INTENTIONALLY PARTICIPATE IN A FRAUD, AND THAT THE FRAUD ACTUALLY OCCURRED WHEN, UNBEKNOWNST TO HIM, THE OWNERS AND EXECUTIVES OF VARIOUS COMPANIES – DARYL BANK AND KENT MAERKI, AMONG OTHERS – STOLE AND DIVERTED MILLIONS OF DOLLARS IN INVESTOR FUNDS; THAT ALTHOUGH HE MAY HAVE BEEN AN AGGRESSIVE SALESMAN, MR. SMITH DID NOT INTEND TO DEFRAUD THE INVESTORS; AND THAT HE WAS AN UNWITTING PAWN IN A SCHEME ORCHESTRATED BY THE OWNERS AND EXECUTIVES OF THESE COMPANIES TO STEAL INVESTOR FUNDS.

MR. SMITH CONTENDS – AND IT IS THE LAW – THAT THERE IS A DIFFERENCE BETWEEN DECEIVING AND DEFRAUDING. TO DEFRAUD, A DEFENDANT MUST HAVE INTENDED TO USE DECEPTION TO CAUSE FINANCIAL HARM TO INVESTORS. IN OTHER WORDS, IF A DEFENDANT SELLING AN INVESTMENT REASONABLY BELIEVES THAT IT HAD VALUE, EVEN THE USE OF DECEIT WOULD NOT CONSTITUTE A SCHEME TO DEFRAUD. DECEIVING DOES NOT ALWAYS INVOLVE HARMING ANOTHER PERSON WHEREAS DEFRAUDING NECESSARILY DOES.

FRAUD REQUIRES PROOF OF A MATERIAL MISREPRESENTATION, OR THE CONCEALMENT OF A MATERIAL FACT FOR THE PURPOSE OF DEFRAUDING. MERE "PUFFING" OR "SELLER'S TALK" IS NOT A MATERIAL MISREPRESENTATION.

<u>AUTHORITY</u>: Modified from instruction given in *United States v. Wheeler*, 16 F.4th 805 (11th Cir. 2021); *see also* 1A Fed. Jury Prac. & Instr. § 19:01 (6th ed.), ("A defendant is entitled to a theory of the defense instruction which is supported by the law and the evidence received in the case and if it is not redundant with other instructions.").

DEFENDANT'S JURY INSTRUCTION NO. 40

**<u>UNANIMITY–EXPLAINED</u>**

COUNTS EIGHT, NINE, SIXTEEN AND SEVENTEEN OF THE INDICTMENT CHARGING DEFENDANT AGHEE SMITH WITH VIOLATIONS OF THE WIRE FRAUD STATUTE, ALLEGE A NUMBER OF SCHEMES, OR PLANS TO DEFRAUD AND TO OBTAIN MONEY OR PROPERTY BY MEANS OF FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES.

THE GOVERNMENT IS NOT REQUIRED TO PROVE ALL OF THE SCHEMES OR PLANS TO DEFRAUD OR FOR OBTAINING MONEY OR PROPERTY BY MEANS OF FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS OR PROMISES THAT ARE ALLEGED IN COUNTS EIGHT, NINE, SIXTEEN AND SEVENTEEN OF THE INDICTMENT.

EACH OF THE JURORS MUST AGREE WITH EACH OF THE OTHER JURORS, HOWEVER, THAT THE SAME SCHEME OR PLAN TO DEFRAUD AND FOR OBTAINING MONEY OR PROPERTY BY MEANS OF FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES ALLEGED IN THE INDICTMENT, WAS, IN FACT, EMPLOYED BY THE DEFENDANT.  IN ORDER TO CONVICT, MUST UNANIMOUSLY AGREE UPON AT LEAST ONE SUCH SCHEME OR PLAN AS A SCHEME OR PLAN THAT WAS KNOWINGLY USED BY THE DEFENDANT, AGHEE SMITH.

UNLESS THE GOVERNMENT HAS PROVEN THE SAME SCHEME OR PLAN TO DEFRAUD AND FOR OBTAINING MONEY OR PROPERTY BY MEANS OF FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES TO EACH OF YOU,

BEYOND A REASONABLE DOUBT, YOU MUST ACQUIT DEFENDANT AGHEE SMITH

OF THE WIRE FRAUD CHARGES IN THE INDICTMENT.

AUTHORITY:  2A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions:* Criminal § 47:17(6th ed. 2021), *available at* Westlaw Edge.

DEFENDANT'S JURY INSTRUCTION NO. 41

**VERDICT – ELECTION OF FOREPERSON – DUTY TO DELIBERATE – UNANIMITY- PUNISHMENT – FORM OF VERDICT – COMMUNICATION WITH THE COURT**

UPON RETIRING TO THE JURY ROOM TO BEGIN YOUR DELIBERATION, YOU WILL ELECT ONE OF YOUR MEMBERS TO ACT AS YOUR FOREPERSON.  THE FOREPERSON WILL PRESIDE OVER YOUR DELIBERATIONS AND WILL BE YOUR SPOKESPERSON HERE IN COURT.

YOUR VERDICT MUST REPRESENT THE COLLECTIVE JUDGMENT OF THE JURY. IN ORDER TO RETURN A VERDICT, IT IS NECESSARY THAT EACH JUROR AGREE TO IT.  YOUR VERDICT, IN OTHER WORDS, MUST BE UNANIMOUS.

IT IS YOUR DUTY AS JURORS TO CONSULT WITH ONE ANOTHER AND TO DELIBERATE WITH ONE ANOTHER WITH A VIEW TOWARDS REACHING AN AGREEMENT IF YOU CAN DO SO WITHOUT VIOLENCE TO INDIVIDUAL JUDGMENT. EACH OF YOU MUST DECIDE THE CASE FOR HIMSELF AND HERSELF, BUT DO SO ONLY AFTER AN IMPARTIAL CONSIDERATION OF THE EVIDENCE IN THE CASE WITH YOUR FELLOW JURORS.  IN THE COURSE OF YOUR DELIBERATIONS, DO NOT HESITATE TO REEXAMINE YOUR OWN VIEWS AND TO CHANGE YOUR OPINION IF CONVINCED IT IS ERRONEOUS.  DO NOT SURRENDER YOUR HONEST CONVICTION, HOWEVER, SOLELY BECAUSE OF THE OPINION OF YOUR FELLOW JURORS OR FOR THE MERE PURPOSE OF THEREBY BEING ABLE TO RETURN A UNANIMOUS VERDICT.

REMEMBER AT ALL TIMES THAT YOU ARE NOT PARTISANS.  YOU ARE JUDGES – JUDGES OF THE FACTS OF THIS CASE.  YOUR SOLE INTEREST IS TO SEEK

THE TRUTH FROM THE EVIDENCE RECEIVED DURING THE TRIAL. YOUR VERDICT MUST BE BASED SOLELY UPON THE EVIDENCE RECEIVED IN THE CASE.  NOTHING YOU HAVE SEEN OR READ OUTSIDE OF COURT MAY BE CONSIDERED.  NOTHING THAT I HAVE SAID OR DONE DURING THE COURSE OF THIS TRIAL IS INTENDED IN ANY WAY, TO SOMEHOW SUGGEST TO YOU WHAT I THINK YOUR VERDICT SHOULD BE.  NOTHING SAID IN THESE INSTRUCTIONS AND NOTHING IN ANY FORM OF VERDICT, WHICH HAS BEEN PREPARED FOR YOUR CONVENIENCE, IS TO SUGGEST OR CONVEY TO YOU IN ANY WAY OR MANNER ANY INTIMATION AS TO WHAT VERDICT I THINK YOU SHOULD RETURN.  WHAT THE VERDICT SHALL BE IS THE EXCLUSIVE DUTY AND RESPONSIBILITY OF THE JURY.  AS I HAVE TOLD YOU MANY TIMES, YOU ARE THE SOLE JUDGES OF THE FACTS.

THE PUNISHMENT PROVIDED BY LAW FOR THE OFFENSE CHARGED IN THE INDICTMENT IS A MATTER EXCLUSIVELY WITHIN THE PROVINCE OF THE COURT AND SHOULD NEVER BE CONSIDERED BY THE JURY IN ANY WAY IN ARRIVING AT AN IMPARTIAL VERDICT AS TO THE OFFENSE CHARGED.

A FORM OF VERDICT HAS BEEN PREPARED FOR YOUR CONVENIENCE.

**[PLEASE READ THE FORM OF VERDICT TO THE JURY]**

YOU WILL TAKE THIS FORM TO THE JURY ROOM AND, WHEN YOU HAVE REACHED UNANIMOUS AGREEMENT AS TO YOUR VERDICTS, YOU WILL HAVE YOUR FOREPERSON WRITE YOUR VERDICT, DATE AND SIGN THE FORM, AND THEN RETURN WITH YOUR VERDICT TO THE COURTROOM.

IF IT BECOMES NECESSARY DURING YOUR DELIBERATIONS TO COMMUNICATE WITH THE COURT, YOU MAY SEND A NOTE, SIGNED BY YOUR

FOREPERSON OR BY ONE OR MORE MEMBERS OF THE JURY, THROUGH THE COURT SECURITY OFFICER.   NO MEMBER OF THE JURY SHOULD EVER ATTEMPT TO COMMUNICATE WITH THE COURT BY ANY MEANS OTHER THAN A SIGNED WRITING AND THE COURT WILL NEVER COMMUNICATE WITH ANY MEMBER OF THE JURY CONCERNING THE EVIDENCE, YOUR OPINIONS, OR THE DELIBERATIONS OTHER THAN IN WRITING OR ORALLY HERE IN OPEN COURT.

YOU WILL NOTE THAT THE COURT SECURITY OFFICER, AS WELL AS ALL OTHER PERSONS, ARE FORBIDDEN TO COMMUNICATE IN ANY WAY OR MANNER WITH ANY MEMBER OF THE JURY CONCERNING THE EVIDENCE, YOUR OPINIONS, OR THE DELIBERATIONS.

BEAR IN MIND ALSO THAT YOU ARE NEVER TO REVEAL TO ANY PERSON-NOT EVEN TO THE COURT – HOW THE JURY STANDS, NUMERICALLY OR OTHERWISE, ON THE QUESTION OF WHETHER OR NOT THE GOVERNMENT HAS SUSTAINED ITS BURDEN OF PROOF UNTIL AFTER YOU HAVE REACHED A UNANIMOUS VERDICT.

AUTHORITY:  1A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 20:01 (6th ed. 2021), *available at* Westlaw Edge.