IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

NORFOLK DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | CRIMINAL NO. 2:19cr47 |
| v. | ) | |
| | ) | |
| AGHEE WILLIAM SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT SMITH'S MOTION TO
PRECLUDE ADMISSION OF DEPOSITION TESTIMONY
<u>UNDER CONFRONTATION CLAUSE</u>

The United States, by its undersigned counsel, hereby responds to defendant Smith's motion to preclude admission of Rule 15 deposition testimony under the Confrontation Clause. ECF No. 224. As this Court is aware, the government, pursuant to FED. R. EVID. 15, moved for an order allowing it to take the pretrial depositions of six witnesses who are unavailable for trial. ECF No. 217. The Court entered an order allowing these depositions. ECF No. 218. Smith objects to the admission of the depositions of victims V.H., S.B., and K.S. on the ground that the government purportedly failed to show these witnesses were unavailable. ECF No. 224 at 2. To the contrary, these witnesses are demonstrably unavailable, and their testimony should be admitted at trial.

The government has alleged that Smith and his co-conspirators targeted elderly victims – exactly the individuals for whom travel and testimony in the midst of a global pandemic are most difficult, even if they do not suffer from other debilitating conditions, as the three witnesses at issue here do. Numerous potential witnesses have died or entered into the long decline of dementia while this case has been pending. Smith's argument that the Confrontation Clause now

also bars the testimony of the frail and elderly victims he targeted who are unable to travel for this trial is an attempt to gain a strategic advantage based on the frailties of the victims *he selected*. It is also legally and factually incorrect, and the Court should deny the motion. In support, the government avers the following.

I.   **BACKGROUND FACTS**

This case involves two schemes to defraud primarily elderly investors in connection with the sale of purported dental franchises and applications for spectrum licenses. The schemes started in January 2011 and continued up until at least August 2017. The defendants were indicted in March 2019, but due to the complexity of the case and the COVID-19 pandemic, the trial was continued to November 16, 2021.

As discussed in the government's motion to take pretrial depositions under FED. R. CRIM. P. 15, numerous material witnesses are unavailable to testify at trial due to the COVID-19 pandemic, various physical and mental illnesses, and obligations as primary caretakers to elderly spouses. ECF No. 217. Prior to the filing of the motion, the government contacted all defense counsel to ask their position on the request for the depositions. Ex. A., October 20, 2021, Email to Counsel re: Depositions. Two days later, the government followed up with counsel for defendant A.W. Smith (Smith) to again request their position. Ex. B, October 22, 2021, Email to Smith re: Depositions. Smith's counsel responded but did not provide their position, instead asking whether the government would agree to deposing three of Smith's witnesses at the same time. *Id.* The government immediately responded and asked for additional information concerning the unavailability of the witnesses. *Id.* Having not heard an answer from Smith's counsel, the government reached out to them again on October 25, 2021, for their position on the depositions. Ex. C, October 25, 2021, Email to Smith re: Depositions. Smith's counsel finally

responded that they would take no position on the motion for depositions at that time. *Id.* With that background, in good faith, the government filed its motion to take the depositions as unopposed. ECF No. 217. The government was unaware of any alleged miscommunication until Smith filed his motion to exclude the admission of the three depositions of his former clients. ECF No. 224 at 1-2.

The Court granted the government's motion on October 27, 2021, to allow the pretrial depositions of victims R.C., S.B., V.H., K.S., P.Y., and B.B. ECF No. 218. In its order granting the motion, the Court made a finding that "there is a substantial likelihood that the witnesses' attendance at trial … is not possible due to the witnesses' age and health conditions." ECF No. 218 at 1. Pursuant to that order, on November 5, 2021, the parties conducted videotaped depositions of S.B., V.H., K.S., and P.Y. in Sacramento, CA. On November 8, 2021, the parties conducted a videotaped deposition of R.C. in Pocatello, ID.[1] If they so chose, the parties were all able to attend the depositions in person, at the government's expense. Smith and one of his attorneys chose to attend the Sacramento depositions in person, and the government provided all travel-related expenses for them. Because the depositions were also streamed virtually, the remainder of the defendants and/or their counsel chose the option to virtually participate in the depositions. All of the defendants chose the option to participate virtually in the deposition of R.C. in Pocatello.

## II.     RULE 15 PRETRIAL DEPOSITIONS AND THEIR ADMISSION AT TRIAL ARE CONSTITUTIONAL

Smith moves to exclude the depositions of S.B., V.H., and K.S.,[2] arguing that playing them at trial would "violate the Confrontation Clause of the Sixth Amendment." ECF No. 224 at

---

[1] The government chose not to depose victim B.B., who is recovering from recent heart surgery.

[2] Without explanation, Smith does not oppose the admission of the other depositions.

3

2. Specifically, Smith claims that the government failed to show that the witnesses are unavailable to testify in person at trial. None of that is correct. Smith and his counsel took the opportunity to confront the witnesses in person, the witnesses are demonstrably unavailable for trial, and there is no constitutional impediment to admitting the depositions at trial.

> A. Smith's rights of confrontation have been preserved by virtue of his direct participation in the depositions, the witnesses are unavailable for trial, and the deposition testimony is admissible.

The Confrontation Clause of the Sixth Amendment bars the admission of "testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." *United States v. Dargan*, 738 F.3d 643, 650 (4th Cir. 2003) (quoting *Crawford v. Washington*, 541 U.S. 36, 53–54 (2004)). However, FED. R. EVID. 804(b) provides, as an exception to the rule against hearsay, that an unavailable witness's former testimony at a lawful deposition is admissible at trial where the party against whom the testimony is offered had an opportunity to cross-examine the witness. FED. R. EVID. 804(a)(5)(A) provides that a witness is "unavailable" where the proponent of the witness' testimony "has not been able, by process, or other reasonable means, to procure the declarant's attendance." The Supreme Court has held that there is no violation of the Sixth Amendment right to confrontation when "testimonial evidence" is offered where the witness providing the testimony is unavailable and the person against whom the evidence is offered has had a "prior opportunity for cross-examination." *Crawford v. Washington*, 541 U.S. 36, 68 (2004). The Supreme Court has further held that "a witness is not 'unavailable' for the purposes of the … confrontation requirement unless the prosecutorial authorities have made a good-faith effort to obtain his presence at trial." *Barber v. Page*, 390 U.S. 719, 724-25 (1968). That is

exactly what Rule 15 contemplates in stating that the parties may "move that a prospective witness be deposed in order to preserve testimony for trial." FED. R. CRIM. P. 15(a)(1). While Rule 15 does not independently determine admissibility, *see* FED. R. CRIM. P. 15(f), it works in conjunction with Rule 804 to allow the preserved testimony of unavailable witnesses to be used at trial.

Smith takes no issue with the fact that he had was given the opportunity to cross-examine the witnesses at the depositions. Indeed, Smith and his counsel appeared at the depositions in person and questioned the witnesses at length. Smith only argues that the government has failed to establish that the witnesses are "unavailable" as contemplated by FED. R. EVID. 804(a)(5)(A) and the Confrontation Clause. As discussed herein and affirmed in the Declaration of Inspector Jason W. Thomasson (attached as Exhibit D), witnesses V.H., S.B., and K.S. are all unavailable to testify at the upcoming trial.

  i.  COVID-19 has made it extremely difficult, if not impossible, to secure the appearance of some witnesses.

First and foremost, the COVID-19 pandemic has caused the unavailability of certain witnesses at trial, including those at issue here. As this Court has recognized in its General Court Orders, the COVID-19 pandemic is a serious and dangerous reality. The United States alone has seen over 46 million cases and over 750,000 deaths due to the virus. *See* https://covid.cdc.gov/covid-data-tracker (last visited November 10, 2021). There is an increased risk to older adults, and they are "more likely to get very sick from COVID-19." *See* https://www.cdc.gov/aging/covid19/covid19-older-adults.html. While a person can get vaccinated to help protect themselves, the risk of infection persists. Further, the Delta variant is more infectious and has led to increased transmissibility, even in vaccinated individuals. *See* https://www.cdc.gov/coronavirus/2019-ncov/variants/delta-

variant.html?s_cid=11504:does%0the%20covid%20vaccine%20protect%20against%20the%20delta%20variant:sem.ga:p:RG:GM:gen:PTN:FY21.  Only approximately 68% of the population of the United States have received at least one dose of the vaccine.  *See* https://www.nytimes.com/interactive/2020/us/covid-19-vaccine-doses.html (last visited November 10, 2021).  Even more concerning is that only 64% of Virginians and 49% of those in the City of Norfolk are vaccinated against the virus.  *See* https://www.nytimes.com/interactive/2021/us/virginia-covid-cases.html (last visited November 10, 2021).  The Center for Disease Control (CDC) also warns that long airline travel that involves layovers "may make you more likely to get COVID-19."  *See* https://www.cdc.gov/coronavirus/2019-ncov/travelers/travel-risk.html.

All of these circumstances surrounding the pandemic support the Court's finding that the relevant witnesses are unavailable for trial.  All of the witnesses at issue – V.H., S.B., and K.S. – are older and, therefore, at higher risk of severe infection and hospitalization should they be infected with COVID-19.  Ex. D, ¶¶ 5, 12, 19.  Further, all of the witnesses live in the Sacramento, California, area.  *Id.*  Therefore, none of the witnesses can appear at trial without a 7+ hour flight that would include at least one layover.  Further, the witnesses have expressed their unwillingness to put themselves at further risk of exposure to COVID-19 by making the trip.  Thus, these witnesses are unavailable for trial.

    ii.    The witnesses are unavailable due to health and other considerations.

Beyond the COVID-19 pandemic issues, each of the witnesses has other medical, psychological, or care-based issues making them unavailable to travel and appear at trial.

V.H. is 73 years old.  Ex. D, ¶ 5.  She lives with her husband, S.H., who is legally blind and in the early stages of dementia.  *Id.*  V.H. is unable to drive long distances.  *Id.* at 8.  When

the government informed V.H. she was going to have to attend and testify at the November 16, 2021, trial of the defendants in Norfolk, Virginia, V.H. stated she was not able to travel to Norfolk for the trial. *Id.* at ¶ 6. She is the sole caretaker of her husband, S.H., and there is no one else available to assist. *Id.* Postal Inspector Jason W. Thomasson personally met V.H. and S.H. and, based on his observations, affirmed V.H.'s assertions about her unavailability to attend trial. *Id.* at 7.

S.B. is 81 years old. Ex. D, ¶12. She medically retired from working at a telephone company due to a complete mental breakdown. *Id.* She continues to have extreme, crippling anxiety that makes her unable to travel. *Id.* S.B. is unable to drive long distances. *Id.* at 15. When the government informed S.B. she was going to have to attend and testify at the trial of the defendants in Norfolk, S.B. stated she was not able to travel to Norfolk for the trial because her extreme anxiety prevents her from traveling. *Id.* at 13. Inspector Thomasson personally met S.B. and, based on his observations, affirmed S.B.'s assertions about her unavailability to attend trial due to her anxiety. *Id.* at 14. He further saw that she had limited mobility. *Id.*

K.S. is 64 years old. Ex. D, ¶ 19. When the government informed K.S. he was going to have to attend and testify at the trial of the defendants in Norfolk, K.S. stated he was not able to travel to Norfolk for the trial. *Id.* at ¶ 20. K.S. suffers from extreme vertigo that prevents him from flying. *Id.* In addition, his wife recently was in an accident and was severely injured. *Id.* He is the sole caretaker of his wife at this time, and there is no one else available to assist. *Id.* For these reasons, K.S. is unable to travel to Norfolk.

### III. CONCLUSION

As discussed above, the government has made a good faith effort to secure witnesses V.H., S.B., and K.S. at trial. However, due to the COVID-19 pandemic and other conditions

discussed above, these witnesses are unavailable to appear at trial. Defendant Smith and his counsel personally confronted and cross-examined each of these witnesses. Therefore, their lawful depositions should be admissible at trial, and defendant's motion to exclude should be denied.

Respectfully submitted,

Jessica D. Aber
United States Attorney

By:       /s/
Elizabeth M. Yusi
Virginia State Bar No. 91982
Melissa E. O'Boyle
Virginia State Bar No. 47449
Andrew Bosse
Attorneys for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Office Number - 757-441-6331
Facsimile Number - 757-441-6689
E-Mail Address – Elizabeth.Yusi@usdoj.gov

8

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 10, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

By: _____/s/_____
Elizabeth M. Yusi
Assistant United States Attorney