IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

NORFOLK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) CRIMINAL NO. 2:19-cr-47 |
| v. | ) |
| | ) |
| AGHEE WILLIAM SMITH, II, | ) |
| | ) |
| Defendant. | ) |

GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT SMITH'S MOTION *IN LIMINE* TO EXCLUDE
EVIDENCE ABOUT NORTHRIDGE HOLDINGS LTD. AND PENSION FUNDING, LLC

The United States, by its undersigned counsel, hereby responds to defendant Smith's motion *in limine* to exclude evidence about Northridge Holdings Ltd. and Pension Funding, LLC. ECF Nos. 223. The government respectfully submits that evidence of other fraudulent investments sold by Smith to his elderly clients may be relevant to the facts at issue in this case and admissible as either intrinsic to his scheme to defraud or as proper Rule 404(b) evidence of motive, opportunity, intent, knowledge, and absence of mistake. The government respectfully submits that this is precisely the type of evidentiary issue that the Court should exercise its discretion to hold in abeyance until the evidence is placed within the context of the larger trial. In support of its position, the government states as follows:

I.      **BACKGROUND FACTS**

On October 27, 2021, defendant Aghee William Smith, II ("Smith"), filed a motion *in limine* seeking to exclude evidence related to Northridge Holdings Ltd. and Pension Funding, LLC. ECF No. 223. Smith explains that, in addition to the specific investments at issue in this case, he also sold investments such as Northridge Holdings Ltd. and Pension Funding, LLC, to

victim CG. Victim CG lost the entirety of her invested funds with Smith – including the $100,000 invested in Spectrum 100, LLC. Smith seeks to preclude the government from asking about the additional investments and the losses arising therefrom pursuant to Fed. R. Evid. 403, claiming that the probative value of such evidence would be substantially outweighed by the danger that the jury would be confused, and that such questions would waste time and be unfairly prejudicial.

The vast majority of the government's evidence in this case focuses exclusively on the investments outlined in the schemes to defraud described in the Indictment – Dental Support Plus Franchise, LLC, DSPF Group, LLC, and the spectrum investments, including Janus Spectrum Group, LLC, Spectrum 100, LLC, Prime Spectrum, LLC, and Xcel Bandwidth. However, defendants Bill Smith and Thomas Barnett often sold several different investments to their clients at the same time. Because of the way Smith and Barnett sold these investments to unsophisticated, elderly investors, it will be necessary for the government to walk the aged victims through the investments that they made through Smith and Barnett during their testimony.

In the case of CG, those included investments in Northridge Holdings Ltd. and Pension Funding, LLC, both of which are also alleged to have been fraudulent investment vehicles. On September 5, 2019, the SEC filed a complaint in the Northern District of Illinois against Northridge Holdings and several other entities alleging securities violations, including millions of dollars in fraudulent unregistered securities offerings. Case No. 1:19-cv-05957 (N.D. Ill.), ECF No. 1; *see also* http://www.sec.gov/litigation/litreleases/2019/lr24594.htm. The company has since been placed into receivership. *See* http://www.northridgeltd.com. Pension Funding, LLC has also been the target of a lawsuit by the federal Consumer Financial Protection Bureau

and the New York Department of Financial Services. Case No. 8:15-cv-1329 (S.D. Cal.), ECF No. 1. Interestingly, Bank had nothing to do with either of these fraudulent investment vehicles.

The size of the victims' investment portfolios as well as the types of investments that Smith and Barnett recommended for these clients constitute highly relevant evidence that is intrinsically related to the schemes to defraud. Where, as here, Smith was permitted only to sell specific products as a licensed insurance salesman, evidence related to the various investments that Smith was not licensed to sell but nonetheless recommended to each of his victims is highly relevant evidence of fraudulent intent. That being said, as it did in the Bank trial, the government intends to focus CG's testimony primarily on Smith's misrepresentations that resulted in her investing $100,000 in the fraudulent spectrum scheme. That Smith was also pitching multiple other fraudulent investment opportunities, though, goes directly to his motive, knowledge, and absence of mistake – all permissible uses of such evidence under Rule 404(b). This evidence may become even more relevant if, at trial, Smith attempts to defend his actions by placing the blame solely on conspirators Bank and Maerki. Under those circumstances, the fact that Smith sold additional fraudulent investments – wholly unrelated to Bank and Maerki – should be admissible to prove knowledge, intent, and absence of mistake.

## II.     ANALYSIS

Although the Federal Rules of Evidence do not specifically provide for motions *in limine*, "their use has evolved under the federal courts' inherent authority to manage trials." *See Luce v. United States,* 469 U.S. 38, 41 n.4 (1984). Litigants file motions *in limine* "to allow a court to rule on evidentiary issues in advance of trial in order to avoid delay, ensure an even-handed and expeditious trial, and focus the issues the jury will consider." *United States v. Verges*, 2014 WL 559573, *3 (E.D. Va. Feb. 12, 2014) (citing *United States v. Brawner*, 173 F.3d 966, 970 (6th

Cir. 1999). It is within the district court's discretion whether to grant, deny, or hold in abeyance pending the evidence presentation at trial a party's motion to exclude evidence. *Id.*

A motion *in limine* to exclude evidence should be granted only when the evidence is "clearly inadmissible on all potential grounds." *Id.* As the *Verges* court explained, this principle applies because "a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Id.* (citing *Silicon Knights, Inc. v. Epic Games, Inc.*, 2011 WL 5439153, at *1 (E.D.N.C. Nov. 8, 2011) (citations omitted). Thus, when deciding a motion *in limine*, a district court "may reserve judgment until trial so that the disputed evidence is placed in the appropriate factual context." *Id.* (citing *Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Grp.*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996). Applying these principles here, the government submits that defendant's motion *in limine* should denied or, in the alternative, held in abeyance until it can be placed in the appropriate factual context at trial.

Evidence that, based on Smith's recommendations, CG invested her retirement funds in several fraudulent investment vehicles is for the reasons stated above not "clearly inadmissible on all potential grounds." *United States v. Verges*, 2014 WL 559573, *3 (E.D. Va. Feb. 12, 2014) (citing *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999). As such, the government submits that the Court should deny this motion on its merits or reserve judgment until the disputed evidence is placed in appropriate context in this trial.

### III.  CONCLUSION

For the reasons outlined above, the government respectfully requests that the Court deny or, in the alternative, hold in abeyance defendant's motion *in limine* to exclude evidence related to his sales of Northridge Holdings Ltd. and Pension Funding, LLC.

4

          Respectfully submitted,

          Jessica D. Aber
          United States Attorney

By:          /s/
          Melissa E. O'Boyle
          Virginia State Bar No. 47449
          Elizabeth M. Yusi
          Virginia State Bar No. 91982
          Andrew Bosse
          Attorneys for the United States
          United States Attorney's Office
          101 West Main Street, Suite 8000
          Norfolk, VA 23510
          Office Number - 757-441-6331
          Facsimile Number - 757-441-6689
          E-Mail Address - Melissa.OBoyle@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 10, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

By: _____/s/_____
Melissa E. O'Boyle