IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
*Norfolk Division*

UNITED STATES OF AMERICA,

v.

AGHEE WILLIAM SMITH, II,

Defendant.

Criminal No. 2:19-cr-47-3

**DEFENDANT'S MOTION FOR ORDER DIRECTING U.S. MARSHAL TO ARRANGE INDIGENT DEFENDANT'S RETURN TRAVEL**

The defendant, Aghee William Smith, II, respectfully moves for an order directing the United States Marshal to arrange for his noncustodial transportation home to Sacramento, California, from Norfolk, Virginia, while trial remains pending.

Mr. Smith's jury trial was scheduled to begin on November 16, 2021. Because Mr. Smith is indigent, the Court ordered the U.S. Marshal to pay for and arrange travel for Mr. Smith to attend his trial, which the U.S. Marshals fulfilled. ECF No. 237. Mr. Smith boarded his arranged flight on November 11, 2021, and arrived in Norfolk later the same day. While Mr. Smith was flying cross country, the Court held an emergency hearing with counsel. As a result of the hearing and additional information provided by other parties, the Court has continued the trial to a future date, to which there were no objections by any party.

By no fault of Mr. Smith, he is now essentially stranded in Virginia without a return flight. Mr. Smith remains indigent and seeks the Court to issue an order for the U.S. Marshals to pay for his return flight. Pursuant to 18 U.S.C. § 4285, the Court can direct the U.S. Marshal to arrange for noncustodial transportation. While the statute neither explicitly allows nor forbids the U.S. Marshals for paying for return travel, in some jurisdictions, it is not uncommon for U.S. Marshals to pay for a defendant's return flight. *United States v. Mendoza*, 734 F.Supp.2d 281, 284 (E.D.N.Y. Aug. 26, 2010) ("To its credit, the Marshals Service often requests (and complies with) court orders requiring it to

1

arrange to send defendants back to their homes after a court appearance, even though the language of § 4285 does not require it to do so."). Given the common occurrence in some locations, and the unique predicament in which Mr. Smith finds himself, § 4285 should apply in this case.

* * *

Mr. Smith has complied with the terms of his bond and appeared in Norfolk as required for trial. Due to unfortunate timing of continuing trial while he was mid-flight, Mr. Smith now needs to return home. The defense respectfully asks the Court to enter an order directing the U.S. Marshal to arrange for Mr. Smith's noncustodial transportation from Norfolk, Virginia, to Sacramento, California.

Respectfully submitted,

AGHEE WILLIAM SMITH, II

By:_____/s/_____

Lindsay Jo McCaslin
VSB No. 78800

Andrew W. Grindrod
VSB 83943

Assistant Federal Public Defenders
Attorneys for Aghee William Smith, II
Office of the Federal Public Defender
150 Boush Street, Suite 403
Norfolk, Virginia 23510
Telephone: 757-457-0800
Telefax: 757-457-0880
Email:  lindsay_mccaslin@fd.org
            andrew_grindrod@fd.org