IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
*Norfolk Division*

UNITED STATES OF AMERICA,

v.

AGHEE WILLIAM SMITH, II
         Defendant.

Criminal Nos. 2:19-cr-47-3

**DEFENDANT SMITH'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OF MISREPRESENTATIONS THAT POST-DATE THE CHARGED CRIMES**

The defendant, Aghee William Smith, II, respectfully moves this Court *in limine* to preclude the government from eliciting testimony designed to show that Mr. Smith made false or misleading statements *after* the end of the alleged conspiracy or *after* the person to whom he was speaking had already completed all allegedly fraudulent transactions. Such evidence is irrelevant under Rule 401, substantially more prejudicial than probative under Rule 403, and constitutes impermissible character evidence under Rule 404(a). *See* Fed. R. Evid. 401, 403, 404.

The indictment alleges one fraud conspiracy from "in or about January 2011 through in or about August 2014" (Count One), another fraud conspiracy from "in or about January 2011 through in or about August 2017" (Count Two), and a series of substantive a wire fraud counts with the last wire alleged in May 2014 (Count Seventeen). *See* ECF No. 1 (indictment).

Under the wire fraud statute, "a scheme to defraud must consist of *material* misrepresentations: misrepresentations that have a natural tendency to influence, or are capable of influencing, the decision of the decisionmaking body to which they are addressed." *United States v. Hansmeier*, 988 F.3d 428, 436 (8th Cir.) (cleaned up). The Supreme Court has held that "materiality of falsehood is an element of the federal mail fraud, wire fraud, and bank fraud statutes." *Neder v. United States*, 527 U.S. 1, 25 (1999). So if Mr. Smith told lies that were capable of influencing someone's decision to invest, that would be directly relevant to the charges in the indictment.

1

But evidence is relevant only if it tends to make a *material* fact more or less probable. *See* Fed. R. Evid. 401. Generally speaking, therefore, the government should not be permitted to offer evidence designed to show that Mr. Smith made misrepresentations *after* the alleged fraud was complete. Even if they occurred, such misrepresentations "are irrelevant because they occurred after-the-fact." *Fezzani v. Bear, Stearns & Co.*, 384 F. Supp. 2d 618, 639 (S.D.N.Y. 2004). If there was fraud, "[t]he fraud was complete once the purchases were made." *Id.*

For example, Jeffrey Browne is an expected government witness in this case. In an April 2019 interview with law enforcement, Mr. Browne said the following:

> 9. Browne last spoke with Smith approximately 30 to 40 days ago. When Browne questioned Smith about his investments, Smith said that he [Smith] invested his personal money and his family's money in the same spectrum investments and has the same questions and concerns as Browne. Smith said he [Smith] also tried to call Lynn Shelton, the attorney that facilitated the spectrum investment, but did not get a response.

Ex. Smith 264, at 2 (attached). This statement is inadmissible. Even if Mr. Smith told Mr. Browne in March 2019 that Mr. Smith had invested his personal money in the same spectrum investments as Browne and assuming (as the government may suggest) that this statement was false, the evidence is still irrelevant under Rule 401. The charged conspiracy ended in 2017 and the last wire charged in the indictment was in 2014. *See* ECF No. 1. Any misrepresentation in 2019 could not have been material to any decision to invest so it is irrelevant to the charges in the indictment.

Alleged after-the-fact misrepresentations are not only irrelevant, they carry a significant danger of unfair prejudice, confusing the issues, and misleading the jury. *See* Fed. R. Evid. 403 (authorizing exclusion of even "relevant evidence if its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, [or] misleading the jury"). The jury will be asked whether Mr. Smith intentionally made any *material* misrepresentations to potential investors. By definition, after-the-fact misrepresentations cannot be material. But if this evidence is admitted, the parties will

go back and forth about whether Mr. Smith did or did not make a misrepresentation. To be clear, Mr. Smith did not make any after-the-fact misrepresentations and will defend against such suggestions. But ultimately, whether he did or not is irrelevant to any question the jury will have to decide. If the government suggests that Mr. Smith is a liar, we will have a pitched battle over an alleged misrepresentation that is not relevant to the case. That is going to both confuse the issues, mislead the jury into thinking that after-the-fact misrepresentations are material to a question they are being asked, and unfairly prejudice Mr. Smith by essentially attacking his character in violation of Rule 404(a).

    We ask the Court to preclude the government from offering evidence designed to show that Mr. Smith made a misrepresentation after the end of the alleged conspiracies, after the conclusion of the alleged substantive offenses, or after the investor to whom the statement was made had already completed all allegedly fraudulent transactions.

Respectfully submitted,

AGHEE WILLIAM SMITH, II

By:_____/s/_____

Lindsay Jo McCaslin
VSB No. 78800

Andrew W. Grindrod
VSB 83943

Assistant Federal Public Defenders
Attorneys for Aghee William Smith, II
Office of the Federal Public Defender
150 Boush Street, Suite 403
Norfolk, Virginia 23510
Telephone: 757-457-0800
Telefax: 757-457-0880
Email:  lindsay_mccaslin@fd.org
       andrew_grindrod@fd.org