IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

*Norfolk Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:19cr47 |
| | ) | |
| DAVID ALCORN and | ) | |
| | ) | |
| AGHEE WILLIAM SMITH II, | ) | |
| | ) | |
| Defendants. | ) | |

<u>GOVERNMENT'S AMENDED PROPOSED JURY INSTRUCTIONS</u>

The United States of America respectfully asks the Court to include in its charge to the jury the following jury instructions and such other instructions as may become appropriate during the course of the trial.

I.   General Instructions

| <u>No.</u> | <u>Subject</u> | <u>Legal Authority</u> |
|---|---|---|
| 1. | Introduction to the Final Charge – Province of the Court and the Jury | O'Malley (6th ed.) § 12.01 |
| 2. | Judging the Evidence | O'Malley (6th ed.) § 12.02 |
| 3. | Evidence Received in the Case – Stipulations, Judicial Notice, and Inferences Permitted | O'Malley (6th ed.) § 12.03 |
| 4. | Direct and Circumstantial Evidence | O'Malley (6th ed.) § 12.04 |
| 5. | Inferences from the Evidence | O'Malley (6th ed.) § 12.05 |
| 6. | Jury's Recollection Controls | O'Malley (6th ed.) § 12.07 |
| 7. | The Question is Not Evidence | O'Malley (6th ed.) § 12.08 |
| 8. | Presumption of Innocence, Burden of Proof, and Reasonable Doubt | O'Malley (6th ed.) § 12.10 |
| 9. | Consider each Defendant and Each Count Separately | O'Malley (6th ed.) § 12.13 |

| | | |
|---|---|---|
| 10. | Objections and Rulings | O'Malley (6th ed.) § 11.03 |
| 11. | Court's Questions to Witnesses | O'Malley (6th ed.) § 11.05 |
| 12. | Court's Comments on Certain Evidence | O'Malley (6th ed.) § 11.06 |
| 13. | The Indictment is Not Evidence | O'Malley (6th ed.) § 13.04 |
| 14. | Opinion Evidence – the Expert Witness | O'Malley (6th ed.) § 14.01 |
| 15. | Charts and Summaries-Admitted | O'Malley (6th ed.) § 14.02 |
| 16. | Charts and Summaries- Not Admitted | O'Malley (6th ed.) § 14.02 |
| 17. | False Exculpatory Statements | O'Malley (6th ed.) § 14.06 |
| 18. | Recordings and Typewritten Transcripts | O'Malley (6th ed.) § 14.09 |
| 19. | Number of Witnesses Called is Not Controlling | O'Malley (6th ed.) § 14.16 |
| 20. | Credibility of Witnesses – Generally | O'Malley (6th ed.) § 15.01 |
| 21. | Credibility of Witnesses – Inconsistent Statement | O'Malley (6th ed.) § 15.06 |
| 22. | Credibility of Witnesses – Conviction of a Felony | O'Malley (6th ed.) § 15.07 |
| 23. | Credibility of Witnesses – The Defendant as a Witness | O'Malley (6th ed.) § 15.12 |
| 24. | Effect of the Defendant's Decision Not to Testify | O'Malley (6th ed.) § 15.14 |
| 25. | "In/On or About" – Explained | O'Malley (6th ed.) § 13.05 |
| 26. | Approximate Amount – Explained | O'Malley (6th ed.) § 13.06 |
| 27. | "Knowingly" – Defined | O'Malley (6th ed.) § 17.04 |
| 28. | "Willfully" – Defined | O'Malley (6th ed.) § 17.05 |
| 29. | Motive – Explained | O'Malley (6th ed.) § 17.06 |
| 30. | Proof of Knowledge or Intent | O'Malley (6th ed.) § 17.07 |
| 31. | Deliberate Ignorance – Explained | O'Malley (6th ed) § 17.09 |

| | | |
|---|---|---|
| 32. | Agent of the Defendant | O'Malley (6th ed.) § 18.03 |
| 33. | Personal Responsibility of Corporate Agent | Case Law |
| 34. | Relationship Between Violations of Civil Regulations And Criminal Law | Case Law |
| 35. | Rule 404(b) Evidence | Fed. R. Evid. 404(b) |
| 36. | Proof May Be Disjunctive | Case Law |
| 37. | Aiding and Abetting | O'Malley (6th ed.) § 18.01 |
| 38. | Causing Another to Do an Act | 18 U.S.C. § 2(b) |

## II. Offenses

### Conspiracy to Commit Mail and Wire Fraud, 18 U.S.C. § 1349 (Counts 1-2)

| | | |
|---|---|---|
| 39. | The Nature of the Offense Charged – Counts 1 and 2 | Indictment |
| 40. | The Statute Defining the Offense Charged – Counts 1 and 2 | 18 U.S.C. §§ 13413, 1343 1349 |
| 41. | The Essential Elements of the Offense Charged – Counts 1 and 2 | O'Malley (6th ed.) § 31.03 |

### Conspiracy Jury Instructions (Counts 1 and 2)

| | | |
|---|---|---|
| 42. | Conspiracy – Existence of An Agreement | O'Malley (6th ed.) § 31.04 |
| 43. | Conspiracy – Membership in an Agreement | O'Malley (6th ed.) § 31.05 |
| 44. | Conspiracy – Acts and Declarations of Conspirators | O'Malley (6th ed.) § 31.06 |
| 45. | Circumstantial Evidence – Conspiracy | Case Law |
| 46. | Conspirator's Liability | 5th Cir. Pattern JI 2.22 |
| 47. | Relationship Between Substantive Offense and Conspiracy To Commit Offense | Case Law |
| 48. | Success of Conspiracy Immaterial | O'Malley (6th ed.) § 31.08 |

| | | |
|---|---|---|
| 49. | Not Necessary to Prove All Falsehoods | L. Sand ¶ 44-4 |
| 50. | Unanimity – Explained | O'Malley (6th ed.) § 13.07 |

### Wire Fraud, 18 U.S.C. §§ 1343 and 2 (Counts 7-17)

| | | |
|---|---|---|
| 51. | The Nature of the Offense Charged – Counts 7-17 | Indictment |
| 52. | The Essential Elements of the Offense Charged – Counts 7-17 | O'Malley (6th ed.) § 47.07 |
| 53. | "Any Scheme or Artifice to Defraud" and "False or Fraudulent Pretenses, Representations or Promises" – Defined | O'Malley (6th ed.) § 47.13 |
| 54. | Intent to Defraud – Defined | O'Malley (6th ed.) § 47.14 |
| 55. | Materiality – Defined | O'Malley (6th ed.) § 16.11 |
| 56. | Use of Wire - Defined | L. Sand ¶ 44.01 |

### Unlawful Monetary Transactions, 18 U.S.C. §§ 1957 (Count 19)

| | | |
|---|---|---|
| 57. | The Nature of the Offense Charged – Count 19 | Indictment |
| 58. | The Essential Elements of the Offense Charged – Count 19 | L. Sand § 50A.06 |
| 59. | First Element – Engaging in a Monetary Transaction | L. Sand § 50A.06 |
| 60. | Second Element – Transaction Involved Criminally Derived Property | L. Sand § 50A.06 |
| 61. | Third Element – Property Derived from Specified Unlawful Activity | L. Sand § 50A.06 |
| 62. | Fourth Element – Knowledge | L. Sand § 50A.06 |
| 63. | Fifth Element – Transaction Took Place in the United States | L. Sand § 50A.06 |

### III. Closing Instructions

| | | |
|---|---|---|
| 64. | Verdict – Election of Foreperson – Duty to Deliberate – Unanimity – Punishment – Form of Verdict – Communication with the Court | O'Malley (6th ed.) § 20.01 |

65.    Verdict – Multiple Defendants – Single or              O'Malley (6th ed.) § 20.02
       Multiple Counts

                              Respectfully submitted,

                              Jessica D. Aber
                              United States Attorney

               By:    _____/s/_____
                              Elizabeth M. Yusi
                              Melissa E. O'Boyle
                              Andrew C. Bosse
                              Assistant United States Attorneys
                              Attorneys for the United States
                              United States Attorney's Office
                              101 West Main Street, Suite 8000
                              Norfolk, Virginia 23510
                              Office Number: (757) 441-6331
                              Facsimile Number: (757) 441-6689
                              E-Mail Address:   melissa.oboyle@usdoj.gov
                                                elizabeth.yusi@usdoj.gov
                                                andrew.bosse@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 25, 2022, I electronically filed the foregoing

Government's Amended Proposed Jury Instructions with the Clerk of Court using the CM/ECF

system, which will send a notification of such filing (NEF) to all counsel of record.


_____/s/_____
Elizabeth M. Yusi
Assistant United States Attorney

INSTRUCTION NO.  1

**INTRODUCTION TO THE FINAL CHARGE – PROVINCE OF THE COURT AND OF THE JURY**

MEMBERS OF THE JURY:

NOW THAT YOU HAVE HEARD ALL OF THE EVIDENCE THAT IS TO BE RECEIVED IN THIS TRIAL AND EACH OF THE ARGUMENTS OF COUNSEL IT BECOMES MY DUTY TO GIVE YOU THE FINAL INSTRUCTIONS OF THE COURT AS TO THE LAW THAT IS APPLICABLE TO THIS CASE. YOU SHOULD USE THESE INSTRUCTIONS TO GUIDE YOU IN YOUR DECISIONS.

ALL OF THE INSTRUCTIONS OF LAW GIVEN TO YOU BY THE COURT – THOSE GIVEN TO YOU AT THE BEGINNING OF THE TRIAL, THOSE GIVEN TO YOU DURING THE TRIAL, AND THESE FINAL INSTRUCTIONS – MUST GUIDE AND GOVERN YOUR DELIBERATIONS.

IT IS YOUR DUTY AS JURORS TO FOLLOW THE LAW AS STATED IN ALL OF THE INSTRUCTIONS OF THE COURT AND TO APPLY THESE RULES OF LAW TO THE FACTS AS YOU FIND THEM TO BE FROM THE EVIDENCE RECEIVED DURING THE TRIAL.

COUNSEL HAVE QUITE PROPERLY REFERRED TO SOME OF THE APPLICABLE RULES OF LAW IN THEIR CLOSING ARGUMENTS TO YOU.   IF, HOWEVER, ANY DIFFERENCE APPEARS TO YOU BETWEEN THE LAW AS STATED BY COUNSEL AND THAT AS STATED BY THE COURT IN THESE INSTRUCTIONS, YOU, OF COURSE, ARE TO BE GOVERNED BY THE INSTRUCTIONS GIVEN TO YOU BY THE COURT.

YOU ARE NOT TO SINGLE OUT ANY ONE INSTRUCTION ALONE AS STATING THE LAW BUT MUST CONSIDER THE INSTRUCTIONS AS A WHOLE IN REACHING YOUR DECISIONS.

NEITHER ARE YOU TO BE CONCERNED WITH THE WISDOM OF ANY RULE OF LAW STATED BY THE COURT.   REGARDLESS OF ANY OPINION YOU MAY HAVE AS TO WHAT THE LAW OUGHT TO BE, IT WOULD BE A VIOLATION OF YOUR SWORN DUTY TO BASE ANY PART OF YOUR VERDICT UPON ANY OTHER VIEW OR OPINION OF THE LAW THAN THAT GIVEN IN THESE INSTRUCTIONS OF THE COURT JUST AS IT WOULD BE A VIOLATION OF YOUR SWORN DUTY, AS THE JUDGES OF THE FACTS, TO BASE YOUR VERDICT UPON ANYTHING BUT THE EVIDENCE RECEIVED IN THE CASE.

YOU WERE CHOSEN AS JURORS FOR THIS TRIAL IN ORDER TO EVALUATE ALL OF THE EVIDENCE RECEIVED AND TO DECIDE EACH OF THE FACTUAL QUESTIONS PRESENTED BY THE ALLEGATIONS BROUGHT BY THE GOVERNMENT IN THE INDICTMENT AND THE PLEA OF NOT GUILTY BY EACH DEFENDANT.

IN RESOLVING THE ISSUES PRESENTED TO YOU FOR DECISION IN THIS TRIAL YOU MUST NOT BE PERSUADED BY BIAS, PREJUDICE, OR SYMPATHY FOR OR AGAINST ANY OF THE PARTIES TO THIS CASE OR BY ANY PUBLIC OPINION.

JUSTICE – THROUGH TRIAL BY JURY – DEPENDS UPON THE WILLINGNESS OF EACH INDIVIDUAL JUROR TO SEEK THE TRUTH FROM THE SAME EVIDENCE PRESENTED TO ALL THE JURORS HERE IN THE COURTROOM AND TO ARRIVE AT A VERDICT BY APPLYING THE SAME RULES OF LAW AS NOW BEING GIVEN TO EACH OF YOU IN THESE INSTRUCTIONS OF THE COURT.

<u>AUTHORITY</u>:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice and Instructions</u>, § 12.01 (6th ed. 2018), *available at* Westlaw.

INSTRUCTION NO. 2

**<u>JUDGING THE EVIDENCE</u>**

THERE IS NOTHING PARTICULARLY DIFFERENT IN THE WAY THAT A

JUROR SHOULD CONSIDER THE EVIDENCE IN A TRIAL FROM THAT IN WHICH ANY

REASONABLE AND CAREFUL PERSON WOULD DEAL WITH ANY VERY

IMPORTANT QUESTION THAT MUST BE RESOLVED BY EXAMINING FACTS,

OPINIONS, AND EVIDENCE.   YOU ARE EXPECTED TO USE YOUR GOOD SENSE IN

CONSIDERING AND EVALUATING THE EVIDENCE IN THE CASE.   USE THE

EVIDENCE ONLY FOR THOSE PURPOSES FOR WHICH IT HAS BEEN RECEIVED AND

GIVE SUCH EVIDENCE A REASONABLE AND FAIR CONSTRUCTION IN THE LIGHT

OF YOUR COMMON KNOWLEDGE OF THE NATURAL TENDENCIES AND

INCLINATIONS OF HUMAN BEINGS.

IF THE DEFENDANT BE PROVED GUILTY BEYOND A REASONABLE DOUBT,

SAY SO.   IF NOT PROVED GUILTY BEYOND A REASONABLE DOUBT, SAY SO.

KEEP CONSTANTLY IN MIND THAT IT WOULD BE A VIOLATION OF YOUR

SWORN DUTY TO BASE A VERDICT UPON ANYTHING OTHER THAN THE

EVIDENCE RECEIVED IN THE CASE AND THE INSTRUCTIONS OF THE COURT.

REMEMBER AS WELL THAT THE LAW NEVER IMPOSES UPON A DEFENDANT IN A

CRIMINAL CASE THE BURDEN OR DUTY OF CALLING ANY WITNESSES OR

PRODUCING ANY EVIDENCE BECAUSE THE BURDEN OF PROVING GUILT BEYOND

A REASONABLE DOUBT IS ALWAYS WITH THE GOVERNMENT.

<u>AUTHORITY</u>:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice</u>
<u>and Instructions</u>, § 12.02 (6th ed. 2018), *available at* Westlaw.

INSTRUCTION NO.  3

**EVIDENCE RECEIVED IN THE CASE – STIPULATIONS, JUDICIAL NOTICE, AND INFERENCES PERMITTED**

THE EVIDENCE IN THIS CASE CONSISTS OF THE SWORN TESTIMONY OF THE WITNESSES – REGARDLESS OF WHO MAY HAVE CALLED THEM – ALL EXHIBITS RECEIVED IN EVIDENCE – REGARDLESS OF WHO MAY HAVE PRODUCED THEM – ALL FACTS WHICH MAY HAVE BEEN AGREED TO OR STIPULATED AND ALL FACTS AND EVENTS WHICH MAY HAVE BEEN JUDICIALLY NOTICED.

WHEN THE ATTORNEYS ON BOTH SIDES STIPULATE OR AGREE AS TO THE EXISTENCE OF A FACT, YOU MUST ACCEPT THE STIPULATION AS EVIDENCE AND REGARD THAT FACT AS PROVED.

IF THE COURT DECLARES THAT IT HAS TAKEN JUDICIAL NOTICE OF SOME FACT OR EVENT, YOU MAY ACCEPT THE COURT'S DECLARATION AS EVIDENCE AND REGARD AS PROVED THE FACT OR EVENT WHICH HAS BEEN JUDICIALLY NOTICED.

ANY PROPOSED TESTIMONY OR PROPOSED EXHIBIT TO WHICH AN OBJECTION WAS SUSTAINED BY THE COURT AND ANY TESTIMONY OR EXHIBIT ORDERED STRICKEN BY THE COURT MUST BE ENTIRELY DISREGARDED BY YOU.

ANYTHING YOU MAY HAVE SEEN OR HEARD OUTSIDE THE COURTROOM IS NOT EVIDENCE AND MUST BE ENTIRELY DISREGARDED.

QUESTIONS, OBJECTIONS, STATEMENTS, AND ARGUMENTS OF COUNSEL ARE NOT EVIDENCE IN THE CASE, UNLESS MADE AS AN ADMISSION OR STIPULATION OF FACT.

YOU ARE TO BASE YOUR VERDICT ONLY ON THE EVIDENCE RECEIVED IN THE CASE.   IN YOUR CONSIDERATION OF THE EVIDENCE RECEIVED, HOWEVER, YOU ARE NOT LIMITED TO THE BALD STATEMENTS OF THE WITNESSES OR TO THE BALD ASSERTIONS IN THE EXHIBITS.   IN OTHER WORDS, YOU ARE NOT LIMITED SOLELY TO WHAT YOU SEE AND HEAR AS THE WITNESSES TESTIFY OR AS THE EXHIBITS ARE ADMITTED.   YOU ARE PERMITTED TO DRAW FROM THE FACTS WHICH YOU FIND HAVE BEEN PROVED SUCH REASONABLE INFERENCES AS YOU FEEL ARE JUSTIFIED IN THE LIGHT OF YOUR EXPERIENCE AND COMMON SENSE.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 12.03 (6th ed. 2018), *available at* Westlaw, modified in part, to correct misstatements in publication that the jury is "not required to" accept a stipulation or agreement as to the existence of a fact, or judicial notice of certain facts or events, as evidence; *see also* 1-5 L. Sand, *et al.*, Modern Federal Jury Instructions - Criminal, ¶ 5.02, Instruction 5-6 (2015), *available at* LexisNexis.

INSTRUCTION NO.  4

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

THERE ARE TWO TYPES OF EVIDENCE WHICH ARE GENERALLY PRESENTED DURING A TRIAL – DIRECT EVIDENCE AND CIRCUMSTANTIAL EVIDENCE.   DIRECT EVIDENCE IS THE TESTIMONY OF A PERSON WHO ASSERTS OR CLAIMS ACTUAL KNOWLEDGE OF A FACT, SUCH AS AN EYEWITNESS. CIRCUMSTANTIAL EVIDENCE IS PROOF OF A CHAIN OF FACTS AND CIRCUMSTANCES INDICATING THE EXISTENCE OF A FACT.   THE LAW MAKES NO DISTINCTION BETWEEN THE WEIGHT OR VALUE TO BE GIVEN TO EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE.   NOR IS A GREATER DEGREE OF CERTAINTY REQUIRED OF CIRCUMSTANTIAL EVIDENCE THAN OF DIRECT EVIDENCE.   YOU SHOULD WEIGH ALL THE EVIDENCE IN THE CASE.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 12.04 (6th ed. 2018), *available at* Westlaw.

INSTRUCTION NO.  5

**INFERENCES FROM THE EVIDENCE**

INFERENCES ARE SIMPLY DEDUCTIONS OR CONCLUSIONS WHICH REASON AND COMMON SENSE LEAD THE JURY TO DRAW FROM THE EVIDENCE RECEIVED IN THE CASE.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 12.05 (6th ed. 2018), *available at* Westlaw.

INSTRUCTION NO.  6

**<u>JURY'S RECOLLECTION CONTROLS</u>**

IF ANY REFERENCE BY THE COURT OR BY COUNSEL TO MATTERS OF TESTIMONY OR EXHIBITS DOES NOT COINCIDE WITH YOUR OWN RECOLLECTION OF THAT EVIDENCE, IT IS YOUR RECOLLECTION WHICH SHOULD CONTROL DURING YOUR DELIBERATIONS AND NOT THE STATEMENTS OF THE COURT OR OF COUNSEL.

YOU ARE THE SOLE JUDGES OF THE EVIDENCE RECEIVED IN THIS CASE.

<u>AUTHORITY</u>:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice and Instructions</u>, § 12.07 (6th ed. 2018), *available at* Westlaw.

INSTRUCTION NO.  7

**THE QUESTION IS NOT EVIDENCE**

THE QUESTIONS ASKED BY A LAWYER FOR EITHER PARTY TO THIS CASE ARE NOT EVIDENCE.   IF A LAWYER ASKS A QUESTION OF A WITNESS WHICH CONTAINS AN ASSERTION OF FACT, THEREFORE, YOU MAY NOT CONSIDER THE ASSERTION BY THE LAWYER AS ANY EVIDENCE OF THAT FACT.   ONLY THE ANSWERS ARE EVIDENCE.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 12.08 (6th ed. 2018), *available at* Westlaw.

INSTRUCTION NO.  8

**PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, AND REASONABLE DOUBT**

THE LAW PRESUMES A DEFENDANT TO BE INNOCENT OF CRIME.   THUS, THE DEFENDANT, ALTHOUGH ACCUSED OF CRIMES IN THE INDICTMENT, BEGINS THE TRIAL WITH A "CLEAN SLATE" – WITH NO EVIDENCE AGAINST HIM.   THE LAW PERMITS NOTHING BUT LEGAL EVIDENCE PRESENTED BEFORE THE JURY IN COURT TO BE CONSIDERED IN SUPPORT OF ANY CHARGE AGAINST THE DEFENDANT.   THE PRESUMPTION OF INNOCENCE ALONE, THEREFORE, IS SUFFICIENT TO ACQUIT THE DEFENDANT, UNLESS THE JURORS ARE SATISFIED BEYOND A REASONABLE DOUBT OF THE DEFENDANT'S GUILT AFTER CAREFUL AND IMPARTIAL CONSIDERATION OF ALL THE EVIDENCE IN THE CASE.

IT IS NOT REQUIRED THAT THE GOVERNMENT PROVE GUILT BEYOND ALL POSSIBLE DOUBT.   THE TEST IS ONE OF REASONABLE DOUBT.

THE JURY WILL REMEMBER THAT A DEFENDANT IS NEVER TO BE CONVICTED ON MERE SUSPICION OR CONJECTURE.

THE BURDEN OF PROOF IS UPON THE PROSECUTION TO PROVE GUILT BEYOND A REASONABLE DOUBT.   THIS BURDEN NEVER SHIFTS TO A DEFENDANT FOR THE LAW NEVER IMPOSES UPON A DEFENDANT IN A CRIMINAL CASE THE BURDEN OR DUTY OF CALLING ANY WITNESSES OR PRODUCING ANY EVIDENCE.

SO IF THE JURY, AFTER CAREFUL AND IMPARTIAL CONSIDERATION OF ALL THE EVIDENCE IN THE CASE, HAS A REASONABLE DOUBT THAT THE DEFENDANT IS GUILTY OF A CHARGE, IT MUST ACQUIT.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice and Instructions</u>, § 12.10 (6th ed. 2018), *available at* Westlaw (modified), amended to conform with present state of law that no specific definition of reasonable doubt be given.  *See United States v. Walton*, 207 F.3d 694, 695 (4th Cir. 2000); *United States v. Reives*, 15 F.3d 42, 45 (4th Cir. 1994); *United States v. Headspeth*, 852 F.2d 753, 755 (4th Cir. 1988); *United States v. Porter*, 821 F.2d 968, 972 (4th Cir. 1987); *United States v. Velazquez*, 847 F.2d 140, 142-43 (4th Cir. 1988); *United States v. Woods*, 812 F.2d 1483, 1487 (4th Cir. 1987); *United States v. Love*, 767 F.2d 1052, 1060 (4th Cir. 1985); *United States v. Moss*, 756 F.2d 329 (4th Cir. 1985).

INSTRUCTION NO.  9

**CONSIDER EACH COUNT AND EACH DEFENDANT SEPARATELY**

A SEPARATE CRIME IS ALLEGED AGAINST EACH OF THE DEFENDANTS IN EACH COUNT OF THE INDICTMENT.   EACH ALLEGED OFFENSE AND ANY EVIDENCE PERTAINING TO IT, SHOULD BE CONSIDERED SEPARATELY BY THE JURY.   THE FACT THAT YOU MAY FIND ONE DEFENDANT GUILTY OR NOT GUILTY OF ONE OF THE OFFENSES CHARGED SHOULD NOT CONTROL YOUR VERDICT AS TO ANY OTHER OFFENSE CHARGED AGAINST THAT DEFENDANT OR AGAINST ANY OTHER DEFENDANT.

YOU MUST GIVE SEPARATE AND INDIVIDUAL CONSIDERATION TO EACH CHARGE AGAINST EACH DEFENDANT.

AUTHORITY:    1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 12.13 (6th ed. 2018), *available at* Westlaw.

INSTRUCTION NO.  10

**OBJECTIONS AND RULINGS**

TESTIMONY AND/OR AN EXHIBIT CAN BE ADMITTED INTO EVIDENCE DURING A TRIAL ONLY IF IT MEETS CERTAIN CRITERIA OR STANDARDS.   IT IS THE SWORN DUTY OF THE ATTORNEY ON EACH SIDE OF THE CASE TO OBJECT WHEN THE OTHER SIDE OFFERS TESTIMONY OR AN EXHIBIT WHICH THAT ATTORNEY BELIEVES IS NOT PROPERLY ADMISSIBLE UNDER THE RULES OF LAW.   ONLY BY RAISING AN OBJECTION CAN A LAWYER REQUEST AND THEN OBTAIN A RULING FROM THE COURT ON THE ADMISSIBILITY OF THE EVIDENCE BEING OFFERED BY THE OTHER SIDE.   YOU SHOULD NOT BE INFLUENCED AGAINST AN ATTORNEY OR HIS CLIENT BECAUSE THE ATTORNEY HAS MADE AN OBJECTION.

DO NOT ATTEMPT, MOREOVER, TO INTERPRET MY RULINGS ON OBJECTIONS AS SOMEHOW INDICATING HOW I THINK YOU SHOULD DECIDE THIS CASE.   I AM SIMPLY MAKING A RULING ON A LEGAL QUESTION REGARDING THAT PARTICULAR PIECE OF TESTIMONY OR EXHIBIT.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 11.03 (6th ed. 2018), *available at* Westlaw.

INSTRUCTION NO.  11

**<u>COURT'S QUESTIONS TO WITNESSES</u>**

DURING THE COURSE OF A TRIAL, I MAY OCCASIONALLY ASK QUESTIONS OF A WITNESS.   DO NOT ASSUME THAT I HOLD ANY OPINION ON THE MATTERS TO WHICH MY QUESTIONS MAY RELATE.   THE COURT MAY ASK A QUESTION SIMPLY TO CLARIFY A MATTER – NOT TO HELP ONE SIDE OF THE CASE OR HURT THE OTHER SIDE.

REMEMBER AT ALL TIMES THAT YOU, AS JURORS, ARE THE SOLE JUDGES OF THE FACTS OF THIS CASE.

AUTHORITY: 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice and Instructions</u>, § 11.05 (6th ed. 2018), *available at* Westlaw.

INSTRUCTION NO.  12

**COURT'S COMMENTS ON CERTAIN EVIDENCE**

THE LAW OF THE UNITED STATES PERMITS A FEDERAL JUDGE TO

COMMENT TO THE JURY ON THE EVIDENCE IN A CASE. SUCH COMMENTS

ARE, HOWEVER, ONLY EXPRESSIONS OF MY OPINION AS TO THE FACTS AND

THE JURY MAY DISREGARD THEM ENTIRELY. YOU, AS JURORS, ARE THE

SOLE JUDGES OF THE FACTS IN THIS CASE. IT IS YOUR RECOLLECTION AND

EVALUATION OF THE EVIDENCE THAT IS IMPORTANT TO THE VERDICT IN

THIS CASE.

ALTHOUGH YOU MUST FOLLOW THE COURT'S INSTRUCTIONS

CONCERNING THE LAW APPLICABLE TO THIS CASE, YOU ARE TOTALLY FREE

TO ACCEPT OR REJECT MY OBSERVATIONS CONCERNING THE EVIDENCE

RECEIVED IN THE CASE.

AUTHORITY: 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice
and Instructions, § 11.06 (6th ed. 2018), *available at* Westlaw.

INSTRUCTION NO.  13

**THE INDICTMENT IS NOT EVIDENCE**

AN INDICTMENT IS ONLY A FORMAL METHOD USED BY THE GOVERNMENT TO ACCUSE A DEFENDANT OF A CRIME.   IT IS NOT EVIDENCE OF ANY KIND AGAINST THE DEFENDANTS.   THE DEFENDANTS ARE PRESUMED TO BE INNOCENT OF THE CRIMES CHARGED.   EVEN THOUGH THIS INDICTMENT HAS BEEN RETURNED AGAINST THE DEFENDANTS, THE DEFENDANTS BEGIN THIS TRIAL WITH ABSOLUTELY NO EVIDENCE AGAINST THEM.

THE DEFENDANTS HAVE PLED "NOT GUILTY" TO THIS INDICTMENT AND, THEREFORE, DENY THAT THEY ARE GUILTY OF THE CHARGES.

AUTHORITY: 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 13.04 (6th ed. 2018), *available at* Westlaw (amended for multiple defendants.).

INSTRUCTION NO.  14

**OPINION EVIDENCE – THE EXPERT WITNESS**

THE RULES OF EVIDENCE ORDINARILY DO NOT PERMIT WITNESSES TO TESTIFY AS TO THEIR OWN OPINIONS OR THEIR OWN CONCLUSIONS ABOUT IMPORTANT QUESTIONS IN A TRIAL.   AN EXCEPTION TO THIS RULE EXISTS AS TO THOSE PERSONS WHO ARE DESCRIBED AS "EXPERT WITNESSES."   AN "EXPERT WITNESS" IS SOMEONE WHO, BY EDUCATION OR BY EXPERIENCE, MAY HAVE BECOME KNOWLEDGEABLE IN SOME TECHNICAL, SCIENTIFIC, OR VERY SPECIALIZED AREA.   IF SUCH KNOWLEDGE OR EXPERIENCE MAY BE OF ASSISTANCE TO YOU IN UNDERSTANDING SOME OF THE EVIDENCE OR IN DETERMINING A FACT, AN "EXPERT WITNESS" IN THAT AREA MAY STATE AN OPINION AS TO A MATTER IN WHICH HE CLAIMS TO BE AN EXPERT.

YOU SHOULD CONSIDER EACH EXPERT OPINION RECEIVED IN EVIDENCE IN THIS CASE AND GIVE IT SUCH WEIGHT, IF ANY, AS YOU MAY THINK IT DESERVES.   YOU SHOULD CONSIDER THE TESTIMONY OF EXPERT WITNESSES JUST AS YOU CONSIDER OTHER EVIDENCE IN THIS CASE.   IF YOU SHOULD DECIDE THAT THE OPINION OF AN EXPERT WITNESS IS NOT BASED UPON SUFFICIENT EDUCATION OR EXPERIENCE, OR IF YOU SHOULD CONCLUDE THAT THE REASONS GIVEN IN SUPPORT OF THE OPINION ARE NOT SOUND, OR IF YOU SHOULD CONCLUDE THAT THE OPINION IS OUTWEIGHED BY OTHER EVIDENCE, YOU MAY DISREGARD THE OPINION IN PART OR IN ITS ENTIRETY.

AS I HAVE TOLD YOU SEVERAL TIMES, YOU – THE JURY – ARE THE SOLE

JUDGES OF THE FACTS OF THIS CASE.

AUTHORITY: 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice</u>
<u>and Instructions</u>, § 14.01 (6th ed. 2018), *available at* Westlaw.

INSTRUCTION NO. 15

**CHARTS AND SUMMARIES ADMITTED INTO EVIDENCE**

CHARTS OR SUMMARIES HAVE BEEN PREPARED BY THE

GOVERNMENT AND HAVE BEEN ADMITTED INTO EVIDENCE AND HAVE

BEEN SHOWN TO YOU DURING THE TRIAL FOR THE PURPOSE OF

EXPLAINING FACTS THAT ARE ALLEGEDLY CONTAINED IN BOOKS,

RECORDS, OR OTHER DOCUMENTS WHICH MAY OR MAY NOT BE IN

EVIDENCE IN THE CASE. YOU MAY CONSIDER THE CHARTS AND

SUMMARIES AS YOU WOULD ANY OTHER EVIDENCE ADMITTED DURING

THE TRIAL AND GIVE THEM SUCH WEIGHT OR IMPORTANCE, IF ANY, AS

YOU FEEL THEY DESERVE.

AUTHORITY: 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 14.02 (6th ed. 2018), *available at* Westlaw; *United States v. Oloyede*, 933 F.3d 302 (4th Cir. 2019).

INSTRUCTION NO.  16

**CHARTS AND SUMMARIES NOT ADMITTED INTO EVIDENCE**

CHARTS OR SUMMARIES HAVE BEEN PREPARED BY THE GOVERNMENT AND SHOWN TO YOU DURING THE TRIAL FOR THE PURPOSE OF EXPLAINING FACTS THAT ARE ALLEGEDLY CONTAINED IN BOOKS, RECORDS, AND OTHER DOCUMENTS WHICH ARE IN EVIDENCE IN THE CASE. SUCH CHARTS OR SUMMARIES ARE NOT EVIDENCE IN THIS TRIAL OR PROOF OF ANY FACT. IF YOU FIND THAT THESE CHARTS OR SUMMARIES DO NOT CORRECTLY REFLECT FACTS OR FIGURES SHOWN BY THE EVIDENCE IN THE CASE, YOU SHOULD DISREGARD THE CHARTS OR SUMMARIES.

IN OTHER WORDS, SUCH CHARTS OR SUMMARIES ARE USED ONLY AS A MATTER OF CONVENIENCE FOR YOU AND TO THE EXTENT THAT YOU FIND THEY ARE NOT, IN TRUTH, SUMMARIES OF FACTS OR FIGURES SHOWN BY THE EVIDENCE IN THE CASE, YOU CAN DISREGARD THEM ENTIRELY.

AUTHORITY: 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 14.02 (6th ed. 2018), *available at* Westlaw; *United States v. Oloyede*, 933 F.3d 302 (4th Cir. 2019).

INSTRUCTION NO. 17

**FALSE EXCULPATORY STATEMENTS**

STATEMENTS KNOWINGLY AND VOLUNTARILY MADE BY DEFENDANT UPON BEING INFORMED THAT A CRIME HAD BEEN COMMITTED OR UPON BEING ACCUSED OF A CRIMINAL CHARGE MAY BE CONSIDERED BY THE JURY.

WHEN A DEFENDANT VOLUNTARILY OFFERS AN EXPLANATION OR VOLUNTARILY MAKES SOME STATEMENT TENDING TO SHOW HIS INNOCENCE AND IT IS LATER SHOWN THAT THE DEFENDANT KNEW THAT THIS STATEMENT OR EXPLANATION WAS FALSE, THE JURY MAY CONSIDER THIS AS SHOWING A CONSCIOUSNESS OF GUILT ON THE PART OF A DEFENDANT SINCE IT IS REASONABLE TO INFER THAT AN INNOCENT PERSON DOES NOT USUALLY FIND IT NECESSARY TO INVENT OR FABRICATE AN EXPLANATION OR STATEMENT TENDING TO ESTABLISH HIS INNOCENCE.

WHETHER OR NOT EVIDENCE AS TO A DEFENDANT'S EXPLANATION OR STATEMENT POINTS TO A CONSCIOUSNESS OF GUILT ON HIS PART AND THE SIGNIFICANCE, IF ANY, TO BE ATTACHED TO ANY SUCH EVIDENCE, ARE MATTERS EXCLUSIVELY WITHIN THE PROVINCE OF THE JURY SINCE YOU ARE THE SOLE JUDGES OF THE FACTS OF THIS CASE.

IN YOUR EVALUATION OF EVIDENCE OF AN EXCULPATORY STATEMENT SHOWN TO BE FALSE, YOU MAY CONSIDER THAT THERE MAY BE REASONS— FULLY CONSISTENT WITH INNOCENCE—THAT COULD CAUSE A PERSON TO GIVE A FALSE STATEMENT SHOWING THAT HE DID NOT COMMIT A CRIME. FEAR OF LAW ENFORCEMENT, RELUCTANCE TO BECOME INVOLVED, AND SIMPLE

MISTAKE MAY CAUSE A PERSON WHO HAS COMMITTED NO CRIME TO GIVE

SUCH A STATEMENT OR EXPLANATION.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice and Instructions</u>, § 14.06 (6th ed. 2018), *available at* Westlaw.

INSTRUCTION NO. 18

**RECORDINGS AND TYPEWRITTEN TRANSCRIPTS**

RECORDINGS OF CONVERSATIONS HAVE BEEN RECEIVED IN EVIDENCE

AND HAVE BEEN PLAYED FOR YOU. TYPEWRITTEN TRANSCRIPTS OF THESE

RECORDED CONVERSATIONS HAVE BEEN FURNISHED TO YOU SOLELY FOR

YOUR CONVENIENCE IN ASSISTING YOU IN FOLLOWING THE CONVERSATION OR

IN IDENTIFYING THE SPEAKERS.

AUTHORITY: 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury
Practice and Instructions, § 14.09 (6th ed. 2018) (modified), *available at* Westlaw.

INSTRUCTION NO. 19

**<u>NUMBER OF WITNESSES CALLED IS NOT CONTROLLING</u>**

YOUR DECISION ON THE FACTS OF THIS CASE SHOULD NOT BE DETERMINED BY THE NUMBER OF WITNESSES TESTIFYING FOR OR AGAINST A PARTY. YOU SHOULD CONSIDER ALL THE FACTS AND CIRCUMSTANCES IN EVIDENCE TO DETERMINE WHICH OF THE WITNESSES YOU CHOOSE TO BELIEVE OR NOT BELIEVE. YOU MAY FIND THAT THE TESTIMONY OF A SMALLER NUMBER OF WITNESSES ON ONE SIDE IS MORE CREDIBLE THAN THE TESTIMONY OF A GREATER NUMBER OF WITNESSES ON THE OTHER SIDE.

<u>AUTHORITY</u>: 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice and Instructions</u>, § 14.16 (6th ed. 2018), *available at* Westlaw.

INSTRUCTION NO. 20

**<u>CREDIBILITY OF WITNESSES – GENERALLY</u>**

YOU, AS JURORS, ARE THE SOLE AND EXCLUSIVE JUDGES OF THE CREDIBILITY OF EACH OF THE WITNESSES CALLED TO TESTIFY IN THIS CASE AND ONLY YOU DETERMINE THE IMPORTANCE OR THE WEIGHT, IF ANY, THAT THEIR TESTIMONY DESERVES.   AFTER MAKING YOUR ASSESSMENT CONCERNING THE CREDIBILITY OF A WITNESS, YOU MAY DECIDE TO BELIEVE ALL OF THAT WITNESS' TESTIMONY, ONLY A PORTION OF IT, OR NONE OF IT.

IN MAKING YOUR ASSESSMENT OF THAT WITNESS YOU SHOULD CAREFULLY SCRUTINIZE ALL OF THE TESTIMONY GIVEN BY THAT WITNESS, THE CIRCUMSTANCES UNDER WHICH EACH WITNESS HAS TESTIFIED, AND ALL OF THE OTHER EVIDENCE WHICH TENDS TO SHOW WHETHER A WITNESS, IN YOUR OPINION, IS WORTHY OF BELIEF.   CONSIDER EACH WITNESS' INTELLIGENCE, MOTIVE TO FALSIFY, STATE OF MIND, AND APPEARANCE AND MANNER WHILE ON THE WITNESS STAND.   CONSIDER THE WITNESS' ABILITY TO OBSERVE THE MATTERS AS TO WHICH HE HAS TESTIFIED AND CONSIDER WHETHER HE IMPRESSES YOU AS HAVING AN ACCURATE MEMORY OR RECOLLECTION OF THESE MATTERS.   CONSIDER ALSO ANY RELATION A WITNESS MAY BEAR TO EITHER SIDE OF THE CASE, THE MANNER IN WHICH EACH WITNESS MIGHT BE AFFECTED BY YOUR VERDICT, AND THE EXTENT TO WHICH, IF AT ALL, EACH WITNESS IS EITHER SUPPORTED OR CONTRADICTED BY OTHER EVIDENCE IN THE CASE.

INCONSISTENCIES OR DISCREPANCIES IN THE TESTIMONY OF A WITNESS
OR BETWEEN THE TESTIMONY OF DIFFERENT WITNESSES MAY OR MAY NOT
CAUSE YOU TO DISBELIEVE OR DISCREDIT SUCH TESTIMONY.   TWO OR MORE
PERSONS WITNESSING AN INCIDENT OR A TRANSACTION MAY SIMPLY SEE OR
HEAR IT DIFFERENTLY.   INNOCENT MISRECOLLECTION, LIKE FAILURE OF
RECOLLECTION, IS NOT AN UNCOMMON HUMAN EXPERIENCE.   IN WEIGHING
THE EFFECT OF A DISCREPANCY, HOWEVER, ALWAYS CONSIDER WHETHER IT
PERTAINS TO A MATTER OF IMPORTANCE OR AN INSIGNIFICANT DETAIL AND
CONSIDER WHETHER THE DISCREPANCY RESULTS FROM INNOCENT ERROR OR
FROM INTENTIONAL FALSEHOOD.

AFTER MAKING YOUR OWN JUDGMENT OR ASSESSMENT CONCERNING
THE BELIEVABILITY OF A WITNESS, YOU CAN THEN ATTACH SUCH IMPORTANCE
OR WEIGHT TO THAT TESTIMONY, IF ANY, THAT YOU FEEL IT DESERVES.   YOU
WILL THEN BE IN A POSITION TO DECIDE WHETHER THE GOVERNMENT HAS
PROVEN THE CHARGES BEYOND A REASONABLE DOUBT.

AUTHORITY: 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 15.01 (6th ed. 2018), *available at* Westlaw.

INSTRUCTION NO. 21

**CREDIBILITY OF WITNESSES - INCONSISTENT STATEMENT**

THE TESTIMONY OF A WITNESS MAY BE DISCREDITED OR, AS WE SOMETIMES SAY, IMPEACHED BY SHOWING THAT HE PREVIOUSLY MADE STATEMENTS WHICH ARE DIFFERENT THAN OR INCONSISTENT WITH HIS TESTIMONY HERE IN COURT.   THE EARLIER INCONSISTENT OR CONTRADICTORY STATEMENTS ARE ADMISSIBLE ONLY TO DISCREDIT OR IMPEACH THE CREDIBILITY OF THE WITNESS AND NOT TO ESTABLISH THE TRUTH OF THESE EARLIER STATEMENTS MADE SOMEWHERE OTHER THAN HERE DURING THIS TRIAL.   IT IS THE PROVINCE OF THE JURY TO DETERMINE THE CREDIBILITY OF A WITNESS WHO HAS MADE PRIOR INCONSISTENT OR CONTRADICTORY STATEMENTS.

IF A PERSON IS SHOWN TO HAVE KNOWINGLY TESTIFIED FALSELY CONCERNING ANY IMPORTANT OR MATERIAL MATTER, YOU OBVIOUSLY HAVE A RIGHT TO DISTRUST THE TESTIMONY OF SUCH AN INDIVIDUAL CONCERNING OTHER MATTERS.   YOU MAY REJECT ALL OF THE TESTIMONY OF THAT WITNESS OR GIVE IT SUCH WEIGHT OR CREDIBILITY AS YOU MAY THINK IT DESERVES.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 15.06 (6th ed. 2018), *available at* Westlaw.

INSTRUCTION NO. 22

**CREDIBILITY OF WITNESSES – CONVICTION OF A FELONY**

THE TESTIMONY OF A WITNESS MAY BE DISCREDITED OR IMPEACHED BY EVIDENCE SHOWING THAT THE WITNESS HAS BEEN CONVICTED OF A FELONY, A CRIME FOR WHICH A PERSON MAY RECEIVE A PRISON SENTENCE OF MORE THAN ONE YEAR.

PRIOR CONVICTION OF A CRIME THAT IS A FELONY IS ONE OF THE CIRCUMSTANCES WHICH YOU MAY CONSIDER IN DETERMINING THE CREDIBILITY OF THAT WITNESS.

IT IS THE SOLE AND EXCLUSIVE RIGHT OF THE JURY TO DETERMINE THE WEIGHT TO BE GIVEN TO ANY PRIOR CONVICTION AS IMPEACHMENT AND THE WEIGHT TO BE GIVEN TO THE TESTIMONY OF ANYONE WHO HAS PREVIOUSLY BEEN CONVICTED OF A FELONY.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice and Instructions</u>, § 15.07 (6th ed. 2018), *available at* Westlaw

INSTRUCTION NO. 23

**CREDIBILITY OF WITNESSES – THE DEFENDANT AS A WITNESS**

YOU SHOULD JUDGE THE TESTIMONY OF THE DEFENDANT IN THE SAME

MANNER AS YOU JUDGE THE TESTIMONY OF ANY OTHER WITNESS IN THIS CASE.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice</u> <u>and Instructions</u>, § 15.12 (6th ed. 2018), *available at Westlaw*.

INSTRUCTION NO. 24

**EFFECT OF THE DEFENDANT'S DECISION NOT TO TESTIFY**

THE DEFENDANT IN A CRIMINAL CASE HAS AN ABSOLUTE RIGHT UNDER OUR CONSTITUTION NOT TO TESTIFY.

THE FACT THAT A DEFENDANT DID NOT TESTIFY MUST NOT BE DISCUSSED OR CONSIDERED IN ANY WAY WHEN DELIBERATING AND IN ARRIVING AT YOUR VERDICT.   NO INFERENCE OF ANY KIND MAY BE DRAWN FROM THE FACT THAT A DEFENDANT DECIDED TO EXERCISE HIS PRIVILEGE UNDER THE CONSTITUTION AND DID NOT TESTIFY.

AS STATED BEFORE, THE LAW NEVER IMPOSES UPON A DEFENDANT IN A CRIMINAL CASE THE BURDEN OR DUTY OF CALLING ANY WITNESSES OR OF PRODUCING ANY EVIDENCE.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 15.14 (6th ed. 2018), *available at* Westlaw.

INSTRUCTION NO. 25

**"ON/IN OR ABOUT" – EXPLAINED**

THE INDICTMENT CHARGES THAT THE OFFENSE ALLEGED WAS COMMITTED "ON/IN OR ABOUT" CERTAIN DATES.

ALTHOUGH IT IS NECESSARY FOR THE GOVERNMENT TO PROVE BEYOND A REASONABLE DOUBT THAT THE OFFENSE WAS COMMITTED ON DATES REASONABLY NEAR THE DATES ALLEGED, IT IS NOT NECESSARY FOR THE GOVERNMENT TO PROVE THAT THE OFFENSE WAS COMMITTED PRECISELY ON THE DATES CHARGED.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 13.05 (6th ed. 2018), *available at* Westlaw (modified).

INSTRUCTION NO. 26

**<u>APPROXIMATE AMOUNT—EXPLAINED</u>**

THE INDICTMENT ALLEGES THAT AN APPROXIMATE AMOUNT OF

MONEY WAS INVOLVED IN THE CRIME*S* CHARGED.

IT IS NOT NECESSARY FOR THE GOVERNMENT TO PROVE THE EXACT

OR PRECISE AMOUNT OF MONEY ALLEGED IN THE INDICTMENT.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice and Instructions,</u> § 13.06 (6th ed. 2018), *available at* Westlaw (modified).

INSTRUCTION NO. 27

**"KNOWINGLY" – DEFINED**

THE TERM "KNOWINGLY," AS USED IN THESE INSTRUCTIONS TO DESCRIBE

THE ALLEGED STATE OF MIND OF THE DEFENDANT, MEANS THAT HE WAS

CONSCIOUS AND AWARE OF HIS ACTIONS, REALIZED WHAT HE WAS DOING OR

WHAT WAS HAPPENING AROUND HIM, AND DID NOT ACT BECAUSE OF

IGNORANCE, MISTAKE, OR ACCIDENT.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 17.04 (6th ed. 2018), *available at* Westlaw

INSTRUCTION NO. 28

**<u>"WILLFULLY" – DEFINED</u>**

THE WORD "WILLFULLY" AS USED IN THESE INSTRUCTIONS TO DESCRIBE THE ALLEGED STATE OF MIND OF THE DEFENDANT, MEANS THAT HE KNOWINGLY PERFORMED AN ACT DELIBERATELY AND INTENTIONALLY, AS CONTRASTED WITH ACCIDENTALLY, CARELESSLY, OR UNINTENTIONALLY.

THE GOVERNMENT MAY PROVE THAT THE DEFENDANT ACTED "WILLFULLY" BY PROVING, BEYOND A REASONABLE DOUBT, THAT THE DEFENDANT ACTED WITH DELIBERATE DISREGARD OR PLAIN INDIFFERENCE TOWARD EITHER KNOWN LEGAL OBLIGATIONS OR THE GENERAL UNLAWFULNESS OF HIS ACTIONS.

YOU MAY INFER, BUT ARE NOT REQUIRED TO, THAT WHEN A DEFENDANT KNEW OF A SPECIFIC LEGAL OBLIGATION AND FAILED TO COMPLY OR KNEW GENERALLY THAT A FAILURE TO ACT WOULD BE UNLAWFUL, THAT HE WAS PLAINLY INDIFFERENT TO LEGAL REQUIREMENTS AND THEREFORE ACTED WILLFULLY. WHEN CONSIDERING WHETHER A FAILURE TO DO SOMETHING THE LAW REQUIRES WAS WILLFUL, YOU SHOULD BE MINDFUL THAT A SINGLE OR A FEW INADVERTENT FAILURES TO COMPLY WITH LEGAL REQUIREMENTS ARE NOT SUFFICIENT TO DEMONSTRATE PLAIN INDIFFERENCE.

HOWEVER, IF SUCH FAILURES CONTINUE OR INCREASE IN THE FACE OF CLEAR WARNINGS THAT DEFENDANT IS VIOLATING OR HAS VIOLATED THE LAW, YOU MAY INFER THAT A DEFENDANT IS DELIBERATELY DISREGARDING OR PLAINLY INDIFFERENT TO THE LEGAL REQUIREMENTS AND THUS IS

BEHAVING IN A CRIMINALLY WILLFUL MANNER. FOR EXAMPLE, WHERE A

DEFENDANT HAS BEEN INFORMED MULTIPLE TIMES BY AN ENFORCEMENT

OFFICIAL THAT CONDUCT VIOLATES THE LAW IN A SERIOUS MANNER AND THE

DEFENDANT CONTINUES TO ENGAGE IN THAT CONDUCT, YOU MAY INFER THAT

HIS BEHAVIOR IS WILLFUL WITHIN THE MEANING OF THE CRIMINAL LAW.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 17.05 (6th Ed. 2018), *available at* Westlaw; *Bryan v. United States*, 524 U.S. 184, 191, 194 (1988); *United States v. Blankenship*, 846 F.3d 663, 671–74 (4th Cir. 2017); *RSM, Inc. v. Herbert*, 466 F.3d 316, 320–23 (4th Cir. 2006).

INSTRUCTION NO. 29

**MOTIVE—EXPLAINED**

INTENT AND MOTIVE ARE DIFFERENT CONCEPTS AND SHOULD NEVER BE CONFUSED.

MOTIVE IS WHAT PROMPTS A PERSON TO ACT OR FAIL TO ACT. INTENT REFERS ONLY TO THE STATE OF MIND WITH WHICH THE ACT IS DONE OR OMITTED.

PERSONAL ADVANCEMENT AND FINANCIAL GAIN, FOR EXAMPLE, ARE TWO WELL-RECOGNIZED MOTIVES FOR MUCH OF HUMAN CONDUCT. THESE PRAISEWORTHY MOTIVES, HOWEVER, MAY PROMPT ONE PERSON TO VOLUNTARY ACTS OF GOOD WHILE PROMPTING ANOTHER PERSON TO VOLUNTARY ACTS OF CRIME.

GOOD MOTIVE ALONE IS NEVER A DEFENSE WHERE THE ACT DONE OR OMITTED IS A CRIME. THE MOTIVE OF THE DEFENDANT IS, THEREFORE, IMMATERIAL EXCEPT INSOFAR AS EVIDENCE OF MOTIVE MAY AID IN THE DETERMINATION OF STATE OF MIND OR THE INTENT OF THE DEFENDANT.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 17.06 (6th ed. 2018), *available at* Westlaw.

INSTRUCTION NO. 30

**<u>PROOF OF KNOWLEDGE OR INTENT</u>**

THE INTENT OF A PERSON OR THE KNOWLEDGE THAT A PERSON POSSESSES AT ANY GIVEN TIME MAY NOT ORDINARILY BE PROVED DIRECTLY BECAUSE THERE IS NO WAY OF DIRECTLY SCRUTINIZING THE WORKINGS OF THE HUMAN MIND.   IN DETERMINING THE ISSUE OF WHAT A PERSON KNEW OR WHAT A PERSON INTENDED AT A PARTICULAR TIME, YOU MAY CONSIDER ANY STATEMENTS MADE OR ACTS DONE BY THAT PERSON AND ALL OTHER FACTS AND CIRCUMSTANCES RECEIVED IN EVIDENCE WHICH MAY AID IN YOUR DETERMINATION OF THAT PERSON'S KNOWLEDGE OR INTENT.

YOU MAY INFER, BUT YOU ARE CERTAINLY NOT REQUIRED TO INFER, THAT A PERSON INTENDS THE NATURAL AND PROBABLE CONSEQUENCES OF ACTS KNOWINGLY DONE OR KNOWINGLY OMITTED.   IT IS ENTIRELY UP TO YOU, HOWEVER, TO DECIDE WHAT FACTS TO FIND FROM THE EVIDENCE RECEIVED DURING THIS TRIAL.

<u>AUTHORITY</u>:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice and Instructions</u>, § 17.07 (6th ed. 2018), *available at* Westlaw.

INSTRUCTION NO. 31

**<u>DELIBERATE IGNORANCE – EXPLAINED</u>**

THE GOVERNMENT MAY PROVE THAT THE DEFENDANT ACTED
"KNOWINGLY" BY PROVING, BEYOND A REASONABLE DOUBT, THAT THE
DEFENDANT DELIBERATELY CLOSED HIS EYES TO WHAT WOULD OTHERWISE
HAVE BEEN OBVIOUS TO HIM.   NO ONE CAN AVOID RESPONSIBILITY FOR A
CRIME BY DELIBERATELY IGNORING WHAT IS OBVIOUS.   A FINDING BEYOND A
REASONABLE DOUBT OF AN INTENT OF THE DEFENDANT TO AVOID
KNOWLEDGE OR ENLIGHTENMENT WOULD PERMIT THE JURY TO FIND
KNOWLEDGE.   STATED ANOTHER WAY, A PERSON'S KNOWLEDGE OF A
PARTICULAR FACT MAY BE SHOWN FROM A DELIBERATE OR INTENTIONAL
IGNORANCE OR DELIBERATE OR INTENTIONAL BLINDNESS TO THE EXISTENCE
OF THAT FACT.

IT IS, OF COURSE, ENTIRELY UP TO YOU AS TO WHETHER YOU FIND ANY
DELIBERATE IGNORANCE OR DELIBERATE CLOSING OF THE EYES AND ANY
INFERENCES TO BE DRAWN FROM ANY SUCH EVIDENCE.

YOU MAY NOT CONCLUDE THAT THE DEFENDANT HAD KNOWLEDGE,
HOWEVER, FROM PROOF OF A MISTAKE, NEGLIGENCE, CARELESSNESS, OR A
BELIEF IN AN INACCURATE PROPOSITION.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice
and Instructions</u>, § 17.09 (6th ed. 2015), *available at* Westlaw.

INSTRUCTION NO. 32

**<u>AGENT OF THE DEFENDANT</u>**

IT IS NOT NECESSARY FOR THE GOVERNMENT TO PROVE THAT THE DEFENDANT PERSONALLY DID EVERY ACT CONSTITUTING THE OFFENSES CHARGED.

AS A GENERAL RULE, WHATEVER ANY PERSON IS LEGALLY CAPABLE OF DOING HIMSELF, HE CAN DO THROUGH ANOTHER, ACTING AS HIS AGENT.

SO, IF THE ACTS OR CONDUCT OF ANOTHER IS DELIBERATELY ORDERED OR DIRECTED BY A DEFENDANT OR DELIBERATELY AUTHORIZED OR CONSENTED TO BY A DEFENDANT, THEN THE LAW HOLDS THAT DEFENDANT RESPONSIBLE FOR SUCH ACTS OR CONDUCT JUST THE SAME AS IF PERSONALLY DONE BY HIM.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice and Instructions</u>, § 18.03 (6th ed. 2018), *available at* Westlaw (modified).

INSTRUCTION NO. 33

**PERSONAL RESPONSIBILITY OF CORPORATE AGENT**

A PERSON IS RESPONSIBLE FOR ACTS WHICH HE PERFORMS, OR

CAUSES TO BE PERFORMED, ON BEHALF OF A CORPORATION, JUST AS HE IS

RESPONSIBLE FOR ACTS PERFORMED ON HIS OWN BEHALF. THIS IS SO EVEN

IF HE ACTED ON INSTRUCTIONS OF A SUPERIOR.

A SUPERIOR'S KNOWLEDGE, RATIFICATION OR CONSENT OF ACTS

PERFORMED IS NOT, PER SE, A DEFENSE TO THE CRIMES ALLEGED IN THE

INDICTMENT. IF A SUPERIOR'S KNOWLEDGE, RATIFICATION OR CONSENT

WAS A COMPLETE DEFENSE TO THE CRIMES ALLEGED IN THE INDICTMENT,

A SUPERIOR WOULD HAVE THE POWER TO SANITIZE CONDUCT THAT

WOULD OTHERWISE BE A CRIME.

INSTEAD, A SUPERIOR'S KNOWLEDGE, RATIFICATION OR CONSENT OF

ACTS PERFORMED IS AN EVIDENTIARY MATTER THAT MAY BE CONSIDERED

BY YOU AS EVIDENCE BEARING ON THE DEFENDANT'S INTENT.

AUTHORITY: Eighth Circuit, Model Criminal Jury Instructions, § 5.04 (2011); *United States v. Unruh*, 855 F.2d 1363, 1368 (9th Cir. 1987); *United States v. Cauble*, 706 F.2d 1322, 1353 (5th Cir. 1983); *United States v. Gallant*, 537 F.3d 1202, 1225 (10th Cir. 2008).

INSTRUCTION NO. 34

**RELATIONSHIP BETWEEN VIOLATIONS OF CIVIL REGULATIONS AND VIOLATIONS OF CRIMINAL LAW**

EVIDENCE HAS BEEN RECEIVED IN THIS CASE THAT CERTAIN REGULATORY STATUTES MAY HAVE BEEN VIOLATED DURING THE TIME ALLEGED IN THE INDICTMENT.   ALTHOUGH VIOLATIONS OF REGULATORY STATUTES MAY NOT BE CONSIDERED BY YOU AS VIOLATION OF CRIMINAL LAW, EVIDENCE OF VIOLATIONS OF CIVIL STATUTES OR REGULATIONS MAY BE CONSIDERED BY YOU AS ANY OTHER EVIDENCE IN DETERMINING WHETHER THE DEFENDANT HAD REQUIRED KNOWLEDGE AND INTENT TO VIOLATE CRIMINAL LAWS.

AUTHORITY: *United States v. Stefan*, 784 F.2d 1093, 1099 (11th Cir. 1986); *United States v. Harvard*, 103 F.3d 412, 422-23 (5th Cir. 1997).

INSTRUCTION NO. 35

**RULE 404(b) EVIDENCE**

YOU HAVE HEARD EVIDENCE THAT THE DEFENDANTS COMMITTED CERTAIN ACTS THAT MAY BE SIMILAR TO ACTS CHARGED IN THE INDICTMENT. YOU MAY NOT CONSIDER THIS EVIDENCE IN DECIDING IF THE DEFENDANT COMMITTED THE ACTS CHARGED IN THE INDICTMENT.   HOWEVER, YOU MAY CONSIDER THIS EVIDENCE FOR OTHER, VERY LIMITED PURPOSES, SUCH AS THE FOLLOWING:

TO PROVE THAT THE DEFENDANT HAD A MOTIVE OR THE OPPORTUNITY TO COMMIT THE CRIMES CHARGED IN THE INDICTMENT;

TO PROVE THAT THE DEFENDANT HAD THE STATE OF MIND OR THE INTENT NECESSARY TO COMMIT THE CRIMES CHARGED IN THE INDICTMENT;

TO PROVE THAT THE DEFENDANT ACTED ACCORDING TO A PLAN OR IN PREPARATION TO COMMIT THE CRIMES CHARGED IN THE INDICTMENT;

TO PROVE THAT THE DEFENDANT KNEW WHAT HE WAS DOING WHEN HE COMMITTED THE CRIMES CHARGED IN THE INDICTMENT; OR

TO PROVE THAT THE DEFENDANT DID NOT COMMIT THE CRIMES CHARGED IN THE INDICTMENT BY MISTAKE OR ACCIDENT.

DO NOT CONCLUDE FROM THIS EVIDENCE THAT THE DEFENDANT HAS BAD CHARACTER IN GENERAL OR THAT BECAUSE THE DEFENDANT MAY HAVE COMMITTED OTHER SIMILAR ACTS THAT IT IS MORE LIKELY THAT HE COMMITTED THE CRIMES WITH WHICH HE IS CURRENTLY CHARGED.

AUTHORITY:   Fed. R. Evid. 404(b); Eric Wm. Ruschky, <u>Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina</u>, at 671 (2018 online ed.) (modified).

INSTRUCTION NO. 36

**<u>PROOF MAY BE DISJUNCTIVE</u>**

THE COURT INSTRUCTS THE JURY THAT ALTHOUGH THE INDICTMENT MAY CHARGE THE DEFENDANT WITH COMMITTING AN OFFENSE IN SEVERAL WAYS, USING CONJUNCTIVE LANGUAGE (THAT IS, "AND"), IT IS SUFFICIENT IF THE GOVERNMENT PROVES THE OFFENSE IN THE DISJUNCTIVE (THAT IS, "OR"). THAT IS TO SAY, THE JURY MAY CONVICT ON A UNANIMOUS FINDING OF ANY OF THE ELEMENTS OF A CONJUNCTIVELY CHARGED OFFENSE.

THEREFORE, I INSTRUCT YOU THAT IT IS NOT NECESSARY FOR THE GOVERNMENT TO PROVE THAT THE DEFENDANT DID EACH OF THOSE THINGS, NAMED IN THAT PARTICULAR COUNT OF THE INDICTMENT.   IT IS SUFFICIENT IF THE GOVERNMENT PROVES BEYOND A REASONABLE DOUBT THAT THE DEFENDANT DID ONE OF THE ALTERNATIVE ACTS AS CHARGED, AS LONG AS YOU ALL AGREE THAT THE SAME PARTICULAR ALTERNATIVE ACT WAS COMMITTED BY THE DEFENDANT, AND THAT EVERY ELEMENT OF THE OFFENSE HAS BEEN PROVEN BEYOND A REASONABLE DOUBT.

AUTHORITY:   *United States v. Simpson*, 228 F.3d 1294, 1300 (11th Cir. 2000) (explaining that, where an indictment charges in the conjunctive several means of violating a statute, a conviction may be obtained on proof of only one of the means, and the jury instruction may be properly framed in the disjunctive); *United States v. Rhynes*, 196 F.3d 207, 242, (4th Cir. 1999) (explaining that, when a statute is worded in the disjunctive, federal pleading requires the government to charge in the conjunctive, but the district court can instruct the jury in the disjunctive), *reversed in part on other grounds*, 218 F.3d 310 (2000) (*en banc*).

INSTRUCTION NO. 37

**<u>AIDING AND ABETTING – EXPLAINED</u>**

A PERSON MAY VIOLATE THE LAW EVEN THOUGH HE OR DOES
NOT PERSONALLY DO EACH AND EVERY ACT CONSTITUTING THE
OFFENSE IF THAT PERSON "AIDED AND ABETTED" THE COMMISSION OF
THE OFFENSE.

SECTION 2(a) OF TITLE 18 OF THE UNITED STATES CODE PROVIDES:

"WHOEVER COMMITS AN OFFENSE AGAINST THE UNITED
STATES OR AIDS, ABETS, COUNSELS, COMMANDS, INDUCES OR
PROCURES ITS COMMISSION, IS PUNISHABLE AS A PRINCIPAL."

BEFORE A DEFENDANT MAY BE HELD RESPONSIBLE FOR AIDING AND
ABETTING OTHERS IN THE COMMISSION OF A CRIME, IT IS NECESSARY THAT
THE GOVERNMENT PROVE BEYOND A REASONABLE DOUBT THAT THE
DEFENDANT KNOWINGLY AND DELIBERATELY ASSOCIATED HIMSELF IN
SOME WAY WITH THE CRIME CHARGED AND PARTICIPATED IN IT WITH THE
INTENT TO COMMIT THE CRIME.

IN ORDER TO BE FOUND GUILTY OF AIDING AND ABETTING THE
COMMISSION OF THE CRIMES CHARGED IN COUNTS SEVEN THROUGH
SEVENTEEN –WIRE FRAUD – OF THE INDICTMENT, THE GOVERNMENT
MUST PROVE BEYOND A REASONABLE DOUBT THAT THE DEFENDANT:

ONE, KNEW THAT THE CRIME CHARGED WAS TO BE COMMITTED OR WAS
BEING COMMITTED,

TWO, KNOWINGLY DID SOME ACT FOR THE PURPOSE OF AIDING, COMMANDING OR ENCOURAGING THE COMMISSION OF THAT CRIME, AND

THREE, ACTED WITH THE INTENTION OF CAUSING THE CRIME CHARGED TO BE COMMITTED.

BEFORE THE DEFENDANT MAY BE FOUND GUILTY AS AN AIDER OR AN ABETTOR TO THE CRIME, THE GOVERNMENT MUST ALSO PROVE, BEYOND A REASONABLE DOUBT, THAT SOME PERSON OR PERSONS COMMITTED EACH OF THE ESSENTIAL ELEMENTS OF THE OFFENSES CHARGED IN COUNTS SEVEN THROUGH SEVENTEEN – WIRE FRAUD OF THE INDICTMENT.

MERELY BEING PRESENT AT THE SCENE OF THE CRIME OR MERELY KNOWING THAT A CRIME IS BEING COMMITTED OR IS ABOUT TO BE COMMITTED IS NOT SUFFICIENT CONDUCT FOR THE JURY TO FIND THAT A DEFENDANT AIDED AND ABETTED THE COMMISSION OF THAT CRIME.

THE GOVERNMENT MUST PROVE THAT THE DEFENDANT KNOWINGLY AND DELIBERATELY ASSOCIATED HIMSELF WITH THE CRIME IN SOME WAY AS A PARTICIPANT—SOMEONE WHO WANTED THE CRIME TO BE COMMITTED—NOT AS A MERE SPECTATOR.

AUTHORITY: 1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, Section 18.01 (6th ed. 2018).

INSTRUCTION NO. 38

**CAUSING ANOTHER TO DO AN ACT - 18 U.S.C. § 2(b)**

A DEFENDANT NEED NOT COMMIT ALL THE ACTS CONSTITUTING

AN OFFENSE IN ORDER TO BE GUILTY OF IT. TITLE 18, SECTION 2(B) OF THE

UNITED STATES CODE STATES:

> WHOEVER WILLFULLY CAUSES AN ACT TO BE DONE
> WHICH IF DIRECTLY PERFORMED BY HIM OR ANOTHER
> WOULD BE AN OFFENSE AGAINST THE UNITED STATES
> [IS GUILTY OF AN OFFENSE].

IN OTHER WORDS, A DEFENDANT CAN BE GUILTY OF AN OFFENSE IF

THE DEFENDANT CAUSES ANOTHER PERSON TO TAKE AN ACTION, WHICH

IF THE DEFENDANT HAD DONE THE ACT HIMSELF, WOULD HAVE MADE

THE DEFENDANT GUILTY OF THE OFFENSE.

IN THIS REGARD, IT DOES NOT MATTER WHETHER THE OTHER

PERSON HIMSELF WAS KNOWINGLY INVOLVED IN THE OFFENSE OR

WAS JUST AN INNOCENT PARTY.

THE DEFENDANT, HOWEVER, MUST HAVE WILLFULLY CAUSED THE

OTHER PERSON TO TAKE THE ACTION, WHICH IF THE DEFENDANT HAD

DONE IT HIMSELF, WOULD HAVE MADE THE DEFENDANT GUILTY.

THIS MEANS THAT THE DEFENDANT MUST HAVE DONE AN ACT

EITHER WITH KNOWLEDGE THAT THE OTHER PERSON'S ACT WOULD

FOLLOW IN THE ORDINARY COURSE OF BUSINESS, OR WHERE THE

OTHER PERSON'S ACT COULD REASONABLY HAVE BEEN FORESEEN.

<u>AUTHORITY</u>: *United States v. Walser*, 3 F.3d 387, 388 (11th Cir. 1993) ("[A]n individual is criminally culpable for causing an intermediary to commit a criminal act even though the intermediary has no criminal intent and is innocent of the substantive crime."); *United States v. Causey*, 835 F.2d 1289, 1292 (9th Cir. 1987); *United States v. Cantena*, 500 F.2d 1319, 1323 (3rd Cir.), <u>cert. denied</u>, 419 U.S. 1047 (1974); *Pereira v. United States*, 374 U.S. 1, 8-9 (1954) (Court applies 18 U.S.C. §2(b) and holds that "where one does an act with knowledge that the use of the mails will follow in the ordinary course of business, or where such use can reasonably be foreseen, even though not actually intended, then he 'causes' the mails to be used.").

INSTRUCTION NO. 39

**THE NATURE OF THE OFFENSE: COUNTS ONE AND TWO - CONSPIRACY TO COMMIT MAIL AND WIRE FRAUD**

COUNTS ONE AND TWO OF THE INDICTMENT CHARGES THAT FROM IN OR ABOUT JANUARY 2011 THROUGH IN OR ABOUT AUGUST 2014, IN THE EASTERN DISTRICT OF VIRGINIA AND ELSEWHERE, DEFENDANTS DAVID ALCORN AND AGHEE WILLIAM SMITH II, AND OTHERS KNOWN AND UNKNOWN, KNOWINGLY AND INTENTIONALLY COMBINED, CONSPIRED, CONFEDERATED AND AGREED TO COMMIT THE FOLLOWING OFFENSES AGAINST THE UNITED STATES:

(a)     MAIL FRAUD:  DEFENDANTS, AND OTHERS KNOWN AND UNKNOWN, HAVING DEVISED A SCHEME AND ARTIFICE TO DEFRAUD AND TO OBTAIN MONEY AND PROPERTY BY MEANS OF MATERIALLY FALSE AND FRAUDULENT PRETENSES, REPRESENTATIONS AND PROMISES, DID KNOWINGLY PLACE AND CAUSED TO BE PLACED IN ANY POST OFFICE AND AUTHORIZED DEPOSITORY FOR MAIL, ANY MATTER AND THING WHATEVER TO BE SENT AND DELIVERED BY THE POSTAL SERVICE; DID DEPOSIT AND CAUSED TO BE DEPOSITED ANY MATTER AND THING WHATEVER TO BE SENT AND DELIVERED BY ANY PRIVATE AND COMMERCIAL INTERSTATE CARRIER; AND CAUSED TO BE DELIVERED BY MAIL AND SUCH CARRIER ANY MATTER AND THING WHATEVER ACCORDING TO THE DIRECTION THEREON, IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION 1341; AND

(b)     WIRE FRAUD: DEFENDANTS, AND OTHERS KNOWN AND UNKNOWN, HAVING DEVISED A SCHEME AND ARTIFICE TO DEFRAUD AND TO OBTAIN MONEY AND PROPERTY BY MEANS OF MATERIALLY FALSE AND FRAUDULENT

PRETENSES, REPRESENTATIONS, AND PROMISES, DID TRANSMIT AND CAUSE TO

BE TRANSMITTED BY MEANS OF WIRE COMMUNICATION IN INTERSTATE

COMMERCE WRITINGS, SIGNS, SIGNALS, PICTURES, AND SOUNDS FOR THE

PURPOSE OF EXECUTION OF SUCH SCHEME AND ARTIFICE, IN VIOLATION OF

TITLE 18, UNITED STATES CODE, SECTION 1343.

THE PURPOSE OF THE CONSPIRACY WAS FOR DAVID ALCORN, AGHEE

WILLIAM SMITH II, AND OTHERS TO PERSONALLY PROFIT BY MISLEADING

INVESTORS IN MATERIAL WAYS AN INVESTMENT IN DENTAL SUPPORT PLUS

FRANCHISE, IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTIONS 1349,

1341, 1343.

AUTHORITY: Indictment

INSTRUCTION NO. 40

**THE STATUTE DEFINING THE OFFENSE CHARGED – COUNTS ONE AND TWO**

TITLE 18, UNITED STATES CODE, CHAPTER 63, SECTION 1349 PROVIDES IN PERTINENT PART:

ANY PERSON WHO . . . CONSPIRES TO COMMIT ANY OFFENSE UNDER THIS CHAPTER SHALL BE SUBJECT TO THE SAME PENALTIES AS THOSE PROSCRIBED FOR THE OFFENSE, THE COMMISSION OF WHICH WAS THE OBJECT OF THE . . . CONSPIRACY.

IN TURN, TITLE 18, UNITED STATES CODE, CHAPTER 63, SECTION 1341 PROVIDES IN PERTINENT PART:

WHOEVER, HAVING DEVISED OR INTENDING TO DEVISE ANY SCHEME OR ARTIFICE TO DEFRAUD, OR FOR OBTAINING MONEY OR PROPERTY BY MEANS OF FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES . . . FOR THE PURPOSE OF EXECUTING SUCH SCHEME OR ARTIFICE . . . PLACES IN ANY POST OFFICE OR AUTHORIZED DEPOSITORY FOR MAIL MATTER, ANY MATTER OR THING WHATEVER TO BE SENT OR DELIVERED BY THE POSTAL SERVICE, OR DEPOSITS OR CAUSES TO BE DEPOSITED ANY MATTER OR THING WHATEVER TO BE SENT OR DELIVERED BY ANY PRIVATE OR COMMERCIAL INTERSTATE CARRIER, OR KNOWINGLY CAUSES TO BE DELIVERED BY MAIL OR SUCH CARRIER ACCORDING TO THE DIRECTION THEREON . . .SHALL BE . . .

GUILTY OF AN OFFENSE AGAINST THE UNITED STATES.

IN TURN, TITLE 18, UNITED STATES CODE, CHAPTER 63, SECTION 1343

PROVIDES IN PERTINENT PART:

WHOEVER, HAVING DEVISED OR INTENDING TO DEVISE ANY

SCHEME OR ARTIFICE TO DEFRAUD, OR FOR OBTAINING MONEY OR

PROPERTY BY MEANS OF FALSE OR FRAUDULENT PRETENSES,

REPRESENTATIONS, OR PROMISES,   TRANSMITS OR CAUSES TO BE

TRANSMITTED, BY MEANS OF WIRE . . . COMMUNICATION IN

INTERSTATE OR FOREIGN COMMERCE, ANY WRITINGS, SIGNS,

SIGNALS, PICTURES, OR SOUNDS FOR THE PURPOSE OF EXECUTING

SUCH SCHEME OR ARTIFICE, SHALL BE . . .

GUILTY OF AN OFFENSE AGAINST THE UNITED STATES.

AUTHORITY: 18 U.S.C. §§ 1341, 1343, 1349.

INSTRUCTION NO. 41

## THE ESSENTIAL ELEMENTS OF THE OFFENSE CHARGED: COUNTS ONE AND TWO

TO PROVE A CONSPIRACY AS CHARGED IN COUNTS ONE AND TWO, THE

GOVERNMENT MUST PROVE THREE ESSENTIAL ELEMENTS BEYOND A

REASONABLE DOUBT:

FIRST: THAT THE CONSPIRACY, AGREEMENT, OR UNDERSTANDING
TO COMMIT MAIL OR WIRE FRAUD, AS CHARGED IN THE
INDICTMENT, WAS FORMED, REACHED, OR ENTERED INTO BY
TWO OR MORE PERSONS;

SECOND: THAT AT SOME TIME DURING THE EXISTENCE OR LIFE OF THE
CONSPIRACY, AGREEMENT, OR UNDERSTANDING, THE
DEFENDANT YOU ARE CONSIDERING KNEW THE PURPOSE OF
THE AGREEMENT; AND

THIRD: THAT WITH KNOWLEDGE OF THE PURPOSE OF THE
CONSPIRACY, AGREEMENT, OR UNDERSTANDING, THE
DEFENDANT YOU ARE CONSIDERING THEN DELIBERATELY
JOINED THE CONSPIRACY, AGREEMENT, OR UNDERSTANDING.

AUTHORITY:   2 Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 31.03 (6th ed. 2015), *available at* Westlaw (modified) (omitting overt-act requirement); *Whitfield v. United States*, 543 U.S. 209, 214 (2005) (no overt act requirement where not explicitly stated); *United States v. Shabani*, 513 U.S. 10, 15 (1994) (same).

INSTRUCTION NO. 42

**CONSPIRACY – EXISTENCE OF AN AGREEMENT (COUNTS ONE AND TWO)**

A CRIMINAL CONSPIRACY IS AN AGREEMENT OR A MUTUAL UNDERSTANDING KNOWINGLY MADE OR KNOWINGLY ENTERED INTO BY AT LEAST TWO PEOPLE TO VIOLATE THE LAW BY SOME JOINT OR COMMON PLAN OR COURSE OF ACTION.   A CONSPIRACY IS, IN A VERY TRUE SENSE, A PARTNERSHIP IN CRIME.

A CONSPIRACY OR AGREEMENT TO VIOLATE THE LAW, LIKE ANY OTHER KIND OF AGREEMENT OR UNDERSTANDING, NEED NOT BE FORMAL, WRITTEN, OR EVEN EXPRESSED DIRECTLY IN EVERY DETAIL.

THE GOVERNMENT MUST PROVE THAT DEFENDANT AND AT LEAST ONE OTHER PERSON KNOWINGLY AND DELIBERATELY ARRIVED AT AN AGREEMENT OR UNDERSTANDING THAT THEY, AND PERHAPS OTHERS, WOULD VIOLATE SOME LAW BY MEANS OF SOME COMMON PLAN OR COURSE OF ACTION AS ALLEGED IN COUNTS ONE AND TWO OF THE INDICTMENT. IT IS PROOF OF THIS CONSCIOUS UNDERSTANDING AND DELIBERATE AGREEMENT BY THE ALLEGED MEMBERS THAT SHOULD BE CENTRAL TO YOUR CONSIDERATION OF THE CHARGE OF CONSPIRACY.

TO PROVE THE EXISTENCE OF A CONSPIRACY OR AN ILLEGAL AGREEMENT, THE GOVERNMENT IS NOT REQUIRED TO PRODUCE A WRITTEN CONTRACT BETWEEN THE PARTIES OR EVEN PRODUCE EVIDENCE OF AN EXPRESS ORAL AGREEMENT SPELLING OUT ALL OF THE DETAILS OF THE UNDERSTANDING. TO PROVE THAT A CONSPIRACY EXISTED, MOREOVER, THE

GOVERNMENT IS NOT REQUIRED TO SHOW THAT ALL OF THE PEOPLE NAMED IN THE INDICTMENT AS MEMBERS OF THE CONSPIRACY WERE, IN FACT, PARTIES TO THE AGREEMENT, OR THAT ALL OF THE MEMBERS OF THE ALLEGED CONSPIRACY WERE NAMED OR CHARGED, OR THAT ALL OF THE PEOPLE WHOM THE EVIDENCE SHOWS WERE ACTUALLY MEMBERS OF A CONSPIRACY AGREED TO ALL OF THE MEANS OR METHODS SET OUT IN THE INDICTMENT.

UNLESS THE GOVERNMENT PROVES BEYOND A REASONABLE DOUBT THAT A CONSPIRACY, AS JUST EXPLAINED, ACTUALLY EXISTED, THEN YOU MUST ACQUIT THE DEFENDANT OF THE CONSPIRACY CHARGES CONTAINED IN COUNTS ONE AND TWO OF THE INDICTMENT.

AUTHORITY: 18 U.S.C. § 1349; 2 Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 31.04 (6th ed. 2018), *available at* Westlaw.

INSTRUCTION NO. 43

**CONSPIRACY - MEMBERSHIP IN AN AGREEMENT (COUNTS ONE AND TWO)**

BEFORE THE JURY MAY FIND THAT THE DEFENDANT, OR ANY OTHER PERSON, BECAME A MEMBER OF THE CONSPIRACY CHARGED IN COUNTS ONE AND TWO OF THE INDICTMENT, THE EVIDENCE IN THE CASE MUST SHOW BEYOND A REASONABLE DOUBT THAT THE DEFENDANT KNEW THE PURPOSE OR GOAL OF THE AGREEMENT OR UNDERSTANDING AND DELIBERATELY ENTERED INTO THE AGREEMENT INTENDING, IN SOME WAY, TO ACCOMPLISH THE GOAL OR PURPOSE BY THIS COMMON PLAN OR JOINT ACTION. IF THE EVIDENCE ESTABLISHES BEYOND A REASONABLE DOUBT THAT THE DEFENDANT KNOWINGLY AND DELIBERATELY ENTERED INTO AN AGREEMENT TO COMMIT THE OFFENSE AS ALLEGED IN COUNTS ONE AND TWO OF THE INDICTMENT, THE FACT THAT THE DEFENDANT DID NOT JOIN THE AGREEMENT AT ITS BEGINNING, OR DID NOT KNOW ALL OF THE DETAILS OF THE AGREEMENT, OR DID NOT PARTICIPATE IN EACH ACT OF THE AGREEMENT, OR DID NOT PLAY A MAJOR ROLE IN ACCOMPLISHING THE UNLAWFUL GOAL IS NOT IMPORTANT TO YOUR DECISION REGARDING MEMBERSHIP IN THE CONSPIRACY.

MERELY ASSOCIATING WITH OTHERS AND DISCUSSING COMMON GOALS, MERE SIMILARITY OF CONDUCT BETWEEN OR AMONG SUCH PERSONS, MERELY BEING PRESENT AT THE PLACE WHERE A CRIME TAKES PLACE OR IS DISCUSSED, OR EVEN KNOWING ABOUT CRIMINAL CONDUCT

DOES NOT, OF ITSELF, MAKE SOMEONE A MEMBER OF THE CONSPIRACY OR

A CONSPIRATOR.

AUTHORITY: 18 U.S.C. § 1349; 2 Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 31.05 (6th ed. 2018), *available at* Westlaw.

INSTRUCTION NO. 44

**CONSPIRACY – ACTS AND DECLARATIONS OF CONSPIRATORS (COUNTS ONE AND TWO)**

EVIDENCE HAS BEEN RECEIVED IN THIS CASE THAT CERTAIN PERSONS WHO ARE ALLEGED IN COUNTS ONE AND TWO OF THE INDICTMENT TO BE A CONSPIRATOR OF THE DEFENDANT AND OTHER UNNAMED CONSPIRATORS HAVE DONE OR SAID THINGS DURING THE EXISTENCE OR LIFE OF THE ALLEGED CONSPIRACY IN ORDER TO FURTHER OR ADVANCE ITS GOALS.

SUCH ACTS AND STATEMENTS OF THESE CONSPIRATORS AND OTHER INDIVIDUALS MAY BE CONSIDERED BY YOU IN DETERMINING WHETHER OR NOT THE GOVERNMENT HAS PROVEN COUNTS ONE AND TWO OF THE INDICTMENT AGAINST DEFENDANTS DAVID ALCORN AND AGHEE WILLIAM SMITH II, SINCE THESE ACTS MAY HAVE BEEN PERFORMED AND THESE STATEMENTS MAY HAVE BEEN MADE OUTSIDE THE PRESENCE OF DEFENDANTS DAVID ALCORN AND AGHEE WILLIAM SMITH II, AND EVEN SAID OR DONE WITHOUT THE DEFENDANTS' KNOWLEDGE, THESE ACTS OR STATEMENTS SHOULD BE EXAMINED WITH PARTICULAR CARE BY YOU BEFORE CONSIDERING THEM AGAINST THE DEFENDANT WHO DID NOT DO THE PARTICULAR ACT OR MAKE THE PARTICULAR STATEMENTS.

AUTHORITY: 18 U.S.C. § 1349; 2 Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 31.06 (6th ed. 2018), *available at* Westlaw.

INSTRUCTION NO. 45

**CIRCUMSTANTIAL EVIDENCE – CONSPIRACY**

THE INFORMAL AGREEMENT PRESENT IN CONSPIRACY CASES MUST

FREQUENTLY BE PROVED ENTIRELY BY CIRCUMSTANTIAL EVIDENCE. THE

ABSENCE OF DIRECT PROOF OF AN AGREEMENT GENERALLY RESULTS

FROM THE SECRETIVENESS AND COMPLEXITY OF MODERN-DAY

CONSPIRACIES.

AUTHORITY: See generally *United States v. Geaney*, 417 F.2d 1116 (2d Cir. 1969), *cert. denied* sub nom., *Lynch v. United States*, 397 U.S. 1028 (1970); *King v. United States,* 402 F.2d 289 (10th Cir. 1968); *Madsen v. United States*, 165 F.2d 507, 511 (10th Cir. 1948).

INSTRUCTION NO. 46

## CONSPIRATOR'S LIABILITY

A CONSPIRATOR IS RESPONSIBLE FOR ACTS COMMITTED BY OTHER CONSPIRATORS IF THE CONSPIRATOR WAS A MEMBER OF THE CONSPIRACY WHEN THE OFFENSE WAS COMMITTED AND IF THE OFFENSE WAS COMMITTED IN FURTHERANCE OF, OR AS A FORESEEABLE CONSEQUENCE OF, THE CONSPIRACY.

THEREFORE, IF YOU HAVE FIRST FOUND A DEFENDANT A MEMBER OF A CONSPIRACY CHARGED IN COUNTS ONE AND TWO AND IF YOU FIND BEYOND A REASONABLE DOUBT THAT DURING THE TIME THE DEFENDANT WAS A MEMBER OF THAT CONSPIRACY, OTHER CONSPIRATORS COMMITTED ACTS IN THE INDICTMENT IN FURTHERANCE OF OR AS A FORESEEABLE CONSEQUENCE OF THAT CONSPIRACY, THEN YOU MAY FIND THE DEFENDANT RESPONSIBLE FOR THOSE ACTS, EVEN THOUGH THE DEFENDANT MAY NOT HAVE PARTICIPATED IN ANY OF THE ACTS.

AUTHORITY: Fifth Circuit Pattern Jury Instructions (1997) (2.22) (modified); *Pinkerton v. United States*, 328 U.S. 640 (1946); Pattern Jury Instructions for the Fourth Circuit (1999) (2.53).

INSTRUCTION NO. 47

**RELATIONSHIP BETWEEN SUBSTANTIVE OFFENSE AND CONSPIRACY TO COMMIT OFFENSE**

UNDER THE LAW, PARTICIPATING IN A CONSPIRACY TO COMMIT A CRIME IS AN ENTIRELY SEPARATE AND DISTINCT CHARGE FROM THE ACTUAL VIOLATION OF THE SUBSTANTIVE CHARGE WHICH MAY BE THE OBJECT OF THE CONSPIRACY. THEREFORE, ALL OF THE UNDERLYING ELEMENTS OF SUBSTANTIVE PARTICIPATION IN AN ACT AFFECTING MAIL OR WIRE FRAUD NEED NOT BE MET IN ORDER FOR YOU TO FIND THAT THERE WAS A CONSPIRACY TO COMMIT THAT OFFENSE.   ALL THAT YOU MUST FIND IS THAT THERE WAS AN AGREEMENT TO COMMIT THAT OFFENSE AND THAT A DEFENDANT VOLUNTARILY JOINED THE CONSPIRACY.

I WILL INSTRUCT YOU ON THE ELEMENTS OF MAIL AND WIRE FRAUD SHORTLY. YOU SHOULD CONSIDER THESE ELEMENTS IN DETERMINING WHETHER THE DEFENDANT KNOWINGLY AND INTENTIONALLY CONSPIRED TO PARTICIPATE IN MAIL AND WIRE FRAUD. AS I HAVE EXPLAINED TO YOU BEFORE, HOWEVER, THE GOVERNMENT NEED NOT PROVE EACH OF THESE UNDERLYING ELEMENTS TO PROVE THAT A DEFENDANT CONSPIRED TO PARTICIPATE IN MAIL AND WIRE FRAUD.

AUTHORITY: *United States v. Bayer*, 331 U.S. 532, 542 (1947); *Hanford v. United States*, 231 F. 2d 661, 662 (4th Cir. 1956) ("The crime of conspiracy is a separate and distinct crime from the crime that is its object. 'Its essence is the agreement or confederation to commit a crime, and that is what is punishable as a conspiracy . . . The agreement is punishable whether or not the contemplated crime is consummated.'") (citing *Bayer*, 331 U.S. at 542).

INSTRUCTION NO. 48

## SUCCESS OF CONSPIRACY IMMATERIAL

THE GOVERNMENT IS NOT REQUIRED TO PROVE THAT THE PARTIES

TO OR MEMBERS OF THE ALLEGED AGREEMENT OR CONSPIRACY WERE

SUCCESSFUL IN ACHIEVING ANY OR ALL OF THE OBJECTS OF THE

AGREEMENT OR CONSPIRACY.

AUTHORITY: 18 U.S.C. § 1349; *United States v. Min*, 704 F.3d 314, 321–22 (4th Cir. 2013); 2 Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 31.08 (6th ed. 2018), *available at* Westlaw.

INSTRUCTION NO. 49

**<u>NOT NECESSARY TO PROVE ALL FALSEHOODS</u>**

IT IS NOT NECESSARY THAT THE UNITED STATES PROVE ALL OF THE

FALSE PRETENSES, PROMISES, OR REPRESENTATIONS ALLEGED IN THE

INDICTMENT CHARGING THE SCHEME.   IT IS ESSENTIAL ONLY THAT ONE OR

MORE OF THEM BE PROVED SO AS TO SHOW THE EXISTENCE OF THE SCHEME TO

DEFRAUD CHARGED IN THE INDICTMENT, AND THAT ONE OR MORE OF THEM

WERE MADE OR CARRIED OUT IN FURTHERANCE OF THE ALLEGED SCHEME TO

DEFRAUD.   HOWEVER, YOU MUST BE UNANIMOUS IN AGREEING ON THE SAME

FALSE PRETENSES, PROMISES OR REPRESENTATIONS.

AUTHORITY: 2 Sand, *Modern Federal Jury Instructions,* Instruction 44-4 (as modified); Pattern Jury Instructions of the District Judges Association of the Fifth Circuit, Instruction No. 2.55 as given in *United States v. Edward Hugh Okun,* 3:08cr132 (E.D. Va. March 18, 2009) (Payne, J).

INSTRUCTION NO. 50

**<u>UNANIMITY- EXPLAINED</u>**

COUNTS ONE AND TWO OF THE INDICTMENT CHARGES THE DEFENDANTS WITH VIOLATION OF FEDERAL LAW CONCERNING CONSPIRACY. THE INDICTMENT ALLEGES A NUMBER OF SEPARATE MEANS OR METHODS BY WHICH THE DEFENDANTS ARE ACCUSED OF VIOLATING THIS LAW.

THE GOVERNMENT IS NOT REQUIRED TO PROVE ALL OF THE MEANS OR METHODS ALLEGED IN COUNTS ONE AND TWO OF THE INDICTMENT.

EACH JUROR MUST AGREE WITH EACH OF THE OTHER JURORS, HOWEVER, THAT THE SAME MEANS OR METHODS ALLEGED IN COUNTS ONE AND TWO OF THE INDICTMENT WAS, IN FACT, ENGAGED IN OR EMPLOYED BY THE DEFENDANTS IN COMMITTING THE CRIME CHARGED IN COUNTS ONE AND TWO OF THE INDICTMENT. THE JURY NEED NOT UNANIMOUSLY AGREE ON EACH MEANS OR METHOD, BUT, IN ORDER TO CONVICT, MUST UNANIMOUSLY AGREE UPON AT LEAST ONE SUCH MEANS OR METHOD AS ONE ENGAGED IN BY THE DEFENDANTS.

UNLESS THE GOVERNMENT HAS PROVEN THE SAME MEANS OR METHOD TO EACH OF YOU, BEYOND A REASONABLE DOUBT, YOU MUST ACQUIT THE DEFENDANT OF THE CRIME CHARGED IN COUNTS ONE AND TWO OF THE INDICTMENT.

<u>AUTHORITY</u>: 2 Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice and Instructions</u>, § 13.07 (6th ed. 2018), *available at* Westlaw.

INSTRUCTION NO. 51

**THE NATURE OF THE OFFENSE CHARGED – COUNTS SEVEN THROUGH SEVENTEEN (WIRE FRAUD)**

COUNTS SEVEN THROUGH SEVENTEEN OF THE INDICTMENT CHARGE THAT ON OR ABOUT THE DATES SET FORTH BELOW, IN THE EASTERN DISTRICT OF VIRGINIA AND ELSEWHERE, FOR THE PURPOSE OF EXECUTING A SCHEME AND ARTIFICE TO DEFRAUD OR FOR OBTAINING MONEY AND PROPERTY BY MEANS OF MATERIALLY FALSE AND FRAUDULENT PRETENSES, REPRESENTATIONS AND PROMISES, THE DEFENDANTS DAVID ALCORN AND AGHEE WILLIAM SMITH II, IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTIONS 1343 AND 2, KNOWINGLY TRANSMITTED AND CAUSED TO BE TRANSMITTED BY MEANS OF A WIRE COMMUNICATION IN INTERSTATE COMMERCE CERTAIN WRITINGS, SIGNS, SIGNALS, PICTURES AND SOUNDS, AS FOLLOWS:

| Count | Defendant | On Or About Date of Wire | Item Wired |
|-------|-----------|--------------------------|------------|
| 7 | ALCORN | April 4, 2014 | Interstate wire processing $13,500 payment to SELLERS from Conspirator #1's Prime Spectrum, LLC bank account at BayPort Credit Union |
| 8 | ALCORN SMITH | May 14, 2014 | Interstate wire processing $58,800 ECF transfer from Conspirator #1's bank account at BayPort Credit Union to Intuit Payroll to pay SMITH's commission |
| 9 | ALCORN SMITH | April 10, 2014 | Interstate wire processing $9,360 ECF transfer from Conspirator #1's bank account at BayPort Credit Union to Intuit Payroll to pay SMITH's commission |

| Count | Defendant | On Or About Date of Wire | Item Wired |
|-------|-----------|--------------------------|------------|
| 10 | ALCORN | July 2, 2014 | Interstate wire processing $2,600 ECF transfer from Conspirator #1's bank account at BayPort Credit Union to Intuit Payroll to pay Thomas L. Barnett's commission |
| 11 | ALCORN | December 31, 2014 | Interstate wire processing $3,200 ECF transfer from Conspirator #1's bank account at BayPort Credit Union to Intuit Payroll to pay Thomas L. Barnett's commission |
| 12 | ALCORN | April 8, 2014 | Interstate wire totaling $41,200 from Conspirator #1's Prime Spectrum, LLC bank account at BayPort Credit Union to Janus Spectrum, LLC's account at Arizona Business Bank |
| 13 | ALCORN | April 8, 2014 | Interstate wire totaling $123,600 from Conspirator #1's Spectrum 100, LLC bank account at BayPort Credit Union to Janus Spectrum, LLC's account at Arizona Business Bank |
| 14 | ALCORN | April 24, 2014 | Interstate wire totaling $123,600 from Conspirator #1's Spectrum 100, LLC bank account at BayPort Credit Union to Janus Spectrum, LLC's account at Arizona Business Bank |
| 15 | ALCORN | May 15, 2014 | Interstate wire totaling $288,400 from Conspirator #1's Spectrum 100, LLC bank account at BayPort Credit Union to Janus Spectrum, LLC's account at Arizona Business Bank |
| 16 | ALCORN SMITH | April 7, 2014 | Interstate conference call with sales force about DSPF and Janus Spectrum |
| 17 | ALCORN SMITH | May 19, 2014 | Interstate conference call with sales force about DSPF and Janus Spectrum |

AUTHORITY: Indictment.

INSTRUCTION NO. 52

**THE ESSENTIAL ELEMENTS OF THE OFFENSES CHARGED – COUNTS SEVEN THROUGH SEVENTEEN**

IN ORDER TO SUSTAIN ITS BURDEN OF PROOF FOR THE CRIME OF USING A WIRE COMMUNICATION TO FURTHER A SCHEME OR PLAN TO OBTAIN MONEY OR PROPERTY BY MEANS OF FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES AS CHARGED IN COUNTS THROUGH SEVENTEEN OF THE INDICTMENT, THE GOVERNMENT MUST PROVE THE FOLLOWING FOUR ESSENTIAL ELEMENTS BEYOND A REASONABLE DOUBT:

FIRST:      DEFENDANT KNOWINGLY DEVISED OR KNOWINGLY PARTICIPATED IN (A) A SCHEME OR ARTIFICE TO DEFRAUD OR (B) A SCHEME OR ARTIFICE TO OBTAIN MONEY OR PROPERTY BY MEANS OF MATERIAL FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES AS DETAILED IN COUNTS SEVEN THROUGH SEVENTEEN OF THE INDICTMENT;

SECOND:   THE SCHEME OR ARTIFICE TO DEFRAUD OR THE PRETENSES, REPRESENTATIONS, OR PROMISES WERE MATERIAL, THAT IS, THEY WOULD REASONABLY INFLUENCE A PERSON TO PART WITH MONEY OR PROPERTY;

THIRD:      DEFENDANT DID SO WITH THE INTENT TO DEFRAUD; AND

FOURTH:   IN ADVANCING, OR FURTHERING, OR CARRYING OUT THIS SCHEME TO DEFRAUD OR SCHEME TO OBTAIN MONEY OR PROPERTY BY MEANS OF FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES, DEFENDANT

TRANSMITTED ANY WRITING, SIGNAL, OR SOUND BY MEANS

OF A WIRE COMMUNICATION IN INTERSTATE COMMERCE OR

CAUSED THE TRANSMISSION OF ANY WRITING, SIGNAL, OR

SOUND OF SOME KIND BY MEANS OF A WIRE

COMMUNICATION IN INTERSTATE COMMERCE.

AUTHORITY: 2A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice and</u> <u>Instructions</u>, § 47.07 (6th ed. 2018), *available at* Westlaw.

INSTRUCTION NO. 53

**"ANY SCHEME OR ARTIFICE TO DEFRAUD" AND "FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS OR PROMISES"—DEFINED**

THE PHRASES "ANY SCHEME OR ARTIFICE TO DEFRAUD" AND "ANY SCHEME OR ARTIFICE FOR OBTAINING MONEY OR PROPERTY" MEANS ANY DELIBERATE PLAN OF ACTION OR COURSE OF CONDUCT BY WHICH SOMEONE INTENDS TO DECEIVE OR TO CHEAT ANOTHER OR BY WHICH SOMEONE INTENDS TO DEPRIVE ANOTHER OF SOMETHING OF VALUE.

THE TERM "FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES" MEANS A STATEMENT OR AN ASSERTION WHICH CONCERNS A MATERIAL OR IMPORTANT FACT OR A MATERIAL OR IMPORTANT ASPECT OF THE MATTER IN QUESTION AND THAT WAS EITHER KNOWN TO BE UNTRUE AT THE TIME THAT IT WAS MADE OR USED, OR THAT WAS MADE OR USED WITH RECKLESS INDIFFERENCE AS TO WHETHER IT WAS, IN FACT, TRUE OR FALSE, AND MADE OR USED WITH THE INTENT TO DEFRAUD.

THE TERM "FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES" INCLUDES ACTUAL, DIRECT FALSE STATEMENTS AS WELL AS HALF-TRUTHS, AND INCLUDES THE KNOWING CONCEALMENT OF FACTS THAT ARE MATERIAL OR IMPORTANT TO THE MATTER IN QUESTION AND THAT WERE MADE OR USED WITH THE INTENT TO DEFRAUD.

A "SCHEME OR ARTIFICE TO DEFRAUD" INCLUDES A SCHEME TO DEPRIVE ANOTHER PERSON OF TANGIBLE AS WELL AS INTANGIBLE PROPERTY RIGHTS. INTANGIBLE PROPERTY RIGHTS MEANS ANYTHING VALUED OR CONSIDERED TO

BE A SOURCE OF WEALTH INCLUDING, FOR EXAMPLE, THE RIGHT TO DECIDE

HOW ONE'S MONEY IS SPENT.

AUTHORITY: 2A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 47.13 (6th ed. 2018)(amended), *available at* Westlaw.

INSTRUCTION NO. 54

**<u>INTENT TO DEFRAUD – DEFINED</u>**

TO ACT WITH AN "INTENT TO DEFRAUD" MEANS TO ACT KNOWINGLY AND WITH THE INTENTION OR THE PURPOSE TO DECEIVE OR TO CHEAT.

AN INTENT TO DEFRAUD IS ACCOMPANIED, ORDINARILY, BY A DESIRE OR A PURPOSE TO BRING ABOUT SOME GAIN OR BENEFIT TO ONESELF OR SOME OTHER PERSON OR BY A DESIRE OR A PURPOSE TO CAUSE SOME LOSS TO SOME PERSON.

INSTRUCTION NO. 55

**"MATERIALITY" – DEFINED**

A STATEMENT OR REPRESENTATION IS "MATERIAL" IF IT HAS A NATURAL TENDENCY TO INFLUENCE *OR* IS CAPABLE OF INFLUENCING A DECISION OR ACTION.

TO BE "MATERIAL" IT IS NOT NECESSARY THAT THE STATEMENT OR REPRESENTATION, IN FACT, INFLUENCE OR DECEIVE.

AS USED IN THESE INSTRUCTIONS, A REPRESENTATION, PRETENSE OR PROMISE IS "MATERIAL" IF IT HAS A NATURAL TENDENCY TO INFLUENCE, OR IS CAPABLE OF INFLUENCING, THE DECISION OF THE PERSON OR ENTITY TO WHICH IT IS ADDRESSED. THE GOVERNMENT CAN PROVE MATERIALITY IN EITHER OF TWO WAYS.

FIRST, A REPRESENTATION OR PROMISE OR PRETENSE IS "MATERIAL" IF A REASONABLE PERSON WOULD ATTACH IMPORTANCE TO ITS EXISTENCE OR NONEXISTENCE IN DETERMINING HIS OR HER CHOICE OF ACTION IN THE TRANSACTION IN QUESTION.

SECOND, A STATEMENT COULD BE MATERIAL, EVEN THOUGH ONLY AN UNREASONABLE PERSON WOULD RELY ON IT, IF THE PERSON WHO MADE THE STATEMENT KNEW OR HAD REASON TO KNOW HIS OR HER VICTIM WAS LIKELY TO RELY ON IT.

IN DETERMINING MATERIALITY, YOU SHOULD CONSIDER THAT NAIVETY,

CARELESSNESS, NEGLIGENCE, OR STUPIDITY OF A VICTIM DOES NOT EXCUSE

CRIMINAL CONDUCT, IF ANY, ON THE PART OF THE DEFENDANT.

AUTHORITY: 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 16.11 (6th ed. 2018), *available at* Westlaw; Pattern Crim. Jury Instr. 5th Cir. 140 (2019).

INSTRUCTION NO. 56

**"USE OF THE WIRE" - DEFINED**

THE FINAL ELEMENT THAT THE GOVERNMENT MUST ESTABLISH BEYOND A REASONABLE DOUBT IS THE USE OF AN INTERSTATE OR INTERNATIONAL WIRE COMMUNICATION IN FURTHERANCE OF THE SCHEME TO DEFRAUD.

THE WIRE COMMUNICATION MUST PASS BETWEEN TWO OR MORE STATES AS, FOR EXAMPLE, A PHONE CALL OR EMAIL BETWEEN STATES. A WIRE COMMUNICATION ALSO INCLUDES A WIRE TRANSFER OF FUNDS BETWEEN BANKS IN DIFFERENT STATES OR BETWEEN A BANK IN THE UNITED STATES AND A BANK IN A FOREIGN COUNTRY.

THE USE OF THE WIRES NEED NOT ITSELF BE A FRAUDULENT REPRESENTATION. IT MUST, HOWEVER, FURTHER OR ASSIST IN THE CARRYING OUT OF THE SCHEME TO DEFRAUD.

IT IS NOT NECESSARY FOR THE DEFENDANT TO BE DIRECTLY OR PERSONALLY INVOLVED IN THE WIRE COMMUNICATION, AS LONG AS THE COMMUNICATION WAS REASONABLY FORESEEABLE IN THE EXECUTION OF THE ALLEGED SCHEME TO DEFRAUD IN WHICH THE DEFENDANT IS ACCUSED OF PARTICIPATING.

IN THIS REGARD, IT IS SUFFICIENT TO ESTABLISH THIS ELEMENT OF THE CRIME IF THE EVIDENCE JUSTIFIES A FINDING THAT THE DEFENDANT CAUSED THE WIRES TO BE USED BY OTHERS. THIS DOES NOT MEAN THAT THE DEFENDANT MUST SPECIFICALLY HAVE AUTHORIZED OTHERS TO WRITE THE EMAIL OR TRANSFER THE FUNDS. WHEN ONE DOES AN ACT WITH KNOWLEDGE

THAT THE USE OF THE WIRES WILL FOLLOW IN THE ORDINARY COURSE OF

BUSINESS OR WHERE SUCH USE OF THE WIRES CAN REASONABLY BE FORESEEN,

EVEN THOUGH NOT ACTUALLY INTENDED, THEN HE CAUSES THE WIRES TO BE

USED.   THE GOVERNMENT CONTENDS THAT IT WAS REASONABLY

FORESEEABLE THAT THE WIRES WOULD BE USED IN THE ORDINARY COURSE OF

BUSINESS TO TRANSFER INFORMATION VIA THE INTERNET OR TO TRANSFER

THE FUNDS BETWEEN BANKS, AND THEREFORE THAT THE DEFENDANT CAUSED

THE USE OF THE WIRES.

THE PARTIES HAVE STIPULATED THAT THE EMAILS, CONFERENCE CALLS,

CHECK NEGOTIATIONS, AND BANK TRANSFERS IN THE CHARGED COUNTS OF

THE INDICTMENT TRAVELED VIA INTERSTATE WIRE EITHER (1) FROM WITHIN

THE EASTERN DISTRICT OF VIRGINIA TO OUTSIDE THE COMMONWEALTH OF

VIRGINIA OR (2) FROM OUTSIDE THE COMMONWEALTH TO WITHIN THE EASTERN

DISTRICT OF VIRGINIA.   THUS, THIS ELEMENT HAS BEEN SATISFIED.

AUTHORITY: 2 L. Sand, *et al*., Modern Federal Jury Instructions-Criminal, ¶ 44.01, Instruction 44-7 (2020) (amended to conform to the indictment), *available at* LexisNexis; Stipulation of the Parties.

INSTRUCTION NO. 57

**THE NATURE OF THE OFFENSE CHARGED – COUNT NINETEEN – ENGAGING IN AN UNLAWFUL MONETARY TRANSACTION**

COUNT NINETEEN OF THE INDICTMENT CHARGE THAT FROM ON OR ABOUT MAY 1, 2015, IN THE EASTERN DISTRICT OF VIRGINIA AND ELSEWHERE, DEFENDANT DAVID ALCORN DID UNLAWFULLY AND KNOWINGLY ENGAGE AND ATTEMPT TO ENGAGE IN A MONETARY TRANSACTION BY, THROUGH, AND TO A FINANCIAL INSTITUTION, AFFECTING INTERSTATE AND FOREIGN COMMERCE, IN CRIMINALLY DERIVED PROPERTY OF A VALUE GREATER THAN $10,000, SUCH FUNDS HAVING BEEN DERIVED FROM A SPECIFIED UNLAWFUL ACTIVITY, THAT IS WIRE FRAUD, INVOLVING WIRE TRANSFERS FROM THE EASTERN DISTRICT OF VIRGINIA, IN VIOLATION OF TITLE 18, UNITED STATES CODE, 1343, AS FOLLOWS: DEPOSITING A CASHIER'S CHECK TOTALING $100,093.05 INTO HIS RETIREMENT PLAN BANK ACCOUNT.

AUTHORITY:   Indictment

INSTRUCTION NO. 58

**THE ESSENTIAL ELEMENTS OF THE OFFENSES CHARGED – COUNT NINETEEN– ENGAGING IN AN UNLAWFUL MONETARY TRANSACTION**

IN ORDER TO PROVE THE CRIME OF ENGAGING IN MONETARY TRANSACTIONS IN PROPERTY DERIVED FROM SPECIFIED UNLAWFUL ACTIVITY IN VIOLATION OF SECTION 1957, THE GOVERNMENT MUST ESTABLISH BEYOND A REASONABLE DOUBT EACH OF THE FOLLOWING ELEMENTS:

FIRST:      THAT THE DEFENDANT ENGAGED (OR ATTEMPTED TO ENGAGE) IN A MONETARY TRANSACTION IN OR AFFECTING INTERSTATE COMMERCE;

SECOND:   THAT THE MONETARY TRANSACTION INVOLVED CRIMINALLY DERIVED PROPERTY OF A VALUE GREATER THAN $10,000;

THIRD:      THAT THE PROPERTY WAS DERIVED FROM SPECIFIED UNLAWFUL ACTIVITY;

FOURTH:   THAT THE DEFENDANT ACTED KNOWINGLY, THAT IS, WITH KNOWLEDGE THAT THE TRANSACTION INVOLVED PROCEEDS OF A CRIMINAL OFFENSE; AND

FIFTH:      THAT THE TRANSACTION TOOK PLACE IN THE UNITED STATES.

AUTHORITY: 3 L. Sand, *et al*., Modern Federal Jury Instructions-Criminal, ¶ 50A.06, Instruction 50A.26 (2020), *available at* LexisNexis.

INSTRUCTION NO. 59

**FIRST ELEMENT – ENGAGING IN A MONETARY TRANSACTION**

THE FIRST ELEMENT THAT THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT IS THAT THE DEFENDANT ENGAGED IN A MONETARY TRANSACTION IN OR AFFECTING INTERSTATE COMMERCE.

THE TERM "MONETARY TRANSACTION" MEANS THE DEPOSIT, WITHDRAWAL, TRANSFER, OR EXCHANGE, IN OR AFFECTING INTERSTATE OR FOREIGN COMMERCE, OF FUNDS OR A MONETARY INSTRUMENT BY, THROUGH, OR TO A FINANCIAL INSTITUTION.

THE TERM "INTERSTATE OR FOREIGN COMMERCE" MEANS COMMERCE BETWEEN ANY COMBINATION OF STATES, TERRITORIES OR POSSESSIONS OF THE UNITED STATES, OR BETWEEN THE UNITED STATES AND A FOREIGN COUNTRY.

YOU MUST FIND THAT THE TRANSACTION AFFECTED INTERSTATE COMMERCE IN SOME WAY, HOWEVER MINIMAL. THIS EFFECT ON INTERSTATE COMMERCE CAN BE ESTABLISHED IN SEVERAL WAYS. FIRST, ANY MONETARY TRANSACTION WITH A FINANCIAL INSTITUTION INSURED BY THE FEDERAL DEPOSIT INSURANCE CORPORATION (FDIC) OR THE NATIONAL CREDIT UNION SHARE INSURANCE FUND (NCUSI) AFFECTS INTERSTATE COMMERCE, SO IF YOU FIND THAT ANY OF THE BANKS AT ISSUE IN THIS CASE WAS INSURED BY THE FDIC OR NCUSI THAT IS ENOUGH TO ESTABLISH THAT THE TRANSACTION AFFECTED INTERSTATE COMMERCE. SECOND, IF YOU FIND THAT THE SOURCE OF THE FUNDS USED IN THE TRANSACTION AFFECTED INTERSTATE COMMERCE, THAT IS SUFFICIENT AS WELL. THIRD, IF YOU FIND THAT THE TRANSACTION

ITSELF INVOLVED AN INTERSTATE TRANSFER OF FUNDS, THAT WOULD ALSO BE SUFFICIENT.

THE GOVERNMENT AND DEFENDANTS HAVE STIPULATED THAT THE RELEVANT FINANCIAL INSTITUTIONS WERE INSURED BY THE FDIC AND NCUSI AND THE TRANSACTIONS AFFECTED INTERSTATE COMMERCE.

AUTHORITY: 3 L. Sand, *et al*., <u>Modern Federal Jury Instructions-Criminal</u>, ¶ 50A.06, Instruction 50A.27 (2020), *available at* LexisNexis, edited to include the NCUSI; Stipulations of the Parties.

INSTRUCTION NO. 60

**SECOND ELEMENT – TRANSACTION INVOLVED CRIMINALLY DERIVED PROPERTY**

THE SECOND ELEMENT THAT THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT IS THAT THE MONETARY TRANSACTION INVOLVED CRIMINALLY DERIVED PROPERTY HAVING A VALUE IN EXCESS OF $10,000.

THE TERM "CRIMINALLY DERIVED PROPERTY" MEANS ANY PROPERTY CONSTITUTING, OR DERIVED FROM, PROCEEDS OBTAINED FROM A CRIMINAL OFFENSE. THE TERM "PROCEEDS" MEANS ANY PROPERTY DERIVED FROM OR OBTAINED OR RETAINED, DIRECTLY OR INDIRECTLY, THROUGH SOME FORM OF UNLAWFUL ACTIVITY, INCLUDING THE GROSS RECEIPTS OF SUCH ACTIVITY.

THE GOVERNMENT IS NOT REQUIRED TO PROVE THAT ALL OF THE PROPERTY INVOLVED IN THE TRANSACTION WAS CRIMINALLY DERIVED PROPERTY. HOWEVER, THE GOVERNMENT MUST PROVE THAT MORE THAN $10,000 OF THE PROPERTY INVOLVED WAS CRIMINALLY DERIVED PROPERTY.

AUTHORITY: 3 L. Sand, *et al*., Modern Federal Jury Instructions-Criminal, ¶ 50A.06, Instruction 50A.28 (2020), *available at* LexisNexis.

INSTRUCTION NO. 61

**THIRD ELEMENT – PROPERTY DERIVED FROM SPECIFIED UNLAWFUL ACTIVITY**

THE THIRD ELEMENT THAT THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT IS THAT THE DEFENDANT KNEW THAT THE PROPERTY INVOLVED IN THE FINANCIAL TRANSACTION WAS THE PROCEEDS OF SOME FORM OF UNLAWFUL ACTIVITY.

I INSTRUCT THAT THIS ELEMENT REFERS TO A REQUIREMENT THAT THE DEFENDANT KNEW THE PROPERTY INVOLVED IN THE TRANSACTION REPRESENTED PROCEEDS FROM SOME FORM, THOUGH NOT NECESSARILY WHICH FORM, OF ACTIVITY THAT CONSTITUTES A CRIMINAL OFFENSE UNDER STATE OR FEDERAL LAW. I INSTRUCT YOU AS A MATTER OF LAW THAT WIRE FRAUD IS A CRIMINAL OFFENSE.

AUTHORITY: 3 L. Sand, *et al.*, Modern Federal Jury Instructions-Criminal, ¶ 50A.06, Instruction 50A.29 (2020), *available at* LexisNexis.

INSTRUCTION NO. 62

**<u>FOURTH ELEMENT – KNOWLEDGE</u>**

THE FOURTH ELEMENT THAT THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT IS THAT THE DEFENDANT KNOWINGLY ENGAGED IN AN UNLAWFUL MONETARY TRANSACTION, AS DEFINED ABOVE.

I INSTRUCT YOU THAT IN A PROSECUTION FOR AN OFFENSE UNDER THIS SECTION, THE GOVERNMENT IS NOT REQUIRED TO PROVE THAT THE DEFENDANT KNEW THE PARTICULAR OFFENSE FROM WHICH THE CRIMINALLY DERIVED PROPERTY WAS DERIVED. HOWEVER, THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT THAT THE DEFENDANT KNEW THAT THE TRANSACTION INVOLVED CRIMINALLY DERIVED PROPERTY, WHICH, I REMIND YOU, MEANS ANY PROPERTY CONSTITUTING, OR DERIVED FROM, PROCEEDS OBTAINED FROM A CRIMINAL OFFENSE.

IF YOU FIND THAT THE GOVERNMENT HAS ESTABLISHED, BEYOND A REASONABLE DOUBT, THAT THE DEFENDANT KNEW THAT THE TRANSACTION INVOLVED PROPERTY DERIVED FROM A CRIMINAL OFFENSE, THEN THIS ELEMENT IS SATISFIED.

<u>AUTHORITY</u>: 3 L. Sand, *et al*., <u>Modern Federal Jury Instructions-Criminal</u>, ¶ 50A.06, Instruction 50A.29 (2020), *available at* LexisNexis.

INSTRUCTION NO. 63

**FIFTH ELEMENT – TRANSACTION TOOK PLACE IN THE UNITED STATES**

THE FIFTH ELEMENT THAT THE GOVERNMENT MUST PROVE BEYOND A

REASONABLE DOUBT IS THAT THE TRANSACTION TOOK PLACE IN THE UNITED

STATES.

AUTHORITY: 3 L. Sand, *et al*., Modern Federal Jury Instructions-Criminal, ¶ 50A.06, Instruction 50A.31 (2020), *available at* LexisNexis.

INSTRUCTION NO. 64

**VERDICT – ELECTION OF FOREPERSON – DUTY TO DELIBERATE – UNANIMITY – PUNISHMENT – FORM OF VERDICT – COMMUNICATION WITH THE COURT**

UPON RETIRING TO YOUR JURY ROOM TO BEGIN YOUR DELIBERATION, YOU MUST ELECT ONE OF YOUR MEMBERS TO ACT AS YOUR FOREPERSON.   THE FOREPERSON WILL PRESIDE OVER YOUR DELIBERATIONS AND WILL BE YOUR SPOKESPERSON HERE IN COURT.

YOUR VERDICT MUST REPRESENT THE COLLECTIVE JUDGMENT OF THE JURY.   IN ORDER TO RETURN A VERDICT, IT IS NECESSARY THAT EACH JUROR AGREE TO IT.   YOUR VERDICT, IN OTHER WORDS, MUST BE UNANIMOUS.

IT IS YOUR DUTY AS JURORS TO CONSULT WITH ONE ANOTHER AND TO DELIBERATE WITH ONE ANOTHER WITH A VIEW TOWARDS REACHING AN AGREEMENT IF YOU CAN DO SO WITHOUT VIOLENCE TO INDIVIDUAL JUDGMENT. EACH OF YOU MUST DECIDE THE CASE FOR HIMSELF BUT DO SO ONLY AFTER AN IMPARTIAL CONSIDERATION OF THE EVIDENCE IN THE CASE WITH YOUR FELLOW JURORS.   IN THE COURSE OF YOUR DELIBERATIONS, DO NOT HESITATE TO REEXAMINE YOUR OWN VIEWS AND TO CHANGE YOUR OPINION IF CONVINCED IT IS ERRONEOUS.   DO NOT SURRENDER YOUR HONEST CONVICTION, HOWEVER, SOLELY BECAUSE OF THE OPINION OF YOUR FELLOW JURORS OR FOR THE MERE PURPOSE OF THEREBY BEING ABLE TO RETURN A UNANIMOUS VERDICT.

REMEMBER AT ALL TIMES THAT YOU ARE NOT PARTISANS.   YOU ARE JUDGES – JUDGES OF THE FACTS OF THIS CASE.   YOUR SOLE INTEREST IS TO SEEK THE TRUTH FROM THE EVIDENCE RECEIVED DURING THE TRIAL.

YOUR VERDICT MUST BE BASED SOLELY UPON THE EVIDENCE RECEIVED IN THE CASE.   NOTHING YOU HAVE SEEN OR READ OUTSIDE OF COURT MAY BE CONSIDERED.   NOTHING THAT I HAVE SAID OR DONE DURING THE COURSE OF THIS TRIAL IS INTENDED IN ANY WAY TO SOMEHOW SUGGEST TO YOU WHAT I THINK YOUR VERDICT SHOULD BE.   NOTHING SAID IN THESE INSTRUCTIONS AND NOTHING IN ANY FORM OF VERDICT, IS TO SUGGEST OR CONVEY TO YOU IN ANY WAY OR MANNER ANY INTIMATION AS TO WHAT VERDICT I THINK YOU SHOULD RETURN.   WHAT THE VERDICT SHALL BE IS THE EXCLUSIVE DUTY AND RESPONSIBILITY OF THE JURY.   AS I HAVE TOLD YOU MANY TIMES, YOU ARE THE SOLE JUDGES OF THE FACTS.

THE PUNISHMENT PROVIDED BY LAW FOR THE OFFENSES CHARGED IN THE INDICTMENT IS A MATTER EXCLUSIVELY WITHIN THE PROVINCE OF THE COURT AND SHOULD NEVER BE CONSIDERED BY THE JURY IN ANY WAY IN ARRIVING AT AN IMPARTIAL VERDICT AS TO THE OFFENSES CHARGED.

A FORM OF VERDICTS HAS BEEN PREPARED FOR YOUR CONVENIENCE.

YOU WILL TAKE THIS FORM TO THE JURY ROOM AND, WHEN YOU HAVE REACHED UNANIMOUS AGREEMENT AS TO YOUR VERDICTS, YOU WILL HAVE YOUR FOREPERSON WRITE YOUR VERDICTS ON THE FORM, DATE AND SIGN THE FORM, AND THEN RETURN WITH YOUR VERDICTS TO THE COURTROOM.

IF IT BECOMES NECESSARY DURING YOUR DELIBERATIONS TO COMMUNICATE WITH THE COURT, YOU MAY SEND A NOTE, SIGNED BY YOUR FOREPERSON OR BY ONE OR MORE MEMBERS OF THE JURY, THROUGH THE BAILIFF.   NO MEMBER OF THE JURY SHOULD EVER ATTEMPT TO COMMUNICATE

WITH THE COURT BY ANY MEANS OTHER THAN A SIGNED WRITING AND THE

COURT WILL NEVER COMMUNICATE WITH ANY MEMBER OF THE JURY

CONCERNING THE EVIDENCE, YOUR OPINIONS, OR THE DELIBERATIONS OTHER

THAN IN WRITING OR ORALLY HERE IN OPEN COURT.

      BEAR IN MIND ALSO THAT YOU ARE NEVER TO REVEAL TO ANY PERSON –

NOT EVEN TO THE COURT – HOW THE JURY STANDS, NUMERICALLY OR

OTHERWISE, ON THE QUESTION OF WHETHER OR NOT THE GOVERNMENT HAS

SUSTAINED ITS BURDEN OF PROOF UNTIL AFTER YOU HAVE REACHED A

UNANIMOUS VERDICT.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 20.01 (6th ed. 2018), *available at* Westlaw (modified).

INSTRUCTION NO. 65

**<u>VERDICT – MULTIPLE DEFENDANTS – SINGLE OR MULTIPLE COUNTS</u>**

A SEPARATE CRIME IS ALLEGED AGAINST EACH DEFENDANT IN EACH VARIOUS COUNTS OF THE INDICTMENT. UNDER THESE INSTRUCTIONS, YOU MAY FIND ONE OR MORE OF THE DEFENDANTS GUILTY OR NOT GUILTY AS CHARGED. AT ANY TIME DURING YOUR DELIBERATIONS YOU MAY RETURN INTO COURT WITH YOUR VERDICT OF GUILTY OR NOT GUILTY AS TO ANY DEFENDANT CONCERNING WHOM YOU HAVE UNANIMOUSLY AGREED.

YOU MUST CONSIDER THE CHARGES AGAINST EACH DEFENDANT SEPARATELY. YOUR VERDICT MUST BE BASED SOLELY UPON THE EVIDENCE RECEIVED DURING THE TRIAL CONCERNING EACH DEFENDANT. THE DEFENDANTS ARE ONLY ON TRIAL FOR THE SPECIFIC CONDUCT CHARGED IN THE INDICTMENT. YOUR VERDICT CONCERNING ONE DEFENDANT SHOULD NOT CONTROL YOUR VERDICT REGARDING ANY OTHER DEFENDANT.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice and Instructions</u>, § 20.03 (6th ed. 2018), *available at* Westlaw.