IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
*Norfolk Division*

UNITED STATES OF AMERICA,

v.

AGHEE WILLIAM SMITH, II
          Defendant.

Criminal Nos. 2:19-cr-47-3

## DEFENDANT SMITH'S MOTION IN LIMINE RESPECTING DOCUMENTS USED TO REFRESH A WITNESS'S RECOLLECTION

The defendant, Aghee William Smith, II, respectfully moves this Court *in limine* to request that the Court not categorically exclude from evidence documents used to refresh a witness's recollection.

Whether a party can use evidence to refresh a witness's recollection and whether that evidence is admissible are separate analyses. A single document can serve two purposes so long as each purpose independently allows for it. To be sure, both inadmissible and admissible evidence can be used to refresh a witness's memory. So it is not true that a document is admissible just because it properly helped refresh a witness's recollection about something. But relevant, otherwise admissible evidence may also be helpful in refreshing a witness's recollection. In that case, a document could properly be used to refresh recollection but also be properly offered as evidence. Because these are separate analyses, using a document to refresh recollection does not preclude it from also being offered as evidence.

This issue recently presented itself to this Court in the trial of Daryl Bank. *See* Trial Tr., at 1166-68 in *United States v. Bank*, 2:17cr126 (E.D. Va. April 8, 2021), ECF No. 423. On cross examination, a witness was asked whether she received a response to an email. She said, "I don't recall." *Id.* at 1166. Defense counsel then showed the witness the response. The witness read it to herself, confirmed that it had refreshed her recollection, and answered the original question: she did receive a response to the email. *Id.* at 1166-67. Defense counsel subsequently sought to admit the same

1

email as evidence. *Id.* The government objected on two grounds: that the email was hearsay and that it was used to refresh:

```
 6            MS. O'BOYLE:  I'm going to object.  It is hearsay,
 7   and he was using it to refresh her recollection.  If he's
 8   using it to refresh her recollection, it doesn't come in as
 9   evidence.
```

*Id.* at 167.

The Court agreed with the government's second argument:

```
10            THE COURT:  If a document is used to refresh
11   recollection, then it is not received in evidence.
```

*Id.*

Defense counsel attempted to lay more foundation for the document and offered it again:

```
22   Q.  In looking at this, is this an accurate recitation of the
23   e-mail that you received back from Mr. Bank?
24   A.  I would say yes.
25            MR. BROCCOLETTI:  I would move to admit it, Your
 1   Honor.
```

The Court still deemed the exhibit inadmissible because it had been used to refresh a witness's recollection:

```
 2              THE COURT:  I just ruled.  You used it to refresh
 3     her recollection.  You cannot now turn and move it into
 4     evidence subsequently.  You asked her a question, then you
 5     referred to this e-mail to refresh her recollection.  So the
 6     next thing that should have happened is to go back and ask
 7     her the question to see if she can respond to your question,
 8     not to move the document in.
 9              MR. BROCCOLETTI:  Judge, her initial answer was she
10     could not recall if she received an e-mail.  I showed her the
11     e-mail to see if she could recall the e-mail.  She then says
12     that she recalls the e-mail and this is accurate.
13              THE COURT:  That is still refreshing her
14     recollection.  Now, you want to know if she recalls this
15     e-mail.  Okay.  She answered it.  Now she knows because she's
16     read the e-mail.  The Court has ruled.  It's not admitted.
```

*Id.*, at 1168 (highlighting added). To be clear, the email may have been inadmissible on various grounds under the Federal Rules of Evidence. It may have been hearsay. Or irrelevant. But a document does not become inadmissible simply because it was used to refresh recollection. The analysis requires two steps.

  To refresh a witness's memory, counsel can present a document or other item to a witness and allow the witness time to review it. If it helps the witness remember, they can proceed to testify based on their memory. *See* Kenneth S. Broun, George E. Dix, et al, *McCormick on Evidence* § 9 (8th ed. 2020) (emphasis added); *see also* Fed. R. Evid. 612. The testimony based on the refreshed recollection "may be proper, even though the document used to refresh the witnesses' memory is inadmissible." *United States v. Calzon*, 366 F.Appx 115, 117 (11th Cir. 2010) (citing *United States v. Scott*, 701 F.2d 1340,

3

1346 (11th Cir. 1983)). The reason is that the witness's "testimony *is* the evidence, not the writing." *See McCormick* at § 9 (emphasis added).[1]

Simply because a party used a document to refresh recollection does not make the document itself admissible; nor does it make the document *per se* inadmissible. *United States v. Rydland*, 461 F'Appx 208, 210 (4th Cir. 2012) (observing that "a party may not attempt to introduce *otherwise inadmissible* evidence under the guise of refreshing recollection") (emphasis added). According to *McCormick on Evidence*, "the party calling the witness may not introduce the memorandum [used to refresh recollection] *unless* it is independently admissible under the hearsay rule." *Id.* at § 9. For example, in *McDevitt & Street Co., Inc. v. Schools*, a case involving a default on a contract between contractors and a school district, the school district hired a witness "to determine the amount of liability of each party" and draft a report on such. 846 F.2d 72, *2 (4th Cir. 1988) (unpublished table decision). The court allowed him to "testify extensively as to the subject matter of the report and to refer to the report to refresh his memory," but did not allow the report into evidence. On appeal, the Fourth Circuit affirmed the district court because the "report was hearsay," and thus, not admissible. The Fourth Circuit did *not* exclude the report, merely because it was used to refresh the witness's recollection; the report was not admissible under its own analysis, as an out-of-court statement asserting the truth of its contents.

Similarly, in *United States v. Scott*, the government attempted to introduce evidence of uncharged fraudulent conduct, which was held inadmissible. 701 F.2d 1340, 1346 (11th Cir. 1983). However, the government was permitted to use those same documents to refresh certain witnesses' testimony.

---

[1] As a separate matter, if a writing is used to refresh, opposing counsel is entitled to review the document, cross-examine the witness with it, and may introduce into evidence any portion relevant to the witness's testimony. Rule 612 is how "opposing counsel [can] avoid the risks of imposition on and improper communication with the witness." *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 233 (1940). This does not affect the analysis, however, of whether the document is admissible by the originating party. Rule 612 merely removes all other barriers (such as authenticity, hearsay, prejudice) for the opposing party. Those barriers remain for the party using it to refresh, just like any other piece of evidence.

Although the documents "were properly excluded," it was on grounds unrelated to being used to refresh recollection. *Id.* The analysis for admissibility was separate.

At its most basic, evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is a consequence in determining the action. Fed .R. Evid. 401. "The Rule's basic standard of relevance thus is a liberal one." *Daubert v. Merrell Dow Pharmaceuticals*, Inc. 509 U.S. 579, 587 (1993); *Minter v. Wells Fargo Bank, N.A.*, 762 F.3d 339, 349 (4th Cir. 2014) (relevance is a "low barrier" requiring only that evidence be "worth consideration by the jury"). Relevant evidence can be excluded if it violates another rule or law, such as a federal statute or another rule of evidence. Fed. R. Evid. 402. However, there is no rule stating that evidence used to refresh a witness's recollection is inadmissible. It may be inadmissible for other reasons, such as being unfairly prejudicial or hearsay (*see* supra), but not simply because it was shown to the witness first to refresh their recollection.

Respectfully submitted,

AGHEE WILLIAM SMITH, II

By:_____/s/_____

Lindsay Jo McCaslin
VSB No. 78800

Andrew W. Grindrod
VSB 83943

Assistant Federal Public Defenders
Attorneys for Aghee William Smith, II
Office of the Federal Public Defender
150 Boush Street, Suite 403
Norfolk, Virginia 23510
Telephone: 757-457-0800
Telefax: 757-457-0880
Email: lindsay_mccaslin@fd.org
andrew_grindrod@fd.org