IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
*Norfolk Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Criminal No. 2:19cr47 |
| | ) | |
| AGHEE WILLIAM SMITH, II, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT SMITH'S MOTION IN LIMINE RESPECTING
NON-HEARSAY STATEMENTS**

The defendant, Aghee William Smith, II, submits this motion in limine to support the admission of non-hearsay statements, specifically relevant out-of-court utterances that either (1) make no assertion of fact, or (2) are not offered to prove that what the person said was true.

**I.  Mr. Smith has a constitutional right to present a defense.**

The United States Constitution guarantees a defendant's right to defend against criminal charges. "Whether rooted directly in the Due Process Clause of the Fourteenth Amendment or in the Compulsory Process or Confrontation clauses of the Sixth Amendment, the Constitution guarantees criminal defendants a 'meaningful opportunity to present a complete defense.'" *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) (internal citations removed).

**II.  Out-of-court statements are only hearsay if offered for the truth of the assertion.**

Under Federal Rule of Evidence 801(c), hearsay is defined as a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence *to prove the truth of the matter asserted* in the statement. If a statement is not offered to prove the truth of the matter asserted, but rather to make some other point, the statement is not hearsay under Rule 801(c).

For example, if a party introduces an out-of-court statement to show simply that the statement was made, regardless of its truth, the statement is not hearsay. Likewise, if a statement is admitted for the purpose of later showing that the statement was actually false, it is not hearsay. In *Anderson v. United States*, a prosecution involving election fraud, the government introduced testimony that two of the defendants had offered at a prior election hearing. 417 U.S. 211, 214-17 (1974). The government's theory was that these statements at the election hearing were *false*. Over a hearsay objection, the court admitted the testimony. The Supreme Court affirmed the admission, stating it was "plain" that it was not hearsay because the statements were "not admitted into evidence in the trial to prove the truth of anything asserted therein. Quite the contrary, the point of the prosecutor's introducing those statements was simply to prove that the statements were made so as to establish a foundation for later showing, through other admissible evidence, that they were false." *Id.* at 219-20.

Even if a statement does assert a fact that the offering party believes is true, the statement is not hearsay if offered for a purpose other than to prove the truth of that statement, such as to show state of mind. For example, *United States v. Schlei* was a case involving fraudulent bond certificates, supposedly issued by the Japanese government. 122 F.3d 944 (11th Cir. 1997). The defendant "testified that he believed that the instruments were valid." *Id.* at 952. In response, the government sought to offer the deposition testimony of a witness serving prison time in Japan, who testified about the fraudulent financial instruments. *Id.* at 958. The government believed that the deposition testimony was true but that's not the purpose for which the government offered it. The government offered the deposition testimony because it wanted to show that immediately following this deposition, the defendant agreed that the bonds "can't be real after listening to this," yet he continued in the conspiracy. *Id.* Over the defense's objection, the court admitted the witness's deposition into evidence at his trial. *Id.* at 981. The Eleventh Circuit agreed with the trial court, stating that "[t]he record shows that the Government did not offer evidence of [the witness's] deposition testimony for the truth of

the matter asserted. Instead, it was offered to demonstrate Schlei's state of mind regarding whether he believed the financial instruments were valid." *Id.* at 981. The hearsay test turns on the purpose for which the evidence is offered.

Out-of-court statements can be offered for many purposes other than to show that the statement itself is true. In this case, a critical question will be whether Mr. Smith had the requisite mens rea to be convicted of mail and wire fraud. When the jury must get into the defendant's head to decide what he knew or why he did something, it is often critical for the jury to hear what was said to the defendant. For example, in *United States v. Grajales*, the defendant moved to make an entrapment defense, claiming that he was aware of the CI's identity as an informant when he agreed to sell drugs, and had reasonably believed that he was working in conjunction with law enforcement as part of a sting operation. 450 F'Appx. 893 (11th Cir. 2012). In trial, Grajales attempted to offer "(1) statements the CI made after Grajales asked to be introduced to law enforcement officers; (2) the substance of the guarantees the CI made to him during the course of the investigation; (3) the statements the CI made to convince Grajales to involve [another person] in the scheme; and (4) statements Grajales made to the police regarding his agreement with the CI, his attempt to have the CI brought into the interrogation room, or his attempt to tell police about his security cameras." *Id.* at 901. In considering this evidence, the court observed that "using an out of court statement as circumstantial evidence of the declarant's knowledge of the existence of some fact, rather than as testimonial evidence of the truth of the matter asserted does not offend the hearsay rule." *Id.* at 901 (internal quotation marks removed) (quoting *United States v. Parry*, 649 F.2d 292, 295 (5th Cir. 1981)). Relying on this principle, the court ruled that "the district court erred in excluding the above statements as hearsay because the statements were not being offered for their truth and were **relevant to whether Grajales possessed the mens rea of specific criminal intent."** *Id.* at 902 (emphasis added).

Here, Mr. Smith anticipates offering evidence that might be hearsay if offered for the truth matters asserted therein. However, they will not be offered for truth. For example, the government seeks to convict Mr. Smith for fraud based on the claim that he pitched DSPF dental franchises to people "using advertisements that were materially false and misleading." Indictment, at 4 ¶ 17. Of course, using a false or misleading advertisement is not a violation of the law if the salesman thinks the statements he is making are true. After all, the mail and wire fraud statutes make it illegal not to make a false statement but to engage in "a scheme or artifice to defraud or obtain money or property, *i.e.*, in everyday parlance, to cheat someone out of something valuable." *United States v. Miller*, 953 F.3d 1095, 1101 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 1085 (2021). To be guilty of mail or wire fraud, "a defendant must act with the intent not only to make false statements or utilize other forms of deception, but also to deprive a victim of money or property by means of those deceptions." *Id.* The jury in this case must decide then whether the government has proven that Mr. Smith intentionally lied to and deceived people for the purpose of cheating them out of their money or if he simply repeated statements that he was told that he believed to be true.

To rebut the government's suggestion that Mr. Smith intentionally lied to people to cheat them out of money, the defense will offer certain categories of out-of-court statements.

First, Mr. Smith will offer out-of-court statements that demonstrate what he was told about the companies at issue. For example, Kent Maerki and other executives with Dental Support Plus Franchise made statements about those companies in writing and orally. Those statements will be offered *not* to show that what Mr. Maerki said about the companies was true (*i.e.*, *not* to prove the truth of what Mr. Maerki said), but rather to show that he made these statements to Mr. Smith and other salesmen who relied on those statements being true. The truth of what Mr. Maerki said is neither here nor there. (In some instances, the defense will likely acknowledge that the statement turned out not to be true.) But the fact that Maerki made the statement is relevant to show that Mr. Smith had a basis

4

for repeating that statement in discussions with his clients and in believing that what Mr. Maerki said was true.

Second, Mr. Smith will offer out-of-court statements that various executives made to *other* salesmen. These statements again are not offered to prove that what the executive said was true. Rather, the statements are offered to show that the executives (like Mr. Maerki) had a consistent outward-facing message and that lots of people relied on and believed that message. The fact that Mr. Maerki successfully tricked so many people into believing his representations shows the reasonableness of Mr. Smith's defense, namely that he was not Mr. Maerki's co-conspirator but rather one of many people who bought was Mr. Maerki was selling. In other words, the relevant point is *not* to show that what Mr. Maerki said was true.

### III. Only *assertions* can be hearsay.

A statement is defined as a "person's oral *assertion*, written *assertion*, or nonverbal conduct, if the person intended it as an *assertion*." Fed. R. Evid. 801(a) (emphasis added). To be hearsay, the words uttered or written must assert a fact. Much that is said or written, therefore, cannot possibly be hearsay because it makes no assertion: instructions, commands, suggestions, and questions typically do not assert facts.

The Sixth Circuit held more than thirty years ago that a suggestion or order cannot be hearsay because it does not assert a fact. *United States v. Gibson*, 675 F.2d 825, 834 (6th Cir. 1982). The defendant in *Gibson* was charged with misusing a union's airplane by using it to pick up a woman he occasionally dated who worked for the union in another location. The defendant tried to show that the president of the union told him to fly her out to gather information about wrongdoing at the woman's branch. A defense witness attempted to testify that he heard the union president tell the defendant, "get her over here and let's find out what's going on," but the district court excluded it as hearsay *Id.* at 830, 833. The Sixth Circuit stated: "We have no doubt that the statement should have been received….

5

[T]he hearsay rule bans in-court repetition of extra-judicial utterances only when they are offered to prove the truth or falsity of their contents. The rule does not apply to statements offered merely to show that they were made… a suggestion or an order is not subject to verification at all because such utterances do not assert facts." *Id.* at 833-34.

Similarly, in *United States v. Murphy*, a witness testified that two detectives he worked with instructed him to falsify information in warrant applications and to not report moneys seized. 193 F.3d 1, 5 (1st Cir. 1999). The First Circuit found that the "instruction evidence in question was not hearsay at all." *Id.* (internal quotations removed). "[T]he instructions given… to falsify applications… were not offered for the truth of the matter asserted but rather to show that the detectives gave such instructions. For the most part, the out-of-court statements in question were simply directions (e.g., to make false statements in the warrant applications) and not statements of fact at all." *Id.*; *see also Michigan First Credit Union v. Cumis Ins. Soc., Inc.*, 641 F.3d 240, 251 (6th Cir. 2011) (holding that statement from supervisor to remove item from audit report was "not hearsay because it is a command, a verbal act without truth value"); *United States v. Rodriguez-Lopez*, 565 F.3d 312, 314 (6th Cir. 2009) ("Indeed, if the statements were questions or commands, they could not…be offered for their truth because they would not be assertive speech at all. They would not assert a proposition that could be true or false."); *Planmatics, Inc. v. Showers*, 137 F.Supp.2D 616, 621 (D. Md. Mar. 5, 2001) ("Although the Fourth Circuit has not directly spoken on the matter, other courts of appeals have agreed that out-of-court declarations to a witness offered for the purposes of proving the fact of the instruction or command are not hearsay as defined by Fed. R. Evid. 801(c)).")

Furthermore, a "question or inquiry is not a statement, and therefore is not hearsay unless it can be construed as an intended assertion." *United States v. Sinclair*, 301 F'Appx 251, 253 (4th Cir. 2008) (collecting cases from the Second, Fifth, Seventh, and Tenth Circuits). In *United States v. Fernandez*, the defense attempted to cross-examine a witness who had changed his story three times while being

6

questioned by a police officer, and later attempted to cross-examine the police officer. 914 F.3d 1105, 1110 (7th Cir. 2019). However, "when the defense attempted to ask [the witness] about what [the officer] had said to him and vice-versa, the district court sustained the government's hearsay objections, essentially confining the cross-examination of each witness to his own statements." *Id.* at 1110. The Seventh Circuit found this to be in error, because the questions and comments that the officer "asked of or said to [the witness] during interrogation was not offered for its truth, but rather to establish what questions or statements [the witness] was responding to and the effect it had on the listener." *Id.* at 1111.

Mr. Smith anticipates that he will offer into evidence certain out-of-court utterances or writings that do not assert facts because they are an order, question, or suggestion. These writings and utterances are not hearsay because they make no assertion of fact. Similarly, Mr. Smith may ask about whether certain orders or instructions were given when the expected answer is that such an instruction or order was not given. For example, in the recent related trial of Daryl Bank, defense counsel asked the defendant's banker whether the defendant had ever instructed her to hide anything. Presumably, defense counsel asked that question because he expected the answer to be, "no," *i.e.*, that the defendant had not actually instructed the banker to hide anything. But in either case, the question did not call for hearsay. No out-of-court assertion of fact was being elicited. This Court sustained the government's hearsay objection:

```
10   Q.   Did Mr. Bank ever tell you to hide anything?
11        MS. O'BOYLE:  Objection.  Hearsay.
12        THE COURT:  Sustained.
```

*See* Trial Tr., at 230:10-12 in *United States v. Bank*, 2:17cr126 (E.D. Va. April 8, 2021). When the question seeks to elicit whether an instruction or order was given –regardless of the answer – the

7

question does not call for hearsay. Mr. Smith anticipates asking similar questions about whether certain orders or instructions were given. The answers to those questions are not hearsay.

* * *

At trial, Mr. Smith intends to offer out-of-court utterances. This motion in limine is offered to provide support for the notion that many of these utterances constitute non-hearsay statements because they either make no assertion of fact or will be offered for some purpose other than to prove that what the person said was true. In such circumstances, otherwise admissible out-of-court statements should not be excluded as hearsay.

Respectfully submitted,

AGHEE WILLIAM SMITH, II

By:_____/s/_____

Lindsay Jo McCaslin
VSB No. 78800

Andrew W. Grindrod
VSB 83943

Assistant Federal Public Defenders
Attorneys for Aghee William Smith, II
Office of the Federal Public Defender
150 Boush Street, Suite 403
Norfolk, Virginia 23510
Telephone: 757-457-0800
Telefax: 757-457-0880
Email:  lindsay_mccaslin@fd.org
             andrew_grindrod@fd.org