IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
*Norfolk Division*

UNITED STATES OF AMERICA,

v.

AGHEE WILLIAM SMITH, II,

Defendant.

Criminal No. 2:19-cr-47-3

### Affidavit of Defense Counsel Lindsay J. McCaslin

Lindsay J. McCaslin hereby states, under oath and subject to the penalties of perjury, the following:

1. I am an attorney licensed to practice law in the Commonwealth of Virginia, with Virginia State Bar number 78800. I represent Aghee William Smith, II, in the above-captioned case. I began representing Mr. Smith in April 2018 after he received a target letter informing him that he was under investigation by the United States Attorney's Office in the Eastern District of Virginia. Mr. Smith was indicted in March 2019 on charges related to conspiracy and fraud, and I have continued to represent him throughout the case. ECF No. 1. A jury trial is scheduled for February 1, 2022.

2. After the government indicted Mr. Smith, I began to receive discovery, and have continued to receive additional discovery and materials since then. The discovery is very voluminous and complex. Mr. Smith's indictment alleges fraud and conspiracy regarding two investment opportunities generally: Dental Support Plus Franchise (DSPF) and Janus Spectrum. Janus Spectrum, created by co-defendants Kent Maerki and David Alcorn, worked with other spectrum entities to receive investors, many of which were controlled by Daryl Bank who was charged in a separate indictment. *United States v. Bank*, 2:17cr126, ECF No. 105 (E.D. Va. May 25, 2018). Some of

the entities that were affiliated with Janus Spectrum include: Spectrum 100, Prime Spectrum, Janus Spectrum Group, and Xcel Bandwidth.

3. Separate from the spectrum entities, Daryl Bank controlled a variety of other businesses that were marketed to potential investors. Some of those businesses include: Dominion Investment Group, weMonitor, PLI Group, dv8 Sports, Warped Cigar, among many others. None of these entities are mentioned in Mr. Smith's indictment.

4. Based on my review of discovery material provided by the government and my own investigation, I learned the following: Mr. Bank also offered investments to raise capital for Collins Asset Group, which is a debt-collection agency for businesses. Collins Asset Group is not run by Daryl Bank, but chose to partner with Mr. Bank for a mutually beneficial opportunity. Unlike some of the other investments offered by Mr. Bank, Collins Asset Group was producing income for investors and continued to after Mr. Bank's arrest. *See Collins Asset Group v. Diversified, et al*, 7:20cv942-CS, ECF No. 11, at 22-27 (S.D.N.Y. March 3, 2020). Based on court filings from Collins Asset Group, the company was unable to distribute the funds to the investors after Mr. Bank's arrest because they did not have the investor list or the amount contributed by each person. *Id.* Collins stated that it sought assistance from the Securities and Exchange Commission (SEC), U.S.A.O. in the Eastern District of Virginia, and the FBI, to no avail. *Id.* at 26-27. Collins also offered to transfer the money to the court to allow the court to distribute it. *Id.* at 24. Instead, a class-action settlement was reached where Collins will pay $16 million dollars to be distributed on a *pro rata* basis to those who invested and an additional $4 million for attorneys' fees. *Thaxton and Thaxton v. Collins Asset Group, et al.*, 1:20cv941-ELR, ECF No. 79, at 3, 18 (N.D. Ga. June 21, 2021)

5. This information is relevant to this declaration because it was clear to me from discovery that Collins Asset Group was distinct from many of the other entities that appeared in the

discovery. I did not think it would be part of a trial, both for relevance purposes and because the legal issues surrounding Collins Asset Group would be unique, in-depth, complex, and unnecessary. To make sure that my understanding was correct, I asked the government about the scope of their case on two occasions.

6. The first time, approximately 1.5 to 2 years ago, I saw Elizabeth Yusi in the federal courthouse in Norfolk, and spoke to her in the hallway near Magistrate Court 1. I inquired about the many entities found in discovery and Ms. Yusi confirmed that anything related to DSPF (such as DSPF Group) or related to spectrum (such as Spectrum 100 and Xcel Bandwidth) is coming into trial. I specifically asked if Collins Asset Group would be included as part of Mr. Smith's case for the above-stated reasons. Ms. Yusi told me that it would not be part of the case because her office "needed to stop the bleeding somewhere." I took that as referencing the large amount of losses and large number of potential victims involved in the case. This completely aligned with my assumption and analysis based on the discovery and indictment, and to me, it simply confirmed that we were on the same page.

7. The second discussion I had with the United States Attorney's Office was approximately a month or two before Daryl Bank's trial that began March 30, 2021. As background, Daryl Bank's indictment (along with 2 co-defendants) is separate from Mr. Smith's indictment (along with his 5 co-defendants). For a period of time, however, the cases were joined because of the similarities regarding DSPF and spectrum. Since Mr. Bank was charged with offenses such as PLI Group and weMonitor that the defendants in Mr. Smith's indictment were not, those entities would obviously be part of the joint trial. However, once COVID-19 affected the Court's ability to try 8 defendants at once due to social distancing, the two trials were separated again. Mr. Smith's trial would now only be with those on his indictment, which did not include any mention of Mr. Bank's

3

other entities. To make sure we were still on the same page, I called Melissa O'Boyle on the telephone and spoke to her. I asked whether the government intended to present evidence regarding weMonitor, PLI, and other Bank entities in our trial now that Mr. Bank's trial is separate. She told me that they were not going to be part of the case-in-chief, but that if Mr. Smith or one of his co-defendants testify and open the door, then it would. I agreed that if we, as the defense, open the door, that would be a different situation. Once again, this aligned with my expectations and confirmed that we were on the same page as to what trial would entail. I also confirmed that Collins Asset Group was still not a part of the trial, and Ms. O'Boyle agreed that it was not.

8. I did not hear anything contrary to this information until I received the 404(b) notice from the government on November 9, 2021, when trial was scheduled to begin on November 16, 2021.

I swear, under penalty of perjury, that the foregoing statements are true and correct.

Lindsay J. McCaslin

Virginia State Bar No. 78800
Attorney for Aghee Smith
Assistant Federal Public Defender
Office of the Federal Public Defender
150 Boush Street, Suite 403
Norfolk, Virginia 23510
Telephone: 757-457-0800
Facsimile: 757-457-0880
lindsay_mccaslin@fd.org