

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**UNITED STATES OF AMERICA,**

v.             CRIMINAL ACTION NO. 2:19-cr-47

**DAVID ALCORN &**
**AGHEE WILLIAM SMITH, II,**

         **Defendants.**

*MEMORANDUM ORDER*

Before the Court are five motions *in limine* and one motion to exclude filed by Defendant Aghee William Smith and Defendant David Alcorn (collectively, "Defendants"). Upon review of the relevant filings, the Court finds that hearings these motions are not necessary. *See* E.D. VA. LOCAL CRIM. R. 47(J). Each motion is addressed and decided in turn.

### I. LEGAL STANDARD

Courts use the term "*in limine*" to "refer to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984). "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Id.* at 41 n. 4 (citing FED. R. EVID. 103(c); *cf.* FED. R. CRIM. P. 12(e)). "The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *Wechsler v. Hunt Health Sys., Ltd.*, 381 F. Supp. 2d 135, 140 (S.D.N.Y. 2003); *see also United States v. Verges*, 2014 WL 559573, *3 (E.D. Va. Feb. 12, 2014) (noting motions *in limine* also "avoid delay, ensure an even-handed and expeditious trial, and focus the issues the jury will consider").

"The appraisal of the probative and prejudicial value of evidence is entrusted to the sound discretion of the trial court and its appraisal, absent extraordinary circumstances, will not be disturbed." *United States v. Hernandez*, 212 F. App'x 229, 230 (4th Cir. 2007). A court should only grant a motion *in limine* "when the evidence is clearly inadmissible on all potential grounds." *Wechsler*, 381 F. Supp. 2d at 140; *see also Hawthorne Partners v. AT & T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) (same). This standard applies because "a court is almost always better situated during the actual trial to assess the value and utility of the evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007); *see also Luce*, 469 U.S. at 41 (noting the difficulty "in any effort to rule on subtle evidentiary questions outside a factual context"). It is therefore appropriate, unless deemed unnecessary, for a court to "reserve judgment on the motion until trial when admission of particular pieces of evidence is in an appropriate factual context." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. L.E. Myers Co. Grp.*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996).

## II. DISCUSSION

First, Defendants filed[1] a Motion *in Limine* to Exclude Evidence Respecting the Status of Investments under Securities Law. Def. Smith's Mot. Lim. Evid. Sec. Law, ECF No. 222; Def. Alcorn Mot. Adopt Def. Smith's Mot. Lim. Evid. Sec. Law, ECF No. 232 (collectively, "Defs.' Mot. Sec. Law"). The Government responded in opposition and Defendant Smith replied. *See* Gov't's Mem. Opp. Defs.' Mot. Lim. Sec. Law, ECF No. 293 ("Gov't's Mem. Opp. Sec. Law"), Def. Smith's Reply Sec. Law, ECF No. 308. Defendants argue that "any testimony, evidence, and argument about the status" of several franchises and investments "under securities law" should be excluded as irrelevant, improper pursuant to Federal Rule of Evidence 403, and

---

[1] Smith originally filed this Motion individually on October 27, 2021. ECF No. 222. On October 28, 2021, Alcorn filed a Motion to Adopt Defendant Smith's Motion. ECF No. 232. On January 25, 2022, the Court granted Alcorn's Motion to Adopt. ECF No. 356. Accordingly, both Defendants bring this Motion.

considered a constructive amendment to the Indictment in violation of their Fifth Amendment Rights. Defs.' Mot. Sec. Law at 1-2. The Court finds that the status of these investments is a factual issue material to understanding the conspiracy and is not unduly prejudicial to Defendants. *See e.g.,* Indictment, ECF No. 2 at ¶¶ 29-30, 61-66. Moreover, much of Defendants' argument is based on the Government's approach to their previous co-defendant, who was tried separately. Yet, the Government contends in its response that its approach here will be markedly different because the differences in the charges at issue warrant different methods of proof. Gov't's Mem. Opp. Sec. Law at 2. To the extent Defendants' objections persist into the Government's approach in this case, they have not shown that the status of investments under securities law is "clearly inadmissible on all potential grounds." *Wechsler*, 381 F. Supp. 2d at 140. Accordingly, Defendants' Motion *in Limine* to Exclude Evidence Respecting the Status of Investments under Securities Law is **DENIED**.

Second, Defendants filed[2] a Motion *in Limine* to Preclude the Government from Asking Hypothetical Questions of Fact Witnesses to Elicit Subjective Perceptions of Materiality. Def. Smith's Mot. Lim. Gov't Hypo., ECF No. 260; Def. Alcorn Mot. Adopt Def. Smith's Mot. Lim. Gov't Hypo., ECF No. 271. The Government did not respond. The Court finds it appropriate to "reserve judgment on the motion until trial when admission of particular pieces of evidence is in an appropriate factual context." *Nat'l Union*, 937 F. Supp. at 287. Accordingly, Defendants' Motion *in Limine* to Preclude the Government from Asking Hypothetical Questions of Fact Witnesses to Elicit Subjective Perceptions of Materiality is **HELD IN ABEYANCE**.

Third, Smith filed a Motion *in Limine* to Exclude Evidence about Northridge Holdings Ltd. and Pension Funding, LLC. Def. Smith's Mot. Lim. Evid. Northridge & Pension, ECF No.

---

[2] Smith originally filed this Motion individually on November 8, 2021. ECF No. 260. On November 9, 2021, Alcorn filed a Motion to Adopt Defendant Smith's Motion. ECF No. 271. On January 25, 2022, the Court granted Alcorn's Motion to Adopt. ECF No. 357. Accordingly, both Defendants bring this Motion.

223. The Government responded in opposition and Defendant replied. *See* Gov't's Mem. Opp. Def. Smith's Mot. Lim. Evid Northridge & Pension, ECF No. 296; Def. Smith's Reply Northridge & Pension, ECF No. 309. The Court finds it appropriate to "reserve judgment on the motion until trial when admission of particular pieces of evidence is in an appropriate factual context." *Nat'l Union*, 937 F. Supp. at 287. Accordingly, Smith's Motion *in Limine* to Exclude Evidence about Northridge Holdings Ltd. and Pension Funding, LLC is **HELD IN ABEYANCE**.

Fourth, Smith filed a Motion *in Limine* to Preclude Evidence of Misrepresentations that Post-Date the Charged Crimes. Def. Smith's Mot. Lim. Evid. Post-Charge Misreps., ECF No. 351. The Government has not yet responded. The Court finds it appropriate to "reserve judgment on the motion until trial when admission of particular pieces of evidence is in an appropriate factual context." *Nat'l Union*, 937 F. Supp. at 287. Accordingly, Smith's Motion *in Limine* to Preclude Evidence of Misrepresentations that Post-Date the Charged Crimes is **HELD IN ABEYANCE**.

Fifth, Alcorn filed a Motion *in Limine* to Preclude Testimony at Trial of Defendant's Attorneys and Certain Communications between Attorneys and Alcorn. Def. Alcorn's Mot. Lim. Attorney Test., ECF No. 255 ("Alcorn Mot. Lim."). The Government responded in opposition. Gov't Mem. Opp. Def. Alcorn's Mot. Lim., ECF No. 268 ("Gov't Mem. Opp. Alcorn Mot."). Defendant did not reply. Alcorn moves to preclude the Government from calling Alan Tilles, Esq., Alan Baskan, Esq., and Nathaniel Dodson, Esq. in their case in chief and any communications between counsel and Alcorn that may fall under attorney-client privilege. Alcorn Mot. Lim. at 1. Defendant states these attorneys previously represented him and provided legal advice on his entity and other investigative matters potentially relevant to the upcoming

4

trial. *Id.* at 1-2. Since the Government has listed them as potential witnesses and produced written email communications between them and Defendant in discovery, he notes they may intend to introduce them at trial and objects to such. *Id.*

The Government argues that Alcorn "waived his attorney client privilege as to all of these communications by asserting an advice of counsel defense in the civil securities fraud action brought against him by the Securities and Exchange Commission [SEC]." Gov't's Mem. Opp. Alcorn Mot. at 1 (citing *Securities and Exchange Commission v. Janus Spectrum, LLC, et al.*, 2:15-cv-00609 (D. Ariz.)). The Government asserts that because of this defense, the SEC obtained relevant documents related to it and deposed each of the attorneys listed in Alcorn's Motion. *Id.* The emails at issue also consequently became part of the public record. *Id.* at 2. Based on the Government's supporting documentation and Defendant's failure to address the waiver issue, the Court finds that Alcorn has not met his burden of demonstrating he has not waived his attorney-client privilege. *United States v. Jones*, 696 F.2d 1072 (4th Cir. 1982) (per curium) ("The proponent [of attorney-client privilege] must establish not only that an attorney-client relationship existed, but also that the particular communications at issue are privileged and that the privilege was not waived."). Accordingly, Alcorn's Motion *in Limine* to Preclude Testimony at Trial of Defendant's Attorneys and Certain Communications between Attorneys and Alcorn is **DENIED**.

Finally, Smith filed a Motion to Exclude Trial Admission of Deposition Testimony under the Confrontation Clause. Def. Smith's Mot. Exclude Admiss. Dep. Test. under Confront. Clause, ECF No. 224 ("Smith's Mot. Exclude"). The Government responded in opposition and Defendant replied. *See* Gov't's Mem. Opp. Def. Smith's Mot. Exclude, ECF No. 294 ("Gov't's Mem. Opp. Exclude"); Def. Smith's Reply Exclude, ECF No. 307. The Government also filed a

supplemental response. Gov't's. Suppl. Opp. Smith's Mot. Exclude, ECF No. 354 ("Gov't's Suppl. Opp."). On October 26, 2021, the Government filed a Motion to Take Depositions Pursuant to Federal Rule of Criminal Procedure 15 because they argued that the witnesses are unavailable to testify at trial, their testimony is material to the Government's case, and their testimony is necessary to avoid injustice. Gov't's Mot. Take Deps. Pursuant R. 15, ECF No. 217. The Government asserted that the witnesses all live outside of Virginia, are senior citizens, are at increased risk of severe illness should they contract COVID-19, and have various other health and personal issues that make traveling to Virginia to testify a substantial hardship, or impossible. *Id.* at 4. On October 27, 2021, the Court granted the Government's Motion. Order Grant. Gov't's Mot. Take Deps., ECF No. 218. Smith moves to exclude the admission at trial of the deposition testimony of witnesses deposed pursuant to the Government's Motion. Smith's Mot. Exclude at 1-2. In support, Smith claims that the Government "has failed to show that these witnesses are – as a constitutional matter – unavailable to testify in person." *Id.* at 2.

The Confrontation Clause bars the "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." *Crawford v. Washington*, 541 U.S. 36, 54 (2004). The government bears the burden of establishing the unavailability of the witness and that they have made a good-faith effort to obtain their presence at trial. *Id.* at 57; *see also Barber v. Page*, 390 U.S. 719, 724-25 (1968). A witness is "unavailable" if, *inter alia*, "the statement's proponent has not been able, by process or other reasonable means, to procure the declarant's attendance, in the case of a hearsay exception under Rule 804(b)(1)." FED. R. EVID. 804(a)(5)(A) (Rule 804(b)(1) governs former testimony that, in relevant part, "was given as a witness at a . . . lawful deposition . . . and . . . is now offered against a party who had . . . an opportunity and similar

6

motive to develop it by direct, cross-, or redirect examination"). The parties do not dispute that Smith was present, either in person or virtually, for all of the depositions to cross-examine the witnesses. The Government gave all defendants and their counsel the opportunity to attend every deposition at the Government's expense. Gov't's Mem. Opp. Exclude at 3. Smith argues, however, that the Government's proffer of unavailability is unsupported and, even if it were, is insufficient to demonstrate unavailability. Smith's Mot. Exclude at 4.

In their Rule 15 Motion and their response to Smith's Motion, the Government lays out in detail why the witnesses are unavailable and the good faith efforts they have made to procure their attendance at trial.[3] As a preliminary matter, the Government notes that the ongoing COVID-19 pandemic presents heightened risks and substantial hardships for the deposed witnesses because they are all senior citizens who live in the Sacramento, California, area and therefore would need to take a minimum-seven-hour flight, including at least one layover, to travel to Virginia. Gov't's Mem. Opp. Exclude at 6. Moreover, each deposed witness faces other personal circumstances that, compounded with the pandemic, make them unavailable to appear at trial. First, V.H. is 73 years old, the sole caretaker of her husband, S.H., who is legally blind and in the early stages of dementia. *Id.* at 6. V.H. is also unable to drive long distances. *Id.* at 6-7. For her deposition in Sacramento, law enforcement had to drive V.H. to and from the location and her husband accompanied her. *Id.* at Ex. 4, at ¶¶ 8, 10. Second, S.B. is 81 years old. *Id.* at 7. Due to a mental breakdown, she medically retired from her job at a telephone company and continues to suffer from extreme, crippling anxiety. *Id.* Her anxiety renders her unable to travel and she is also unable to drive long distances. *Id.* For her deposition in Sacramento, law enforcement had to drive S.B. to and from the location. *Id.* at Ex. 4, at ¶ 17. She also has limited

---

[3] The Court notes that the alleged victims in this case are primarily senior citizens and elderly individuals. *See* Indictment. Moreover, the Court recognizes the Government's concern that "[n]umerous potential witnesses have died or entered into the long decline of dementia while this case has been pending." Gov't's Mem. Opp. at 1.

mobility. *Id.* Third, K.S. is 64 years old and suffers from extreme vertigo that prevents him from flying. *Id.* His wife also recently suffered an accident in which she was severely injured, and he is the sole caretaker. *Id.* There is no one else available to assist him. *Id.* The Government informed all of the deposed witnesses that they were going to have to attend and testify at trial, but all of them informed the Government that they are unable to do so for the aforementioned reasons. *Id.* Moreover, Postal Inspector Jason W. Thomasson personally met V.H., S.H., and S.B., and affirmed their unavailability based on his observations.[4] *Id.* at 7.

The Court finds that the aforementioned witnesses are "demonstrably unable to testify in person." *Crawford*, 541 U.S. at 45. The Court also finds that the Government has met their burden of demonstrating the witnesses' unavailability and has made a good faith effort to obtain their presence at trial. *Id.* at 57; *Barber*, 390 U.S. at 724-25; *see also United States v. Shayota*, 934 F.3d 1049, 1053-54 (9th Cir. 2019) (a witness's out-of-court examinations are admissible if, *inter alia*, he or she is "unable to travel"). The Court further finds that the Government has not been able, by process or other reasonable means, to procure the witnesses' attendance at trial. FED. R. EVID. 804(a)(5)(A). Accordingly, Smith's Motion to Exclude Trial Admission of Deposition Testimony under the Confrontation Clause is **DENIED**.

The Court **DIRECTS** the Clerk to provide a copy of this Memorandum Order to all parties.

**IT IS SO ORDERED**.

Norfolk, Virginia
January 31, 2022

Raymond A. Jackson
United States District Judge
UNITED STATES DISTRICT JUDGE

---

[4] On January 25, 2022, the Government filed a supplemental response in opposition to update the Court on the witnesses' unavailability since the trial date was continued. Gov't's Suppl. Opp. In this response, they provided a Supplemental Declaration of Inspector Thomasson, who declares that the same reasons rendering S.B., V.H., and K.S. unavailable persist. *Id.* at Ex. A, at ¶¶ 4, 6. Moreover, he declares that K.S.'s wife has not recovered from her accident and now suffers from severe back pain, which requires routine pain management. *Id.* at ¶ 6.