IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
*Norfolk Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Criminal No. 2:19cr47 |
| | ) | |
| AGHEE WILLIAM SMITH, II, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT SMITH'S MOTION TO EXCLUDE
TESTIMONY OF ANDREW GULCHER**

The defendant, Aghee William Smith, II, moves to exclude the unnecessary, irrelevant, and prejudicial testimony of expected government witness Andrew Gulcher under Federal Rules of Evidence 401 and 402 and Federal Rule of Criminal Procedure 26.2(e).

Andrew Gulcher is a Regional Supervising Investigator in the Investigation Division of the California Department of Insurance. The government apparently plans to call Mr. Gulcher to testify about California state regulatory requirements for those licensed to sell insurance, including the duties owed to clients under California state law and regulation. Mr. Gulcher's testimony – especially if the government intends to elicit testimony that Mr. Smith owed a "fiduciary duty" to his clients – is not only irrelevant but substantially more prejudicial than probative. *See* Fed. R. Evid. 401, 403. Moreover, the government should not be permitted to elicit testimony from this witness about matters disclosed at the last minute because the government's last-minute discovery dump significantly prejudices Mr. Smith's ability to defend the case.

***First***, the proposed testimony is irrelevant.

It is unclear that Mr. Gulcher's testimony will even reach the conduct at issue in this case. Mr. Gulcher will apparently contend that Mr. Smith's insurance license did not authorize him to sell the investments at issue in this case. So even if insurance salesmen generally owe a fiduciary duty when

1

selling insurance in California, it is unclear how unlicensed activities can still be governed by the licensing regime. That is – if Mr. Smith was not acting as an insurance salesmen when he was selling these products, was his conduct subject to the regulations governing insurance licensed activity? That's at best unclear. But even if some heightened duty to disclose under California state law or regulations did apply to Mr. Smith's conduct in this case, that duty is still not relevant to the questions at issue.

Mr. Smith is charged with mail and wire fraud conspiracies under *federal* law. What duty he may or may not have owed under California's state regulatory regime is neither here nor there. California regulations cannot (and do not) affect the scope of federal criminal statutes.

And a mere breach of fiduciary duty is not fraud. As the Fourth Circuit explained, even when the non-disclosure of information "would constitute a breach of fiduciary duty, that breach, standing alone, could never be cognizable under the mail fraud statute, for the mail fraud statute only reaches schemes or artifices to defraud. Thus, the breach of fiduciary duty must be linked with some actionable fraud in order for the proscriptions of the mail fraud statute to apply." *United States v. Mandel*, 591 F.2d 1347, 1363 (4th Cir.), *on reh'g*, 602 F.2d 653 (4th Cir. 1979) (citations omitted). "Of course, since fraud is a crime requiring specific intent, before non-disclosure or concealment of material information could be deemed actionable fraud cognizable under the mail fraud statute, a specific intent to defraud would have to be proven." *Id.* at n.11. Other courts have made similar observations. The Sixth Circuit in *Morda v. Klien* wrote, "It has long been the law in this Circuit and others that a breach of fiduciary duty alone, without the 'something more' of fraudulent intent, cannot constitute mail fraud." 865 F.2d 782, 785 (6th Cir. 1989). Even breach of fiduciary duty were a viable theory of liability – and it is not – the government did not charge that in the indictment. Allowing the government to obtain a conviction on this theory would constructively amend the indictment in violation of the Constitution.

**Second**, because the question of what duties Mr. Smith might have owed to certain clients under certain circumstances under various California state regulations is not relevant to whether he

acted with criminal intent to defraud, the injection of this "fiduciary duty" testimony into trial will only serve to confuse the issues and mislead the jury. Whether or not Mr. Smith owed some special duty under state law, if he had no intent to defraud then he is not guilty. On the other hand, if he intentionally joined in a conspiracy to lie, cheat, and steal people out of money, then he is guilty as charged even if he owned no special duty of care to anyone under state law. The risk, however, is that the jury will hear this evidence and erroneously convict Mr. Smith of fraud based on a mere breach of fiduciary duty. The danger of confusing the issues and misleading the jury by this testimony is substantial indeed. *See* Fed. R. Evid. 403.

*Third*, the government timely told defense counsel that it would be calling Mr. Gulcher as a witness with specialized knowledge under Rule 702. This notice was given by letter on November 1, 2021. Yet on the afternoon of January 31, 2022 – less than 24 hours before trial started – the government dumped two emails from Mr. Gulcher *with over 800 pages of attachments* on the defense. All of it was apparently provided by Mr. Gulcher to government agents on January 26, 2022.

This Court's discovery order required the government to produce all *Jencks* material no less than five days before trial. *Id.* at 5. And the government agreed to provide early *Jencks* months ago in exchange for the defense agreeing to many stipulations. The defense moves to exclude Mr. Gulcher as a witness based on the late disclosure of these documents. Rule 26.2(e) describes in mandatory terms the sanction for a violation of the rule requiring disclosure of witness statements: "If the party who called the witness disobeys an order to produce or deliver a statement, the court **must** strike the witness's testimony from the record." Fed. R. Crim. P. 26.2(e) (emphasis added). The government apparently has planned to call this witness since November. Why the government was asking for reams of *Jencks* material from a week before trial is not clear. But less clear is why the government failed to produce this material when it came into the custody and control of the government on January 26,

2022. That five-day delay and the last-second disclosure of over 800 pages of material is prejudicial to Mr. Smith, in violation of the discovery order, and should result in exclusion of the witness.

Respectfully submitted,

AGHEE WILLIAM SMITH, II

By:_____/s/_____

Lindsay Jo McCaslin
VSB No. 78800

Andrew W. Grindrod
VSB 83943

Assistant Federal Public Defenders
Attorneys for Aghee William Smith, II
Office of the Federal Public Defender
150 Boush Street, Suite 403
Norfolk, Virginia 23510
Telephone: 757-457-0800
Telefax: 757-457-0880
Email:  lindsay_mccaslin@fd.org
             andrew_grindrod@fd.org