IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

```
                                                    ┌──────────────────────────┐
                                                    │          FILED           │
                                                    │   ┌──────────────────┐   │
                                                    │   FEB  8 2022        │   │
                                                    │   └──────────────────┘   │
                                                    │ CLERK, U.S. DISTRICT COURT│
                                                    │        NORFOLK, VA       │
                                                    └──────────────────────────┘
```

UNITED STATES OF AMERICA,

v.                                              CRIMINAL ACTION NO. 2:19-cr-47

AGHEE WILLIAM SMITH, II,

Defendant.

## ORDER

Before the Court is Defendant Aghee William Smith's ("Defendant") Motion to Exclude

Evidence Under Rule 404(b). Def.'s Mot. Exclude Evid. Rule 404(b), ECF No. 367 ("Def.'s

Mot."). Defendant is currently facing trial, which began on February 1, 2022. The Government

provided Defendant notice of their intent to introduce certain evidence at trial on November 9,

2021. Def.'s Mot. at Ex. 1. Defendant filed the instant Motion on January 26, 2022, objecting to

the introduction of certain evidence the Government notified Defendant they intend to introduce.

*Id.* at 1. On February 7, 2022, the Court held a hearing on this matter. For the reasons stated

during the hearing and the foregoing reasons, Defendant's Motion is **GRANTED IN PART** and

**DENIED IN PART**.

Of the evidence the Government notified Defendant that it sought to introduce,

Defendant moves to exclude the introduction of five types of evidence. *See* Def.'s Mot. at 6-18.

First, for the reasons stated during the hearing, Defendant's Motion to Exclude evidence related

to Collins Asset Group is **GRANTED IN PART** in that the Government may only introduce

such evidence if Defendant opens the door. Second, during the hearing the Government indicated

it does not intend to introduce evidence related to weMonitor Group. Therefore, Defendant's

Motion to Exclude evidence related to weMonitor Group is **GRANTED IN PART** in that the

Government may only introduce such evidence if Defendant opens the door. Third, for the reasons stated during the hearing, Defendant's Motion to Exclude evidence regarding the California Department of Insurance's investigations into Defendant is **DENIED**. Fourth, for the reasons stated during the hearing, Defendant's Motion to Exclude evidence from Defendant's bankruptcy is **DENIED**. Finally, during the hearing the Government indicated it does not intend to introduce evidence that Defendant attempted to convey his house to a trust before filing bankruptcy. Therefore, Defendant's Motion to Exclude evidence regarding Defendant's attempt to convey his house is **GRANTED IN PART** in that the Government may only introduce such evidence if Defendant opens the door.

Accordingly, Defendant's Motion to Exclude Evidence Under Rule 404(b) is **GRANTED IN PART** and **DENIED IN PART**.

The Court **DIRECTS** the Clerk to provide a copy of this Order to all parties.

**IT IS SO ORDERED**.

Norfolk, Virginia
February 8 , 2022

UNITED STATES DISTRICT JUDGE