IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | Criminal No. 2:19-cr-47 |
| ) | |
| DAVID ALCORN, ) | |
| ) | |
| Defendant. ) | |

**PRELIMINARY ORDER OF FORFEITURE**

WHEREAS, on February 23, 2022, defendant David Alcorn was found guilty by a jury of Counts 2, 7 through 17 and 19 of a pending Indictment, charging the defendant, among other offenses, with Conspiracy to Commit Mail and Wire Fraud, in violation of 18 U.S.C. § 1349 (Count 2), Wire Fraud, in violation of 18 U.S.C. § 1343 and 2 (Counts 7-17), and Unlawful Monetary Transactions, in violation of 18 U.S.C. § 1957 (Count 19);

AND WHEREAS, the Court's jurisdiction is founded upon 18 U.S.C. § 981(a)(1)(C) as incorporated by 28 U.S.C. § 2461(c);

AND WHEREAS, on May 31, 2022 the United States filed a Motion for Preliminary Order of Forfeiture requesting the forfeiture of a monetary judgment in the amount of $3,963,916 and assets associated with the defendant;

AND WHEREAS, the Court finds that the government has met its burden to prove that the proceeds the defendant obtained from the conspiracy in Count 2 and the fraud schemes in Counts 7 through 17 is $3,963,916.   The Court further finds the government has established the requisite nexus between the property to be forfeited, listed below, and the offenses of conviction as prescribed by Rule 32.2(b)(1)(A).   The Courts finds that the government has also met its burden to show that the property subject to forfeiture, beyond those directly forfeitable assets

listed below, is unavailable due to acts or omissions by the defendant as set forth in 21 U.S.C. § 853(p)(1)(A), thereby satisfying 21 U.S.C. § 853(p)(2);

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The following property is forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) as incorporated by 28 U.S.C. § 2461(c):

    a. **A sum of money in the amount of $3,963,916, representing the proceeds the defendant obtained from the conspiracy in Count 2 and the scheme in Counts 7 through 17, for which the defendant has been convicted, and which sum shall constitute a monetary judgment against the defendant and in favor of the United States.   This is a sum for which the defendant shall be solely liable and a sum which shall be offset by the government's net at final forfeiture from the assets listed in this order;**

    b. **$1,431,866.50 in proceeds from the sale of 12040 North 133rd Way, Scottsdale, Arizona, seized by the Federal Bureau of Investigation on April 1, 2019;**

    c. **All right, title, and interest, including any right to any return on investment, that Alcorn has acquired as a result his investment in FRGC Properties, LLC; and**

    d. **A 2014 Land Rover Range Rover Sport with VIN # SALWR2EF1EA326845.**

2. A money judgment in the amount of $3,963,916 shall be included in the sentence of the defendant, and the United States may take steps to collect said judgment from any assets of the defendant by all available means, as provided by law.

3. The United States shall seize all forfeited property and shall take full and exclusive custody and control of same, regardless of whether presently held by the defendant or a third party.   The United States is further authorized to conduct any discovery proper in identifying, locating, or disposing of the forfeited property, pursuant to Fed. R. Crim. P. 32.2(b)(3).

4. This forfeiture order is final as to the defendant, pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), but preliminary as to third parties who may have a legal interest in a specific property.

5. The United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the property, and shall publish notice of the order in accordance with Fed. R. Crim. P. 32.2(b)(6).

6. Any person, other than the defendant, asserting any legal interest in the property may, within thirty days of the final publication of notice or receipt of direct written notice, whichever is earlier, petition the Court for a hearing to adjudicate the validity of an alleged interest in the property, pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(c)(1).

7. Following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered.   If no third party files a timely petition, this order shall become the final order of forfeiture, as provided by Federal Rule of Criminal Procedure 32.2(c)(2), and the United States shall have clear title to the property, pursuant to 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2), and shall dispose of the property in accordance with law.

8. Upon entry of this order, the United States Attorney's Office is authorized to conduct any appropriate discovery including depositions, interrogatories, requests for production of documents and for admissions, and the issuance of subpoenas, to identify, locate, or dispose of forfeitable property.

9. Pursuant to Rule 32.2(b)(4)(B), this order of forfeiture shall be included in the Judgment imposed in this case.

_____
Honorable Raymond A. Jackson
United States District Judge

Norfolk, Virginia

Dated: _____

I Ask For This:

Jessica D. Aber
United States Attorney


By:        /s/Kevin Hudson
        Kevin Hudson
        Assistant United States Attorney
        Virginia State Bar No. 81420
        Attorney for the United States
        101 West Main Street, Suite 8000
        Norfolk, VA 23510
        Office Number: (757) 441-6331
        Facsimile Number: (757) 441-6689
        Email Address:   kevin.hudson@usdoj.gov